IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLAN | ) |
| Plaintiff | ) |
| v. | ) Civil Action No: 2:07-CV-01-WKW |
| | ) |
| ALABAMA DEPARTMENT OF | ) (JURY DEMAND) |
| YOUTH SERVICES and | ) |
| MICHAEL J. HARDY | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

### Jurisdiction and Venue

1) This court has jurisdiction over this action pursuant to pursuant to 28 U.S.C. § 1331 and § 1343; and, 42 U.S.C. §§ 1981(a), 1983, 1988, and § 2000e, *et seq*. This action properly lies in the United States District Court, Middle District of Alabama.

### Parties

2) Plaintiff Tera A. McMillan is a female, of more than nineteen years of age, and a resident of Montgomery County, Alabama. She has been employed by the State of Alabama Department of Youth Services at its Mt. Meigs, Alabama facility since October 2002, and has successfully performed the duties of her position.

3) Defendant Alabama Department of Youth Services is an "employer" within the meaning of Title VII and is subject to suit under all of the claims alleged herein, At all times pertinent hereto, Defendant Hardy was an agent and employee of the State of Alabama by and through the Department of Youth Services and is sued in his individual capacity only for acts taken under the color of state law.

1

4) Defendant Michael J. Hardy is of more than nineteen years of age and was employed by the State of Alabama as a counselor I. He is subject to suit under all of the claims alleged herein in his individual capacity, except that he is not sued in his individual capacity for the violations of Title VII alleged herein.

**Facts**

5) Plaintiff began work for Alabama Department of Youth Services (DYS) at their Mt. Meigs, Alabama facility in or about the month of October 2002.

6) Beginning in May of 2003, Plaintiff was subjected to propositions for sex and sexual favors from her immediate supervisor, defendant Michael J. Hardy.

7) Plaintiff was also subjected to a sexually hostile work environment by Hardy who made frequent requests to her that she perform oral sex on him. Hardy also expressed his preference for "big titties" to the plaintiff; requested that he be allowed to suckle her breast; and, grabbed her breasts while she was seated at her desk at work. In addition, Plaintiff was subjected to constant comments by Hardy regarding his sexual activities and prowess in addition to specific statements to her regarding his abilities with regard to oral sex, accompanied by requests to allow him to perform such on her.

8) Plaintiff rebuffed and refused Hardy's unwanted advances and requested that he leave her alone, but his behavior persisted. His inappropriate conduct interfered with her opportunity and ability to work, and caused her to seek treatment for anxiety and depression. She was intimidated and threatened by Hardy and made fearful that she would be terminated from her job if she informed on him.

9) Plaintiff informed DYS of this conduct by her supervisor on or about the middle of May 2005. Upon making this report, the Plaintiff was transferred to work in

2

the ITU dorm at the Mt. Meigs campus.

10) Plaintiff filed a charge of sex discrimination regarding this conduct on or about July 12, 2005. DYS subsequently terminated Hardy's employment.

11) Since the Plaintiff was transferred to work in the ITU, she has been subjected to isolation and ostracization by her supervisors and co-workers who have accused her of lying about Hardy and of sexual misconduct. She has also been subjected to unfair application of work rules; received unwarranted reprimands; and, denied pay increases.

12) Plaintiff reported this retaliatory conduct to her supervisors and to the DYS EEO officer, but no action was taken. Plaintiff filed a second charge of discrimination regarding this retaliatory conduct with the EEOC on or about December 11, 2005; and received her notice of right to sue from the EEOC on October 7, 2006.

### First Cause Of Action
### (Title VII-Sex Discrimination)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 12 as if fully written herein and farther states:

13) The Alabama Department of Youth Services, its employees and/or agents. discriminated against Plaintiff with regard to the terms and conditions of her employment, including, but not limited to, sexually harassing her and subjecting her to a hostile and offensive work environment on account of her sex: all in violation of the Civil Rights Act of 1 991, as amended. Plaintiff was denied a work environment free of discrimination in violation of 42 U.S.C. § 2000e et *seq.*, as amended. 42 U.S.C. § 1981a, and was not given equal opportunity in the terms and conditions of her employment.

14) Plaintiff has suffered adverse employment consequences and endured

3

mental and emotional distress as a result of this reckless indifference to her federally protected rights, and Defendant is liable for injunctive and compensatory damages.

## Second Cause Of Action
### (Section 1983)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 14 as if fully rewritten herein and further states:

15) The conduct of Michael J. Hardy, as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as well as the equal protection clause of the United States Constitution.

16) Defendant's discriminatory treatment and harassment of Plaintiff on the basis of sex was of a severe and pervasive nature such as to create an abusive work environment far Plaintiff that altered the terms and conditions of Plaintiff's employment. Indeed, the sex harassment unreasonably interfered with Plaintiff's opportunity and ability to perform her job.

17) Defendant's discrimination against Plaintiff is a manifestation of a pattern and practice of sex discrimination and harassment engaged in by the Defendant which denied statutory rights to the Plaintiff and to others like her due to their gender.

18) Defendant's acts were with malice and reckless disregard for Plaintiff's federally protected rights.

## Third Cause of Action
### (Retaliation)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 18 as if fully rewritten herein and further states:

19) Plaintiff, by her actions in complaining of and/or making charges of discrimination and otherwise, opposed unlawful discriminatory practices by the Defendants. Defendants retaliated against Plaintiff with respect to the terms, conditions and privileges of employment because of her opposition to these unlawful practices in violation of 42 U.S.C. §2000e *et seq.*, for which. Defendant is liable.

20) As a result of the Defendant's conduct set forth above, Plaintiff is entitled to equitable and declaratory relief, damages for emotional and mental distress, and reasonable attorney's fees and costs.

21) Additionally, Plaintiff states that Defendant acted intentionally, maliciously, willfully, wantonly and recklessly and in conscious disregard of her rights in treating her on the basis of her sex; and for such conduct, Defendant is liable for punitive damages.

22) Plaintiff has duly complied with the requirements of Title VII and has filed her action within 90-days of receipt of her notice of right to sue from the EEOC, and has otherwise performed all conditions precedent to the maintenance of this action.

Prayer for Relief

WHEREFORE, the Plaintiff prays that upon a trial by jury, she be awarded:

(i) appropriate damages to compensate her for any and all back pay and other benefits with prejudgment interest, including but not limited to promotions, pay increases, and any other appropriate relief that she is due as a result of Defendants' violation of her civil, contractual, and/or personal rights;

(ii) appropriate "compensatory damages" within the meaning of 42 U.S.C. § 1981a and/or as otherwise allowed by federal and/or state law;

      (iii)    punitive damages, as allowed by federal and/or state law, in an appropriate amount as determined by the jury;

      (iv)    that the Defendants be permanently enjoined from continuing these unlawful practices;

      (v)    reasonable costs and attorney's fees;

      (vi)    and any and all other relief to which she may be entitled in law or in equity.

**A TRIAL BY JURY IS HEREBY REQUESTED.**

Respectfully submitted this 3rd day of January 2007.

_____
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
143 Eastern Boulevard
Montgomery, Alabama 36117
(334) 215-1788