IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA )<br>DEPARTMENT OF YOUTH )<br>SERVICES, and MICHAEL )<br>J. HARDY. )<br>)<br>    Defendants. ) | Civil Action No.: 2:07-CV-01-WKW |

## ANSWER

In Answer to the Complaint, Defendants the Alabama Department of Youth Services, (hereinafter referred to as the "Department"), through the undersigned attorney, answers and otherwise responds as follows:

### I. JURISDICTION

1.    The Department admits that jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, and 1343, and that venue is proper in the Middle District, Northern Division.

### II. PARTIES

2.    The Department admits the Plaintiff is a female, over nineteen years of age, and is an employee of the Department. All other material allegations of paragraph 2 are denied and strict proof thereof is demanded.

3.    Admitted.

4. The Department admits that Michael J. Hardy is over nineteen years of age and was employed by the Department.

### III. STATEMENT OF FACTS

5. Admitted.

6. The material allegations of Paragraph 6 are denied and the Department demands strict proof thereof.

7. All material allegations are denied, and the Department demands strict proof thereof.

8. All material allegations are denied, and the Department demands strict proof thereof.

9. The Department admits that the Plaintiff reported that she had been sexually harassed by Michael J. Hardy, that she requested to be transferred to ITU, and that the Department took immediate and effective remedial action in accordance with the Plaintiff's stated preference by moving her to the ITU.

10. Admitted.

11. All material allegations are denied, and the Department demands strict proof thereof.

12. All material allegations are denied, and the Department demands strict proof thereof.

**First Cause Of Action**
**(Title VII-Sex Discrimination)**

13. All material allegations are denied, and the Department demands strict proof

thereof.

    14.    All material allegations are denied, and the Department demands strict proof thereof.

## Second Cause of Action
### (Section 1983)

    15.    All material allegations are denied, and the Department demands strict proof thereof.

    16.    All material allegations are denied, and the Department demands strict proof thereof.

    17.    All material allegations are denied, and the Department demands strict proof thereof.

    18.    All material allegations are denied, and the Department demands strict proof thereof.

## Third Cause of Action
### (Retaliation)

    19.    All material allegations are denied, and the Department demands strict proof thereof.

    20.    All material allegations are denied, and the Department demands strict proof thereof.

    21.    All material allegations are denied, and the Department demands strict proof thereof.

    22.    All material allegations are denied, and the Department demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Plaintiff failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission.

2. The Defendants are not liable under the *Ellerth/Faragher* defense.

3. The Plaintiff suffered no tangible employment action.

4. The Plaintiff was not subjected to conduct sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.

5. The Defendants cannot be found liable for punitive damages.

6. The Defendants took prompt and effective remedial action upon learning of the Plaintiff's allegations.

7. The Complaint fails to state a claim or otherwise adequately plead a cause of action under any the laws asserted.

8. The Complaint fails to satisfy the heightened pleading standard for claims brought pursuant to 42 U.S.C. § 1983.

9. The Plaintiff suffered no damages.

10. Title VII does not provide for punitive damages against governmental entities.

11. The award of punitive damages against the Department would violate the United States and Alabama Constitutions.

12. Defendants have not unlawfully discriminated against the plaintiff.

14. The Plaintiff cannot recover under 42 U.S.C. § 1983 on a theory of respondent superior liability.

15. To the extent the plaintiff purports to state a cause of action against the Department under 42 USC 1983 based on Michael Hardy's conduct as a "supervisory defendant", the Department is entitled to sovereign immunity.

16. To the extent the plaintiff purports to state a cause of action against the Department under 42 USC 1983 based on Hardy's supervisory capacity, the defendant is entitled to Eleventh Amendment immunity.

17. The Department is protected by Eleventh Amendment immunity and State immunity under Article I §14 of the Constitution of Alabama.

18. The Department is an agency of the State of Alabama and is immune from suit pursuant to the Eleventh Amendment.

19. The Department asserts that the claims against the Department for "retaliation" are frivolous. The Department is entitled to attorneys fees and costs.

20. The Defendants reserve the right to assert further or additional affirmative defenses as they become known through discovery.

Respectfully submitted,
TROY KING
ATTORNEY GENERAL

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803

Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2007, I electronically filed the foregoing, Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs
E-mail:jacobslawoffice@charter.net
Attorney At Law
143 Eastern Boulevard
Montgomery, AL 36117
Tel: (334) 215-1788
Fax: (334) 215-1198


Respectfully submitted,
TROY KING
ATTORNEY GENERAL


**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Attorney for the Defendants