IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 JAN 26  P 5: 39

TERA A. MCMILLAN

    **Plaintiff**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.                                                                    |        **CIVIL ACTION #:    2:07-CV-01-WKW**

ALABAMA DEPARTMENT OF
YOUTH SERVICES and
MICHAEL J. HARDY

## ANSWER

Defendant Michael J. Hardy answers the complaint of Plaintiff Tera A. McMillan.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's purported claims are barred to the extent they involve transactions or events, or seek damages for periods, outside applicable limitations periods.

### THIRD DEFENSE

To the extent that any action complained of by Plaintiff occurred more than 180 days prior to her filing of a charge with the Equal Employment Opportunity Commission, the granting of any relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., is untimely and barred by § 706(e) of Title VII, 42 U.S.C. § 200e-5(e).

### FOURTH DEFENSE

The Court lacks jurisdiction under Title VII over all acts and omissions complained of in this action which the Plaintiff has not made the subject of a timely civil

action.

## FIFTH DEFENSE

To the extent that Plaintiff's claims were not included within an administrative charge timely filed with the EEOC, and were neither investigated nor conciliated by the Commission, Plaintiff has failed to satisfy the conditions precedent to filing an action under Title VII.

## SIXTH DEFENSE

Plaintiff's claims re barred to the extent that any other administrative prerequisites have not been met.

## SEVENTH DEFENSE

Plaintiff's claims fail because at all times Defendant's treatment of Plaintiff was based on legitimate nondiscriminatory reasons.

## EIGHT DEFENSE

To the extent that either that Plaintiff's perception of the misconduct she alleges was not reasonable, or that the alleged misconduct would not be considered offensive by a reasonable person, Plaintiff's Title VII claims are barred.

## NINTH DEFENSE

Defendant contends that no discriminatory employment decisions were made in this case.

## TENTH DEFENSE

To the extent that Plaintiff seeks back pay or other relief under Title VII for alleged acts of discrimination occurring more than two years prior to the date she filed her charge wit the EEOC, any relief is time barred by § 706(g) of Title VII, 42 U.S.C. §

The Civil Rights Act of1991, 42 U.S.C. § 1981a(b)(1), prohibits and bars any award of punitive damages against Defendant.

### EIGHTEENTH DEFENSE

Plaintiff's allegations fail to state a claim for either compensatory of punitive damages upon which relief can be granted.

### NINETEENTH DEFENSE

The imposition of punitive damages to punish those who have liability only by implication of law infringes upon the due process and equal protection provisions of the United States Constitution.

### TWENTIETH DEFENSE

Plaintiff's claims for punitive damages violate the self-incrimination clause of the fifth amendment to the United States Constitution in that the damages claimed are penal in nature while Defendant is required to disclose documents and/or other evidence without the safeguards against self-incrimination set out in the fifth amendment.

### TWENTY FIRST DEFENSE

Subject to the preceding affirmative and other defenses, Defendant responds to the specific allegations of the complaint. Defendant denies all allegations that it does not specifically admit.  Defendant intends and make no implied admissions.

### Jurisdiction

1.    Responding to Paragraph 1, Defendant  admits that Plaintiff sues him pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; that Title VII authorizes relief to victims of employment discrimination; and that this Court has

subject matter jurisdiction over Plaintiff's claims under Title VII; however, Defendant denies that he violated Title VII, §1983, or any other federal statute with respect to Plaintiff's employment, and Defendant further denies that Plaintiff is entitled to any relief. Defendant denies all remaining or inconsistent allegations.

2.    Responding to Paragraph 1, Defendant admits only that venue is appropriated in any judicial district in the State of Alabama, ut Defendant denies that he committed unlawful discriminatory practices in this or any other judicial district in the State of Alabama. Defendant denies all remaining or inconsistent allegations in Paragraph 1.

3.    Responding to Paragraph 2, Defendant admits all of paragraph 2, except that Defendant has no knowledge of Plaintiff's employment or whether she has been successful in her employment.

4.    Responding to Paragraph 3, Defendant admits that Alabama Department of Youth Services is an employer and that he was employed by the Alabama Department of Youth Services, but Defendant denies all remaining or inconsistent allegations.

5.    Responding to Paragraph 4, Defendant admits that he is more that nineteen years of age and was employed by the State as a Counselor I. Defendant denies all remaining or inconsistent allegations.

6.    Responding to all remaining Paragraphs 5 thru 12 in the FACTS, Defendant denies all remaining or inconsistent allegations.

**Plaintiff McMillan's CAUSES OF ACTION**

7.    Responding to Paragraph 1 through 14, (Title VII-Sex Discrimination), Defendant denies all remaining or inconsistent allegations.

8.    Responding to Paragraph 1 through 18, (Section 1983), Defendant denies all remaining or inconsistent allegations.

9.    Responding to Paragraphs 1 through 22, (Retaliation), Defendant denies all remaining or inconsistent allegations.

## PRAYER FOR RELIEF

10.    Responding to Plaintiff's unnumbered Paragraph containing her prayer for relief under Count I, Defendant denies that Plaintiff is entitled to any relief, and Defendant further denies all remaining or inconsistent allegations of Plaintiff's prayer for relief.

Respectfully submitted,

_____
Karen Sampson Rodgers, (SAM018)
Attorney for Defendant Michael J. Hardy

Karen Sampson Rodgers, LLC
Attorney at Law
459 South McDonough Street, Suite 5
Montgomery, Alabama 36104
(334) 262-6481 telephone
(334) 262-6482 facsimile
karensamrodgers@yahoo.com
karensrodgers@email.com

## CERTIFICATE OF SERVICE

I certify that, on January 26, 2007, I filed a copy of Defendant Hardy's Answer to the Clerk of Court, Jimmy Jacobs and the Alabama Department of Youth Services Legal Department via U.S. Mail.

Jimmy Jacobs, LLC
Attorney at Law
143 Eastern Boulevard
Montgomery, Alabama 36117

Legal Department
Alabama Department of Youth Services
1000 Industrial Road
Mt. Meigs, Alabama 36057

_____
Karen Sampson Rodgers