IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| TERA McMILLAN | ) |
| | ) |
| Plaintiff, | ) Civil Action NoL 2:07-cv-00001-WKW |
| | ) |
| vs. | ) |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| YOUTH SERVICES et al., | ) |
| Defendant. | ) |

## MOTION FOR PROTECTIVE ORDER

The Defendants, by and through the undersigned counsel, requests a Protective Order requiring the files, including but not limited to personnel files of employees and former employees of the Department of Youth Services requested by the Plaintiff in her Request for Production, be considered "CONFIDENTIAL" and shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court, counsel for the parties, their staff members, their professional and para-professional employees, and any experts associated by the parties regarding this action. Attached hereto as Exhibit A is a copy of the requested Order.

                                                Respectfully submitted,
                                                TROY KING
                                                ATTORNEY GENERAL

                                                T. Dudley Perry, Jr.
                                                Deputy Attorney General
                                                Attorney for Defendants
                                                Alabama Department of Youth Services
                                                Post Office Box 66
                                                Mt. Meigs, AL 36057
                                                Telephone: (334) 215-3803

## CERTIFICATE OF SERVICE

I hereby certify that I have served before going on the following:

Attorney Jimmy Jacobs
4137 Carmichael Rd., Ste. 100
Montgomery, AL 36106

James Eldon Wilson
4265 Lomac St.
Montgomery, AL 36106

by placing a copy of same in the United States Mail, postage prepaid, this __25TH__ day of September, 2007.

T. Dudley Perry, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA MCMILLIAN; ) | |
| ) | |
| PLAINTIFF ) | |
| ) | CASE No. 2:07:CV-O1-WKW |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF YOUTH ) | |
| SERVICES et al., ) | |
| ) | |
| DEFENDANT. ) | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation of Defendant State of Alabama Department of Youth Services ("Department") and Plaintiff Tera McMillian ("Plaintiff") by their respective attorneys, it is ORDERED that:

1.     The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2.     This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties and designated or considered "CONFIDENTIAL" under this Order.

3.     Any party may designate as "CONFIDENTIAL" any materials produced in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) in this action, that contain any confidential, personal information.

4.     Parties may designate materials as "CONFIDENTIAL" by either of the following methods:
    a.     by writing, typing, copying or stamping the word "CONFIDENTIAL" (or words to that effect) on the face of any materials upon their initial production to the opposing party;

    b.     by written notice to counsel for the opposing party including a description of materials to be designated as "CONFIDENTIAL"; or

   c.  by statement on the record in a deposition of hearing that the material is designated as "CONFIDENTIAL".

   5.  Those items specifically designated as "CONFIDENTIAL" may include information about present or past employees and clients of the Department relating to their address, telephone number, grievances, complaints, income tax information, trade secrets, garnishments, child support orders, divorce decrees, medical records including, but not limited to, records regarding treatment for drug and alcohol use and similar matters; and

   6.  In the event such "CONFIDENTIAL" material is later introduced into evidence or considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court.

   7.  In the event materials are produced herein which, in a party's opinion, should have been, but was not, designated as "CONFIDENTIAL", such party may designate such materials "CONFIDENTIAL" by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "CONFIDENTIAL", and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated "CONFIDENTIAL" to begin with.

   8.  Should a party object to the designation of material as "CONFIDENTIAL" that party shall give written notice of such objection to the other party. Counsel shall then confer to attempt to resolve such objections. If no resolution is reached, the party seeking such designation may apply to this Court for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order.

   9.  Except under further Order of this Court, material designated or considered "CONFIDENTIAL" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the clerk's office), counsel for the parties, their staff members, their professional and para-professional employees, and any experts associated by the parties regarding this action. The Plaintiff is "any person" within the prohibitions of the preceding sentence, except that Plaintiff's counsel may disclose confidential materials to Plaintiff for purposes relating to this litigation, provided that Plaintiff shall not accept, obtain, be given, or be permitted to obtain photocopies or other reproduction of the information contained in the confidential materials.

   10.  Notwithstanding the provisions of the preceding paragraph, the parties may disclose to retained experts and persons who may be called as witnesses in the case during trial or discovery such "Confidential" material that counsel, believe in good faith to be necessary for adequate preparation examination or presentation of the case. Prior to

any such disclosure under this paragraph, counsel shall inform the retained expert or the witness of the provisions of this Order and obtain his or her written agreement or agreement on the record to be bound by this Order (to which shall be attached a copy of this Order). Upon request, either party may obtain the other party copies of any such agreements.

11.     Should a party find it necessary to lodge or disclose in any pleadings "CONFIDENTIAL" material, the parties shall give the other parties three days' notice of the intent to use such confidential material, in order to allow a motion that such pleadings be sealed by the Court.

12.     Should either party find it necessary to use any "CONFIDENTIAL" material in pleadings or at trial, the parties shall attempt to formulate a method of disclosure, which preserves privacy and confidentiality through coding, redaction, or some other procedure.

13.     Should the parties he unable to agree upon such a procedure, either party may apply to this Court for further ruling.

14.     All "CONFIDENTIAL" material disseminated pursuant to this Order, and all copies made thereof, other than those filed with Court, shall be returned to counsel for the producing party upon written request at the conclusion of this action. The producing party shall reimburse opposing party for postage costs incurred in returning said material.

15.     This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds.

SO STIPULATED AND AGREED:

_____       _____
FOR THE PLAINTIFF:                                  FOR THE DEFENDANT:
Jimmy Jacobs (JACO51)                          T. Dudley Perry, Jr. (PER034)

IT IS SO ORDERED, this ___ day of _____ 2007.

_____
UNITED STATES MAGISTRATE JUDGE

3