IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERA A. MCMILLAN,          )
    Plaintiff,             )
v.                         )  CASE NO. 2:07-CV-01-WKW
                           )
ALABAMA DEPARTMENT OF YOUTH )
SERVICES and               )
MICHAEL J. HARDY,          )
                           )
    Defendants.            )

## DEFENDANT MICHAEL J HARDY's BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW MICHAEL J. HARDY, DEFENDANT, and respectfully submits the following Brief In Support Of Motion For Summary Judgment. Defendant Hardy submits that Plaintiff has failed to prove that said Defendant has committed any unlawful discrimination against Plaintiff on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. Code Section 2000 e, *et seq*, as well as the equal protection clause of the United States Constitution.

### STATEMENT OF FACTS REGARDING SEX DISCRIMINATION

Michael J. Hardy, Defendant, is an eighteen year veteran employee of the Alabama Department of Youth Services (hereafter DYS), who, was accused by Plaintiff of making inappropriate sexual advances and despite his exemplary work record was fired from his job as a Counselor I effective January 6, 2006. From the very first hint of these allegations, he has steadfastly denied them and has

continuously made every effort to defend against the allegations and to regain his good name and employment. Even before his job was terminated, he sought advice from a Personnel Relations Employee and exercised his First Amendment Rights in his defense and filed written charges against the Plaintiff for falsely accusing him. Those written counter allegations were interpreted to be "a grievance" against the Plaintiff for her allegations. That grievance, which allegedly violated DYS personnel policy, was then added to the allegations against Defendant Hardy as "disruptive conduct, potential retaliation and violation" of the DYS grievance procedure.

After a year or more of State of Alabama personnel administrative hearing and appeal process, in which all of the evidence supporting Plaintiff's allegations of sexual harassment by Defendant Hardy was thoroughly reviewed and considered by the Administrative Law Judge, The ALJ issued a recommended Order to the State Personnel Board finding that she was "NOT convinced that McMillian [the Plaintiff in this Federal Case] was the victim of sexual harassment." See <u>Hardy v. Alabama Department of Youth Services</u>, Recommended Order, Case No 06-004-JJW at page 29 of 32, line 5, (Issued August 1, 2007), pertinent portions which are included with this Brief as Attachment 1.

This conclusion was reached even after the ALJ determined that Defendant Hardy "had more than a work-related relationship with" Plaintiff McMillan, that he had "violated the DYS sexual harassment policy", and that Defendant made comments which were "inappropriate for the workplace." See Attachment 1, page 29 of 32, lines 1-5. While the ALJ concluded that Defendant Hardy's conduct as a

2

supervisor was subject to administrative disciplinary action, she emphatically stated that "the undersigned does not believe that Hardy's advances were unwelcome." See Attachment 1, page 29 of 32, lines 6-8.

The ALJ further found that Plaintiff McMillan's "testimony was exaggerated and lacked credibility and candor. Clearly, [Plaintiff] possessed a host of other personal motivations for her testimony. While [Plaintiff] and Hardy had some sort of relationship for some period of time, any relationship between the two involved [Plaintiff]'s complicity." See Attachment 1, page 29 of 32, lines 9-12.

The Administrative Hearing Officer in this case dealt with the issue of whether there was "sexual harassment" against Plaintiff McMillan and found to the contrary. In so doing, she not only considered all evidence but also saw and evaluated the testimony of the Plaintiff and her mother and her friend. At the end she found Plaintiff McMillan to lack credibility and candor and noted that Plaintiff gave "exaggerated" testimony. Accordingly, Defendant Hardy submits he should be given the benefit of *res judicata* as to the Administrative Law Judges' finding and that Summary Judgment should issue in his behalf as to Plaintiff's sexual harassment allegations. <u>Chapman Nursing Home, Inc. v. McDonald,</u> __So.2d__, 2007 WL 3409013 (Ala.).

Respectfully submitted, this the 24th day of November, 2007.

                                          <u>s/  JAMES ELDON WILSON</u>
                                          James Eldon Wilson (WIL079)
                                          Deputy Attorney General

**OF COUNSEL:**
**James Eldon Wilson, Esquire**
**4265 Lomac Street**
**Montgomery, AL 36106**
**(334) 409-2003; FAX (334) 409-2009**
**email:jameseldonwilson@mindspring.com**

## CERTIFICATE OF SERVICE

**I hereby certify that on November 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:**

**Jimmy Jacobs, Esq.**
**Attorney for the Plaintiff**
**4137 Carmichael Rd, Ste 100**
**Montgomery, AL 361o6**

**T. Dudley Perry, Jr.**
**Deputy Attorney General**
**Attorney for the Defendants**
**Alabama Department of Youth Services**
**P.O. Box 66**
**Mt. Meigs, AL 36057**

