IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLAN )<br>    Plaintiff )<br>)<br>v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>YOUTH SERVICES, et al., )<br>    Defendants ) | Civil Action No: 2:07-cv-00001-WKW<br><br>(JURY DEMAND) |

## MOTION TO COMPEL AND FOR COSTS

COMES NOW the Plaintiff, by and through undersigned counsel, and moves the Court for an Order compelling, pursuant to Rule 37, F.R.C.P., the Defendant Alabama Department of Youth Services to provide responses to her properly promulgated discovery requests in this action. Plaintiff certifies to this Honorable Court that she has attempted to resolve these disputed matters with the Defendant, but that such efforts have failed and the intervention of the Court is necessary. In support of this motion, Plaintiff states as follows:

1. Plaintiff submitted her discovery requests to the Defendant on or about June 22, 2007. Defendant did not respond within the 30 days permitted by Rules 33(b) and 34(b), *Fed R. Civ P.*, and Plaintiff's counsel wrote to Defendant's counsel on July 29, 2007 regarding the overdue responses. (Exhibit A) Plaintiff's counsel followed up with additional correspondence to Defendant's counsel on August 10, 2005, in an effort to secure the overdue discovery. (Ex. B)

2. Defendant finally submitted partial responses to the discovery on or about August 31, 2007 (Exhibit C). The Defendant's responses were incomplete or missing

1

in several instances and privilege objections were interposed to some of the information requested.

3.   Plaintiff's counsel wrote to the Defendant's counsel September 7, 2007, requesting that the Defendant provide sufficient information, in accordance with *F. R. Civ. P.* 26(B)(5)(a) to permit the Plaintiff to ascertain the applicability of the privileges asserted. (Ex. D) The Defendant has not complied with this request or provided any further response or information on these requests.

4.   Plaintiff's counsel and his legal assistant visited the offices of the Defendant on September 25, 2007 to inspect and identify documents to be copied in response to the Defendant's objection that its responses were too "voluminous" to be copied. Counsel for the parties discussed the outstanding discovery responses at this time, and Plaintiff's counsel has continued to try to resolve the Defendant's objections and to identify and copy the information not produced in response to her requests. The deadline for dispositive motions has arrived and it does not appear that counsel will be able to resolve these matters without the assistance of the Court.

5.   The Plaintiff moves the Court to require the Defendant to provide full and complete responses to the following requests:

A.   <u>Interrogatories No. 11 and 12; and Requests for Production 24, 32, 33, 36, and 37</u>: The defendant asserts attorney/client and/or the litigation anticipation privilege to part or all of the information or documents requested by the plaintiff. The defendant has refused to provide sufficient information so that the plaintiff can know (1) if any information is actually being withheld on a privilege claim; or (2) if withheld information

2

is entitled to the assertion of a privilege under the rules. The plaintiff has made a timely request for the defendant to comply with *F. R. Civ.P.* 26(B)(5)(a).

    B.    <u>Interrogatory No. 10</u>: The defendant's response to this interrogatory (see below) is incomplete. The documents are not specifically listed nor described, and the defendant has not produced "Memos, Hearing Exhibits, and Other Documents" or the entire files at both the DYS and State Personnel Department level such as listed here.

> "10. List and describe all document reviewed by those persons who participated in the decision to terminate defendant Michael Hardy.
>
> *Personnel folder; Memos; Hearing Exhibits; Other documents*
>
> *The entire file at both the DYS level and State Personnel Department level are available for inspection to the Plaintiff.*"

    C.    <u>Interrogatory No. 15</u>: The defendant's response does not respond to the interrogatory.

    D.    <u>Interrogatory No. 16</u>: The defendant refers the plaintiff to the file for the state personnel board hearing but does not provide the complete file.

