IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERA A. McMILLAN | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | Civil Action No: 2:07-cv-001-WKW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | (JURY DEMAND) |
|   YOUTH SERVICES, et al., | ) | |
|     Defendants | ) | |

## MOTION TO STRIKE DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' SUMMARY JUDGMENT EXHIBITS

COMES NOW the Plaintiff, by and through undersigned counsel, and files this Motion to Strike, pursuant to Rules 26(e)(1),(2) and 37(c),(d) of the Federal Rules of Civil Procedure, all documents which were submitted as exhibits to the Defendants' Motion for Summary Judgment which were not disclosed to the plaintiff in accordance with the parties' planning meeting report entered on February 22, 2007; in its signed responses on August 31, 2007 to the plaintiff's properly promulgated discovery requests (dated June 22, 2007); or, the Defendant's Initial Disclosures dated October 2, 2007.  Plaintiff also moves the Court for an award of attorney fees and costs, as well as other permissible sanctions as the Court may find to be proper.  As cause plaintiff shows unto the Court as follows:

    1)    Exhibit 1 consists of various pages from a transcript of the testimony and proceedings in the review by the Alabama Department of Personnel's

administrative law judge of Defendant Michael J. Hardy's termination of employment. The plaintiff specifically requested in request for production number 37 of her First Discovery Requests to the Defendant Alabama Department of Youth Services that she be provided with "…a copy of all correspondence, pleadings, **depositions**, exhibits, **transcripts of hearings or other proceedings**, findings and/or reports **related to the termination of the employment of defendant Michael Hardy by DYS**." (*Emphasis added*)

The defendant responded on August 31, 2007: "***See responses to Nos. 12, 22, and 23 above***."(*Emphasis added*)  (See *Doc. 27; Exhibit C to Pltf. Motion to Compel*)

The response to interrogatory request No. 12 was "*The undersigned attorney objects to the disclosure of any privileged information or work product information gathered in anticipation of litigation. Without waiving this objection, none[1]."*  Defendant responded to plaintiff's request RFP No. 22 (Produce a copy of each file containing information regarding the Plaintiffs employment with the Defendant and/or the Plaintiff's complaints of discrimination, harassment, and/or retaliation during the course of her employment. This request includes, but is not limited to, Plaintiff's official personnel file; any and all files maintained by

---

[1] Counsel wrote to defendant's counsel on September 7, 2007, requesting that the Defendant provide sufficient information, in accordance with *F. R. Civ. P.* 26(B)(5)(a) to permit the Plaintiff to ascertain the applicability of the privileges asserted. (Ex. D to Motion to Compel)  The Defendant has not complied with this request or provided any further response or information on these requests.  In any event, the transcripts attached as exhibits could not possibly be subject to any legal privilege under the rules.

persons in the Plaintiff's line of supervision; and any and all files maintained by Debra Spann, Alan Staton and any person in the Defendant's personnel or human resources offices.) with: "*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*

> *Tera McMillian's personnel file*
> *File on Michael Hardy's fact-finding proceeding before Marcia Calendar*
> *File on Michael Hardy's hearing before state personnel*
> *Special investigator's file*
> (<em>Doc. 27, Ex. C</em>)

Defendant's response to plaintiff's RFP request No. 23 ("Produce a copy of each file containing information regarding Michael J. Hardy during the course of his employment the Defendant and/or subsequent to the Plaintiffs complaints of discrimination, harassment, and/or retaliation relative to her employment. This request includes, but is not limited to, Mr. Hardy's official personnel file; any and all files maintained by persons in the Plaintiff's line of supervision; and any and all files maintained by Debra Spann**,** Alan Staton and any person in the Defendant's personnel or human resources offices.")

The defendant's response to this request was: "*The above-referenced documents are too luminous to copy and produce. Therefore, available for inspection are the following:*

> *Michael Hardy's personnel file*
> (<em>Doc. 27, Ex. C</em>)

Plaintiff's counsel visited the office of DYS, accompanied by his legal

assistant, on September 25, 2007 to inspect and copy documents produced in response to her discovery requests.   The transcript attached as Exhibit 1 to the Defendant's Motion for Summary Judgment was not produced for inspection at this time.  Plaintiff's counsel provided the defendant with a written list of items not produced on that day, and has made extensive efforts, to no avail, to obtain these since that time[2].  The transcript is obviously incomplete and was not produced to the plaintiff in response to her discovery requests in this action, or in accord with the defendant's initial disclosures in the case, and is due to be stricken from the motion along with any argument based upon it.

