IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. MCMILLAN, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 2:07-CV-01-WKW |
| | ) |
| ALABAMA DEPARTMENT OF YOUTH | ) |
| SERVICES and | ) |
| MICHAEL J. HARDY, | ) |
| | ) |
|     Defendants. | ) |

**MICHAEL J. HARDY'S RESPONSE AND REPLY BRIEF TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW MICHAEL J. HARDY**, Defendant, in opposition to Plaintiff's Motion For Partial Summary Judgment and respectfully moves the Court to deny said Motion For Summary Judgment. In support thereof, Defendant states as follows:

It appears from the Plaintiff's Motion For Partial Summary Judgment (Doc. 25), filed on November 26, 2007, that Plaintiff Tera A. McMillan seeks Summary Judgment against Defendant Michael Hardy based on two approaches. First, she seeks a general summary judgment based on a series of summary documents used in the State of Alabama's personnel administrative process to discipline Defendant Michael Hardy through administrative review and hearings culminating in a document for the Department of Youth Services, Director's termination of Defendant Hardy's employment. At best these documents contain allegations, hearsay statements and documentation of administrative actions. See Plaintiff's

1

**Exhibit 1 through 4, and 6 through 9, Attachments to Plaintiff's Motion for Partial Summary Judgment (Doc. 25). The remaining exhibit offered by Plaintiff in support of her Motion, is Exhibit 5, the 32 page Recommended Order to The State Personnel Board, issued on August 1, 2007, regarding Defendant Hardy's State Personnel Administrative Appeal of his employment termination. That document likewise constitutes but a summary of the events occurring in the hearing process and contains hearsay statements which cannot constitute evidence of anything before this Honorable Court. This document does contain one section that has relevance, and, in fact, Defendant Michael Hardy cites same in his countervailing Motion for Summary Judgment---that being the Administrative Law Judge's actual finding of fact and recommendation, which appears on pages 29 through 32.**

**Second, Plaintiff McMillan contends through her Motion that she is entitled to judgment against Defendant Michael Hardy as a matter of law on her alleged claim under Section 1983, under the doctrine of collateral estoppel, relying on the ruling of the State Administrative Law Judge. In fact, these are the same rulings at Exhibit 5, page 29-32, Document 25, that Defendant Hardy relies on in his countervailing motion seeking a ruling for him, likewise, based on collateral estoppel. See Defendant Michael Hardy's Motion For Summary Judgment, Document 24, Attachment 1, pages 2 through 4, filed on November 24, 2007.**

**Defendant Hardy respectfully contends and argues that Plaintiff McMillan fails on both prongs of her attack. In support of this, Defendant Hardy argues as follows:**

As to her Motion for a general Summary Judgment against Michael A. Hardy, the individual defendant, she fails. Hardy, who was the alleged perpetrator of "sexual harassment", is not sued as McMillan's "employer". Individual Defendant Hardy cannot, therefore, be liable to her for sexual harassment either under Title VII or under Title 42, United States Code, Section 1983, because only an "employer" can be sued.

In this case, Plaintiff McMillan has sued the Department of Youth Services of the State of Alabama (DYS) as the "employer". The law is clear that an employee complaining of sexual harassment may choose whether to sue her supervisor as "the employer" or the company (as in this case, the State Agency) she works for as "the employer", but she cannot sue both. Thus, Plaintiff McMillan is not entitled to summary judgment against her former supervisor, individual Defendant Hardy, for sexual harassment. Therefore, she fails on one prong of her request for relief.

Plaintiff McMillan next claims offensive use of collateral estoppel. Again, this is based on the same theory as relied on by individual Defendant Michael Hardy in his countervailing Motion For Summary Judgment, Document 24. Both Plaintiff McMillan and Defendant Hardy key in on the precise findings of the Administrative Law Judge, Document 25, Exhibit 5, page 29-32 and Document 24, Attachment 1, pages 1-4.