                                                  **s/JAMES ELDON WILSON**
                                                  **Of Counsel**

## BEFORE THE STATE PERSONNEL BOARD
## IN THE MATTER OF

| | |
|---|---|
| MICHAEL HARDY, | ) |
| | ) |
|     Employee, appellant, | ) |
| | ) |
| v. | ) Case No.: 06-004-JJW |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| YOUTH SERVICES, | ) |
| | ) |
|     Appellee. | ) |

### RECOMMENDED ORDER TO THE STATE PERSONNEL BOARD

The undersigned conducted a hearing on May 8, 2006 and June 10, 2006 at the offices of the Alabama State Personnel Department in Montgomery, Alabama. Theron Stokes, Esq. and Monica Arrington, Esq. appeared as counsel on behalf of Michael Hardy (hereinafter "Hardy" or "the Employee"). T. Dudley Perry, Esq. appeared on behalf of the Department of Youth Services (hereinafter "DYS"). Following the hearing, the parties requested permission to file post-trial briefs. Briefs were filed on or about July 25, 2006. The parties also requested a transcript of the proceedings which was provided to the undersigned around April 10, 2007.

DYS introduced seven exhibits numbered 1-7. The Employee introduced 30 exhibits numbered 1-30.[1]

---

[1] Employee's Exhibit 14, which are the private personnel records of another employee, were excluded. Furthermore, the exhibits in this cause contain unredacted confidential and privacy protected information. Accordingly, all exhibits in this case, both those submitted by

### Violations of DYS Sexual Harassment Policy

Based upon the evidence presented, the undersigned was convinced that Hardy had more than a work-related relationship with McMillian and violated the DYS sexual harassment policy. The testimony of Harris also convinced the undersigned that Hardy made comments to McMillian which were inappropriate for the workplace. However, the undersigned was NOT convinced that McMillian was the victim of sexual harassment. While Hardy's conduct as a supervisor was subject to disciplinary action, the undersigned does not believe that Hardy's advances were unwelcome. McMillian's testimony was exaggerated and lacked complete credibility and candor. Clearly, McMillian possessed a host of other personal motivations for her testimony. While McMillian and Hardy had some sort of relationship for some period of time, any relationship between the two involved McMillian's complicity. Nevertheless, that does not excuse Hardy for engaging in what he should have known could have been misconstrued as an inappropriate verbal exchange with a subordinate. Therefore, the undersigned does find that Hardy's verbal conduct supports termination.

Regardless of Hardy's relationship with McMillian, his most egregious offense however, is the manner in which he handled the investigation of

McMillian's EEOC and sexual harassment complaint, as hereinafter discussed.

**Violations of the Grievance Procedure and Disruptive Conduct**

Despite the fact that McMillian's credibility has questionable merit, equally or more serious than the sexual harassment charge is the disruptive conduct, potential retaliation, and Hardy's violation of the grievance procedure. Employees must be allowed the freedom to have civil rights actions investigated, even if questionable, without the fear of retaliation. If McMillian's allegations proved to be meritless, the inquiry ends there.

In the present action, Hardy admitted he provided training on the sexual harassment policy on numerous occasions. He also admitted to instructing his employees on the proper procedure to follow when filing claims. McMillian followed the procedures as she had been trained to do.

Flying in the face of this policy, Hardy also admitted to filing a "grievance" against her for following the very procedure he trained her to follow. As a supervisor, he knew better than to conduct himself in such a harassing fashion. He knew he was not following policy, nor was he following the chain of command as proscribed in DYS Grievance Procedure 3.13.1 Since McMillian had filed a claim with the Personnel Manager, Debra Spann, Hardy in turn filed his "grievance" with Debra Spann. This type of threatening behavior, in and of itself, merited

Page 30 of 32

dismissal and was uncharacteristic of a supervisor with his training, background and experience. Such conduct is clearly disruptive and in violation of the <u>Rules of the State Personnel Board</u> 670-X-19-.01(1g)- (disruptive conduct), the <u>Rules of the State Personnel Board</u> 670-X-19-.01(2e)- (use of abusive or threatening language) and/or violation of the <u>Rules of the State Personnel Board</u> 670-X-19-.01(2j)-(serious violation of any other Department Rule). Further, such conduct could also be potentially perceived as retaliatory. This one violation alone, was sufficient to warrant Hardy's dismissal.

Since the above-referenced rules are sufficient to warrant dismissal in this cause, the issue of whether the conduct actually reaches the level of retaliation is moot and shall not be addressed in this forum.

Accordingly, the undersigned finds the totality of the evidence warrants dismissal in this cause. Therefore, the undersigned recommends to the State Personnel Board that the dismissal be UPHELD

Done, this the 1st day of August, 2007.

*Julia J. Weller*
JULIA JORDAN WELLER
Administrative Law Judge
State of Alabama Personnel Department
64 North Union Street
Montgomery, Alabama 36130
(334) 242-3451
(334) 353-4481