    E.    <u>Request for Production No. 22</u>: The plaintiff requested all information regarding her employment and/or her complaint of discrimination. Plaintiff requested specifically information constructed, collected, and/or maintained by Debra Spann and Alan Slaton who are believed to be the principal investigators of her complaint. The defendant responded:

> "*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*
> *Tera McMillian's personnel file*
> *File on Michael Hardy's fact-finding proceeding before Marcia Calendar*
> *File on Michael Hardy's hearing before state personnel*
> *Special investigator's file*"

3

After several trips to the defendant's office to inspect documents and follow-up requests, the plaintiff still has not been provided with Ms. Spann's materials, or with the complete materials for the fact-finding proceeding or the personnel board hearing.

F. <u>Request for Production No. 23</u>: This request mirrored number 22, but for information related to defendant Hardy. Only Mr. Hardy's personnel file has been provided.

G. <u>Request for Production No. 32</u>: This request was for "...a copy of all correspondence, e-mails, records, notes, recording, transcripts, reports and any supporting material collected or constructed by Alan Staton in the course of his investigation which is referenced in his report dated March 31, 2006."

The defendant's response referred the plaintiff to its assertion of privilege and the incomplete responses to numbers 22 and 23 above.

H. <u>Request for Production No. 33</u>: This request was for "...a copy of all correspondence, e-mails, notes, recordings, reports and any supporting material collected or constructed by any employee or agent of DYS regarding, referencing, or related to the investigation described in number 32 above."

The defendant's response once again referred the plaintiff to its assertion of privilege and the incomplete responses to numbers 22 and 23 above.

I. <u>Request for Production No. 36</u>: This request was for " ... a copy of all correspondence, e-mails, notes, recordings, reports and any supporting material, collected or constructed by any employee or agent of DYS regarding, referencing, or related to any investigation of defendant Michael Hardy."

The defendant's response again referred the plaintiff to its assertion of privilege

4

and the incomplete responses to numbers 22 and 23 above.

J.   Request for Production No. 37:   This request was for "...a copy of all correspondence, pleadings, depositions, and exhibits, transcripts of hearings or other proceedings, finding and/or reports related to the termination of the employment of defendant of Michael Hardy by DYS."

The defendant did not provide any material and referred the plaintiff to its assertion of privilege and the incomplete responses to numbers 22 and 23 above.

I.   Request for Production No. 38:   This request was for a "...copy of any complaint of sexual harassment, sex/gender discrimination, retaliation and/or any EEOC or OCR complaints filed against current or former employees of DYS for the time period of January 1, 2003 to the present."

The defendant did not produce any material, and objected that the request was overbroad and burdensome. The defendant did not provide any basis or grounds for the assertion that the production of this material would be burdensome or that the request was overly broad.

WHEREFORE, these premises considered and for other such just cause as the Court may in its discretion find, the plaintiffs move this Honorable Court to enter an Order compelling the Defendant to provide full and complete responses to her properly promulgated discovery requests; and, for entry of an Order awarding her costs for incurred due to the defendant's failure to participate faithfully in the spirit and letter of the rules.

Respectfully submitted this 26th day of November 2007.

/S/ JIMMY JACOBS
JIMMY JACOBS (JAC051)

5

                    Attorney for Plaintiff
                    4137 Carmichael Rd, Ste 100
                    Montgomery, Alabama 36106
                    (334) 215-1788

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 26th of November, 2007.

                    /s/**Jimmy Jacobs**
                    JIMMY JACOBS (JAC051)
                    Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

PLAINTIFF'S EXHIBIT
A

# JIMMY JACOBS, L.L.C.
*Attorneys at Law*

4137 Carmichael Road
Suite 100
Montgomery, AL 36106

Telephone (334)215-1788
Fax (334)215-1198
jacobslawoffice@gmail.com

29 July 2007

T. Dudley Perry, Jr.
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

*McMillan v. Dept. of Youth Services, et al.*; USDC Middle Alabama; CV No: 2:07-CV-001-WKW

Dear Mr. Perry:

    It has been more than thirty days since service of the plaintiff's Requests for Admission in this case, and the requests are admitted pursuant to Rule 36(a) of the Federal Rules of Civil Procedure. Your client's responses to my interrogatories and requests for production in this case are overdue. I would appreciate it if you would meet with your client and forward these responses to me within the next ten days in order to avoid the necessity of a motion to compel. If there is some impediment to obtaining responses from the defendant, please give me a call so that we can discuss the matter.