2)    Exhibit 2 purports to be a transcript of testimony of the plaintiff given on March 23, 2006.  The exhibit does not provide sufficient information to identify the purpose for which the testimony was given; whether it is sworn testimony; or, who conducted the examination.   In any event the transcript is obviously incomplete, and was not produced to the plaintiff in response to her properly promulgated discovery requests to this defendant in this action, or in accord with the defendant's initial disclosures in the case. This exhibit is due to be stricken for the same reasons and on the same grounds as discussed above regarding Exhibit 1.

---

[2] Despite this notice and plaintiff's continuing efforts to obtain this discovery, the defendant stated in its Initial Disclosures on October 2, 2007 that it had provided and that plaintiff's counsel had reviewed these documents. (See Motion to Compel)  In addition, counsel's legal assistant reminded defendant counsel's legal assistant on October 9, and again later in October, that these materials had not been made available. In early November, counsel for the parties conferred by telephone regarding the outstanding discovery again.

ARGUMENT

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court is authorized to strike pleadings, stay the proceedings, dismiss an action, or enter a default judgment against a party who has failed to properly respond to discovery. F.R.Civ.P. 37(a-d). The Rule confers on district courts broad discretion to fashion appropriate sanctions for discovery abuses, including exclusion of evidence and award of costs. *USX Corporation v. Tieco, Inc.,* Civ. A. No. 95-C-3237-S (N.D. Ala. 11/9/1999) (N.D. Ala., 1999) (*pltf. dismissed for failure to produce documents requested in discovery*)

In addition to Rule 37(c)(1) allowing for the imposition of sanctions, the United States Supreme Court has recognized a court's inherent power to impose sanctions, including dismissal; in response to abusive litigation practice. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 632-33, 82 S.Ct. 1386 (1962); *see also Malautea,* 987 F.2d at 1545 (any court has the inherent power to impose reasonable sanctions upon litigants). Incident to this power, a judge may impose formal sanctions upon dilatory litigants. *Mingo v. Sugar Cane Growers Co-op. of Florida,* 864 F.2d 101, 102 (11th Cir.1989).

Discovery is not supposed to be a game of "blind man's bluff," *Dollar v. Long Mfg. N.C., Inc.,* 561 F.2d 613, 616 (5th Cir.1977), where a party may hide or withhold evidence which may support or undermine his claims or defenses. In this instance the defendant has deliberately withheld the documents now presented as evidence in support of their Motion for Summary Judgment. These documents, on

5

their face, clearly were available to the Defendants at the time of their discovery responses and initial disclosures; were due to be made available to the Plaintiff for inspection and copying; and, were withheld from the Plaintiff while Defendant utilized them to formulate their argument on this motion.   Defendant knew that it had this evidence; knew that it planned to use this evidence against the plaintiff; and, willfully withheld the evidence with the knowledge that the Plaintiff would be prejudiced by their actions.

Defendant's conduct in withholding these documents, now utilized as exhibits, are contrary to the Rules and Orders of this Court, and are due to be Stricken, along with Defendant's Motion for Summary Judgment, and excluded as evidence by the Defendant in this action.

WHEREFORE, these premises considered and for other good and just cause as the Court may in its discretion find, the Plaintiff respectfully moves the Court to enter an Order Striking the Defendant's exhibits and all argument associated with them in its Motion.  The Plaintiff further moves the Court for an Order prohibiting the Defendant from using these materials as evidence in this case; and for an award of attorney's fees and costs occasioned by this misconduct.

Respectfully submitted this 28th day of November 2007.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

6

<u>CERTIFICATE</u> <u>OF SERVICE</u>

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 28th of November, 2007.

                    _/s/**Jimmy Jacobs**_____
                    JIMMY JACOBS (JAC051)
                    Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106