The Administrative Law Judge was unequivocal in her findings regarding the alleged "sexual harassment" of Defendant Hardy. The Judge "was convinced that Hardy had more than a work-related relationship with McMillian and violated the DYS sexual harassment policy." Further, she found that "the testimony of

[Veronica] Harris [a friend and co-worker of Plaintiff McMillian] also convinced [the ALJ] that Hardy made comments to McMillian which were inappropriate for the work place." However, and this is a clear finding by the ALJ, she stated "the undersigned was **NOT** (her emphasis) convinced that McMillian was the victim of sexual harassment." See Doc. 24, Attachment 1, page 2 of 4 [29 of ALJ 32 pages], lines 1-6.

The ALJ while finding that Defendant Hardy's "conduct as a supervisor was subject to disciplinary action [she, the ALJ] does not believe that Hardy's advances were unwelcome." Document 24, Attachment 1, page 2 of 4, lines 6-8. The ALJ further found that "McMillian's testimony was exaggerated and lacked complete credibility and candor. Clearly, McMillan possessed a host of other personal motivations for her testimony." Document 24, Attachment 1, page 2 of 4, lines 8-10. Most important, the ALJ found that "while McMillian and Hardy had some sort of relationship for some period of time, any relationship between the two involved McMillian's complicity." Document 24, Attachment 1, page 2 of 4, lines 10-12.

From there the ALJ went on to find that "Nevertheless, that does not excuse Hardy for engaging in what he should have known could have been misconstrued as an inappropriate verbal exchange with a subordinate. Therefore, [the ALJ] does find that Hardy's verbal conduct supports termination." Document 24, Attachment 1, page 2 of 4, lines 12-15.

From there, the ALJ goes into what she concluded was Dependant Hardy's "most egregious offense" which was the manner in which he handled the investigation of McMillian's complaint and his alleged "grievance" against

4

McMillian. These alleged Alabama State Personnel procedure violations have nothing to do with the Plaintiff's allegation of "sexual harassment."

From the foregoing review of the exact words of the ALJ, it is clear she found that there had been some sort of extra-curricular relationship between Hardy and McMillan, that it could not have existed without McMillan's concurrence, that McMillan's testimony was exaggerated and not entirely believable, that McMillan was NOT a victim of sexual harassment, but that as a supervisor Hardy should have known his verbal comments could be misconstrued, and because of those verbal comments, he was subject to administrative discipline.

In footnote 2, page 4 of Plaintiff's Motion For Summary Judgment, McMillan characterizes the ALJ's findings that McMillan was not a victim of sexual harassment as a "very odd statement . . ." This is not odd. The ALJ clearly found that while the submitted evidence suggested that Defendant Hardy had committed some inappropriate actions, including certain verbal comments, he had NOT committed actionable sexual harassment.

The Plaintiff's "collateral estoppel" argument actually cuts in Defendant Hardy's favor. Since Plaintiff McMillan now has argued that the elements of estoppel are present, the only operative question is exactly "What did the hearing officer [ALJ] find?" The ALJ's Order is clear---she found that Defendant Hardy committed some inappropriate actions, but they were NOT sexual harassment. Respectfully, Defendant Hardy submits this is "checkmate" as to the second issue raised in Plaintiff's Motion For Partial Summary Judgment.

Based upon the foregoing, Defendant Hardy respectfully requests a finding in his favor as to all aspects of Plaintiff's Motion For Partial Summary Judgment.

Respectfully submitted, this the 3rd day of January, 2008.

                                               s/ JAMES ELDON WILSON
                                               James Eldon Wilson (WIL079)
                                               Deputy Attorney General

OF COUNSEL:
James Eldon Wilson, Esquire
4265 Lomac Street
Montgomery, AL 36106
(334) 409-2003; FAX (334) 409-2009
email:jameseldonwilson@mindspring.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing Michael J. Hardy's Response And Reply Brief To Plaintiff's Motion For Partial Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs, Esq.
Attorney for the Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, AL 361o6

T. Dudley Perry, Jr.
Deputy Attorney General
Attorney for the Defendants
Alabama Department of Youth Services
P.O. Box 66
Mt. Meigs, AL 36057

                                               s/JAMES ELDON WILSON
                                               Of Counsel