    Thank you in advance for your kind cooperation in this matter. I look forward to hearing from you in the very near future.

Sincerely,

Jimmy Jacobs

C: James Eldon Wilson, Esquire
    Deputy Attorney General
    4265 Lomac Street
    Montgomery, AL 36106

# JIMMY JACOBS, L.L.C.
### *Attorneys at Law*

4137 Carmichael Road  
Suite 100  
Montgomery, AL 36106

Telephone (334)215-1788  
Fax (334)215-1198  
jacobslawoffice@charter.net

PLAINTIFF'S EXHIBIT B

10 August 2007

### VIA FACSIMILE AND REGULAR MAIL

T. Dudley Perry, Jr.  
Deputy Attorney General  
Post Office Box 66  
Mt. Meigs, AL 36057

*McMillan v. Dept. of Youth Services, et al.*; USDC Middle Alabama; CV No: 2:07-CV-001-WKW

Dear Mr. Perry:

It has now been more than ten days since I wrote to you regarding your client's overdue responses to the interrogatories and requests for production in this case. I also left a message with your secretary on Wednesday, August 8th, seeking information as to when the overdue responses would be provided.

It is imperative that I have your responses right away to maintain the discovery plan that we agreed to and submitted to the Court. Even though your responses are well overdue and any objections that your client may have presented have been waived by operation of the rules, I am willing to make good faith efforts to work with you if there is some extraordinary impediment to getting your answers to me. Unless I receive the responses by Wednesday of next week (August 15th) or some other mutually agreeable arrangement has been made, I feel I have no choice but to seek a motion to compel from the Court.

Thank you in advance for your kind cooperation in this matter. I look forward to hearing from you in the very near future.

Sincerely,

Jimmy Jacobs

C: James Eldon Wilson, Esquire  
    Deputy Attorney General  
    4265 Lomac Street  
    Montgomery, AL 36106



PLAINTIFF'S EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 2:07:CV-01-WKW |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| YOUTH SERVICES and | ) |
| MICHAEL J. HARDY, | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**COMES NOW**, the Defendant, Alabama Department of Youth Services (DYS), by and through the undersigned submits the following responses to interrogatories and requests for production, as follows:

5. State the names of all persons who participated in the decision to terminate defendant Michael Hardy, their titles and the role that they played in such decision.

*The Executive Director is the appointing authority for all employees of the Alabama Department of Youth Services. Personnel Director, Debra Spann, received a complaint from Tera McMillian against Michael Hardy. Ms. Spann conducted the initial investigation, including interviewing Ms. McMillian and her witnesses, and Ms. Spann determined that the complaint was valid. Ms. Spann reported her findings to the Legal Division. Deputy Director Tim Davis recommended that Mr. Hard's employment be terminated. Pursuant to that recommendation, the Executive director scheduled a fact finding hearing. Executive Secretary to*

*the Director, Marcia Calendar served as the fact finder at that hearing. Mr. Hardy was represented by counsel Theron Stokes. The undersigned represented the Department of Youth Services. DYS Special Investigator Alan Staton investigated the matter. Based on the recommendations of Personnel Director Spann, Deputy Director Tim Davis, and Executive Secretary Marcia Calendar, Mr. Wood discharged Mr. Hardy. Mr. Hardy appealed his discharge and received a hearing before a Hearing Officer under the Alabama Administrative Procedures Act. There were several witnesses, including the Plaintiff. The Hearing Officer, acting in part on the testimony of Ms. McMillian, recommended upholding Mr. Hardy's dismissal. The State Personnel Board affirmed the recommendation.*

6. State the date that such decision was made and the date and times of any discussions which led to that decision.

*The administrative fact finding hearing was conducted on November 10, 2005. The Executive Director ordered Mr. Hardy's dismissal on January 6, 2006.*

7. State the names address and job titles of those persons who investigated the sex harassment charge filed by Plaintiff against Michael Hardy.

Debra Spann – Personnel Manager   P.O. Box 66, Mt. Meigs, AL 36057

Alan Staton – Special Investigator   P.O. Box 66, Mt. Meigs, AL 36057

8. State the names, addresses and job titles of all persons interviewed by such investigator in connection with such charge, and dates of such interviews.

*Ingria Williams – YS Aide*
*5712 Bangor Ct.*
*Montgomery, AL 36117*
*6-22-05 date interviewed*

*Veronica Harris – YSA*
*3807 Malabar Road*

Montgomery, AL 36117
6-23-05 date interviewed

Michael Hardy – YS Counselor I
2900 Marti Lane
Montgomery, AL 36116
6-28-07 – date interviewed

Jonathan Ellis – YSA
555 S. McDonough Street Apt 1B
Montgomery, AL 36104
7-1-05 date interviewed

Arthur Harvest – YSA
2160 Young Farm Place
Montgomery, AL 36106
7-15-05 date interviewed

Rashin Farley – YSA
733 Sunhill Road NW Apt. K
Birmingham, AL 35215

Eugene Smith – YSA
1 Hunters Drive
Montgomery, AL 36108

Rogers Dortch – YSA
3124 Baldwin Brook Dr.
Montgomery, AL 36116

Bernice Howard – YSA

The Plaintiff

The Plaintiff's mother

9. State why Plaintiff was not interviewed by such investigator.

   N/A. The Plaintiff was interviewed. See above.

10. List and describe all document reviewed by those persons who participated in the decision to terminate defendant Michael Hardy.

*Personnel folder*     *Memos*     *Hearing Exhibits*     *Other documents*

*The entire file at both the DYS level and State Personnel Department level are available for inspection to the Plaintiff.*

11. State names, addresses, employment and job titles of all persons interviewed by Defendant's attorney(s) prior to the hearing on the appeal to the state personnel board of the termination of Defendant Michael Hardy.

*The undersigned attorney objects to the disclosure of any privileged information or work product information gathered in anticipation of litigation. Without waiving this objection, see above.*

12. State what, if any, information was given to such attorney that differed from that given in the original investigation concerning the sex harassment charge filed by Plaintiff against defendant Michael Hardy and by whom same was given.

*The undersigned attorney objects to the disclosure of any privileged information or work product information gathered in anticipation of litigation. Without waiving this objection, none.*

13. State whether Defendant followed its policy.

*Yes.*

14. State the names, addresses and subject matter to be testified about by any expert witness consulted with or to be called a witness by Defendant.

*At this time the undersigned has not retained an expert and no decision has yet been made regarding any expert testimony.*

15. If Defendant denies that sex harassment occurred toward Plaintiff from defendant Michael Hardy, as allege by her in her internal complaint, state all reasons why such is denied and when such conclusion was reached.

*See the attached Order of the State Personnel Board.*

16. State what discipline, if any, was given to defendant Michael Hardy as a result of such charge of sex harassment.

*Michael Hardy was discharged, however, see the attached order of the State Personnel Board and the file relating to the State Personnel Board hearing.*

17. State what conclusion was reached as a result of the investigation of the sex harassment charges filed by Plaintiff.

*Michael Hardy was discharged primarily for inappropriate conduct (not because he sexually harassed the Plaintiff) and because he <u>attempted</u> to retaliate against Ms. McMillian for filing her complaint.*

18. State what information was conveyed to Plaintiff concerning the conclusion reached after her internal complaint of sex harassment, and when and by whom such was conveyed to Plaintiff.

*Ms. McMillian was made aware of the recommendation to discharge Mr. Hardy and her testimony was relied on at the hearing before the State Personnel Board.*

19. State the first day, after her complaint of sex harassment that Plaintiff reported to work in the Intensive Treatment Unit.

*See leave reports attached hereto.*

20. State when the Plaintiff was first notified to report of such location.

*Immediately, pursuant to her wishes, after the Plaintiff made the initial complaint in approximately June 2005, she never again had significant contact with Mr. Hardy. Contrary to Ms. McMillian's allegation in her EEOC Charge of Discrimination, she was not transferred to another department.*

21. If you denied Request for Admission No. 3, state all reasons why you answered Request for Admission No. 3 "denied."

*Ms. McMillian failed to report the alleged harassment, according to her allegations in the EEOC Charge of Discrimination, from May 2003 when she claims the harassment began, until mid-June 2005.*

22. Produce a copy of each file containing information regarding the Plaintiff's employment with the Defendant and/or the Plaintiff's complaints of discrimination, harassment, and/or retaliation during the course of her employment. This request includes, but is not limited to, Plaintiff's official personnel file; any and all files maintained by persons in the Plaintiff's line of supervision; and any and all files maintained by **Debra Spann**, Alan Staton and any person in the Defendant's personnel or human resources offices.

*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*

> Tera McMillian's personnel file
> File on Michael Hardy's fact-finding proceeding before Marcia Calendar
> File on Michael Hardy's hearing before state personnel
> Special investigator's file

23. Produce a copy of each file containing information regarding the Michael J. Hardy during the course of his employment the Defendant and/or subsequent to the Plaintiff's complaints of discrimination, harassment, and/or retaliation relative to her employment. This request includes, but is not limited to, Mr. Hardy's official personnel file; any and all files maintained by persons in the Plaintiff's line of supervision; and any and all files maintained by **Debra Spann**, Alan Staton and any person in the Defendant's personnel or human resources offices.

*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*

> Michael Hardy's personnel file

24. Produce a copy of all correspondence, e-mails, notes, recordings, reports and any supporting material collected or constructed by any employee or agent of DYS regarding, referencing, or related to the investigation of the Plaintiff's complaint of sex harassment by the defendant Michael Hardy.

*See responses to Nos. 12, 22, and 23 above.*

25. Produce a copy of the logs or other records, as collected and/or maintained by the security guard at the gate to the DYS Mount Meigs facility, of the names and times an employee enters and/or departs the DYS compound. This request is limited to all records for the time period of January 1, 2005 to the present.

*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*

> Approximately 6 boxes of documents.

26. Produce a copy of the daily logs and/or other records of the time each DYS employee assigned to the Intensive Treatment Unit and/or Paige Hall reports for work. This request is for each shift and is limited to the time period of January 1, 2005 to the present.

*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*

*Approximately 18-20 log books.*

27. Produce a copy of the daily logs and/or other record of the daily checks or call-ins performed by DYS staff within each dormitory or unit at the Mount Meigs facility for the time period of January 2005 to the present.

*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*

*Approximately 18-20 log books.*

28. Produce a copy of the Work Schedules for the Intensive Treatment Unit and Paige Hall for the time period of January 1, 2005 to the present.

*The above-referenced documents are too luminous to copy and produce. Therefore, the work schedules are available for inspection.*

29. Produce a copy of the Leave Reports (DYS Form 21) for employees of the Intensive Treatment Unit and Paige Hall for the time period of January 1, 2005 to the present.

*See attached documents*

30. Produce a copy of the Leave Request Forms (DYS Form 24) for all employees assigned to the Intensive Treatment Unit and Paige Hall for the time period of January 1, 2005 to the present.

*Available for inspection*

31. Produce a copy of all records of training provided for staff and supervisors assigned to the Intensive Treatment Unit and/or Paige Hall, including but not limited to announcements, agendas, sign-in sheets, certification lists, notices of make-up training requirements. This request is for each shift and is limited to the time period of January 1, 2005 to the present.

*See attached documents*

32. Produce a copy of all correspondence, e-mails, records, notes, recording, transcripts, reports and any supporting material collected or constructed by Alan Staton in the course of his investigation which is referenced in his report dated March 31, 2006.

*See responses to Nos. 12, 22, and 23 above.*

33. Produce a copy of all correspondence, e-mails, notes, recordings, reports and any supporting material collected or constructed by any employee or agent of DYS regarding, referencing, or related to the investigation described in number 32 above.

*See responses to Nos. 12, 22, and 23 above.*

34. Produce any document containing the current or last known address and phone number for the following current or former DYS employees:

    a) Jacob Hammond
    b) Veronica Harris
    c) Elijah Harris
    d) Bernice Howard
    e) Jason Hughes
    f) Sylvesta Lee
    g) Lisa May
    h) Joe Pinkard
    i) Phyllis Rankins
    j) Debra Spann
    k) Gregory Webster

*See attached documents*

35. Produce a copy of Payroll, Attendance, and Leave record for Tera McMillan whiled employed by DYS.

*See attached documents*

36. Produce a copy of all correspondence, e-mails, notes, recordings, reports and any supporting material collected or constructed by any employee or agent of DYS regarding, referencing, or related to any investigation of defendant Michael Hardy.

*See responses to Nos. 12, 22, and 23 above.*

37. Produce a copy of all correspondence, pleadings, depositions, and exhibits, transcripts of hearings or other proceedings, finding and/or reports related to the termination of the employment of defendant of Michael Hardy by DYS.

*See responses to Nos. 12, 22, and 23 above.*

38. Produce a copy of any complaint of sexual harassment, sex/gender discrimination, retaliation and/or any EEOC or OCR complaints filed against current or from employees of DYS for the time period of January 1, 2003 to the present. all correspondence, pleadings, depositions, and exhibits, transcripts e-mails, records, notes, recording, transcripts, reports and any supporting material collected or constructed by Alan Staton in the course of his investigation which is referenced in his report dated March 31, 2006.

*The undersigned objects to the production of complaints for sexual harassment, sex/gender discrimination, retaliation and/or any EEOC or OCR complaints filed against current or former employees of DYS on the grounds that it is overly broad and unduly burdensome. DYS operates facilities throughout the State of Alabama and there is no possible relevance to production of such confidential and privileged information regarding individuals who have no connection to this case whatsoever.*

Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL

        <u>s/ T. Dudley Perry Jr.</u>
        T. Dudley Perry, Jr.
        Bar Number: 3985-R67T
        Deputy Attorney General
        Attorney for the Defendant
        Alabama Department of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing on counsel by mailing a copy of the same by United States Mail properly addressed and first class postage prepaid, to wit.

        Jimmy Jacobs
        4137 Carmichael Rd, Ste. 100
        Montgomery, AL 36106

Done this 31st day of August, 2007.

        T. Dudley Perry, Jr.
        Attorney for Defendants

PLAINTIFF'S EXHIBIT D

# JIMMY JACOBS, L.L.C.
*Attorneys at Law*

4137 Carmichael Road  
Suite 100  
Montgomery, AL 36106

Telephone (334)215-1788  
Fax (334)215-1198  
jacobslawoffice@charter.net

7 September 2007

<u>VIA FACSIMILE AND REGULAR MAIL</u>

T. Dudley Perry, Jr.  
Deputy Attorney General  
Post Office Box 66  
Mt. Meigs, AL 36057

Re: *McMillan v. Dept. of Youth Services, et al.*; USDC Middle Alabama; CV No: 2:07-cv-001

Dear Dudley,

    I received your responses to the Plaintiff's First Discovery Requests over the holiday. I appreciate receiving these materials, although it appears that the responses are incomplete in several instances, and I will send you a separate letter next week so that we can discuss those oversights.

    I am writing and faxing this letter to you today in regard to the attorney/client, work product and/or anticipation of litigation privileges your client asserted in responding to request numbers 11 and 12, as well as the reliance on these two responses in responding to request numbers 24, 32, 33, and 36. According the rules, your client waived all objections by not responding to these discovery requests within 30 days. In any event, as you are aware, Rule 26 (B)(5)(A) requires a party asserting these objections to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Please forward to me a list of all materials being withheld on such a claim of privilege that sets forth (a) the nature of the document or material; (b) the date of origination; (c) the author or creator; (d) the intended recipient or audience of the material; and, (e) each person or entity who has had access to the document or material since its origination.

    Thank you in advance for your kind cooperation in this matter. I look forward to receiving full and complete responses to these items or receiving your list within the next seven days. I will call you regarding the remaining outstanding discovery responses.

                                  Sincerely,

                                  Jimmy Jacobs

C: James Eldon Wilson, Esquire