IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERA A. McMILLAN | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No: 2:07-cv-00001-WKW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | (JURY DEMAND) |
| YOUTH SERVICES, et al., | ) | |
| Defendants | ) | |

## BRIEF IN OPPOSITION TO DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' MOTION FOR SUMMARY JUDGMENT

January 3, 2008

JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

# Table of Contents

Page

I. Response To Defendant's Statement Of Facts ………………………………….. 1

   A. Introduction ……………………………………………………………… 1

   B. Defendant's Statement of Undisputed Facts …………………………… 2

   C. Additional Undisputed Facts Relevant To This Motion …………………… 14

II. Summary Judgment Standard ………………………………………………… 18

III. Argument And Citations Of Authority ………………………………………… 20

   A. The defendant is judicially estopped from arguing that McMillan was not the victim of sexual harassment and retaliation by Hardy. …………………………… 20

   B. Hardy utilized his position as a supervisor at DYS to sexually harass and create a hostile environment for McMillan in violation of 42 U.S.C. 1983, the Equal Protection clause, and 42 U.S.C. 2000e. …………………………………… 22

      1. Hardy sexually harassed McMillan and created a hostile work environment.. 22

      2. Hardy retaliated against McMillan after she complained about harassment. .. 24

      3. McMillan suffered a tangible employment action as a consequence of her refusal to submit to Hardy's demands for sexual favors. ………………………… 25

      4. McMillan suffered tangible employment actions as a consequence of her complaint of sexual harassment and hostile environment against Hardy. ……. 26

   C. DYS, or its agents, has subjected McMillan to retaliation for making her complaints of sexual harassment and retaliation. …………………………… 27

   D. The *Faragher/Ellerth* affirmative defense is not available to the defendant. … 28

   E. The defendant misstates the facts and the law in its claim that McMillan's hostile work environment action is barred by the Statute of Limitations. ……………… 31

IV. CONCLUSION ……………………………………………………………….. 32

## TABLE OF AUTHORITIES

### Cases

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)............................................................... 19

*American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir.1983)............................................................................................................ 21

*Bohen v. City of East Chicago*, 799 F.2d 1180, 1187 (7th Cir.1986)................................ 23

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)........................................................ 28

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir., 2002).................................... 21

*Clark v. Coats & Clark*, 929 F.2d. 604, 608 (11th Cir. 1991) *(citing Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................... 19

*Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490 (11th Cir. 1995)............................................................................................ 23

*Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (citing *Henson v. City of Dundee*, 682 F. 2d 987 (11th Cir. 1982)) ................................................................................................. 23

*Davis v. Passman*, 442 U.S. 228, 235 (1979) ...................................................................... 23

*Faragher v. City of Boca Raton*, 524 U.S. 575 (1998) ............................................... 28, 30

*Frederick v. Sprint*, 246 F.3d 1305, 1314 (11th Cir. 2001) ............................................. 30

*Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 921 (11th Cir. 1993) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).................... 19, 20

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367 (1993) ............................... 24

*Hinson v. Clinch County*, 231 F.3d.821 (11th Cir. 2000)................................................... 20

*Id.* ..................................................................................................................................... 20, 32

*Id.*, p. 121 ............................................................................................................................... 23

*Johnson v. Booker T. Washington Broadcasting Serv., Inc.*, 234 F.3d 501, 508 (11th Cir.2000)............................................................................................................... 29

*Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013 ( 11th Cir. 1994)........................................ 27

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061 (2002) ... 32

*New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815 (2001).................... 21

*Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir.1998)................................. 27

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110 (2000)20

*Robinson v. Shell Oil Co.*, 519 U.S. 337, 346, 117 S.Ct. 843, 848, 136 L.Ed.2d 808 (1997).......................................................................................................................... 25

*Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir.2001)...... 21

*Shields v. Fort James Corp.*, 305 F.3d 1280, 1281-82 (11th Cir.2002) .......................... 32

*Suders v. Pennsylvania State Police*, 124 S. Ct. 2342, 2354 (2004) ............................... 30

*Warren v. Crawford*, 927 F.2d 559, 56 1-2 (11th Cir. 1991)........................................... 19

*Whiting v. Jackson State University*, 616 F.2d 116, 122 (5th Cir.1980) ......................... 23

**Statutes**

42 U.S.C. Sec. 2000e (b) (1981)...................................................................................... 26

42 U.S.C. Sec. 2000e-2(a) (1) (1981) .............................................................................. 26

**Rules**

*Fed.R. Civ.P.* 50 ............................................................................................................ 20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERA A. McMILLAN                )
    Plaintiff                )
                                )
    v.                          )      Civil Action No: 2:07-cv-00001-WKW
                                )
ALABAMA DEPARTMENT OF           )          (JURY DEMAND)
YOUTH SERVICES, et al.,         )
    Defendants               )

## BRIEF IN OPPOSITION TO DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' MOTION FOR SUMMARY JUDGMENT

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and submits her response in opposition to defendant Alabama Department of Youth Services' (DYS) motion for summary judgment on her claims in this action. The argument of DYS that it is entitled to a complete defense under Faragher-Ellerth is misplaced, and DYS is barred by the doctrine of *judicial estoppel* from taking the position expressed in its brief that defendant Hardy did not sexually harass; create a hostile work environment; or, retaliate against Ms. McMillan. Additionally, the defendant's argument that McMillan's claims are barred by the statute of limitation is erroneous. There are material and substantial disputed matters of fact in this case, and the Motion is due to be denied.

## I. RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

A. <u>Introduction</u>. There are material and substantial disputed matters of fact in this case, and the Motion is due to be denied. Rule 54(b) imposes a duty on the movant for summary judgment to point the Court and the opposing party to undisputed facts in the pleadings or other evidentiary materials in the record that there are no material issues of fact to be presented to the jury. As shown in the fact section below, these standards

1

were ignored in the instant motion. Defendant asks the Court to weigh evidence and make credibility determinations. Plainly disputed facts are presented as undisputed. In some instances, statements for which Defendant has no evidence at all are presented as undisputed facts and inferences are drawn in favor of the moving party.

B. The Defendant's Statement Of Undisputed Facts.[1]

1.    Tera McMillan was first employed at DYS as a Youth Services Aid on October 21, 2002.

RESPONSE: The plaintiff does not dispute this statement.

2.    Ms. McMillan works at the Mt. Meigs campus, which is the most secure facility in the DYS system and is staffed with older, more ungovernable male juvenile delinquents.

RESPONSE: Admitted by the plaintiff as to the fact that she works at Mt. Meigs, The remaining statements are not supported by any evidence in the record; are not relevant or material; and are due to be stricken in accordance with Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

3.    She currently works in the Intensive Treatment Unit dormitory on Mt. Meigs campus.

RESPONSE: The plaintiff does not dispute this statement.

4.    DYS maintains an anti-discrimination policy that prohibits sexual harassment.

---

[1] The defendant does not separately state those facts it holds are undisputed and, in fact, includes conclusory allegations with no evidentiary foundation in its statement of "facts". The plaintiff *disaggregates the defendant's narrative here, and responds to each allegation separately.* The plaintiff additionally provides the Court with her statement of additional undisputed facts not presented by the defendant on its motion.

RESPONSE: Admitted that DYS has such a written policy, but the plaintiff disputes that the defendant has produced or established any evidence that the written policy is implemented with adequate training or is effective.

5.    Ms. McMillan does not dispute that she was at all times relevant to this case aware of the policy and the reporting procedures.

RESPONSE: The plaintiff disputes that any admissible evidence has been presented that she was aware of the policy and reporting procedures "at all times relevant to this case".

6.    The Policy and Procedure book is available to each employee in the workplace and the Plaintiff concedes that she took turns with her co-workers going through it.

RESPONSE: Admitted that a Policy and Procedure book is available in each work unit and that employees may consult it.

7.    In addition, all new DYS employees are given 40 hours in service training before they are assigned to the dorms.

RESPONSE: The plaintiff disputes that there is any evidence in this case to support this statement by the defendant, and it is due to be stricken in accordance with Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

8.    Included within that training is the DYS anti-harassment policy and procedures.

RESPONSE: The plaintiff disputes that there is any evidence in this case to support this statement by the defendant, and it is due to be stricken in accordance with

Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

9.    Ms. McMillan does not specifically recall that her in service training covered anti-harassment but she does not deny that it did.

RESPONSE: The plaintiff disputes that there is any evidence in this case to support this statement by the defendant and it is due to be stricken in accordance with Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)    The plaintiff disputes that any training that may have been provided was effective if she can not recall it having been provided during the years she has been employed by the defendant.

10.    She does, however, specifically recall receiving training regarding the DYS anti-harassment policy after her first six months of employment.

RESPONSE: The plaintiff disputes that there is any admissible evidence in this case to support this statement by the defendant and it is due to be stricken in accordance with Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

11.    It is not in dispute that at all times relevant the alleged harassment, Ms. McMillan was aware of the policy and aware of the reporting procedures as a result of the Defendant's dissemination of and training regarding the policy.

RESPONSE: The plaintiff disputes that there is any admissible evidence in this case to support this statement by the defendant and it is due to be stricken in accordance with Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)    The plaintiff disputes that the

assertion by DYS in footnote 1 that her participation in a prior race discrimination suit involving a former employer has any relevance to her knowledge of this defendant's policies and reporting procedures.

12.    Ms. McMillan claims that she was subjected to a sexually hostile work environment by her supervisor, Michael Hardy, for two years, beginning in May 2003 through July 2005.

RESPONSE: The plaintiff does not dispute this statement.

13.    Ms. McMillan does not allege that she was discharged, and has no evidence of a demotion or reassignment to an undesirable reassignment.

RESPONSE: Admitted that the plaintiff does not allege she has been discharged or demoted. She disputes that her reassignment is not undesirable, due the continued harassment and retaliation she faces.

14.    Mr. Hardy constantly gave Ms. McMillan average or above average evaluations and she has received all the privileges of employment to which she is entitled.

RESPONSE: The plaintiff admits that her evaluations were average or above average, but disputes that defendant Hardy was responsible for all of these evaluations. The plaintiff specifically disputes that she has received all of the privileges of employment to which she is entitled; e.g., a workplace free of gender-based discrimination or retaliatory conduct.

15.    The Plaintiff has no evidence that she suffered any significant change in her employment status.

RESPONSE: The plaintiff disputes this unsupported conclusory statement by the

defendant, and states further that it is due to be stricken in accordance with Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

16.     Ms. McMillan claims that she eventually decided to get away from Mr. Hardy by seeking reassignment to a different dorm.

RESPONSE:  Admitted by the plaintiff that she had sought a move to another dorm from Hardy and that he refused her permission to do so.  The plaintiff further admits that she told Hardy she needed a transfer so that she could work a second job, even though she did not have a second job at the time; and, that she went over Hardy's head seeking approval after Hardy threatened her and told her that it would take her at least two years to get a transfer away from his supervision. (PX 1: Declaration of McMillan, ¶ 11)

17·     She claims that on or about June 25, 2005, she went to see Hardy's supervisor, Ms. Phyllis Rankins, about the transfer.

RESPONSE:  The plaintiff disputes this statement and states that the undisputed evidence in this case is that she spoke with Ms. Rankins and Ms. Spann on June 15, 2005. (PX 2: Spann Meeting Notes/ ITU Time & Attendance Report; 6/15/05)

18.     Ms. McMillan concedes that she did not intend to report any alleged harassment pursuant to the anti-harassment policy, but simply saw Ms. Rankins because she sought a reassignment to a different dorm.

RESPONSE:  The plaintiff admits that she did not intend to report Hardy's sexual harassment due to his intimidation of her and due to DYS acquiescence in the sexually charged environment at the Mt. Meigs campus.  (PX 1: Declaration ¶ 12  )

6

19.    However, Ms. McMillan claims Ms. Rankins pressed her for the reason for requesting a dorm reassignment and Ms. McMillan told Ms. Rankins that she was being sexually harassed by Mr. Hardy.

RESPONSE:    The plaintiff disputes this statement on the grounds that no evidence is presented by the defendant to support it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26) The plaintiff states that she finally told Ms. Rankins of the harassment she was enduring when Rankins would not grant her request to move to another dorm.    The plaintiff's emotional distress overcame her fear of Hardy and her suspicion of DYS's willingness to address the issue. (PX 1: Declaration ¶ 12)

20.    Ms. Rankins, as required by DYS policy and procedure, instantly required Ms. McMillan to speak with DYS Personnel Director, Debra Spann.

RESPONSE:    The plaintiff admits that Ms. Rankins sent her to talk to Ms. Spann about the hostile work environment and sexual harassment she endured under Mr. Hardy, but disputes that the defendant has offered any evidence to support its allegations about DYS policy and procedure.

21.    Ms. McMillan only then went to Personnel, as required by the DYS anti-harassment policy and procedure, and made a report of the alleged sexual harassment.

RESPONSE:    The plaintiff admits that this was her first report regarding the hostile work environment and sexual harassment she endured under Mr. Hardy, and states that she had been fearful of the consequences of reporting due to the unwillingness of DYS to enforce its policy on sexual harassment. (PX 1: Declaration ¶ 6)

22.    Upon hearing the allegations of sexual harassment, Ms. Spann took Ms.

McMillan's statement and initiated an investigation pursuant to DYS policy.

RESPONSE: The plaintiff does not dispute that Ms. Spann conducted an investigation into Hardy's harassment of her.

23.    In addition, while Ms. McMillan was in Ms. Spann's office making her first report of sexual harassment, Ms. Rankins called Ms. McMillan on the phone and accommodated Ms. McMillan's request for reassignment to a different dorm on the campus.

RESPONSE: The plaintiff admits that Ms. Rankins called and instructed her to report to work at another dorm later that day.

24.    Over the telephone, Ms. Rankins instructed Ms. McMillan to temporarily report to Trustee Hall. Ms. McMillan was soon thereafter permanently reassigned to the ITU dorm pursuant to her request.[4] (Exhibit 1: Hardy transcript P. 144).

RESPONSE: The plaintiff admits that she was told to report to the Intensive Treatment Unit dorm and was assigned to the Trustee dorm for one day. The plaintiff disputes the statement that she specifically requested to be reassigned to the ITU dorm. (PX 1: Declaration ¶ 12)

25.    Ms. McMillan never again came under the supervision of Mr. Hardy, (Exhibit 1: Hardy transcript P. 99), and seldom came in contact with him thereafter.

RESPONSE: The plaintiff does not dispute this statement.

26.    It is noteworthy that, assuming Ms. McMillan had not schemed to sue DYS before she made the report of alleged sexual harassment, within two weeks of reporting the alleged harassment Ms. McMillan clearly had a change of heart, because by July 12, 2005, approximately two weeks later, Ms. McMillan had hired a lawyer in

Birmingham and filed an EEOC Charge of Discrimination against DYS. (PX3: EEOC Charge of Discrimination).

RESPONSE: The plaintiff admits that she filed a charge of discrimination, as required by Title VII, with the EEOC on July 12, 2005. She disputes the additional allegations of this statement on the grounds that the defendant has not produced any evidence which would support such conclusory allegations, and they are due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

27.     Between January 2005, and June 25, 2005—the date Ms. Rankins granted her request for reassignment to ITU—Ms. McMillan concedes that she rarely saw Mr. Hardy.

RESPONSE: The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence which provides a foundation for it.. The plaintiff states further that she was assigned to the ITU dorm on June 15, 2005. (PX 1: Declaration ¶ 12)

28.     In fact she claims to have only had one allegedly sexually harassing encounter with him during that time period.

RESPONSE: The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)   The plaintiff states further that Hardy's conduct was constant throughout this time period. (PX 1: Declaration ¶ 10)

29.     She claims that in April 2005, Mr. Hardy asked her to go to a hotel with

her.

RESPONSE: The plaintiff admits that Hardy asked her to go to a hotel with him for sex in April of 2005, and that he was very angry with her when she refused his request. (PX 1: Declaration ¶ 10)

30.    The next day she claims that Mr. Hardy told her she was "losing her foundation", which Ms. McMillan somehow perceived as sexually harassing.

RESPONSE: The plaintiff admits Hardy angrily told her on the day following her refusal to go to a hotel with him for sex that she was losing her "foundation" at DYS and that she clearly understood this to be another threat by Hardy due to her refusal to submit to his unwelcome sexual advances. (PX 1: Declaration ¶ 10)

31.    The statute of limitations (180 days before the EEOC COD was filed) was January 13, 2005.

RESPONSE: The plaintiff admits that January 13, 2005 is 180 days before July 12, 2005, but disputes that this limits her sexual harassment or hostile environment claim against these defendants.

32.    Soon after Ms. McMillan's report to Ms. Spann and soon after the investigation began, several events transpired that resulted in DYS Executive Director Walter Wood taking action to prohibit any appearance of retaliation by DYS.

RESPONSE:  The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

33.    The first event was a memo, or series of memos, by Mr. Hardy's staff

expressing their support for Mr. Hardy and their opposition to anyone who accused Mr. Hardy of inappropriate conduct.

RESPONSE:  The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

34.    The second event was a planned meeting with Ms. McMillan about her transfer to a different dorm.

RESPONSE:  The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

35.    The third was a so-called "grievance" Mr. Hardy filed against Ms. McMillan. Hardy filed the so-called grievance memo with Ms. Spann, which was not the proper grievance procedure.

RESPONSE:  The plaintiff disputes this statement on the grounds that the defendant has not produced or referenced any evidence in the record to provide a foundation for it, and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

36.    In response to these events, the Defendant—through Executive Director Walter Wood, Jr.—prevented any meetings from taking place with Ms. McMillan, stopped the so-called grievance cold, and arranged immediately for State Personnel to come to DYS and conduct a special supplemental training seminar on anti-retaliation. An

Assistant Attorney General conducted the training for all DYS employees.

RESPONSE:   The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

37.   After the investigation, Ms. Spann concluded that some of Ms. McMillan's allegations were founded.

RESPONSE:  The plaintiff admits that Ms. Spann concluded that Hardy had created a hostile work environment on account of her sex, and that he had engaged in retaliation against her after she made her complaint about his misconduct. (PX 4: Spann Memo to Wood, 7/19/05)

38.   A follow up investigation was conducted based on Mr. Hardy's alleged defenses, and a fact finding hearing was held at which Mr. Hardy had an opportunity to present his side of the story.

RESPONSE:   The plaintiff admits that hearing was held by the DYS assistant administrator which found that Hardy was guilty of sexual harassment and retaliation against the plaintiff. (PX 5: Calendar Memo to Wood, 12/8/05)

39.   A recommendation was then made to Executive Director Wood that Mr. Hardy's employment be terminated.

RESPONSE:   The plaintiff admits that Mr. Wood received findings of fact that Hardy had violated several policies including sexual harassment of the plaintiff and misconduct related to his retaliation against her; and, that Mr. Wood terminated Hardy's employment as of January 6, 2006. (PX 6: Wood letter to Hardy, 1/6/06)

40.   A part of the basis for termination was Mr. Hardy's conduct during the

investigation that DYS perceived as attempted retaliation.

RESPONSE: See the plaintiff's response to number 38 above.

41.    DYS successfully prevented Mr. Hardy from retaliating against Ms. McMillan, yet Ms. McMillan now sues DYS for alleged retaliation.

RESPONSE: The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

42.    Since Mr. Hardy's discharge, Ms. McMillan has complained about retaliation on several occasions and on each occasion she has been interviewed and her allegations were investigated.

RESPONSE: The plaintiff admits that she has complained of retaliation but disputes the remaining allegations on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

43.    She has suffered no adverse employment actions and there has been no retaliation—and certainly none by DYS.

RESPONSE: The plaintiff disputes this unsupported conclusory allegation by the defendant and states that has been subjected to adverse employment acts and a hostile work environment on account of her sex and to retaliation on account of her complaints about her sexual harassment. Specifically, she has also been denied off-days for which she has not been compensated; had been isolated and refused training by her supervisor and co-workers; had a discriminatory disciplinary warning placed in her file without

13

notice and included on her evaluation; suffered a lowered evaluation; and, has been placed under surveillance by her co-workers at the instruction of her supervisor. (PX 1: Declaration ¶¶ 12, 13, 15)

44.    Ms. McMillan does not actually complain about retaliatory action by DYS but rather complains that her co-employees retaliated against her on behalf of Mr. Hardy—even though DYS previously terminated Mr. Hardy's employment.

RESPONSE:    The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26) Her complaint in this action specifically includes a count of retaliation against DYS. (Doc. 1: ¶¶ 12, 19)

45.    DYS has taken every conceivable action to protect Ms. McMillan and prevent any retaliation.

RESPONSE:    The plaintiff disputes this statement on the grounds that the defendant has not produced any evidence to provide a foundation for it and it is due to be stricken in accordance with paragraph 8 of this Court's Order dated November 26, 2007. (Doc. 26)

C. Additional Undisputed Facts Relevant To This Motion.

46.    McMillan was subjected to inappropriate sexual remarks by Hardy and to requests from him for a sexual relationship while assigned under his supervision at DYS. The work environment at the Mt. Meigs campus was permeated with sexual commentary, innuendo and misconduct. (PX 1: Declaration ¶¶ 2, 3, 4, 5, 6)

47.    When McMillan resisted Hardy's advances, he attempted to overcome her

14

resistance by bragging about his sexual prowess and by informing her of his power on the campus and his skill in overcoming other complaints of sex discrimination.   (PX 1: Declaration ¶ 6)  McMillan initially thought that Hardy would leave her alone once she made it clear that she did not want to have a relationship with him, but, despite her continued refusal to have a relationship with him, Hardy engaged in inappropriate conduct on every occasion that he could be alone with her during the entire time that she was under his supervision at Paige Hall.  (PX 1: Declaration ¶¶ 2, 3, 4, 5, 7, 10)

48.    McMillan was persistently propositioned for sex and sexual favors by her immediate supervisor, Michael J. Hardy.   Hardy has requested that she perform *fellatio* on him, and offered her money and other material things if she would perform oral sex on him. Hardy frequently bragged to McMillan about his sexual prowess with other female workers at the defendant's Mount Meigs campus. For example, Hardy has stated to McMillan he can not "f--k all night like he used to" and that he could "only f--k real hard for 5 or 6 minutes" at this stage of his life.   On another occasion, Hardy grabbed both her breasts while she was on duty at DYS. All of this behavior was uninvited, unwelcome, emotionally and physically intimidating, and McMillan asked Hardy to stop harassing her but he would not. Hardy also stated to McMillan that he loved big "titties" and made frequent requests to suck McMillan's breasts.   Hardy also spoke regularly of his abilities with regard to oral sex and asked to perform oral sex on McMillan.   McMillan always refused Hardy's overtures and requested that he leave her alone. (PX 1: Declaration ¶ 2, 3, 4, 5, 7, 10)

49.  In the winter and spring of 2005, Hardy began asking McMillan to go to hotels with him for sex and offered to buy her a car, tires and other goods in exchange for

15

her compliance. She did not give in to these requests and in the middle of April, Hardy informed her that another employee was "disrespecting" her and that he would defend her if she would go to a hotel with him to discuss it over drinks. McMillan told Hardy that there was no way that she was going to a hotel with him and he became very angry with her. He confronted her at work the next day and told her that she had "lost her foundation" at DYS. McMillan understood this threat to be another effort by Hardy to intimidate her into compliance with his demands. Hardy refused McMillan's efforts to move to another work assignment in order to get away from his supervision and continued to treat her in hostile manner until McMillan reported him on June 15, 2005. (PX 1: Declaration ¶ 10)

50.    After McMillan reported Hardy she was transferred to another dorm at the Mount Meigs facility, she was required to work eight or more days consecutively with no time off due to this move. (PX 1: Declaration ¶ 12) She was even required to work two shifts on the day that she was initially reassigned by Rankins. (PX 7: Daily Time & Attendance Reports, 6/11-19/05)

51.    Since arriving at the new dorm, she has been ostracized by personnel who refused to help her learn the new procedures. (PX 3: EEOC charge, 7/12/05) She has also been singled out by her supervisor for heightened scrutiny and surveillance by co-employees. Between November 2005 and September 2007, the unit manger or staff wrote *27* memos concerning McMillan. Most document a conversation or incident that involved McMillan. (PX 8: Memos/Reports at ITU re: McMillan) In January and February 2006 alone, immediately following McMillan's filing of the retaliation charge, nine memos were written on her. (PX 9: Memos). In November 2006, McMillan's unit

manager wrote her up for not attending a training session which she was never notified about. (PX 1: Declaration ¶ 15)

52.    Between April 2006 and February 2007, McMillan's supervisor wrote six memos about her being tardy to work. (PX 10: 3 Memos re: Tardy)  On February 12, 2007, he placed a disciplinary warning in her file for being late three times. (PX 11: Disciplinary Warning)  Numerous other employees were late for work or left work early more than three times in the March-April 2006 time period alone, but only McMillan was written up. (PX 12: Table of ITU Employee Sign In/Out Times, March-April 2006 with supporting Time & Attendance Reports)  (PX 1: Declaration ¶ 15, 16)

53.    Prior to filing her EEOC charges in July and December of 2005, the ratings on McMillan's two preceding appraisals (2003 and 2004 ) and subsequent appraisal (2006) were in the "Exceeds Standards' category. The rating she received on the performance appraisal covering 2005 was in the 'Meets Standards' range and contained three unsatisfactory marks (attendance, punctuality and cooperation with coworkers).  PX 13: Evaluations, 2003-2006)

54.    McMillan believed that reporting Hardy's harassment would result in her losing her job or in some other form of retaliation.   She formed this belief from Hardy's comments on his power and influence with the "clique" on the campus; his story of how he had stifled a prior complaint of sex discrimination; and, from the numerous unaddressed instances of improper sexual relationships between staff members, and between staff members and students on the Mt. Meigs campus of DYS.  (PX 1: Declaration ¶ 6)

55.    DYS negligently permitted Hardy to supervise female subordinates

including McMillan, even assigning responsibilities to him for conducting sexual harassment training, with the knowledge that he had previously been accused of sexual harassment. (PX 14: Hardy Memo; PX 4: Spann Memo to Wood, 7/19/05)

56.    Personnel manager Debra Spann acknowledged to Director Wood that the department's implementation of its sexual harassment policy was ineffective, and that she was securing outside assistance to train DYS staff on the policy. (PX 4: Spann memo to Wood, 7/19/05)    Director Wood also sought assistance from the Alabama Attorney General's Office for additional training for DYS staff on retaliation prevention training following the discriminatory actions against McMillan. (PX 15: ALJ Hearing Transcript: p. 400:1-23)

57.    DYS lodged charges against Hardy for his sexual harassment and retaliation against McMillan. He was found guilty of these acts, and his employment was terminated effective at the close of business January 6, 2006. (PX 4: Spann memo to Wood; PX 5: Calendar report to Wood; PX 6: termination letter to Hardy)

58.    Hardy exercised his right to appeal DYS's decision to the Alabama State Personnel Board which appointed an administrative law judge to take testimony and receive evidence on the issues in his termination. (PX 16: ALJ Report, p. 6, ¶ 3) DYS Director Wood testified specifically:

> I concurred with that
>
> 7    decision and primarily for the two reasons
>
> 8    that you just enumerated. One was that we
>
> 9    had, in the view of our personnel director, a
>
> 10    substantiated sexual abuse issue. But even

11    more important was this emerging problem with

12    what I believe was an attempt to intimidate

13    this lady and in some way retaliate for this

14    complaint being filed. That emerged as, even

15    to me, an almost even more serious issue than

16    the initial complaint. So based on those two

17    issues, I concurred that the employment

18    should be terminated, and this is the letter

19    that does that. (PX 15: Hearing Transcript, p. 407)

The charges against Hardy by DYS were upheld by the judge following two days of

testimony and post-trial briefing by the parties. (PX 16: ALJ Report, pp. 29-31)

## II. Summary Judgment Standard

In order to prevail on a motion for summary judgment under Rule 56(b) of the

*Federal Rules of Civil Procedure*, the moving party bears the burden of showing by

reference to materials on file that there is no genuine issue as to material facts and that

the movant is entitled to judgment as a matter of law. *Adickes v. S. H. Kress & Co.*, 398

U.S. 144 (1970). When that burden is met, the nonmoving party must respond with a

showing that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coats & Clark*, 929 F.2d. 604, 608 (11t1I Cir. 1991) *{citing Celotex Corp. v.*

*Catrett*, 477 U.S. 317 (1986)). As the plaintiff has shown above, the defendant has

proffered numerous "facts" for which it fails to provide any reference to materials on file.

Courts are to review all admissible evidence and all reasonable factual inferences

drawn from them in the light most favorable to the party opposing the motion. *Warren v.*

*Crawford*, 927 F.2d 559, 56 1-2 (11th Cir. 1991). Issues of fact and the sufficiency of

evidence are properly reserved for the jury. The only issue to be considered by the judge

at summary judgment is whether the plaintiff's evidence has placed material facts at

issue. Accordingly,

> [T]he grant of summary judgment, though appropriate when evidence of discriminatory intent is totally lacking, is generally unsuitable in Title VII cases in which the Plaintiff has established a prima facie case because of the "elusive factual question" of intentional discrimination. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 921 (11th Cir. 1993) (emphasis added) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

In reaching this conclusion, the *Hairston* court relied upon a major

pronouncement from the U.S. Supreme Court on the importance of a plaintiff's right to

cross examine the non-discriminatory reason the defendant articulates to rebut the

plaintiff's prima facie case. *Hairston*, 9 F.3d 913, 919 (citing *St. Mary's Honor Center v.*

*Hicks*, 113 S. Ct. 2742 (1993)). The "full and fair" opportunity for cross examination is

not present via summary judgment. The court must "avoid weighing conflicting evidence

or making credibility determinations." *Id.*

The Supreme Court has reiterated and strengthened these standards by holding

that court "must draw all reasonable inferences in favor of the nonmoving party, and it

may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson*

*Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110 (2000) (discussing standard

for granting judgment as a matter of law under *Fed.R. Civ.P.* 50, which is the "same" as

the standard for granting summary judgment under Rule 56). "[T]he court should give

credence to the 'evidence favoring the nonmovant as well as that evidence supporting the

moving party that is uncontradicted and unimpeached, at least to the extent that that

evidence comes from disinterested witnesses.' "*Id.* (citations omitted). In other words,

courts must consider the entire record, but "disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 2102. The Eleventh Circuit completely endorses and adopts the *Reeves* standards. *Hinson v. Clinch County,* 231 F.3d.821 (11th Cir. 2000).

### III. Argument And Citations Of Authority

A. The defendant is judicially estopped from arguing that McMillan was not the victim of sexual harassment and retaliation by Hardy.

Under the doctrine of judicial *estoppel,* a party is precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." The purpose of the doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 1815 (2001). This circuit has applied the doctrine to "...the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp.,* 710 F.2d 1528, 1536 (11th Cir.1983) (internal citation omitted); *see also, Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir., 2002); *Salomon Smith Barney, Inc. v. Harvey, M.D.,* 260 F.3d 1302, 1308 (11th Cir.2001).

The defendant argues in brief to this Court that McMillan can not establish a prima facie case of sexual harassment and hostile work environment, or retaliation, by defendant Hardy under Title VII. (Brief at pp. 8:¶ 3 – 15:¶ 1)  McMillan has provided ample evidence above that DYS, by and through its executive director Walter Wood and other sworn witnesses including herself, took exactly the opposite position on Hardy's sexual harassment and retaliation in the earlier judicial review of its decision to terminate

21

Hardy on those very grounds: Wood wrote to Hardy on November 4, 2005 that he was

being investigated for violating DYS's sex harassment policy. (PX 17: Wood letter to

Hardy, 11/4/05; ¶ 2)  Wood notified Hardy that he had been found guilty at a November

15, 2005 administrative hearing of sexual harassment and violating DYS policy by acting

to retaliate against McMillan, and that his employment was being terminated on those

grounds effective January 6, 2005.  (PX 6: Wood letter, 1/6/06)  When Hardy appealed

these findings and Woods' decision to the state personnel board, DYS entered a pleading

entitled "Statement of the Facts" which set forth its grounds for terminating Hardy as:

> "The employee was dismissed effective the close of business,
> January 6, 2006, as a result of his disruptive conduct; use of abusive or
> threatening language; serious violation of any other department rule and
> **violation of Department Policy 3.13.2 – prohibition of sexual
> harassment.** Specifically, he was **alleged to have made sexual advances
> and/or to have created a hostile working environment for a
> subordinate employee, who filed a harassment complaint against him
> and the Department concluded that the allegation was founded.  In
> response to the harassment complaint the Employee alleged to have
> attempted, among other things, to cause an investigation against the
> subordinate for her having filed a complaint against him.**
> (PX 18:  Statement of Facts) (*emphasis added*)

DYS presented witnesses, including Woods and McMillan, who testified under

oath that Hardy had sexually harassed McMillan while employed as her supervisor and

that he had taken retaliatory action against her after she complained about his conduct.

(PX 15: Hearing Transcript, pp. 406:17 – 408:11)  As a result of this testimony, the state

personnel board upheld DYS's termination of employment on the grounds that he was

guilty of sexual harassment and that he had violated the department's anti-retaliation

policy.  (PX 16: ALJ Report, p. 29-31)  Both DYS and the review judge were correct in

their conclusions, as shown in Section B below.  For DYS to use McMillan's testimony

to prove its case below, but to deny that she was the victim of sex harassment and

22

retaliation before this Court, is inherently unjust.

Courts typically invoke judicial *estoppel* when a party: (1) takes a present position that is "clearly inconsistent" with its earlier sworn position; (2) successfully persuaded the prior tribunal to accept their earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled; and (3) advancing the inconsistent position would derive an unfair advantage on the opposing party. *New Hampshire*, 532 U.S. at 750-51. Each of those criteria is present here, and DYS is judicially barred from arguing that Hardy did not sexually harass McMillan or that he did not take retaliatory action against her.

B. Hardy utilized his position as a supervisor at DYS to sexually harass and create a hostile environment for McMillan, and retaliated against her in violation of 42 U.S.C. 1983, the Equal Protection clause, and 42 U.S.C. 2000e.

1. Hardy sexually harassed McMillan and created a hostile work environment.

The elements of a sexual harassment and hostile environment claim were set forth in *Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995),(citing *Henson v. City of Dundee*, 682 F. 2d 987 (11th Cir. 1982)). In order to establish that Section 1983 is violated, McMillan merely needs to show that Hardy was utilizing his position as her supervisor to act under the color of state law when he engaged in his discriminatory, harassing, and retaliatory conduct. McMillan has a constitutional right to be free from unlawful sex discrimination and sexual harassment in public employment. *Davis v. Passman*, 442 U.S. 228, 235 (1979). In order to establish a violation of the Equal Protection Clause, she only has to prove discriminatory motive or

purpose. *Whiting v. Jackson State University*, 616 F.2d 116, 122 (5th Cir.1980[2]) (*cited in Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490 (11th Cir. 1995)). This intent is inferred from the evidence in the same manner as under Section 703 of Title VII. *Id.*, p. 121, but the employee does not have to show that an adverse employment action occurred to prove her equal protection claim. *Bohen v. City of East Chicago*, 799 F.2d 1180, 1187 (7th Cir.1986).

In order to establish sexual harassment and or a hostile work environment under Title VII (See *Cross*, p. 1504)) McMillan must show:

(a) she belongs to a protected group -- in this case, it is undisputed that McMillan is a woman;

(b) she was subject to unwelcome sexual harassment.-- The defendant cites 16 specific instances of harassing conduct (Dft. Brief at pp. 8-9). McMillan presents evidence of these instances conceded by DYS, plus others, and testifies that Hardy's harassment of her was constant, unwelcome, uninvited, unrelenting, emotionally and physically intimidating. (PX 1: Declaration ¶ 2, 3, 4, 5, 6, 7, 8, 10, 11) ;

(c) the harassment she complains of was based upon gender – Hardy's conduct (e.g., references to McMillan's "titties" and grabbing her breasts; asking to receive and give oral sex, asking her to go to a hotel with him; offering to perform chores in exchange for a key to her home) are clearly based upon her gender; and,

(d) the harassment complained of affected the conditions of the complainant's employment. It is undisputed that McMillan began to seek counseling due to Hardy's

---

[2] Decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*).

harassment, and that she continues in counseling to this day. (PX 1: Declaration ¶ 11, 14)

The U, S, Supreme Court held in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct.

367 (1993), that a discriminatorily abusive work environment, even one that does not

seriously affect employees' psychological well being, offends Title VII by the very fact

that the discriminatory conduct is so severe or pervasive that it creates a work

environment abusive to employees because of their gender.[3]  Such an environment can

and often will result in tangible adverse effects such as to detract from employees' job

performance, discourage employees from remaining on the job, or keep them from

advancing in their careers.  McMillan has produced substantial evidence from which the

jury will infer from the totality of the circumstance that she was subjected to offensive,

unwelcome conduct by Hardy that was both so severe and so pervasive that no woman

should be required to endure it in her workplace.  (PX 1: Declaration ¶¶ 2-14)

    2. <u>Hardy retaliated against McMillan after she complained about his harassment.</u>

    There is no dispute that Hardy engaged in retaliatory conduct against McMillan

after she made her complaint against him.  DYS director Walter Wood concluded as

much and cited that conduct as "even more important" than Hardy's actual sexual

harassment of McMillan in his decision to terminate Hardy's employment.  (PX 22:

Wood testimony re Hardy)  The administrative law judge upheld Hardy's termination

because, for other reasons, DYS proved that he undertook actions to cause McMillan to

be investigated; sought to force her into a meeting with him; and, solicited other

---

[3] In assessing whether harassment is objectively severe and pervasive, courts employ a totality of the circumstances approach, instead of requiring proof of each factor individually. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir.2002).

employees to speak against her after she made her complaint against him. (PX 19: Exhibits to Hardy termination hearing) The purposes of the anti-retaliation provisions of Title VII are to prevent such effort to chill the motivation of employees to complain about discrimination in their employment. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 346, 117 S.Ct. 843, 848, 136 L.Ed.2d 808 (1997) (*purpose of an anti-retaliation provision is to maintain unfettered access to statutory remedial mechanisms*). There is substantial evidence from which the jury will find that Hardy retaliated against McMillan due to her complaint against him.

      3. McMillan suffered a tangible employment action as a consequence of her refusal to submit to Hardy's demands for sexual favors.

      Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. Sec. 2000e-2(a) (1) (1981). The Act defines the term "employer"[4] as a "person engaged in an industry affecting commerce ... and any agent of such a person." 42 U.S.C. Sec. 2000e (b) (1981). Refusal to permit an employee, especially a victim of sexual harassment, to request a transfer is a tangible adverse employment action.

      Without Hardy's approval, McMillan was unable to submit a transfer away from his supervision. Given the reasonable perception that DYS's response to sexual harassment complaints was ineffective, along with Hardy's campaign of intimidation to

---

[4] Congress amended Title VII to make its provisions applicable to state and local governments. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 449 n. 2, (1976); *Downing v. Board of Trustees of University of Ala.,* 321 F.3d 1017 (11th Cir., 2003).

26

convince her that any complaint against him would not be given credence, McMillan was trapped and a reasonable jury will infer that she suffered a tangible adverse employment action at the hands of Hardy.

4. **McMillan suffered tangible employment actions as a consequence of her complaint of sexual harassment and hostile environment against Hardy.**

While McMillan was having her initial meeting with the DYS personnel manager regarding Hardy's harassment on July 15, 2005, she received a call ordering her to report for work that evening at another dorm. This required her to work a double shift (16 hours) that day. McMillan had worked 5 days prior to this reassignment and was due to be off work for two days beginning June 16, 2005. DYS did not allow her to have her regular days off and did not compensate her for the denial of this condition and privilege of her employment. Additionally, DYS falsified the work and attendance records to show that she was at work in Paige Hall when she was, in fact, at work in the ITU dorm. (PX 7: work records; PX 1: Declaration ¶ 12)   McMillan was not allowed to take her regular days off and did not receive a scheduled day off for more than a week after being reassigned to the ITU dorm. McMillan complained that she was wrongfully being required to work eight consecutive days at the time it occurred and also in her EEOC retaliation charge. (PX 20: EEOC Charge, 12/11/05)   DYS failed to address her complaint and informed the EEOC that it was not true. (PX 21: Staton Report re: EEOC Charge, 3/31/06 )

In addition to the denial of regular days off which were granted to all other employees, McMillan was subjected to isolation and ostracized by her co-workers (PX 20: EEOC Charge, 12/11/05); unwarranted surveillance ordered by her supervisor (PX 8-10: Memos/Reports at ITU re: McMillan); wrongful disciplinary actions which were

27

placed in her personnel folder and placed on her evaluation (PX 11: Disciplinary Warning; PX 13: Evaluations); and, a false allegation of failure to attend training for which she had not received notice (PX 22: Letter of Warning, 12/6/05).

       C. <u>DYS, or its agents, has subjected McMillan to retaliation for making her complaints of sexual harassment and retaliation.</u>

       In order to establish her retaliation claims under Title VII, McMillan must present evidence that she opposed Hardy's sexual harassment and incurred an adverse employment action as a result. *Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013 ( 11th Cir. 1994); *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir.1998) The causal link requirement has been interpreted broadly to require the plaintiff only to show that protected activity and the adverse employment action are not completely unrelated.

       There is ample substantial evidence from which the jury will conclude that McMillan has suffered retaliation. Evidence of Hardy's actions against her is presented above. In addition, McMillan testifies that she was denied leave given to other employees and that she was ostracized and isolated by her supervisor and co-employees upon her transfer after reporting Hardy's harassment. (PX 1: Declaration ¶¶ 12-16; PX 24: eeoc charge) DYS denied to the EEOC that McMillan suffered any adverse employment actions following her sex harassment complaint, but there is undisputed evidence that her supervisor subjected her to surveillance by her co-workers which was not imposed on others. (Staton Report re: EEOC Charge, 3/31/06) There is undisputed evidence that she was written up for being late for work three times when other similarly situated employees with more than three tardies were not written up. (PX 11: Disciplinary; PX 12: Table) There is undisputed evidence that her performance evaluation rating was lowered after her discrimination and retaliation charges. (PX 13:

Evaluations)  The investigator assigned to investigate her claims recognized the severity of the distress in her working conditions and recommended that she transfer to another location. (PX 1:  Declaration ¶ 14)

      D.  The *Faragher/Ellerth* affirmative defense is not available to the defendant.

In *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 575, the Supreme Court indicated that courts should no longer use the labels "quid pro quo " and "hostile environment" to analyze whether an employer should be held liable on an employee's Title VII claim concerning a supervisor's sex-based harassment. *Ellerth*, 524 U.S. at 753, 765; Faragher, 524 U.S. at 807 (applying new standard). Instead, when analyzing whether an employer should be held liable for a supervisor's harassment, courts should separate these cases into two groups: (1) harassment which culminates in a "tangible employment action, and (2) harassment in which no adverse "tangible employment action" is taken but which is sufficient to constructively alter an employee's working conditions. *Johnson v. Booker T. Washington Broadcasting Serv., Inc.*, 234 F.3d 501, 508 (11th Cir.2000).  Under this analysis, when a supervisor engages in harassment which results in an adverse "tangible employment action" against the employee, the employer is automatically held vicariously liable for the harassment. *Ellerth*, 524 U.S. at 763; *Faragher*, 524 U.S. at 790. McMillan has shown above that she was subjected to tangible employment actions as a consequence of the harassment she complains of, and the affirmative defense is not available to the defendant.

When no tangible employment action is taken, strict liability will still apply, but a defending employer may raise an affirmative defense to liability or damages, subject to

proof by a preponderance of the evidence, that (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. This defense has two prongs. The first concerns the behavior of the Defendant -- whether the Defendant had an effective policy and procedure for receiving and handling sexual harassment complaints. The second prong concerns the behavior of the Plaintiff -- whether they unreasonably failed to take advantage of the Defendants' preventive and corrective mechanisms or to otherwise avoid harm. Defendant bears the burden of proof on both prongs. If only one prong is proved, the defense fails.

The defendant has failed to point the Court or the plaintiff to any substantial proof in the record on the first prong. The defendant has produced only one page (Doc.29-4) that appears to be part of a written policy on sexual harassment, and has produced no evidence at all regarding the parameters, implementation, training, or effectiveness of the policy it claims to have in place. Even though an employer has policies and procedures on paper, it is the reality of implementation and enforcement that matters. In *Faragher* itself this failure was fatal to the employer's defense in that the policies were inadequately disseminated and the managerial employees were inadequately supervised to ensure enforcement. *Faragher*, 534 U.S. at 808; see also, *Frederick v. Sprint*, 246 F.3d 1305, 1314 (11th Cir. 2001). DYS's personnel manager admitted that its sexual harassment policy and procedures were ineffective in her statement of findings that there was evidence to support McMillan's charges against Hardy. (PX 4: span letter) Director Wood acknowledged the deficiency of its policies by soliciting assistance from the

Attorney General to train his staff following Hardy's retaliation against McMillan. (PX 15: ALJ Hearing Transcript: p. 400:l-23)   There is even evidence in this case that the defendant had knowledge that Hardy had prior accusations of sex discrimination. (PX 14: note from Hardy's file) The plaintiff does not recall receiving any training on the policy, but also testified that she may have received training sometime after her initial employment. (Dft. Brief at p. 2 ¶ 1) The defendant has not met its burden on the first prong in this motion.

The defendant also fails to meet its burden of proof on the second prong of the defense, i.e., whether McMillan's failure to report Hardy's harassment until June of 2005 was "unreasonable", as well.   Defendant argues only that McMillan did not report Hardy's harassment, but proffers no evidence as to the reasonableness or unreasonableness of that inaction.  As the Supreme Court reminds us in *Suders v. Pennsylvania State Police,* 124 S. Ct. 2342, 2354 (2004), the burden of proof for establishing this defense lies squarely on the defendant.   There are substantial disputed issues of fact for the jury, even if it concludes that McMillan did not suffer a tangible employment action, to find that DYS's policy was so ineffective that McMillan was not unreasonable in not relying upon their assistance in protecting her from her supervisor's harassment. Personnel manager Spann stated in her letter to Mr. Wood: "All staff should be re-trained on sexual harassment. It is apparent to me thinking has not changed in this department. We cannot condone telling staff to do one thing and doing something else ourselves (it is my understanding Mr. Hardy went over sexual harassment at every staff meeting). I have contacted Maxine Wheeler to do Sexual Harassment Training for our staff as it did not sink in with State Personnel doing it." (PX 4: Spann Memo to Wood, ¶

3) In addition to Hardy's campaign to convince her that he could thwart any complaint she made, she was aware that sexual misconduct was rampant on the Mt. Meigs campus and that the administration did little, if anything, to correct it. (PX 1: Declaration ¶ 6) When added to the ineffectiveness of the defendant's investigation into her complaint of retaliation and its reversal of position before this Court that Hardy did not harass her or retaliate against her, there are sufficient facts to dispute any claim of unreasonableness on McMillan's part.

E. The defendant misstates the facts and the law in its claim that McMillan's hostile work environment action is barred by the Statute of Limitations.

This defendant claims that McMillan's charge of discrimination to the EEOC falls outside the 180 day limitations of Title VII because the discrete act of sexual harassment it admits occurred in April 2005 can not support her hostile environment claim. The defendant does not cite any authority for this proposition, probably because there is none. The U. S. Supreme Court rejected the application of the continuing violation doctrine in hostile work environment cases in *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061 (2002), and simplified the limitations inquiry in these cases. The Court instructed that a hostile work environment, although comprised of a series of separate acts, constitutes one "unlawful employment practice" and so long as one act contributing to the claim occurs within the filing period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 2074. The jury can consider the totality of the evidence of Hardy's mistreatment of McMillan in deciding both her sex harassment charge and her hostile work environment charge, and the defendant's argument is simply incorrect. See *Shields v. Fort James Corp.,* 305 F.3d 1280, 1281-82 (11th Cir.2002).

32

## IV. CONCLUSION

The plaintiff has shown that this defendant is estopped from arguing that its co-defendant did not sexually harass McMillan or create a hostile work environment. She has also demonstrated that there are substantial issues of fact for the jury to determine on her Section 1983, Title VII, and Equal Protection claims of discrimination and retaliation which were timely made. She has shown by reference to the facts and the law that she incurred tangible employment acts as a consequence of her protected activity. Alternatively, she has shown there are substantial facts from which a jury will find that the defendant's policy and procedures on sexual harassment were not effective in protecting her from discrimination in the workplace, and that her failure to report Hardy's actions were not "unreasonable" for an employee in her position.

Respectfully submitted this 3rd day of January 2008.

/S/ **JIMMY JACOBS**

JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 3rd of January, 2008.

/s/**Jimmy Jacobs**

JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.

Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

**PLAINTIFF'S LIST OF EXHIBITS SUBMITTED IN OPPOSITION TO
DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES
MOTION FOR SUMMARY JUDGMENT**

<u>**Exhibit**</u>

1    Declaration of Tera McMillan

2    Spann Meeting Notes/ ITU Time & Attendance Report: 6/15/05

3    EEOC Charge of Discrimination, 7/12/05

4    Spann Memo to Wood, 7/19/05

5    Calendar Memo to Wood, 12/8/05

6    Wood letter to Hardy, 1/6/06

7    Daily Time & Attendance Report, 6/11-19/05

8    26 Memos/Reports at ITU re: McMillan

9    7 Memos re: McMillan, January-February 2006

10   6 Memos re: McMillan

11   Unsatisfactory Performance Appraisal re: Punctuality, 2/12/07

12   Table of ITU Employee Sign In/Out Times, March-April 2006 with supporting
     Time & Attendance Reports

13   Performance Evaluations, 2003-2006

14   Hardy Memo re: Sex Discrimination, 1/18/00

15   ALJ Hearing Transcript Excerpts

16   ALJ Order Excerpts

17   Wood letter to Hardy, 11/4/05

18   Statement of Facts for State Personnel Hearing

19   Hardy Retaliation Documents. 6/21/05; 7/14/05

20   EEOC Charge, 12/11/05

21   Staton Report re: EEOC Charge, 3/31/06

22   Letter of Warning, 12/6/05

PLAINTIFF'S
EXHIBIT

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| TERA A. McMILLAN | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No: 2:07-cv-00001-WKW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | (JURY DEMAND) |
| YOUTH SERVICES, et al., | ) | |
| Defendants | ) | |

## DECLARATION OF TERA McMILLAN

1.    My name is Tera McMillan.  I am of more than nineteen years of age, a resident of Montgomery, Alabama, and the plaintiff in this lawsuit.  I make this declaration for use in my lawsuit against Michael J. Hardy and the Alabama Department of Youth Services (DYS).   I was initially employed by DYS at its Mount Meigs campus in October 2002 and have performed my duties and responsibilities in a satisfactory manner since that time.

2.    Beginning around May of 2003, I began to be subjected to unwelcome offensive sexual harassment and a hostile work environment by my supervisor, Michael Hardy.   This conduct began shortly after we were transferred to work at the Paige Hall dormitory. Mr. Hardy began to tell me about his relationship with another female employee and to ask me questions about my personal life.  He also asked me a lot of personal questions about a female co-worker that was my friend.  This quickly became more direct and he would talk openly about his sexual preferences and activities.  I let him know that I did not want to discuss this with him but he became more aggressive.

1

Mr. Hardy frequently told me that he "loved big titties" and asked me to let him suck my breasts. While I was sitting at my desk in the dorm on one occasion, he reached around me from behind and grabbed my breasts in his hands, stating that he wanted to "get a little feel" before another co-worker came into the office.

3.      In addition to his direct sexual overtures to me, Hardy talked on a regular basis about his sexual prowess and relations with other female workers at the Mount Meigs campus. For example, Hardy has stated to me that he can not "f--k all night like he used to" and that he could "only f--k real hard for 5 or 6 minutes" at this time in his life. Mr. Hardy told me that there could be "benefits" on my job, like getting to arrive late and leave work early, if I was his friend. Because of the many instances of sexual relationships among employees and between students and employees at Mt. Meigs, I understood Mr. Hardy was seeking a sexual relationship and he confirmed this very quickly.

4.      Mr. Hardy on one occasion requested that I "suck his d---k". When I refused his "request", he offered me money and other material objects if I would perform this act of oral sex on him. I was greatly offended by his conduct and told him that I was not interested. The next day he asked me if the reason I turned him down was because I had another boyfriend. I told him that I just wasn't interested. Hardy also commented to me regularly of his abilities with regard to oral sex and asked me to let him perform oral sex on me. I always declined this invitation and requested that he leave me alone. He told me that he had been having another relationship with an employee but that he really wanted me. He also told me that he had been accused of sex discrimination before and that he had "handled" it. I have asked, through my attorney, for records and other

information that DYS has on complaints or instances of sex harassment involving Mr. Hardy, but none have been provided to me.

5.    All of this behavior was uninvited and unwelcome and I asked Hardy to stop harassing me, but he would not. Hardy would call me at home on my off days to engage me in conversation. Since he was my boss, I would try to be polite but he would make me very uncomfortable by asking a lot of personal questions about my finances and my sex life. On one occasion he asked me how much my child support was, and offered to pay me $200 dollars a month and take care of my car and cut my grass in exchange for a key to my house.  He even asked one of my co-workers "What would it take to get Mac?", and was told that she didn't know.

6.    Mr. Hardy also told me on several occasions that he was "in" with the clique that ran things at Mt. Meigs and that it would not do me any good to say anything about his actions. He told me that the DYS director, Mr. Woods, owed him because he had "stabbed off" a lawsuit that other staff members were planning to file against Mr. Woods. He told me that he could see Mr. Woods any time he wanted to.  Mr. Hardy told me this on an occasion when he showed me a complaint that my co-employee Bernice Howard had filed against Mr. Dortch, another employee.  He said that Ms. Howard's complaint was not very well written, and that he was going to let her "sweat" because he had ten days to respond to it.  He told me that he knew how to take care of complaints of sexual harassment because he was good at writing things up, that he had successfully defeated a write-up he had been given by his supervisor, and that he would "take care of Ms. Howard". He also laughed about another employee, Lisa May, who had complained about harassment and said that she "didn't get anywhere".  Later, I overheard Mr. Hardy,

3

Mr. Dortch, and Mr. Smith laughing about how they had "turned the tables" on Ms. May when she had complained about being sexually harassed by Dortch. I believed Mr. Hardy. I believed that he would turn all of DYS against me if I complained about the way he was treating me. I was greatly distressed by his continuing, offensive conduct but tried not to give him the satisfaction of showing a reaction. I really needed my job, and he made it clear that he could and would get me if created any problems for him. Even though DYS had a policy about sex harassment, it was rampant on the Mt. Meigs campus, and nothing was ever done about it. As examples, I knew of the instance involving Mr. Dortch and Lisa Mays above. I also knew that Mr. Dortch had been accused of harassment by another employee, I▇▇W▇▇▇. Mr. L▇▇ was charged by employee T▇▇▇T▇▇▇▇. Another employee, N▇▇G▇▇ was harassed by O▇▇ B▇▇▇. Employee G▇▇J▇▇▇was harassed by fellow employee C▇▇G▇▇▇. Sexual conduct was pervasive on the campus, and the administration had to know all about it.

7.      Hardy's harassment continued on a regular basis. Right after Christmas in 2004 just as I returned home from shopping with a friend, Hardy called me on my cell phone and told me that he needed to talk to me and it was about something that was detrimental to my future at DYS. I told him that it was really not convenient but he insisted that he had to talk to me. He said that he would be there in a few minutes.

8.      Hardy didn't show up for a while so my friend and I had made drinks for ourselves, and began to wrap presents. Hardy arrived and complimented my house and asked to use the bathroom. He sat down and began to make small talk. Since my friend and I had drinks, I asked Mr. Hardy if he wanted a drink and I made him one. My friend

(this was the same co-worker that Hardy had asked "what it would take to get" me.) went into the next room to wrap gifts and began to talk about how "hot" he was. He lifted up his sweater, began to rub the nipples on his chest. This made me feel really uncomfortable. Apparently my friend had seen him because she came in the room asked me if she needed to leave. I told her "no" because Mr. Hardy was about to leave. She returned to the kitchen and Mr. Hardy asked me if I would lick his chest. I told him "hell, no." This was the first time that Hardy had actually directly imposed himself on me outside of work and it really frightened me. I was really glad that my friend was present when he came on that day. Mr. Hardy became very angry and told me that my relationships at work were going to change, beginning the next day. Beginning the very next day, some of my colleagues at work began to stay away from me.

9.    Mr. Hardy has stated his reason for coming to my house on the day mentioned above was because he was bringing me my paycheck. This is totally false. I have my paycheck set up for direct deposit to my bank account from the state, and there is no way that he could have it in his possession to "bring to me". Mr. Hardy insisted on coming to my house, saying that he had to talk to me about something that could be detrimental to my future at DYS.

10.    Shortly after this incident, a situation arose at work that someone was needed to move to the third shift (12:00 p.m. to 8:00 a.m.), and I agreed to make the change. I knew that this would mean that I would not have as much day to day contact with Hardy because he worked during the day, but he continued to call me and ask me to go out with him. During this period of time he offered to buy me a car, tires and other goods in exchange for my compliance. I did not go along with his request. Hardy's

5

harassment of me continued, and in April of 2005 he called me to tell that another employee was "disrespecting" me and that he needed to talk to me about it. He asked me to go to a hotel to have some drinks and to have sex. I refused and told him that I just wasn't interested. The next day at work, he approached me and angrily told me in a threatening manner, "I guess you know that you have lost your foundation around here now." I understood this to be another threat because I had refused him again.

11.    I realized that I just had to try to get away from Hardy, but I really needed my job. I was suffering physical and emotional problems due to the stress this was placing on me. My doctor had placed me on medication and referred me to see a counselor for help with the distress I was suffering. After this last statement by Hardy that I had "lost my foundation around here", I requested that he allow me to transfer to another dorm. He refused me, so in the middle of May, I went back and told him that I had a second job and needed to make the change to another dorm because of the hours of my second job. This was not true. I didn't have another job, but I was desperate. I thought that if I could make him believe that my request didn't have anything to do with him, he would agree to it. Mr. Hardy refused me again, and told me that he wouldn't approve any change for me and that it would take me at least two years to get one without his approval. I had talked to another dorm supervisor who had vacancies about transferring, but he told me that I couldn't transfer unless Mr. Hardy gave his approval first. I was really devastated by this and decided that I would try to go over his head to try to get transferred.

12.    I went to see someone in administration about moving on June 16, 2005 and met with Ms. Rankins, a specialist who was on duty. Most of the administrative

staff, including Mr. Hardy, had gone to Eufaula for a retreat or training at this time. I told Ms. Rankins that I wanted to make a change. She wouldn't agree to it and told me that there had to be some reason that I wanted to move from Paige Hall. I did not plan to say anything about Mr. Hardy's harassment of me because I was frightened of him and was convinced that it wouldn't do any good. When Ms. Rankins wouldn't agree to my moving, I finally told her the real reason, and she said she would have to move me and sent me to see the personnel manager, Ms. Debra Spann. While I was meeting with Ms. Spann, Ms. Rankins called and told me to report to another dorm that night. I had already worked one shift that day but was so beaten down, I just went ahead and reported to work at the new dorm that night. Except for one night that I was sent to the Trustee dorm, I have been assigned to the Intensive Treatment Unit dorm (ITU) since then. In addition to working a double shift, I was not allowed to have my regular days off during this time period and was made to work eight or more consecutive days. I have seen sign-in sheets from Paige Hall that show that I worked there on June 18 and 19, 2004, but this is not true. I was not there and did not sign in there, and I have not been compensated for the days that I was not allowed to be off.

13.    Since reporting to work at the ITU dorm, I have been subject to retaliation in the form of personnel not willing to help me learn the new position and I have been ostracized by the other employees and supervisors. I have discovered that Mr. Hardy was contacting various DYS staff members during this time and trying to get them to make accusations against me and to support him. I didn't know this at the time, but it explains the cold and hostile treatment I received when I went to the ITU dorm. I filed an additional EEOC charge in December 2005 over this retaliatory treatment. I have since

learned of additional retaliatory actions against me.

14.    DYS assigned Mr. Alan Staton to respond to my EEOC retaliation charge and he interviewed a number of employees, but told EEOC that there was not anything to my complaint. Nevertheless, Mr. Staton told me in February 2006 that he wanted me to transfer to the Autauga campus because he was afraid for my mental health and physical well-being. I was under a great deal of stress due to this treatment but did not feel that I should have to transfer when I hadn't done anything wrong. I was continuing to receive counseling and had been taking medication to cope with the stress for some time at this point.

15.    Mr. Staton did not do a very thorough investigation or he would have discovered that my supervisor had placed me under surveillance by my fellow employees. He (my supervisor) also wrote me up for being tardy three times and placed this in my personnel file without informing me about it. There were a number of other ITU employees who were late to work more than three times that were not written up by the supervisor. My performance evaluation score was significantly decreased after I was transferred to the ITU dorm. My supervisor also wrote me up for not attending a training session that I was not informed of, and which he claimed took place on my day off.

16.    Mr. Hardy was correct when he told me that he could turn everyone at DYS against me if I complained about him. That is evident from the treatment I have received from my supervisor and co-workers at the ITU dormitory. It is also evident from the way the DYS administration and legal counsel have treated me since I complained. Since I filed my second EEOC charge the department has failed to adequately investigate any of the actions taken against me, and has deliberately tried to

8

undermine my ability to seek justice.   DYS has continued this retaliation by now

claiming in this lawsuit that Hardy did not create a hostile work environment by sexually

harassing me and that he did not retaliate against me for complaining about it.  The DYS

legal office asked me to testify about Mr. Hardy's harassment of me in his administrative

hearing in November 2005, and they fired him because he harassed me and retaliated

against me.   When Mr. Hardy appealed his termination to the state personnel board, DYS

called me, DYS director Walter Wood, and other witnesses to testify under oath about

Mr. Hardy's harassment and retaliation of me.  I was the only female that he was accused

of sexually harassing or retaliating against, and the personnel board upheld Mr. Woods's

firing of him on those grounds.

     17.    I continue to suffer emotionally from these actions, and remain in therapy

and on medication.

     I declare under penalty of perjury that the foregoing is true and correct.

                   Executed on January 3, 2008.

                                Tera McMillan

PLAINTIFF'S
EXHIBIT
2

Tera McMillian                                                                06/15/05
    YSA - Paige Hall

- Ms. McMillian came to see me on 6/15/05 with her mother.
  She had come from seeing Ms. Rankins; Ms. Rankins had called me and said I needed to talk to her as she had some stuff to say I needed to hear.
  When she got here she shut the door and said she never meant to go into this; she said she had just gone to Ms. Rankins because Mr. Hardley was in Eufaula and Mr. Hardy was out. She said all she wanted was her shift changed; that was all she wanted – nothing else.
- Ms. McMillian said she has been sexually harassed for about two (2) years by Mr. Hardy. She said it began when Ms. Howard left and Mr. Hardy assigned her to do ACA. He told her one afternoon when the boys went to the Dining Hall to stay behind. They were the only ones there. He told her he wanted her to "suck his dick." He hold her it wouldn't take long and that they would be through before the kids got back. She said things just kind of escalated from there. She said she did not do it. No one saw this. They were alone in the dorm.
- Ms. McMillian stated he was standing behind her and he grabbed both of her breasts and cupped them. No one saw this. They were alone in the dorm.
- she asked her friend how much money it would take to get her (Note: her friend is Veronica Harris of Harris Hall)
- talked with her about the website "blackp" (blackpussy)
- Mr. Hardy knew where her house was. One night he came to talk about her career. This was after Christmas. She and her friend had been to Toys R Us and her cell phone rang. He said he wanted to come over and talk about her career; she said okay and when she told him she lived in Spring Valley, he said he knew where she lived. Before she hung up the phone he was in her driveway. Her friend was there and they had some drinks and talked. They did not talk about her career, it seemed. Mr. Hardy pulled up his tee shirt over his head and put it behind his head and was rubbing himself. Her friend went and laid down and Mr. Hardy left in a little while.
- Mr. Hardy put her on the 12-8 am shift when three other men wanted it because he knew she had been talking to Mr. Bolling about getting a transfer to another dorm. He told her it would take her two years to transfer out of his dorm; the only reason Mr. Chriske got out was because he was white. Mr. Hardy said he was in the MM clique and he could write good. He wrote himself out of all kinds of trouble. He had gotten out of everything because he could write.
- Ingria Williams (590-7197): not interested in men.
  Dortch sexually harassed her until he figured it out. She bought $300 worth of merchandise from Mr. Hardy. He sells merchandise to all staff on campus.
- the chemical book is falsified. He told her to make up stuff. She left in January but kept the book until March/April. He gave her a sheet to go by.
- she does not want this all over the campus like is going on with Greta Johnson. I didn't know what she was talking about. She said Greta Johnson and Carl Gadson and a sexual harassment complaint. I told her I still did not know what she was talking about and that it did not come through this office. She said Carl Gadson told her himself. I told her I still did not know what he meant.
- Mr. Hardy said he would give her a monthly salary if she would be his side woman.
- her mom heard him ask her to meet him at a hotel (she held the phone out so she could hear).
- Ms. McMillian has heard he tried to go with Bernice Howard a former employee and Ms. Mary Moten a former employee. She does not know anything to be a fact, she just has

C04116

- Eugene Smith got moved because of a rumor about Mr. Hardy. Nobody believed it but it was true. Mr. Hardy told her himself it was true.

End of interview

CC4117

Daily Time & Attendance Report

## PAIGE HALL

Sat.    Sun.    Mon.    Tue.    (Wed.)    Thur.    Fri.        Date: _04/15/05_

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|---|---|---|---|---|---|---|
| DORTCH, ROGERS | 11:00 | 5:00 | 3 | A | 5 | Roger Dortch |
| ELLIS, JONATHAN | | | | | | |
| FARLEY, RASHIN | 4 | 12 | | | 8 | Rashin Farley |
| HARVEST, ARTHUR | 12ᵂ | 8ᵂ | | | 8 | Arthur Harvest |
| MCCOLLUM, MIKE | | | | | | |
| MCMILIAN, TERA | 12 | 8 | | | 8 | Tera McMillan |
| MILES, BRIAN | 2⁰⁵ | 9⁰⁵ | | | 7 | B. M |
| MOORE, JAMES, SR. | | | | | | |
| WILLIAMS, INGRIA | 4⁰⁵ | 10⁰⁵ | 2 | H | 6 | Williams |
| WILSON, SHADRICK | 4 | 12 | | | 8 | S. Wilson |

1.    Place in the business office box daily.
2.    Please submit appropriate leave slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury     M - Military    P - Personal    B - Blood

3756

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    (Wed.)    Thur.    Fri.    Date: 6-15-05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|----|----|-----------------|-----------|------------------|-----------|
| Alexander, Johnson | 7A | 3p | 0 | 0 | 8 | *(signature)* |
| **Bolling, Derrick** | | | | | | |
| **Bosworth, Gayle (CM)** | | | | | | |
| Chriske, Donald | 6 A | 2 P | | | 8 | ch...p |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 1⁰⁰ | 2 | | | 8 | *(signature)* |
| Hammonds, Jacob | 2⁰⁰ | 10⁰⁰ | | | 8 | J. Hamm... |
| Hood, Elijah | | | | | | |
| Hughes, Jason | | | | | | |
| Johnson, Martha | 2⁰⁰pm | 10⁰⁰pm | | | 8 | M. Johnson |
| Jones, Sammie L. | | | | | | |
| McCall, James | | | | | | |
| Washington, Vincent | 2 | 8 | | | 6 | Washington |
| Webster, Greg | 10pm | 6am | | | 8 | *(signature)* |
| Whitted, Felicia | | | | | | |
| McMillian, Tera | 10pm | 6am | | | 8 | *(signature)* |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual    S - Sick    C - Comp    H - Holiday
                   J - Jury    M - Military    P - Personal

005155

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

PLAINTIFF'S EXHIBIT
3

AGENCY | CHARGE NUMBER

☐ FEPA
☒ EEOC   05479

_____ and EEOC

State or local Agency, if any

| | |
|---|---|
| NAME(Indicate Mr., Ms., Mrs.)    Tera A. McMillan | HOME TELEPHONE (Include Area Code)   334-284-9559 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 312 Adler Drive | Montgomery, AL 36116 | 01/12/1973 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME    Alabama Department of Youth Services | NUMBER OF EMPLOYEES, MEMBERS   Over 100 | TELEPHONE (Include Area Code)   (334) 215-3812 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | | COUNTY |
|---|---|---|---|
| Po. Box 66 | Mount Meigs, AL 36057 | RECEIVED | Montgomery |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))    DATE DISCRIMINATION TOOK PLACE EARLIEST LATEST

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE      May 2003

☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)    ☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. My name is Tera McMillan and I am employed by the Respondent at its Mount Meigs campus. I was first hired by the Respondent in October 2002 and since that time I have always performed my duties and responsibilities in a satisfactory manner. Since May of 2003, I have been subjected to a sexually hostile work environment by my supervisor and my co-workers.

2. Beginning in May of 2003, I have persistently been propositioned for sex and sexual favors by my immediate supervisor Michael J. Hardy. On an almost daily basis, Hardy has requested that I "suck his dick." He has offered me money and other material objects if I would perform this act of oral sex on him. Furthermore, Hardy has almost on a daily basis talked about his sexual prowess with other female workers at the Respondent's Mount Meigs campus. For example, Hardy has stated to me that he cannot "fuck all night like he used to" and that he can "only fuck real hard for 5 of 6 minutes" at this time in his life. Also, Hardy grabbed both my breasts while I sat a desk in the facility. All of this behavior was uninvited and unwelcome and I asked Hardy to stop harassing me, but he did not. Hardy also stated that he loved big "titties" and requested that be allowed to suckle my breast in the office. Again I declined his invitation. Hardy also spoke regularly of his abilities with regard to oral sex and asked to allow him to try such with me. As before I declined his invitation and requested that he leave me alone.

3. During this time of almost constant harassment, I began seeing a doctor for anxiety and depression regarding these issues. My treating position placed me on medication and referred me to a therapist to help deal with these issues.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)   I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| July 12, 2005    Tera A. McMillan   Date    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)   7/12/2005   000181 |

EEOC FORM 5 (10/94)

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Oct 26, 2005
BONDED THRU NOTARY PUBLIC UNDERWRITERS

CONFIDENTIAL

2005 05479

4. In March of 2005, Hardy beg___ asking me to go to hotels with him for sex a___ ___ffered to buy me a car, tires, and other goods in exchange for my compliance. I did not go along with his request. Hardy's harassment of me continued until I reported him on June 16, 2005. After I reported Hardy I was made to transfer to another department within the Mount Meigs facility. Since arriving in the new department, I have been subject to retaliation in the form of personnel not being willing to help me learn the new position and I have been threatened with being disciplined for no reason.

July 13, 2005
_____
Date

_____
Tera A. McMillan

JUL 12 2005

RECEIVED
EEOC

000182





*State of Alabama*
## Department of Youth Services
*Post Office Box 66*
*Mt. Meigs, Alabama 36057*

July 19, 2005

BOB RILEY
GOVERNOR

J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

M E M O R A N D U M

TO:        J. Walter Wood, Jr.
           Executive Director

FROM:      Debra L. Spann
           Personnel Manager

SUBJECT:   Sexual Harassment Complaint
           Tera McMillian vs. Michael Hardy

I have investigated the above complaint. I find the complaint to be valid. Two (2) witnesses heard or were asked sexually inappropriate questions concerning Ms. McMillian by Mr. Hardy. In addition, from the information provided by Ms. McMillian, I definitely feel one or more of the incidents which were described to me occurred.

Mr. Hardy is making much of the fact he has not seen or been around Ms. McMillian except for a few minutes since February, 2005 -- she has been on the 12-8 a.m. shift. Ms. McMillian states these incidents occurred over the past two (2) years. Mr. Hardy also is quite concerned that confidentiality has been breached and his good name and character have been compromised.

Mr. Hardy should be disciplined for his actions. All staff should be re-trained on sexual harassment. It is apparent to me thinking has not changed in this department. We cannot condone telling staff to do one thing and doing something else ourselves (it is my understanding Mr. Hardy went over sexual harassment at every staff meeting). I have contacted Maxine Wheeler to do Sexual Harassment Training for our staff as it did not sink in with State Personnel doing it.

DLS



RECEIVED
NOV 13 2005
DYS-LEGAL COUNSEL

004113



*State of Alabama*

*Department of Youth Services*

*Post Office Box 66*
*Mt. Meigs, Alabama 36057*




BOB RILEY
GOVERNOR

J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

December 8, 2005

MEMORANDUM

TO:      J. Walter Wood, Jr.
         Executive Director

FROM:    Marcia Calendar
         Executive Assistant

RE:      Findings and Recommendations based on Administrative Fact Finding Hearing
         held at Mt. Meigs on November 15, 2005 for Michael Hardy

ALLEGATIONS:

An Administrative Fact Finding Hearing was held on November 15, 2005, at the Central Office
at Mt. Meigs for Michael Hardy. You requested the hearing to determine whether disciplinary
action is warranted based upon the following alleged inappropriate work conduct:

> Violation of the Rules of the State Personnel Board (670-X-19-.01 (1g) -
> disruptive conduct) and/or violation of the Rules of the State Personnel Board
> (670-X-19-.01 (2 e) - use of abusive or threatening language) and/or violation of
> the Rules of the State Personnel Board (670-X-19-.01 (2 j) - serious violation of
> any other department rule), and/or violation of DYS Policy (3.13.2 - Prohibition
> of Sexual Harassment): Specifically, you were alleged to have made sexual
> advances and/or to have created a hostile working environment for a subordinate
> employee, Tera McMillan, who filed a harassment complaint against you. In
> response to Ms. McMillan's harassment complaint you are alleged to have
> attempted, among other things, to cause an investigation against her for her having
> filed a complaint against you.

~~On June 14, 2005, Ms. Tera McMillian made a complaint of sexual harassment against Mr.~~
Hardy. Mr. Hardy supervises Ms. McMillian. You assigned Ms. Spann to investigate the
allegations. Ms. Spann concluded, based on corroborating evidence, as a matter of fact that the
complaint was valid. Ms. Spann recommended disciplinary action. Attached hereto is a copy of
Ms. Spann's finding and recommendation.

In addition, in response to Ms. McMillian's complaint against Mr. Hardy, Mr. Hardy sough⸱
have Ms. McMillian investigated. Mr. Hardy filed with Ms. Spann a "grievance" agai⸱
McMillian, contrary to the grievance procedure. Moreover, the subject of the "gri⸱

not an issue covered by the grievance procedure. Attached hereto is a copy of the "grievance" filed by Mr. Hardy against Ms. McMillian.

Individuals present during the November 15, 2005 hearing were: Ms. Karen John, Mr. Victor Black, Mr. Rogers Dortch, Mr. James Monroe, Mr. Fred Grant, Mr. Eugene Smith, and Mr. Brian Miles.

FINDINGS:

The following findings were determined based upon a review of the testimony, documents presented during the hearing, a review of the employee's personnel file, and additional efforts to verify the testimony of the witnesses.

    All allegations against Mr. Hardy are found to be substantiated.

RECOMMENDATIONS:

Upon a review of the evidence presented during the hearing and a review of Mr. Hardy's personnel file including past performance evaluations, the following recommendation is made:

Terminate Mr. Hardy's employment as a Youth Services Counselor I for the stated allegations which were found to be substantiated. This employee was the complaining party's supervisor. He was aware of the prohibitions against sexual harassment and he was well aware of the anti-retaliation policy.

The employee denies that he sexually harassed Ms. McMillian as Ms. Spann concluded. He argues that Ms. McMillian was working a second job with a Hyundai supplier and that her second job shift began before her DYS shift ended. He argues that she had a motive to fabricate the allegation and thereby acquire more favorable working hours. Ms. Spann investigated his defense and found it not credible, based in part on Ms. McMillian's denial that she had a second job. I now have reason to doubt Ms. McMillian. Specifically, Ms. McMillian recently informed Ms. Spann that she does have a second job, but she stated it began within the past two months—well after she made her sexual harassment complaint against Mr. Hardy. The existence of a possible motive for fabrication which has come to light since Ms. Spann's investigation thus creates a question whether Ms. Spann's conclusion was correct.

However, that doubt is insufficient to cause me to contradict Ms. Spann or to recommend disciplinary action less than termination. Mr. Hardy clearly attempted to retaliate against Ms. McMillian for filing the complaint against him. Mr. Hardy is, or should be, familiar with the grievance procedure which requires grievances to follow the chain of command, yet he filed this "grievance" with the personnel director. Moreover, the substance of this "grievance" was neither within the scope of the grievance procedure nor within the scope of the anti-discrimination complaint procedure—which requires complaints to be directed to the personnel director. Mr.

2

Hardy is well aware how personally disturbing it is to be investigated by DYS. Witnesses confirmed that Mr. Hardy had discussed this with them prior to Mr. Hardy's retaliatory "grievance" against Ms. McMillian. I find that Mr. Hardy initiated the "grievance" to retaliate against Ms. McMillian. This Agency can no more tolerate retaliation than sexual harassment itself.

Enclosures

004431



**BOB RILEY**
**GOVERNOR**

*State of Alabama*
*Department of Youth Services*
*Post Office Box 66*
*Mt. Meigs, Alabama 36057*
January 6, 2006



**PLAINTIFF'S EXHIBIT**
6



J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

*CONFIDENTIAL*

Mr. Michael Hardy
2900 Marti Lane
Montgomery, AL 36116

Dear Mr. Hardy:

As you are aware, an administrative fact finding hearing was held on November 10, 2005, to determine what disciplinary action should be taken concerning your Youth Services Counselor I position with this department.

Based on the testimony and documents presented during the hearing, there was evidence to support that there was a violation of the Rules of the State Personnel Board (670-X-19-.01 (1g) - disruptive conduct) and/or violation of the Rules of the State Personnel Board (670-X-19-.01 (2 e) - use of abusive or threatening language) and/or violation of the Rules of the State Personnel Board (670-X-19-.01 (2 j) - serious violation of any other department rule) and/or violation of DYS Policy (3.13.2 - Prohibition of Sexual Harassment).

Based on the evidence and a review of your personnel file, I hereby order your dismissal from the Department of Youth Services effective at the close of business January 6, 2006. You will receive your last regular pay check on January 20, 2006. You will be paid for any unused annual, holiday, compensatory or personal leave you may have on February 3, 2006.

Your state employees' medical insurance will end on January 31, 2006. If you wish to purchase health insurance coverage you may contact the State Employees Insurance Board at 1-800-513-1384.

You may request a refund of your retirement contributions by completing a Form 7, Notice of Final Deposit and Request for Refund. The form may be obtained from the Human Resources Section. If you wish, you may leave your contributions on deposit for up to five years.

The Rules of the State Personnel Board state that you may, within ten (10) days after notification of dismissal, request a hearing by the State Personnel Board. The request should include a written answer to the charges. This request should be addressed to Ms. Jackie Graham, Personnel Director, State Personnel Department, 64 North Union Street, Montgomery, AL 36130. Please send a copy of the request to the Department of Youth Services.

Sincerely,

J. Walter Wood, Jr.
Executive Director

JWW/dls

c: State Personnel Department
   Mr. Davis
   Mr. Booker
   Ms. Coles

000337

PLAINTIFF'S
EXHIBIT
7

Daily Time & Attendance Report

## PAIGE HALL

Sat. Sun. Mon. Tue. Wed. Thur. Fri.          Date: 6/11/2005

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|----|----|----|----|----|----|
| DORTCH, ROGERS | 4:00 | 5:00 | 7 | A | 1 | Roger Dortch |
| ELLIS, JONATHAN | 1200 | 800 | | | 8 | Jonathan Ellis |
| FARLEY, RASHIN | 8 | 4 | | | 8 | Rashin Farley |
| HARVEST, ARTHUR | | | | + | | |
| MCCOLLUM; MIKE | 8:00 | 4:00 | | | 8 | M. McCole |
| MCMILIAN, TERA | 12 | 8 | | | 8 | Tera McMillian |
| MILES, BRIAN | 4 | 8 | | 3 | 4 | B. |
| MOORE, JAMES, SR. | 4:00 | 12:00 | | | 8 | James Moore |
| WILLIAMS, INGRIA | 8:00 | 4:00 | | | 8 | Ingria Williams |
| WILSON, SHADRICK | 4:30 | 12:00 | .5 | H | 7.5 | S. Wilson |

1.  Place in the business office box daily.
2.  Please submit appropriate leave slip with this sign-in sheet.
3.  It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

| Leave Codes: | A - Annual | S - Sick | C - Comp | H - Holiday |
|---|---|---|---|---|
| | J - Jury | M - Military | P - Personal | B - Blood |

003752

Daily Time & Attendance Report

# PAIGE HALL

Sat. ( Sun. ) Mon. Tue. Wed. Thur. Fri.          Date: _06/12/05_

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|----|----|------|------|------|-----------|
| DORTCH, ROGERS | | | | | | |
| ELLIS, JONATHAN | 12⁰⁰ | 8⁰⁰ | | | 8 | Jonathan Ellis |
| FARLEY, RASHIN | 8 | 4 | | | 8 | Rashin Farley |
| HARVEST, ARTHUR | | | | | | |
| MCCOLLUM, MIKE | 8:00 | 4:00 | | | 8 | M. McColl |
| MCMILIAN, TERA | 12 | 8 | | | 8 | Tera McMillia |
| MILES, BRIAN | 4⁰⁰ | 12⁰⁰ | | | 8 | B. |
| MOORE, JAMES, SR. | 4:00 | 12⁰⁰ | | | 8 | James Moore |
| WILLIAMS, INGRIA | 8⁰³ | 4⁰⁰ | | | 8⁰³ | I. Will |
| WILSON, SHADRICK | 4 | 9³⁰ | 2½ | H | 5½ | S. Wilson |

1.    Place in the business office box daily.
2.    Please submit appropriate leave slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip and authorization
      to work overtime form accompanies this sign-in sheet.

Leave Codes:        A - Annual        S - Sick          C - Comp          H - Holiday
                    J - Jury          M - Military      P - Personal      B - Blood

CC0750

Daily Time & Attendance Report

# PAIGE HALL

Sat.    Sun.    (Mon.)    Tue.    Wed.    Thur.    Fri.                Date: 6/13/2005

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|----|----|------------------|------------|----------------|-----------|
| DORTCH, ROGERS | | | | | | |
| ELLIS, JONATHAN | 1200 | 800 | | | 8 | Jonathan Ellis |
| FARLEY, RASHIN | | | OFF | | | |
| HARVEST, ARTHUR | | | | | | |
| MCCOLLUM, MIKE | 2:00 | 6:00 | XL | H | 8 4 | M. McColl |
| MCMILIAN, TERA | 12 | 8 | | | 8 | Tera McMilian |
| MILES, BRIAN | 2 | 10 | | | 8 | |
| MOORE, JAMES, SR. | 4:00 | 12:10 | | | 8:10 | James Moore |
| WILLIAMS, INGRIA | | | | | | |
| WILSON, SHADRICK | 4 | 12 | | | 8 | S. Wilson |

1.    Place in the business office box daily.
2.    Please submit appropriate leave slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip and authorization
        to work overtime form accompanies this sign-in sheet.

Leave Codes:        A - Annual          S - Sick            C - Comp          H - Holiday
                             J - Jury               M - Military        P - Personal      B - Blood

C03754

Daily Time & Attendance Report

## PAIGE HALL

Sat.   Sun.   Mon.   (Tue.)   Wed.   Thur.   Fri.          Date: 6/14/05

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|----|----|------|------|------|-----------|
| DORTCH, ROGERS | 2:00 | 6:00 | 4 | A | 4 | Roger Dortch |
| ELLIS, JONATHAN | | | | | | |
| FARLEY, RASHIN | | | OFF | | | |
| HARVEST, ARTHUR | 12:00 | 8 | | | 8 | Arthur Harvest |
| MCCOLLUM, MIKE | 4:00 | 12:00 | | | 8 | M. McCole |
| MCMILIAN, TERA | 12 | 8 | | | 8 | Tera McMilian |
| MILES, BRIAN | 2 | 10 | | | 8 | B. |
| MOORE, JAMES, SR. | | | | | | |
| WILLIAMS, INGRIA | | | | | | |
| WILSON, SHADRICK | 4 | 12 | | | 8 | S. Wilson |

1.   Place in the business office box daily.
2.   Please submit appropriate leave slip with this sign-in sheet.
3.   It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:        A - Annual          S - Sick            C - Comp          H - Holiday
                    J - Jury            M - Military        P - Personal      B - Blood

00375

Daily Time & Attendance Report

## PAIGE HALL

Sat.    Sun.    Mon.    Tue.    (Wed.)    Thur.    Fri.          Date: 04/15/05

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|-----|-----|------|------|------|-----------|
| DORTCH, ROGERS | 11:00 | 5:00 | 3 | A | 5 | Roger Dortch |
| ELLIS, JONATHAN | | | | | | |
| FARLEY, RASHIN | 4 | 12 | | | 8 | Rashin Farley |
| HARVEST, ARTHUR | 12 w | 8 w | | | 8 | Arthur Harvest |
| MCCOLLUM, MIKE | | | | | | |
| MCMILIAN, TERA | 12 | 8 | | | 8 | Tera McMillian |
| MILES, BRIAN | 2 05 | 9 05 | | | 7 | B.M. |
| MOORE, JAMES, SR. | | | | | | |
| WILLIAMS, INGRIA | 4 05 | 10 05 | 2 | H | 6 | I. Williams |
| WILSON, SHADRICK | 4 | 12 | | | 8 | S. Wilson |

1.    Place in the business office box daily.
2.    Please submit appropriate leave slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:    A - Annual          S - Sick          C - Comp          H - Holiday
                      J - Jury            M - Military      P - Personal      B - Blood

3756

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    (Wed.)    Thur.    Fri. .    Date: 6-15-05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 7A | 3p | 0 | 0 | 8 | *signature* |
| Bolling, Derrick | | | | | | |
| Bosworth, Gayle (CM) | | | | | | |
| Chriske, Donald | 6⁰⁰A | 2⁰⁰p | | | 8 | *signature* |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 10⁰⁰ | 2 | | | 8 | *signature* |
| Hammonds, Jacob | 2⁰⁰ | 10⁰⁰ | | | 8 | *signature* |
| Hood, Elijah | | | | | | |
| Hughes, Jason | | | | | | |
| Johnson, Martha | 2⁰⁰pm | 10⁰⁰pm | | | 8 | *signature* |
| Jones, Sammie L. | | | | | | |
| McCall, James | | | | | | |
| Washington, Vincent | 2 | 8 | | | 6 | Washington |
| Webster, Greg | 10pm | 6am | | | 8 | *signature* |
| Whitted, Felicia | | | | | | |
| McMillian, Tera | 10pm | 6am | | | 8 | *signature* |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:    A - Annual    S - Sick    C - Comp    H - Holiday
                J - Jury      M - Military  P - Personal

005156

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    (Thur.)    Fri.    Date: 6-16-05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 7A | 930 | 5.30 min | S | 2.30 | J/Claw |
| Bolling, Derrick | | | | | | |
| Bosworth, Gayle (CM) | | | | | | |
| Chriske, Donald | 6:00 | 12:30 | 1.30 | S | 6.30 | Chrske |
| Griner, Syreeta | 2:00 | 10:00 | — | — | 8:00 | S. J—e |
| Hall, Vanessa | 6:00 | 2:00 | | | 8 | V. Hall |
| Hammonds, Jacob | 2:00 | 10:00 | | | 8 | J. Ham |
| Hood, Elijah | 2:00 | 8pm | \ | \ | 6.0 | E. Rod |
| Hughes, Jason | | | 8 | h | | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | | | | | | |
| McCall, James | | | | | | |
| Washington, Vincent | | | | | | |
| Webster, Greg | 10pm | 6am | | | 8 | G. West |
| Whitted, Felicia | | | | | | |
| McMillie, Tera | 10 | 6 | | | 8 | Tere McMil |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

C005157

# DAILY TIME & ATTENDANCE REPORT
## Trustees Hall

Sat. Sun. Mon. Tue. Wed. (Thur.) Fri.          Date 6/16/05

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|-----|-----|-----|-----|-----|-----|-----------|
| Egbuna, Donatus | 12 | 8 | | | | 8 | A. Egbuna |
| Harris, LaQuanda | | | | | | ✓ | |
| Lee, Sylvesta | 6pm | 12AM | | | | 6 | |
| Lewis, Charles | 4PM | 12AM | | | | 8 | |
| McDonald, Marlo | 8am 1:30 p | 9:30 6:20 pm | | | | 6½ | |
| Parker, Herman | | | | | | ✓ | |
| Sharp, Michelle | | | | | | ✓ | |
| Smiley, Johnny | 2pm | 10pm | | | | 8 | |
| Tillman, Thomas | Resigned Thurs 6/16/05 | | | | | | |
| Wheeler, Monique | 12 A.M. | P.M. | | | | 8AM | Monique Wheeler |

It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:

| | | | |
|---|---|---|---|
| A-Annual | S-Sick | H-Holiday | C-Comp |
| J-Jury | M-Military | P-Personal | B-Blood |

CC5171

Daily Time & Attendance Report

## PAIGE HALL

Sat.    Sun.    Mon.    Tue.    Wed.   (Thur.)   Fri.         Date: 6/16/2005

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|----|----|------------------|------------|----------------|-----------|
| DORTCH, ROGERS | | | 8 | A | | |
| ELLIS, JONATHAN | 1200 | 800 | | | 8 | Jonathan Ellis |
| FARLEY, RASHIN | 2 | 10 | | | 8 | Rashin Farley |
| HARVEST, ARTHUR | 12ʷ | 8ʷ | | | 8 | Arthur Harvest |
| MCCOLLUM, MIKE | | | | | | |
| MCMILIAN, TERA | | | | | | |
| MILES, BRIAN | 2ᵒᵒ | 4ᵒᵒ | | | 2 | B. |
| MOORE, JAMES, SR. | 4:00 | 12:00 | | | 8 | James Moore |
| WILLIAMS, INGRIA | 4 | 12 | | | 8 | I. Williams |
| WILSON, SHADRICK | | | Off | | | |

1.    Place in the business office box daily.
2.    Please submit appropriate leave slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:      A - Annual          S - Sick              C - Comp            H - Holiday
                  J - Jury            M - Military         P - Personal        B - Blood

003757

# DAILY TIME & ATTENDANCE REPORT
## Trustees Hall

Sat. Sun. Mon. Tue. Wed. Thur. (Fri.)                    Date 6/17/05

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|----|----|-----|-----------------|------------|---------------|-----------|
| Egbuna, Donatus | | | | | | ✓ | |
| Harris, LaQuanda | 2pm | 6pm | | | | 4 | LaQuanda Harris |
| Lee, Sylvesta | | | | | | ✓ | |
| Lewis, Charles | 12pm | 8pm | | | | 8 | Lewis |
| McDonald, Marlo | 2 | 8 | | | | 6 | M2 McDonald |
| Parker, Herman | | | | | | ✓ | |
| Sharp, Michelle | 4:00 | 12 | | | | 8 | M. Sharp |
| Smiley, Johnny | 4am 2 | 12 | | | | 8:15 | Johnny L Smiley |
| Tillman, Thomas | | | | | | | |
| Wheeler, Monique | 12 A.M. | 8 | | | | 8am | Mo'Nique Wheeler |
| McMillian Tera 12 | | 8 | | | | | Tera A Merrily |

It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:

|  |  |  |  |
|--|--|--|--|
| A-Annual | S-Sick | H-Holiday | C-Comp |
| J-Jury | M-Military | P-Personal | B-Blood |

005172

Daily Time & Attendance Report

## PAIGE HALL

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.   (Fri.)          Date: 6/17/05

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|----|----|-----|------|-----|-----------|
| DORTCH, ROGERS | 12:30 | 7:30 | 1 | A | 7 | Roger Dortch |
| ELLIS, JONATHAN | 1200 | 800 | | | 8 | Jonathan Ellis |
| FARLEY, RASHIN | 2 | 10 | | | 8 | Rashin Farley |
| HARVEST, ARTHUR | 12:00 | 8:00 | | | 8 | Arthur Harvest |
| MCCOLLUM, MIKE | 4:00 | 12:00 | | | 8 | M. McColl |
| MCMILIAN, TERA | | | | | | |
| MILES, BRIAN N/A | | | | | | B. M. |
| MOORE, JAMES, SR. | 4:00 | 12:00 | | | 8 | James Moore |
| WILLIAMS, INGRIA | | | | | | |
| WILSON, SHADRICK | | | Off | | | |

1.    Place in the business office box daily.
2.    Please submit appropriate leave slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:      A - Annual        S - Sick           C - Comp          H - Holiday
                         J - Jury            M - Military      P - Personal      B - Blood

003758

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    (Fri.)    Date: June 17, 05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | | | 8 | S | | |
| Bolling, Derrick | | | | | | |
| Bosworth, Gayle (CM) | | | | | | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 2:00 | 10:00 | — | — | 8 | S. Griner |
| Hall, Vanessa | 6:00 | 2:00 | | | 8 | V Hall |
| Hammonds, Jacob | 2:00 | 10:00 | | | 8 | J Hammond |
| Hood, Elijah | 7:00 Am | 8:00 pm | | — | 13.0 | E. Hood |
| Hughes, Jason | | | 8 | M | | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 6 Am | 2 pm | 3:30 | — | 4:30 | S. Jones |
| McCall, James | | | | | | |
| Washington, Vincent | | | | | | |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 6pm | 6am | | | 8 | F. Whitted |
| Haynes, Delona | 10:00 p | 6:00 A | | | 8 | D. Haynes |

1. **Place in the Business Office box daily.**
2. **Please submit appropriate Leave Slip with this sign-in sheet.**
3. **It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.**

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury      M - Military    P - Personal

005153

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.   Tue.   Wed.   Thur.   Fri.   Date: 10-18-05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|-----------------|------------|------------------|-----------|
| Alexander, Johnson | | | | | | |
| Bolling, Derrick | | | | | | |
| Bosworth, Gayle (CM) | | | | | | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 7:00 | 8:00 | — | — | 13 | S. J—a |
| Hall, Vanessa | 6:00 | 12:30 | 6.30 | | 6:30 | V. Hall |
| Hammonds, Jacob | 10:00 | 6:00 | | | 8:00 | J. Hamm |
| Hood, Elijah | 2:00 pm | 10:00 pm | — | — | 8.0 | E. Hood |
| Hughes, Jason | | | 8 | M | | |
| Johnson, Martha | 12:30 Am | 10:00 | | | 9.30 | M. Johnson |
| Jones, Sammie L. | 6 Am | 2 pm | — | — | 8 | M. J. |
| McCall, James | | | | | | |
| Washington, Vincent | | | 8 | A | | |
| Webster, Greg | | | | | | |
| Whitted, Felicia | | | 8 | A | | |
| McWilliams, Tera | 10 | 6 | | | 8 | Tera G. McWi |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday
            J - Jury    M - Military   P - Personal

005159

Daily Time & Attendance Report

## PAIGE HALL

(Sat.)  Sun.  Mon.  Tue.  Wed.  Thur.  Fri.          Date: _6/18/2005_

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|------|----|-----|-----|-----|-----|-----------|
| DORTCH, ROGERS | 8:00 | 4:00 | | | 8 | Roy Dortch |
| ELLIS, JONATHAN | 1200 | 800 | | | 8 | Jonathan Ellis |
| FARLEY, RASHIN | 8 | 4 | | | 8 | Rashin Farley |
| HARVEST, ARTHUR | 12:00 | 8:00 | | | | Arthur Harvest |
| MCCOLLUM, MIKE | 8:00 | 4:00 | | | 8 | M. McColl |
| MCMILIAN, TERA | 12:00 | 8 | | | 8 | |
| MILES, BRIAN | 4 | 12 | | | 8 | B. |
| MOORE, JAMES, SR. | 4:00 | 8:00 | | | 4 | James Moore |
| WILLIAMS, INGRIA | | | | | | |
| WILSON, SHADRICK | 4 | 12 | | | 8 | S. Wilson |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:    A - Annual      S - Sick        C - Comp        H - Holiday
                J - Jury        M - Military    P - Personal    B - Blood

Felicia Whitted    In - 12:00  ~~Out~~  Felicia Whitted
                   Out - 8:00

C03759

# DAILY TIME & ATTENDANCE REPORT
## Trustees Hall

Sat. Sun. Mon. Tue. Wed. Thur. Fri.                    Date 6/18/05

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|----|----|-----|-----------------|------------|---------------|-----------|
| Egbuna, Donatus | | | | | | ✓ | |
| Harris, LaQuanda | 8am | 8pm | | | | 12 | LaQuanda S Harris |
| Lee, Sylvesta | 8am | 12am | | | | 4 | Sylvesta Lee Son |
| Lewis, Charles | 12am | 8am | | | | 8 | Lewis |
| McDonald, Marlo | 4p 8a | 6p 12pm | | | | 12pm | M2 McDal |
| Parker, Herman | 12 pm | 8 pm | | | | 8 | Herman L Park |
| Sharp, Michelle | 4p | 12 | | | | 8 | M. Sy |
| Smiley, Johnny | 8 | 4 | | | | 8 | J Smiley |
| Tillman, Thomas | | | | | | | |
| Wheeler, Monique | 12 AM | 8 AM | | | | 8 pm | Mo'Nique Wheeler |

It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:

| A-Annual | S-Sick | H-Holiday | C-Comp |
|----------|--------|-----------|--------|
| J-Jury | M-Military | P-Personal | B-Blood |

005173

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.  (Sun.)  Mon.    Tue.   Wed.   Thur.   Fri.    Date: 10-19-05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | | | | | | |
| **Bolling, Derrick** | | | | | | |
| **Bosworth, Gayle (CM)** | | | | | | |
| Chriske, Donald | 6⁰⁰ | 2⁰⁰ | | | 8 | chris |
| Griner, Syreeta | 8:00 | 8⁰⁰ | — | — | 12 | S. Grine |
| Hall, Vanessa | | | | | | |
| Hammonds, Jacob | 1:00 | 10:00 | | | 8 | Jacob Hammon |
| Hood, Elijah | | | | | | |
| Hughes, Jason | | | 8 | M | | |
| Johnson, Martha | 12:00 Pm | 10:00 Pm | | | 10 | M.Johnson |
| Jones, Sammie L. | 6 Am | 12:30 | 1.5 | A | 6.5 | S. Jone |
| McCall, James | | | | | | |
| Washington, Vincent | | | 8 | A | | |
| Webster, Greg | 10 pm | 6 am | | | 8 | G.Webst |
| Whitted, Felicia | | | | | | |
| TAYLOR, DEBBIE | 10:00 | 6:00 Am | | | 8 | D. Jm |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

005160

# DAILY TIME & ATTENDANCE REPORT
## Trustees Hall

Sat. Sun. Mon. Tue. Wed. Thur. Fri.          Date 6/19/05

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|----|----|-----|-----------------|------------|---------------|-----------|
| Egbuna, Donatus | 8 AM | 4p | | | | 8 | D. Egbuna |
| Harris, LaQuanda | 8am | 4pm | | | | 8 | LaQuanda Harris |
| Lee, Sylvesta | 4pm | 8pm | | | | 4 | Sylvesta Lee |
| Lewis, Charles | 4pm | 12AM | | | | 8 | Lewis |
| McDonald, Marlo | 12a | 8a | | | | 8 | |
| Parker, Herman | 8AM | 4PM | | | | 8 | |
| Sharp, Michelle | 4p | 12a | | | | 8 | M. |
| Smiley, Johnny | | | | | | ✓ | |
| ~~Tillman, Thomas~~ | | | | | | | |
| Wheeler, Monique | 4AM | 8AM | | | | 8AM | Monique Wheeler |

It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:

A-Annual  S-Sick  H-Holiday  C-Comp
J-Jury  M-Military  P-Personal  B-Blood

005174

Daily Time & Attendance Report

## PAIGE HALL

Sat.  (Sun.)  Mon.  Tue.  Wed.  Thur.  Fri.          Date: 6/19/2005

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|---|---|---|---|---|---|---|
| DORTCH, ROGERS | | | | | | |
| ELLIS, JONATHAN | 1200 | 800 | | | 8 | *Jonathan Ellis* |
| FARLEY, RASHIN | 8 | 4 | | | 8 | *Rashin Farley* |
| HARVEST, ARTHUR | | | | | | |
| MCCOLLUM, MIKE | 8:00 | 8:00 | | | 12 | *M. McColle* |
| MCMILIAN, TERA | | | | | | |
| MILES, BRIAN | 415 | 1200 | | | 745 | *B. M.* |
| MOORE, JAMES, SR. | 800 | 400 | | | 8 | *James Moore* |
| WILLIAMS, INGRIA | | | | | | |
| WILSON, SHADRICK | 4 | 12 | | | 8 | *S. Wilson* |

1.   Place in the business office box daily.
2.   Please submit appropriate leave slip with this sign-in sheet.
3.   It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:     A - Annual        S - Sick          C - Comp        H - Holiday
                 J - Jury          M - Military      P - Personal    B - Blood

*Felicia Whitted* In - 10:00        *Felicia Whitted*
                  Out -


003760

# CONTACT WITH STAFF

PLAINTIFF'S
EXHIBIT
8
PENGAD-Bayonne, N. J.

UNIT _ITU_

DATE _Nov. 29, 2005_

I, _Sylvesta Lee Sr._, SPOKE WITH MR. OR (MS) _Tera McMillian_
ON THE ABOVE DATE AND DISCUSSED THE FOLLOWING: _Failure To_
_Attend Staff Meeting And Mandatory Training_
_scheduled on November 29, 2005 In The_
_Intensive Treatment Unit (ITU) dormitory._
_This warning is the First Step In The State_
_Alabama Progressive Discipline manual for_
_State Employees. Failure To Attend Staffing_
_and_ _on duty_ _this evening_
_will entitle you final Appraisal_
_will filed in your personnel file._
_and attached to you final Appraisal._

_[signature]_

UNIT MANAGER (SIGNATURE)

_____
STAFF MEMBER (SIGNATURE)

DATE _____

004321

## Daily Time & Attendance Report
### INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    (Fri.)    Date: 12-30-05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|----|----|------------------|------------|------------------|-----------|
| Alexander, Johnson | 6A | 2p | | | 8 | |
| Chriske, Donald | | | | | | |
| Griner, Syrecta | 2⁰⁰ | 1000 | | | 8 | S. J— |
| Hall, Vaness.. | 1⁰⁰ | 2⁰⁰ | | | 8 | V Hall |
| Hammond, Jacob | 10⁰⁰ | 6⁰⁰ | | | 8 | |
| Hood, Elijah | | | 8 | H | | |
| Hughes, Jason | 2⁰⁰ | 11⁰⁰ | | | 9 | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 6 AM | 1¹⁵ PM | .45 | H | 7.15 | |
| Lee, Sylvesta (UM) | 8:⁰⁰ AM | 4:³⁰ PM | | | 8.5 | |
| McMillian, Tera | 11 | 6 | 1 | H | 7 | Tera McMill.. |
| Washington, \ | | | | | | |
| Webster, Greg | ME M Linn   1 Hour | | | | | F Whitt.. |
| Whitted, Felic | | | | | | |

LATE FOR WORK

OVER SLEPT          (11 PM)

1.    Place i...
2.    Please
3.    It is th...          ...thorization to work
      overtime form accompanies this sign-in sheet.

12/30/05

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday    **003533**
                    J - Jury      M - Military  P - Personal

## CONTACT WITH STAFF

UNIT ___I Tu___

DATE ___30 Jan 2006___

I, _Sylvester Lee_, SPOKE WITH MR. OR (MS) _McMillian Tera_
ON THE ABOVE DATE AND DISCUSSED THE FOLLOWING: ___Insubordination___
"MAN YOU MUST BE TRIPPING" ON 30 Jan 2006 ms.
McMillian called me at Home from work around 11PM. she
STATED THAT HER MOTHER WAS SICK AND disabled AT Home WITH HER
SON. MS McMillian said THAT SHE HAD TO LEAVE WORK. I (MR. Lee)
asked MS. McMillin was Her mother sick before she left?
Home FOR WORK. Did Her mother had To go To the Hospital?
IF she did I would NEED A slip From THE Hospital Emergency
Room. Ms. McMillian Replied "MAN you must BE TRIPPING"
AS your supervisor I Have THE Right TO question your Request
To be Relieved From duty in which you were scheduled To
Preform. I will NOT Tolerate your insubordination Toward
me As your immediate supervisor.

[signature] _Sylvester Lee_
**UNIT MANAGER (SIGNATURE)**

_Staff Refused To Sign_                    DATE ___30 Jan 2006___
**STAFF MEMBER (SIGNATURE)**

2/4/06

To Whom it MAy Concern:

On the night of Question, Mrs McMillian And Mr lee had a Small Argument on the phone Concerning A family emergency. words were passed, Mrs McMillian Started to became upset, but She Did gain Control of herself And proceed with the conversation I do beleive that Mrs McMillian of Mr lee did not intend to disrespect each other And they did not.

Javel M. Hammeral

003495

On Feb 1, 2006 I (Mr. Washington) received a
phone call from Ms. McMillian about 5⁵⁵pm
stating that she would not be able to come
to work on the 10-6 shift because her mother
was in the hospital. I (Mr. Washington)
acknowledge Ms. McMillian and told her
that I would page the unit manager
Mr. Lee at 6⁰⁰pm the unit manager was paged
and notified of the situation

Vincent Washington
2-1, 2006

004313

4318

3 Feb 2006

I spoke with Ms. McMillian this morning at work. I asked her how was her mother doing. She responsed that her mother was doing much better. She said the doctors thought that her mother had had another stoke. Her mother's blood pressure was elevated along with her blood count (Sugar). I told Ms. Mc-Millian that I could not contact her on the night of 1 Feb 2006 (wed). I (sup. Here) worked the 3rd ~~shift~~ shift (10pm - 6am). Ms. McMillian called the Unit control room on 1 Feb 2006 to say that she would not be in for work. (SEE MR. WASHINGTON Statement. I also told Ms. McMillian that I attempted to call her on the morning of 2 Feb 2006 to find out she would be to work that night. (10pm - 6am 2 Feb 2006 Thursday) but no sucess. I informed Ms. McMillian that in the future she needed to leave a phone number where she would be reached if she wasn't coming to work. End of conversation. Ms. McMillian thanked me for my concern.

9 Feb. 2006    Approximately 1:PM

MS. Mc Millian called-in
mother at Baptist Emergency
Room

Scheduled to work 18.6

Webster worked in her
Place.

Webster was suppose to
be off for Holiday, given

from Annual Training on
23 Feb 2006.

003494

Feb. 10. 06

At approx 3:30pm, Ms. McMillian called the unit to say that she would not be coming in to work. She asked me to notify Mr. Lee and let him know, she also said "If he has any questions about it, he can call me at home".

I asked if he had her home number and she said that he did

Felicia Whitted

STAFF WAS ~~taste~~ Already Scheduled To Be off For Holiday. Ms. McMillian Along with All other STAFF are given a copy off work Schedule. All STAFF are Also Notified if a Holiday Is Taken Back prior To day of duty. Ms. McMillian Called in on 9 Feb 2006, To say That Her Mother was 004315

11 Feb 2006

Called MS. McMillian Approximately
10Am from office phone at work.
She wasn't home. I spoke
with her Grandmother and asked
her to have MS. McMillian call
me at work (Control Room). At Approximately
11am MS. Griffin came from Control
Room to inform me that I had
a phone call. MS. Griffin stated that
She thought it was MS. McMillian,
She didn't know for sure. I spoke
with MRS. McMillian. She
Said that was returning my call.
I asked was she coming to work
tonight. MS McMillian replied that
She was coming to work.

Calls (my voice) recorded.

003492

2/18/06

At 4:10 pm I Felicia Whitted answered a call from staff Ms. McMillIan, she called stating that she did not feel well and she would not be in to work her scheduled shift.

Mr. Lee was paged shortly after, when he called I informed him of the situation. Mr. Lee said that he would call her and request a doctor's excuse, he them called back to say that he had spoke to Ms. McMillian requesting a doctor's excuse when she returned to work.

Felicia Whitted

003496

On 3/29/2007
Received Call from
MS. Lewis refrence
MS. McMillian being
FLMA For the
Next (3) weeks.
Per MS. Lewis
MS. D. Spann call
Her To Let Her Know
That MS. McMillian will
be On FLMA FOR
The Next Three weeks
Starting Today 3/29/2007
I call MS McMillian On 3/29/07.
6verr

003550

4/20/06

Mp. Mc Millian became very
upset after I told her and staff
that Mr. Lee was outside getting
laundry. She asked was Mr. Lee
working? I said yes and then she
began cursing saying "Oh hell no,
yuck no I'm not working, I'll go
to Baptist pick they all know me.
I jokingly said can't we all just
get along? Mp. McMillian asked again
if Mr. Lee was working 10 to 6. I told
her no, he worked 2-10, then she said
Oh because I was not going to work with
him, I then said "well I'm sorry if I
upset you next time I won't say anything

Felica Whitted

003510

On April 24, 2007 called AT Aprox 7:30
Ms. Debra Spann spoke
to Sidney. I left message
with for Ms. Spann to call
me reference Ms McMillian
FMLA. I need to know the
date Ms. Mc Millian was
to return to work. called 1245

Memo on
Weathersby
Harvey

FOR Order to TNG May 07

003549

STATE OF ALABAMA

DEPARTMENT OF YOUTH SERVICES

BOB RILEY
GOVERNOR

POST OFFICE BOX 66
MT. MEIGS, ALABAMA 36057

J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

## MEMORANDUM

**TO:**    Debra Spann
          Personnel Manager

**FROM:**  Sylvesta Lee Sr.
          Counselor I, ITU

**DATE:**  April 24, 2007

**RE:**    FMLA for Ms. Tera McMillian

On March 29, 2007, I (Mr. Lee) was told by Mrs. Janice Lewis, Campus
Administrator, that she received a call from you (Debra Spann) informing
her that one of my staff Ms. Tera McMillian was to be on FMLA (Family
Medical Leave Act) for three weeks. I was totally unaware of this situation
at the time. However, this Medical Leave was to start March 29, 2007 and
ending on April 19, 2007. Staff was scheduled to work, so that all shifts
were covered, due to Ms. McMillian being on authorized Medical Leave.
Ms. Millian failed to report for work April 20-22, 2007.

Please notify me (Mr. Lee) of the date Ms. Millian is to return to work, so
work schedules can be prepared. As a Unit Manger, this information is
vital.

SL:dm

Cc:  Janice Lewis
     Joe N. Pinkard
     James White
     Arnea Linden
     Tim Davis
     G. Wayne Booker
     Jim Kent

003553

```
┌─────────────────────────────────────────┐
│   SAMPLE FORM THAT MAY BE USED FOR A      │
│   COUNSELING, WARNING OR REPRIMAND        │
└─────────────────────────────────────────┘
```

THIS IS A    [ ☒ ]    COUNSELING

           [ ☐ ]    WARNING

           [ ☐ ]    REPRIMAND

Employee Name    _TERA McMillian_

State the facts of the performance or work conduct problem:
_You Failed To Notify Supervisor OR Report To Work April 20, 21, + 22, 2007 (THREE days)._

State what actions have been taken with the employee prior to this step of discipline (include counseling, coaching, and/or any disciplinary step):
_STAFF HAS Received Formal Counseling For Failure To Attend mandatory STAFF meeting in The Past July 26, 2006. STAFF Has Also Received a Letter of warning in The Past For Failure To Attend mandatory Training For STAFF development December 6, 2005._

State how the situation can be resolved based on discussion with employee and input from the employee:
_Informed Ms. McMillian THAT SHE needed a Doctor Extension of medical leave To keep FROM being CHARGED THREE days sick LEAVE without pay._

If a corrective action plan is developed in conjunction with the discipline, include the time frame that is being monitored for change in performance and the follow-up meeting date:
_IF AN EXTENSION of medical leave is provided within The Next FIVE days (weekends & Holidays NOT included) No Further ACTION WILL be Take IF NOT Recommendation For leave without pay will be FORWARD TO PARSA_

Supervisor's Signature: _Shirley Lee Ann_

Employee's Signature: _Refused To STAFF_

Date of Meeting    _5/3/2007_

Employee's signature denotes discussion not necessarily agreement. The employee may add comments which must be attached to this form. The form must be given to the employee with copies to the supervisory file and Personnel Office file in the agency.

003552

MS. McMillian

4/27/06

Worke Late

11:30 PM

MR. Late Retrieved MRs Hammond

22 July 86
McMillian
10:55 Pm
LATE FOR WORK

MS. McMillian

Worke Late

10:46 Pm

10/28/06

10 JAN 2007      10 Pm
Informed ms. McMillian
To fill out leave slip
requesting days that
she needed To Be off

003558

INTENSIVE TREATMENT UNIT

USE OF FORCE REPORT

Student's Name: _____   Date: 8-6-06

Reviewed by: _____   Staff Reporting: Martha Johnson

On the 8-2-06 at 4:15 pm, Ms. McMillin Called the Control Room and ask for Mr. Lee. I told her that Mr. Lee was on leave, that Mr. Chriske was in Charge. She said she would not be to work tonight because she was sick. She said she had been to the Dr. and he gave her a leave. Until Monday 8-7-06. I gave her Mr. Chriske number where he Could be reached.

## SAMPLE FORM THAT MAY BE USED FOR A COUNSELING, WARNING OR REPRIMAND

THIS IS A  ☒ COUNSELING

☐ WARNING

☐ REPRIMAND

Employee Name _McMillian, Terra_

State the facts of the performance or work conduct problem:
_FAILURE TO ATTEND MANDATORY STAFF Meeting ON July 26, 2006 AT 1:00pm IN ITU CONTROL Room. FURTURE ACTIONS of THIS NATURE CAN Result IN A more STRINGENT Consequence of discipline._

State what actions have been taken with the employee prior to this step of discipline (include counseling, coaching, and/or any disciplinary step):
_STAFF WAS given A Letter of WARNING FOR The Same incident IN The PAST._

State how the situation can be resolved based on discussion with employee and input from the employee:

If a corrective action plan is developed in conjunction with the discipline, include the time frame that is being monitored for change in performance and the follow-up meeting date:
_STAFF Says THAT Will come TO STAFF meeting AND ON Time. Time frame. NEXT meeting._

Supervisor's Signature: _Sergeant Lee Jon_

Employee's Signature: _STAFF REFused Signed_

Date of Meeting _8/9/06_

Employee's signature denotes discussion not necessarily agreement. The employee may add comments which must be attached to this form. The form must be given to the employee with copies to the supervisory file and Personnel Office file in the agency.

14

003536

8 Jan 2007

Mr. Weatthersby informs
me (mr. ~~Katz~~) that ms
memillian called to say
that she needed to be
off Friday + Saturday due
to death in her family.
I later called memillian.
In talking to her, she
said that one of her
uncle had died. That
she needed to be off Friday
+ Saturday to attend the
funeral. I told her to
fill-out a leave slip
requesting Fri + Saturday
JPF.

003517

McMillian

LATE FOR STAFF
meeting March 23, 2007
1:55 pm

003548

*Date mailed*

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS

10184141

STATE OF ALABAMA
MONTGOMERY, AL 36130

30197
021  ITUNMM   04/16/07   77406373
TERA A MCMILLIAN
4110 FIZTPATRICK BLVD
APT 1003
MONTGOMERY AL 36116

003561

9/19/07

Spoke to Ms. W. Spann
+ Mrs. Albright in reference
to Ms. McMillian about
her being on FMLA. And
when she is due
to return to work. Ms.
Spann informed me that
according to the paperwork
that she had, Ms McMillian
is to return to work on
October 15, 2007.

S. Alex

003564

STATEMENT

September 15 , 2007

On August 29 , 2007 I (Mr . Lee) entered the unit at approximately 5: 30 PM to Meet with the 3rd shift . Ms . Mcmillian mentioned that her mother needed surgery . Her mother's doctor had someone to cancel and that her mother would have surgery On September 12 , 2007 , September 26 , 2007 . However , Ms . McMillian was scheduled To work on  September 12 , 2007 , and training September 26 , 2007 . I ( Mr . Lee ) told Ms . McMillian to submit a leave request and I would check the work schedule . Ms . McMillian submitted a leave request on September 7 , 2007 . I spoke with Ms . McMillain by phone September 10 , 2007 in reference to her leave request for September 12 , 2007 . Ms . McMillian informed me that was the day of her mother's Surgery . She also informed me that she had already been to training . I (Mr . Lee) told Ms . McMillian that her leave request was approved . I told Ms . McMillan , I Remembered her saying something about being off for her mother's surgery but I Couldn't recall the dates . I (Mr . Lee) worked Ms . McMilllian's shift on September 12, 2007 , 10PM - 6AM . Ms . McMillian called the unit the day of her mother's surgery September 12 , 2007 . The staff on duty ( Ms . Whitted) called me ( Mr . Lee) at home At 7:30 PM . I called  Ms . McMillian once I got to the unit after a surprise dorm search By Mr . White , Ms . Linden , and security . I called Ms . McMillian after completion of The dorm search approximately 10:45 PM . I left a message that I was retuning her Call . Thursday morning September 13 , 2007  around  7:30 AM I again called Ms . McMillian to return her call from the night before . This time I was able to speak With Ms . McMillan . Ms . McMillian told me that she had been in a car accident , And wasn't able to come to work  September 13 , 2007 . She also stated that she had to return to the doctor to find out when she could return to work . Ms . McMillian Also stated that she had an doctor's excute and that  she would call me back Friday September 14 , 2007 . I (Mr . Lee) worked the First Shift  Friday September 14 , 2007 6 AM - 2 PM . Ms . McMillian didn't call . At approximately that evening Ms . McMillian called the unit to say that she wouldn't be in to work that Friday September , 14 , 2007 . Mr . Grammer staff on duty September 14 , 2007 called to inform me that Mr . White had called to inform him that Ms , McMillian called him ( Mr . White ) To say that she had an doctor excute from work for 30 days . I tried to called Ms . McMillian on the morning of September 15 , 2007 , however , there was no answer . Ms . Griner worked a double shift September 14 , 2007 . I (Mr . Lee) worked September 15 , 2007 , 6 AM - 2PM for Ms Griner . I also called Mr . White to inform him .

003565



PLAINTIFF'S
EXHIBIT
9

## CONTACT WITH STAFF

UNIT ___I Tu___

DATE ___20 Jan 2006___

I, ___Sylvesta Lee___, SPOKE WITH MR. OR (MS) ___McMillian Tera___
ON THE ABOVE DATE AND DISCUSSED THE FOLLOWING: ___Insubordination___
"Man you must be Tripping" on 20 Jan 2006 Ms.
McMillian Called me at home from worked around 11pm. She
stated that her mother was sick and disabled at home with her
son. Ms McMillian said that she had to leave work, I (Mr. Lee)
asked Ms. McMillian was her mother sick before she left
home for work. Did her mother had to go to the hospital?
If she did I would need a slip from the hospital emergency
Room. Ms. McMillian Replied "Man you must be Tripping"
as your supervisor I have the right to question your request
to be relieved from duty in which you were scheduled to
perform. I will NOT tolerate your insubordination toward
me as your immediate supervisor.


___Sylvesta Lee Sr___
UNIT MANAGER (SIGNATURE)

___Staff Refused To Sign___       DATE ___30 Jan 2006___
STAFF MEMBER (SIGNATURE)

2/4/06

To Whom it MAY Concern:

On the night of question, Mrs McMillian
And Mr lee had a Small Argument on the
phone concerning A family emergency.
Words were passed, Mrs McMillian Started
to become upset, but she Did gain
Control of herself And proceed with
the conversation I do beleive that
Mrs McMillian of Mr lee did not intend
to disrespect each other And they
Did not.

Javel M. Hammer

003495

On Feb 1, 2006 I (Mr Washington) received a phone call from Ms McMillian about 5pm stating that she would not be able to come to work on the 10-6 shift because her mother was in the hospital. I (Mr Washington) acknowledge Ms McMillian and told her that I would page the unit manager Mr Lee at 6°° pm the unit manager was paged and notified of the situation

Vincent Washington
2-1, 2006

004318

4318

3 Feb 2006

I spoke with Ms. McMillin this morning at work. I asked her how was her mother doing. She responsed that her mother was doing much better. She said the doctors thought that her mother had had another stroke. Her mother's blood pressure was elevated along with her blood count (sugar). I told Ms. Mc-Millin that I could not contact her on the night of 1 Feb 2006 (wed). I (Sgt. Lee) worked the 3rd shift (10pm - 6am). Ms. McMillin called the Unit Control room on 1 Feb 2006 to say that she would not be in for work. (SEE MR. WOSHINGTON Statement). I also told Ms. McMillin that I attempted to call her on the morning of 2 Feb 2006 to find out she would be to work that night. (10pm - 6am 2 Feb 2006 Thursday) but no sucess. I informed Ms McMillin that in the future she needed to leave a phone number where she would be reached if she wasn't coming to work. End of conversation. Ms. McMillin thanked me for my concern.

4/314

9 Feb 2006    Approximately 1:PM

MS. McMillian called-in

motter at Baptist Emergency

Room.

Scheduled to work 10-6

Webster worked in her

place.

Webster was suppose to

be off for holiday, given

from Annual Training on

23 Feb 2006.

003494

Feb. 10, 06

At approx 3:30pm, Ms. McWilliamS
Called the unit to say that she would
not be coming in to work. She asked
me to notify Mr. Lee and let him
know, she also said "If he has any
questions about it, he can call me at
home".

I asked if he had her home number
And she said that he did

Felicia Whitted

STAFF was ~~that the~~ already Scheduled
To Be off For Holiday. Ms. McMillian
Along with all other staff, Are given a copy
off work schedule. All staff are also
Notified If a Holiday Is Taken Back prior
To day of duty. Ms. McMillian called in on
9 Feb 2006, To Say That Her Mother was 004315

11 Feb 2006

Called MS. McMillian approximately
10am from three phone at work.
She wasn't home. I spoke
with her Grandmother and asked
her to have MS. McMillian call
me at work (Control Room). At approximately
11am MS. Griffin came from Central
Room to inform me that I had
a phone call. MS. Griffin stated that
she thought it was MS. McMillian,
she didn't know for sure. I spoke
with MS. McMillian. ~~told~~ She
said that was returning my call.
I asked was she coming to work
tonight. MS McMillian replied that
she was coming to work.

~~call~~ calls ~~of~~ (my voice) recorded

003492

2/16/06

At 4:10pm I Felicia Htrtted answered a call from staff Ms. McMillian, she called stating that she did not feel well and she would not be in to work her scheduled shift.

Mr. Lee was paged shortly after, when he called I informed him of the situation. Mr. Lee said that he would call her and request a doctor's excuse, he them called back to say that he had spoke to Ms. McMillian requesting a doctor's excuse when she returned to work.

Felicia Htrtted

003496

PLAINTIFF'S EXHIBIT
10

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.  Sun.  Mon.  Tue.  Wed.  Thur.  (Fri.)    Date: 12-30-05

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|----|----|----|----|----|----|
| Alexander, Johnson | 6A | 2p | | | 8 | 91 Gv |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 2⁰⁰ | 1000 | | | 8 | 8. y e |
| Hall, Vaness. | 1,⁰⁰ | 2⁰⁰ | | | 8 | V Hall |
| Hammond, Jacob | 10⁰⁰ | 6⁰ʳ | | | 8 | J. Hamm |
| Hood, Elijah | | | 8 | H | | |
| Hughes, Jason | 2⁰⁰ | 11⁰⁰ | | | 9 ³²· | )12 |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 6 AM | 1 PM | .45 | H | 7.15 | MG |
| Lee, Sylvesta (UM) | 8:⁰⁰ AM | 4:³⁰ PM | | | 8.5 | Sylvest Q 8 |
| McMillan, Tera | 11 | 6 | 1 | H | 7 | Tera McMillan |
| Washington, | | | | | | |
| Webster, Greg | MᴱM.lim  1 Hour | | | | | T. Whitteg |
| Whitted, Felic | LATᴇ Foʀ Woʀk | | | | | |
| | Over Sleep    (11PM) | | | | | |

12/30/05

1. Place i[n]
2. Please
3. It is th[e] ............... [au]thorization to work overtime form accompanies this sign-in sheet.

Leave Codes:  A - Annual    S - Sick      C - Comp      H - Holiday    003533
              J - Jury      M - Military  P - Personal

MS. McMillian

4/27/06

Work Late

11:30 PM

MR. Lee Retrieved Mrs. Hammond

22 January 06
McMillian
10:55 PM
Late For Work

MS. McMillian

Work Late

10:46 PM

10/28/06

10 JAN 2007     10PM
Informed MS. McMillian
To fill out leave slip
Requesting days that
she needed to be off

003558



PLAINTIFF'S
EXHIBIT
11

**Form 13**
**Revised (01/2006)**

# EMPLOYEE PERFORMANCE *APPRAISAL*
## STATE OF ALABAMA
### Personnel Department

Employee Name: <u>TERA A MCMILLIAN</u>　　　　Social Security Number: <u>XXX-XX-6111</u>

Agency: <u>021/YOUTH SERVICES</u>　　　　　　　　Division:

Classification: <u>YOUTH SERVICES AIDE</u>　　　　Class Code: <u>60801</u> Position #: <u>04345008</u>

Period Covered From: <u>03/01/2006</u> To: <u>03/01/2007</u>　　Annual Raise Effective: <u>MAY 2007</u>

**APPRAISAL SIGNATURES:** Signatures are to be provided after the form has been completed. Signatures denote supervisor and employee discussion and receipt of form. Employee signature does not denote agreement. All signatures are mandatory.

| Rating Supervisor | Employee | Reviewing Supervisor |
|---|---|---|
| SSN XXX-XX-*7439* | | SSN XXX-XX- |
| *[signature]*<br>Rater Signature | *[signature]*<br>Employee Signature | Reviewer Signature |
| *Sylvesta Lee Sr.*<br>Rater Printed Name | Employee Signature | Reviewer Printed Name |
| *2/12/2007*<br>Date | *02/12/2007*<br>Date | Date |
| Initial if comments attached | Initial if comments attached | Initial if comments attached |

**PERFORMANCE APPRAISAL SCORE:** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score. Mandatory documentation is to be maintained in the agency's personnel files if a "Does Not Meet" or "Consistently Exceeds" rating is given.

$$27 \quad - \quad 0 \quad = \quad 27$$

| Responsibility Score | Disciplinary Score | Performance Appraisal Score |

This employee's work:

| ☐ Does Not Meet Standards (6.6 or below) | ☐ Partially Meets Standards (6.7 – 16.6) | ☐ Meets Standards (16.7 - 26.6) | ☒ Exceeds Standards (26.7 - 36.6) | ☐ Consistently Exceeds Standards (36.7 - 40) |
|---|---|---|---|---|

**WORK HABITS:** Check the appropriate space for each Work Habit area. Work Habits pertain to conduct occurring in this Appraisal period. Provide an explanation below for marking any work habit as "Unsatisfactory." Attach additional sheets if necessary. No disciplinary action has to be taken to mark a Work Habit "Unsatisfactory."

| | Unsatisfactory | Satisfactory | |
|---|---|---|---|
| Attendance | | ✓ | |
| Punctuality | ✓ | | *Late 3 Times* |
| Cooperation with Coworkers | | ✓ | |
| Compliance with Rules | | ✓ | 003539 |

PLAINTIFF'S
EXHIBIT
12

When viewing the table consider the steps a DYS employee follows when arriving to and departing from work.

Step 1: Drive through a security gate where a guard manually enters the time on a log.

Step 2: Find a parking spot and walk to the ITU dormitory.

Step 4: Sign the Daily Time & Attendance Report

Estimated time: 3 minutes

| Name | Gate In | Gate Out | Bates | Dorm In | Dorm Out | Bates | Date |
|------|---------|----------|-------|---------|----------|-------|------|
| Webster G. | 10:10pm | 2:08pm | 002515 | 10pm | 6am | 001079 | 3/2/06 |
| Washington V. | 2:10pm | 10:00pm | 002539 | 2pm | 10pm | 001024 | 3/4/06 |
| Washington V. | 2:02pm | 9:59pm | 002645 | 2pm | 10pm | 001047 | 3/13/06 |
| Hammond J. | 2:05pm | 10:06pm | 002661 | 2pm | 10pm | 001050 | 3/16/06 |
| Webster G. | 10:55pm | 6:07pm | 002670 | 10pm | 2pm | 001050 | 3/16/06 |
| Hammond J. | 10:04pm | -------- | 002676 | 10pm | 2pm | 001051 | 3/17/06 |
| Johnson, M | 2:10pm | 10:05pm | 002690 | 2pm | 10pm | 001012 | 3/18/06 |
| Hammond J. | 2:05pm | 6:03am | 002700 | 2pm | 10pm | 001013 | 3/19/06 |
| Hood E. | 2:00pm | 10:11pm | 002749 | 2pm | 10pm | 001016 | 3/24/06 |
| Washington V. | 2:00pm | 10:07pm | 002766 | 2pm | 10pm | 001017 | 3/25/06 |
| Griner S. | 6:00am | 2:07pm | 002772 | 6am | 2pm | 001018 | 3/26/06 |
| Hall V. | 5:37am | 8:26am | 002796 | 6am | 2pm | 001021 | 3/29/06 |
| Johnson M | 1:50pm | 7:05pm | 002798 | 2pm | 10pm | 001021 | 3/29/06 |
| Hammond J. | 10pm | -------- | 002808 | 10pm | 6am | 001023 | 3/31/06 |
| Hall. V | 5:45am | 11:50am | 002161 | 6am | 2pm | 000997 | 4/1/06 |
| Hammond J. | 10:05pm | 6:05am | 002161 | 10pm | 6am | 000997 | 4/1/06 |
| Hammond J. | 2:00pm | 9:59pm | 002173 | 2pm | 10pm | 000998 | 4/2/06 |
| Johnson M | 2:00pm | 10:05pm | 002175 | 2pm | 10pm | 000998 | 4/2/06 |
| Washington V. | 2:01pm | 8:20pm | 002179 | 2pm | 8pm | 000998 | 4/2/06 |
| Washington V. | 2:00pm | 10:13pm | 002191 | 2pm | 10pm | 001000 | 4/4/06 |
| Washington V. | 2:00pm | 9:55pm | 002203 | 2pm | 10pm | 001001 | 4/5/06 |
| Whitted F. | 1:26pm | 8:10pm | 002204 | 2pm | 10pm | 001001 | 4/5/06 |
| Griner S. | 7:50am | ----- | 002209 | 6am | 2pm | 001002 | 4/6/06 |
| Hammond J. | 2:08pm | 8:05pm | 002245 | 2pm | 10pm | 001005 | 4/9/06 |
| Griner S. | 6:54am | 11:45am | 002245 | 6am | 2pm | 001005 | 4/9/06 |
| Washington V. | 8:00pm | 1:03pm | 002251 | 2pm | 10pm | 001005 | 4/9/06 |
| Griner S. | 6:10am | 2:10pm | 002293 | 6pm | 2pm | 001011 | 4/15/06 |
| Hammond J. | 10:02pm | ----- | 002293 | 10pm | 6am | 001011 | 4/15/06 |
| Hall V. | 5:46am | 1:40pm | 002293 | 6am | 2pm | 001011 | 4/15/06 |
| Hammond J. | 10:59pm | 5:55am | 002305 | 10pm | 6am | 000982 | 4/16/06 |
| Hammond J. | 10:10pm | 5:50am | 002317 | 10pm | 6am | 000983 | 4/17/06 |
| Washington V. | 2:03pm | 10:09pm | 002323 | 2pm | 10pm | 000983 | 4/17/06 |
| Hammond J. | 10:03pm | ------ | 002341 | 10pm | 6am | 000985 | 4/19/06 |
| Hammond J. | ------ | 10:00pm | 002353 | 2pm | 10pm | 000987 | 4/21/06 |
| Hammond J. | 10:03pm | ----- | 002365 | 10pm | 6pm | 000988 | 4/22/06 |
| Washington V. | 2:01pm | 10:06pm | 002383 | 2pm | 10pm | 000989 | 4/23/06 |
| Whitted F. | 1:20pm | 9:11pm | 002384 | 2pm | 10pm | 000989 | 4/23/06 |
| Johnson M | ----- | 9:52pm | 002391 | 2pm | 10pm | 000990 | 4/24/06 |
| Washington V. | 2:00pm | 10:00pm | 002395 | 2pm | 10pm | 000990 | 4/24/06 |
| Webster G. | 10:45pm | 6:16am | 002430 | 10pm | 6am | 000992 | 4/26/06 |
| Webster G. | 9:50pm | 11:40pm | 002342 | 10pm | 6am | 000993 | 4/27/06 |
| Griner S. | 2:10pm | 5:25pm | 002437 | 2pm | 10pm | 000994 | 4/28/06 |
| Hammond J. | 10:00pm | ------ | 002437 | 10pm | 6am | 000994 | 4/28/06 |
| Hammond J. | 10:05pm | 6:00am | 002449 | 10pm | 6am | 000995 | 4/29/06 |

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.   Tue.   Wed.   (Thur.)   Fri.        Date: 3-2-06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 6a | 2p | | | 8 | J. Plud |
| Chriske, Donald | TRAINING | | | | 8 | |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 6:00 | 2:00 | | | 8 | V.Hall |
| Hammond, Jacob | 2:00 | 10:00 | | | 8 | J. Ham |
| Hood, Elijah | 2pm | 8pm | 2.0 | H | 6. | E. Hood |
| Hughes, Jason | | | | | | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 6:00 am | 2:00 pm | | | 8 | Sylvesta Lee |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMil |
| Washington, Vincent | | | | | | |
| Webster, Greg | 10pm | 6am | | | 8 | G. Webb |
| Whitted, Felicia | 8pm | 10pm | | | 8 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday
                   J - Jury   M - Military   P - Personal

001079

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

(Sat.)  Sun.  Mon.  Tue.  Wed.  Thur.  Fri.  Date: 3-4-06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 6:00 | 2:00 | | | 8 | S. J. |
| Hall, Vanessa | 6:00 | 2:00 | | | 8 | V. Hall |
| Hammond, Jacob | | | 8 | H | | |
| Hood, Elijah | 10:00 pm | 6:00 Am | | | 8 | E. Hood |
| Hughes, Jason | | | 8 | H | | |
| Johnson, Martha | 2:00 Pm | 10:00 Pm | | | 8 | M. Johnson |
| Jones, Sammie L. | 6 Am | 2 pm | — | — | 8 | M Jon |
| *Lee, Sylvesta (UM)* | | | | | | |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMullin |
| Washington, Vincent | 2 | 10 | | | 8 | Washington |
| Webster, Greg | | 8 | | | | |
| Whitted, Felicia | 8pm | 8pm | 2 | H | 10 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**  A - Annual    S - Sick    C - Comp    H - Holiday
                  J - Jury    M - Military    P - Personal

001024

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    (Mon.)    Tue.    Wed.    Thur.    Fri.        Date: _3-18-06_

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|------|----------------|-----------|-----------------|-----------|
| Alexander, Johnson | | | 8 | H | | _signature_ |
| Chriske, Donald | 6⁰⁰ | 2⁰⁰ | | | 8 | _signature_ |
| Griner, Syreeta | 8⁰⁰ | 8⁰⁰ | 2 | Sick | 6 | _S.J._ |
| Hall, Vanessa | | | | | | |
| Hammond, Jacob | 10⁰⁰ | 6⁰⁰ | | | 8 | _J. Ham_ |
| Hood, Elijah | | | | | | |
| Hughes, Jason | 2⁰⁰ | 10⁰⁰ | | | 8 | _signature_ |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 6⁰⁰ Am | 2⁰⁰ Pm | | | 8 | _signature_ |
| Lee, Sylvesta (UM) | 6·⁰⁰ AM | 2⁰⁰ Pm | | | 8 | _signature_ |
| McMillian, Tera | | | | | | |
| Washington, Vincent | 2 | 10 | | | 8 | _Washington_ |
| Webster, Greg | 10Pm | 6Am | | | 8 | _signature_ |
| Whitted, Felicia | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

C01047

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    Fri.        Date: 16 Mar 06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 6a | 2p | | | 8 | |
| Chriske, Donald | 6³⁰ | 3 pm | | | 9 | Chriske |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 6⁰⁰ | 2⁰⁰ | | | 8 | |
| Hammond, Jacob | 2 00 | 10 00 | | | 8 | J. Hammond |
| Hood, Elijah | TRAINING | | | | 8 | |
| Hughes, Jason | | | | | | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 8:00 Am | 8:30 Pm | | | 12.5 | |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMill |
| Washington, Vincent | | | | | | |
| Webster, Greg | 10 pm | 6 am | | | 8 | |
| Whitted, Felicia | 2 | 10 | | | 8 | Witted |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.  Place in the Business Office box daily.
2.  Please submit appropriate Leave Slip with this sign-in sheet.
3.  It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

001050

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.  Sun.  Mon.  Tue.  Wed.  Thur.  (Fri.)    Date: 3/17/06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|----------------|-----------|-----------------|-----------|
| Alexander, Johnson | 6a | 2p | | | 8 | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 2 | 8 | (2) | (A) | 6 | S. y |
| Hall, Vanessa | 6 | 2 | | | 8 | |
| Hammond, Jacob | 10⁰⁰ | 6⁰⁰ | | 8 | 8 | Hau |
| Hood, Elijah | | Train. ng | | | 8 | |
| Hughes, Jason | | | | | | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 6am | 2pm | — | — | 8 | M Ques |
| Lee, Sylvesta (UM) | 5:⁰⁰ Am | 10³⁰ Am | | | 5.5 | Sylvesta Lee |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMillin |
| Washington, Vincent | 2 | 10 | | | 8 | Washington |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 2pm | 10pm | | | 8 | F Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**  A - Annual   S - Sick   C - Comp   H - Holiday
                  J - Jury     M - Military   P - Personal

001051

# DAILY TIME & ATTENDANCE REPORT
## ITU

Sat. Sun. Mon. Tue. Wed. Thur. Fri.                    Date 18 MAR 2006

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|---|---|---|---|---|---|---|---|
| Chriske, Donald | | | | | | | |
| Griner, Syreeta | 6⁰⁰ | 2⁰⁰ | | | | 8 | S. J |
| Hall, Vanessa | 6⁰⁰ / 6pm | 10A / 10pm | | | | 8 | V. Hall |
| Hammond, Jacob | 2⁰⁰ | 10⁰⁰ | | | | 8 | J. Hamm |
| Hood, Elijah | | | | 8 | H | | |
| Johnson, Martha | 2pm | 10pm | | | | 8 | M Johnson |
| Jones, Sammie | 6am | 2pm | — | — | — | 8 | Mr Jone |
| McMillian, Tera | 10 | 6 | | | | 8 | Tera McMillia |
| Washington, Vincent | 2 | 10 | | | | 8 | Washington |
| Webster, Gregory | | | | | | | |
| Whitted, Felicia | 10a | 6p | | | | 8 | F. Whitted |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with this sign-in sheet
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:

| | | | |
|---|---|---|---|
| A-Annual | S-Sick | H-Holiday | C-Comp |
| J-Jury | M-Military | P-Personal | B-Blood |

001012

# DAILY TIME & ATTENDANCE REPORT
## ITU

Sat. Sun. Mon. Tue. Wed. Thur. Fri.                    Date _Mar 19-00_

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|----|----|-----|-----------------|------------|---------------|-----------|
| Chriske, Donald | 6:00 | 2:00 | | | | 8 | Chrske |
| Griner, Syreeta | 6:00 | 2:00 | | | | 8 | S. Jine |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | 2:00 | 10:00 | | | | 8 | J. Hamm |
| Hood, Elijah | | | | | | | |
| Johnson, Martha | 2:00pm | 10:00pm | | | | 8 | Martha Johnson |
| Jones, Sammie | | | | 8 | H | | |
| McMillian, Tera | 10 | 6 | | | | 8 | Tera McMili |
| Washington, Vincent | 8am | 8pm | | | | 12 | Washington |
| Webster, Gregory | 10pm | 6am | | | | 8 | |
| Whitted, Felicia | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

1.   Place in the business office box daily.
2.   Please submit appropriate leave slip with this sign-in sheet
3.   It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:

| A-Annual | S-Sick | H-Holiday | C-Comp |
|----------|--------|-----------|--------|
| J-Jury | M-Military | P-Personal | B-Blood |

001013

# DAILY TIME & ATTENDANCE REPORT
## ITU

Sat. Sun. Mon. Tue. Wed. Thur. (Fri.)          Date 3·24·06

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|----|----|-----|-----------------|------------|---------------|-----------|
| Chriske, Donald | | | | | | | |
| Griner, Syreeta | 1230 | 830 | / | / | | 8 | S-J—e |
| Hall, Vanessa | 6:00 | 1:00 pm | | / | H | 7 | V. Hall |
| Hammond, Jacob | 10:00 | 6:00 | | | | 8 | J. Hamm |
| Hood, Elijah | 2 pm | 10 pm DD | | | | 8 | E. Hal |
| Johnson, Martha | | | | | | | |
| Jones, Sammie | | | | 8 | H | | |
| McMillian, Tera | 10 | 6 | | | | 8 | Tera MMn |
| Washington, Vincent | | | | | | | |
| Webster, Gregory | | | | | | | |
| Whitted, Felicia | 2p | 10p | | | | 8 | F. Whitted |
| Alexander, Johnson | 6A | 2p | | | | 8 | J. Aul |
| Lea, Sylvesta | 6:00 | 3 PM | | | | 9 | Sylvest Lea |
| | | | | | | | |

1.    Place in the business office box daily.
2.    Please submit appropriate leave slip with this sign-in sheet
3.    It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes:

|  |  |  |  |
|--|--|--|--|
| A-Annual | S-Sick | H-Holiday | C-Comp |
| J-Jury | M-Military | P-Personal | B-Blood |

C01016

# DAILY TIME & ATTENDANCE REPORT
## ITU

Sat. Sun. Mon. Tue. Wed. Thur. Fri.                    Date 3-25-06

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|----|----|-----|-----------------|------------|---------------|-----------|
| Chriske, Donald | | | | | | | |
| Griner, Syreeta | 600 | 200 | | | | 8 | S-J |
| Hall, Vanessa | | | | | | 8 | V Hall |
| Hammond, Jacob | 10⁰⁰ | 6⁰⁰ | | | | 8 | J Hammn |
| Hood, Elijah | | | | 8 | H | 0 | |
| Johnson, Martha | 2pm | 10pm | | | | 8 | M Johnson |
| Jones, Sammie | 10am | 2am | | — | — | 8 | Mr Jo |
| McMillian, Tera | 10 | 6 | | | | 8 | Tera McMil |
| Washington, Vincent | 2 | 10 | | | | 8 | Washington |
| Webster, Gregory | | | | | | | |
| Whitted, Felicia | | | | 2 | H | 6 | F Whitted |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

1.   Place in the business office box daily.
2.   Please submit appropriate leave slip with this sign-in sheet
3.   It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

001017

Leave Codes:

|  |  |  |  |
|--|--|--|--|
| A-Annual | S-Sick | H-Holiday | C-Comp |
| J-Jury | M-Military | P-Personal | B-Blood |

# DAILY TIME & ATTENDANCE REPORT
## ITU

Sat. Sun. Mon. Tue. Wed. Thur. Fri.                    Date 3-26-06

| Name | In | Out | Off | Leave hrs taken | Leave Code | Total hrs wkr | Signature |
|------|----|----|-----|-----------------|------------|---------------|-----------|
| Chriske, Donald | 6⁰⁰ | 2⁰⁰ | | | | 8 | Chriske |
| Griner, Syreeta | 6⁰⁰ | 2⁰⁰ | | | | 8 | S J |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | 2⁰⁰ | 8⁰⁰ | | | | 8 | J. Hammond |
| Hood, Elijah | | | | | | | |
| Johnson, Martha | 2⁰⁰ Am | 10⁰⁰ Pm | | | | 8 | M. Johnson |
| Jones, Sammie | 6 AM | 2pm | — | — | — | 8 | MJ Jones |
| McMillian, Tera | | | | 8 | H | | |
| Washington, Vincent | 2⁰⁰ | 10 | | | | 8 | Washington |
| Webster, Gregory | 10 PM | 6 | | | | 8 | GJ Webster |
| Whitted, Felicia | | | | | | | |
| Lee, Sylvester | 10 PM | 7 AM | | | | 9 | Sylvester Lee |
| | | | | | | | |
| | | | | | | | |

1.  Place in the business office box daily.

2.  Please submit appropriate leave slip with this sign-in sheet

3.  It is the responsibility of the <u>Unit Manager</u> to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

<u>Leave Codes:</u>

| | | | |
|---|---|---|---|
| A-Annual | S-Sick | H-Holiday | C-Comp |
| J-Jury | M-Military | P-Personal | B-Blood |

001018

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.   Tue.   (Wed.)   Thur.   Fri.        Date: 29 Mar 06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 6A | 2p | | | 8 | 9 Cur |
| Chriske, Donald | 6⁰⁰ | 2⁰⁰ | | | 8 | Chriske |
| Griner, Syreeta | | Training | | | 8 | |
| Hall, Vanessa | 6⁰⁰ | 2⁰⁰ | | | 8 | VLHall |
| Hammond, Jacob | | | | | | |
| Hood, Elijah | | | | | | |
| Johnson, Martha | 2⁰⁰pm | 10⁰⁰pm | | | 8 | M Johnson |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 1:00 PM | 10⁰⁰pm | | | 9 | Sylvesta Lee |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMillian |
| Washington, Vincent | | Training | | | 8 | |
| Webster, Greg | 10pm | 6am | | | 8 | Greg |
| Whitted, Felicia | 2pm | 10⁰⁰pm | | | 8 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.   Place in the Business Office box daily.
2.   Please submit appropriate Leave Slip with this sign-in sheet.
3.   It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday
                    J - Jury   M - Military   P - Personal

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    Fri.    Date: 31 Mar 06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|-----------------|------------|------------------|-----------|
| Alexander, Johnson | 6A | 2p | | | 8 | 91 Aut |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | Training | | | | 8 | S-J |
| Hall, Vanessa | 6:00 | 12:00 | 2 | H | 6 | V Hall |
| Hammond, Jacob | 10:00 | 6:00 | | | 8 | J. Ham |
| Hood, Elijah | 2:00 pm | 10:00 pm | | | 8:0 | E. Hood |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 6An | 2pm | | | 8 | Shvz |
| Lee, Sylvesta (UM) | 2:00 Pm | 8:00 Pm | | | 6 | Sylvesta Lee Sm |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMill |
| Washington, Vincent | TRAINING | | | | 8 | |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 2p | 10p | | | 8 | F Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**     A - Annual     S - Sick     C - Comp     H - Holiday
                     J - Jury     M - Military     P - Personal

001023

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.   Tue.   Wed.   Thur.   Fri.       Date: April 1 2006

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 6 | 2 | | | 8 | Sy____ |
| Hall, Vanessa | 6⁰⁰ | 2 | | | 8 | V. Hood |
| Hammond, Jacob | 10⁰⁰ | 6⁰⁰ | | | 8 | J Ham___ |
| Hood, Elijah | | | 8 | H | | |
| Johnson, Martha | 2Pm | 10⁰⁵pm | | | 8 | M. Johnson |
| Jones, Sammie L. | 6 Am | 2pm | — | — | 8 | M. Jo__ |
| Lee, Sylvesta (UM) | | | | | | |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMil__ |
| Washington, Vincent | 2 | 10 | | | 8 | Washington |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 12mn | 8mn | | | 8 | F.O. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.   Place in the Business Office box daily.
2.   Please submit appropriate Leave Slip with this sign-in sheet.
3.   It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday
                   J - Jury   M - Military   P - Personal

C00097

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.  (Sun.)  Mon.    Tue.    Wed.    Thur.    Fri.        Date: April 2, 2006

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|------|------|------|------|------|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | 6:00 | 2:00 | | | 8 | Chuck |
| Griner, Syreeta | 600 | 200 | | | 8 | S. J—e |
| Hall, Vanessa | | | | | | |
| Hammond, Jacob | 2:00 | 10:00 | | | 8 | J. Ham |
| Hood, Elijah | 10 pm | 6 am | — | — | 8.0 | E Hood |
| Johnson, Martha | 2:00 | 10:00 | | | 8 | M Johnson |
| Jones, Sammie L. | 6 pm | 2 pm | — | — | 8 | m Jon |
| Lee, Sylvesta (UM) | | | | | | |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMill |
| Washington, Vincent | 2 | 8 | 2 | S | 6 | Washington |
| Webster, Greg | | | 8 | M | | |
| Whitted, Felicia | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.  Place in the Business Office box daily.
2.  Please submit appropriate Leave Slip with this sign-in sheet.
3.  It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.   (Tue.)   Wed.   Thur.   Fri.      Date: April 4, 2006

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|-----------------|------------|------------------|-----------|
| Alexander, Johnson | 6a | 2p | | | 8 | 9 1 ach |
| Chriske, Donald | 8³⁰a | 2⁰⁰p | 2.5 | S | 5.5 | chrbo |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | | | 8 | P | | |
| Hammond, Jacob | 9:00 | 9:00 | 2 | H | 6 | J Ham |
| Hood, Elijah | 10 | 6 | | | 8 | E Hood |
| Johnson, Martha | | | 8 | S | | |
| Jones, Sammie L. | 6 Am | 2 pm | — | — | 8 | Mr Jone |
| Lee, Sylvesta (UM) | 6Am 10:30pm | 9Am 10 PM | | | 11.5 | Sylvesta Lee |
| McMillian, Tera | | | | | | |
| Washington, Vincent | 2 | 10 | | | 8 | Washington |
| Webster, Greg | 10p | 6Am | | | 8 | G Webt |
| Whitted, Felicia | 2 | 10 | | | 8 | F Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday
                   J - Jury   M - Military   P - Personal

001000

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    Fri.    Date: April 5, 2006

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|----|----|-----------------|-----------|------------------|-----------|
| Alexander, Johnson | 6a | 2p | | | 8 | 9llw |
| Chriske, Donald | 6:00a | 2:00p | | | 8 | Chriske |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 6:00 | 2:00 | | | 8 | VLHall |
| Hammond, Jacob | | | | | | |
| Hood, Elijah | | | | | | |
| Johnson, Martha | 2:00pm | 10:00pm | | | 8 | Mfson |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 1:00pm | 4:00pm | | | 3 | Sylvesta Lee |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McM |
| Washington, Vincent | 2 | 10 | | | 8 | Wash |
| Webster, Greg | 10pm | 6am | | | 8 | Grytt |
| Whitted, Felicia | 2p | 10p | | | 8 | Felicia Whitte |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. **Place in the Business Office box daily.**
2. **Please submit appropriate Leave Slip with this sign-in sheet.**
3. **It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.**

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

001001

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    Fri.        Date: April 6, 2006

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|----|----|------------------|-----------|------------------|-----------|
| Alexander, Johnson | 6a | 2p | | | 8 | *91 Aw* |
| Chriske, Donald | | | 8 | H | | |
| Griner, Syreeta | 6⁰⁰ | 2⁰⁰ | | | 8 | S. J— |
| Hall, Vanessa | 6⁰⁰ | 12³⁰ | 1½ s | S | 6½ | *Hall* |
| Hammond, Jacob | 12⁰⁰ | 8⁰⁰ | | | 8 | *J Hamm* |
| Hood, Elijah | | | | | | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 2:00 PM | 8:00 PM | | | 6 | *Sylvesta Lee* |
| McMillian, Tera | 10 | 6 | | | 8 | *Tera McMillian* |
| Washington, Vincent | | | | | | |
| Webster, Greg | 10pm | 6Am | | | 8 | |
| Whitted, Felicia | 2pm | 10pm | | | 8 | *F. Whitted* |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

001002

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat. (Sun.) Mon.    Tue.    Wed.    Thur.    Fri.    Date: 7/9/06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|----|----|----|----|----|----|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | 6⁴⁰p | 2⁰⁰p | | | 8 | Chriske |
| Griner, Syreeta | 6⁰⁰ | 2⁰⁰ | | | 8 | S J |
| Hall, Vanessa | | | | | | |
| Hammond, Jacob | 2⁰⁰ | 0⁻⁰⁰ | 2 | H | 6 | J Ham |
| Hood, Elijah | | | | | | |
| Johnson, Martha | 2⁰⁰pm | 10⁰⁰pm | | | 8 | M Johnson |
| Jones, Sammie L. | 6am | 2pm | — | — | 8 | M Jones |
| Lee, Sylvesta (UM) | 12³⁰pm | 3³⁰pm | | | 3 | Sylvesta Lee |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMillian |
| Washington, Vincent | 2 | 10 | | | 8 | Washington |
| Webster, Greg | 10pm | 6am | | | 8 | G Webster |
| Whitted, Felicia | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday    001005
                    J - Jury    M - Military    P - Personal

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.  Sun.  Mon.  Tue.  Wed.  Thur.  Fri.  Date: 4/15/06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 600 | 200 | | | 8 | S J e |
| Hall, Vanessa | 600 | 2 00 | | | 8 | V Hall |
| Hammond, Jacob | 100 | 60 | | | 8 | J Ham |
| Hood, Elijah | 10 00 pm | 6 00 pm | — | — | 8.0 | E Hood |
| Johnson, Martha | 2 00 pm | 10 00 pm | | | 8 | M Johns |
| Jones, Sammie L. | 6 Am | 2 pm | — | — | 8 | M Jo |
| Lee, Sylvesta (UM) | | | | | | |
| McMillian, Tera | | | 8 | H | | |
| Washington, Vincent | 2 | 10 | | | 8 | Wooston |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 2pm | 8pm | 2 | H | 6 | F Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

C01011

**Leave Codes:**  A - Annual  S - Sick  C - Comp  H - Holiday
J - Jury  M - Military  P - Personal

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   (Sun)   Mon.   Tue.   Wed.   Thur.   Fri.   Date: 16 _March 06_

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|------------------|------------|-------------------|-----------|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | 6ᵃ | 2ᵖᶜ | | | 8 | _C. h._ |
| Griner, Syreeta | 6⁰⁰ | 2⁰⁰ | | | 8 | _S. J_ |
| Hall, Vanessa | | | | | | |
| Hammond, Jacob | 10ᵃ | 6:00 | | | 8 | _J Ham_ |
| Hood, Elijah | | | | | | |
| Johnson, Martha | 2:00 pm | 10:00 pm | | | 8 | _M Johnson_ |
| Jones, Sammie L. | 6 am | 2 pm | | | 8 | _Sammie Jones_ |
| Lee, Sylvesta (UM) | 2:00 pm | 9:00 pm | | | 7 | _Sylvesta Lee Sr_ |
| McMillian, Tera | 10 | 6 | | | 8 | _Tera McM._ |
| Washington, Vincent | 2 | 10 | | | 8 | _Washington_ |
| Webster, Greg | | | 8 | S | | |
| Whitted, Felicia | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.   Place in the Business Office box daily.
2.   Please submit appropriate Leave Slip with this sign-in sheet.
3.   It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

000082

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday
                    J - Jury   M - Military   P - Personal

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    (Mon.)    Tue.    Wed.    Thur.    Fri.        Date: 7/17/06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|-----------------|------------|------------------|-----------|
| Alexander, Johnson | 6a | 2p | | | 8 | |
| Chriske, Donald | 6:00 | 2:00 | | | 8 | Chriske |
| Griner, Syreeta | 2:00 | 8:00 | (2) | (A) | 6 | S. J e |
| Hall, Vanessa | | | | | | |
| Hammond, Jacob | 10:00 | 6:00 | | | 8 | J. Ham |
| Hood, Elijah | 10:00 am | 6:00 pm | — | — | 8 | E. Hood |
| Johnson, Martha | 2 pm | 10:00 pm | | | 8 | M Johnson |
| Jones, Sammie L. | 6 pm | 2 pm | — | — | 8 | M Go |
| Lee, Sylvesta (UM) | 9:30 AM | 4:00 pm | | | 6.5 | Sylvia Lee |
| McMillian, Tera | | | | | | |
| Washington, Vincent | 2 | 10 | | | 8 | Washington |
| Webster, Greg | | | 8 | 5 | | |
| Whitted, Felicia | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

C00083

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    (Wed.)    Thur.    Fri.        Date: 19 April 06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|----|----|----|----|----|----|
| Alexander, Johnson | 6a | 2p | | | 8 | J Saus |
| Chriske, Donald | 2 00 | 10 00 p | | | 8 | C Lake |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 6 00 | 2 00 | | | 8 | V Hall |
| Hammond, Jacob | 10 00 | 6 00 | | | 8 | J Ham |
| Hood, Elijah | | | | | | |
| Johnson, Martha | 2 00 pm | 10 00 pm | | | 8 | M Johnson |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 6:00 AM | 2:30 PM | | | 8.5 | Sylvesta L. Lee |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McM |
| Washington, Vincent | | | 8 | A | | |
| Webster, Greg | | | 8 | S | | |
| Whitted, Felicia | 8pm | 10pm | | | 8 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday    000085
                    J - Jury    M - Military    P - Personal

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.      Tue.   Wed.   Thur.   (Fri.)        Date: 4/21/2006

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 6a | 2p | | | 8 | 9/Aawl |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 2:00 | 9:30 | (.30) | (A) | 7.30 | S-J |
| Hall, Vanessa | | | 8 | A | | |
| Hammond, Jacob | 2:00 | 10:00 | | | 8 | J. Hand |
| Hood, Elijah | 10p | 6A | | | 8 | |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 6AM | 2pm | — | — | 8 | M. Jones |
| Lee, Sylvesta (UM) | 6:00 6:Am | 2:30 2:pm | | | 8.5 | Sylvesta Lee |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMillian |
| Washington, Vincent | | | | | | |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 2pm | 10pm | | | 8 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.  Place in the Business Office box daily.
2.  Please submit appropriate Leave Slip with this sign-in sheet.
3.  It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday    000987
                    J - Jury    M - Military    P - Personal

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    Fri.    Date: 4-22-06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 6A | 7p | | | 8 | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 800 | 200 | 2 | A | 6 | S-Y |
| Hall, Vanessa | | | 8 | A | | |
| Hammond, Jacob | 1000 | 600 | | | 8 | J. Ham |
| Hood, Elijah | 200 pm | 1000 pm | — | — | 8.0 | E. Hood |
| Johnson, Martha | 2pm | 10pm | | | 8 | M. Johnson |
| Jones, Sammie L. | 6AM | 2pm | — | — | 8 | M. Jones |
| Lee, Sylvesta (UM) | | | | | | |
| McMillian, Tera | 10 | 6 | | | 8 | Tera Mmll |
| Washington, Vincent | | | 8 | H | | |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 2pm | 10pm | | | 8 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

000988

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
J - Jury    M - Military    P - Personal

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    Mon.    Tue.    Wed.    Thur.    Fri.    Date: _23 apr 06_

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|-----------------|------------|------------------|-----------|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | 6⁰⁰ | 2⁰⁰ | | | 8 | _Chriske_ |
| Griner, Syreeta | 6⁰⁰ | 2⁰⁰ | | | 8 | _S-Griner_ |
| Hall, Vanessa | | | | | | |
| Hammond, Jacob | 10⁰⁰ | 6⁰⁰ | | | 8 | _J. Hamm_ |
| Hood, Elijah | | | | | | |
| Johnson, Martha | 2⁰²pm | 10⁰⁰ pm | | | 8 | _M Johnson_ |
| Jones, Sammie L. | 6 Am | 2 pm | — | — | 8 | _M Jo_ |
| Lee, Sylvesta (UM) | | | | | | |
| McMillian, Tera | 10 | 6 | | | 8 | _Tera McMil_ |
| Washington, Vincent | 2 | 10 | | | 8 | _Washington_ |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 2pm | 10pm | | | 8 | _F. Whitted_ |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.  **Place in the Business Office box daily.**
2.  **Please submit appropriate Leave Slip with this sign-in sheet.**
3.  **It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.**

000989

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
J - Jury    M - Military    P - Personal

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.    Sun.    (Mon.)    Tue.    Wed.    Thur.    Fri.    Date: 7/24/2006

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 6A | 2p | | | 8 | 91 aud |
| Chriske, Donald | | | 8 | H | | |
| Griner, Syreeta | 6:00 | 2:00 | | | 8 | S.J— |
| Hall, Vanessa | | | | | | |
| Hammond, Jacob | 2:00 | 10:00 | | | 8 | J. Han |
| Hood, Elijah | 10:00 pm | 6:00 am | \ | \ | 8.0 | E.M |
| Johnson, Martha | 2:00 pm | 10:00 pm | | | 8 | M Johnson |
| Jones, Sammie L. | 6 Am | 2 pm | — | — | 8 | M Gones |
| Lee, Sylvesta (UM) | 6:00 Am | 3 pm | | | 9 | Sylvesta Lee Sm |
| McMillian, Tera | | | | | | |
| Washington, Vincent | 2:00 pm | 10:00 pm | | | 8 | W. Washington |
| Webster, Greg | 1C pm | 6 am | | | 8 | Webster |
| Whitted, Felicia | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.    Place in the Business Office box daily.
2.    Please submit appropriate Leave Slip with this sign-in sheet.
3.    It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
J - Jury    M - Military    P - Personal

000890

# Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.   Tue.   (Wed.)   Thur.   Fri.      Date: 26 april

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | 6ᴀ | 2p | | S | 8 | J Saw |
| Chriske, Donald | 6⁰⁰ | 11³⁰ | 2.5 | S | | Chrke |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 6⁰⁰ | 2⁰⁰ | | | 8 | Vi Hall |
| Hammond, Jacob | | | | | | |
| Hood, Elijah | | | | | | |
| Johnson, Martha | 10⁰⁰Am-1⁰⁰pm 3pm | Training 10pm | | | 11 | M Johnson |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 6¹⁰⁰Am 6⁻Am | 2:3⁰ 2:pm | | | 8.5 | Sylvia Lee |
| McMillian, Tera | Training 10 | 10⁰⁰+1130m 6 | | | 9.5 | Tera McMilli— |
| Washington, Vincent | 10am 2 | 8am 10 | | | 10 | Washington |
| Webster, Greg | 10am 10pm | 11:30Am 6Am | | | 9.5 | Webster |
| Whitted, Felicia | 10⁰⁰am 2pm | 1130am 10pm | | | 9.5 | F Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.  Place in the Business Office box daily.
2.  Please submit appropriate Leave Slip with this sign-in sheet.
3.  It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**    A - Annual    S - Sick    C - Comp    H - Holiday
                    J - Jury    M - Military    P - Personal

000002

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.  Sun.  Mon.    Tue.  Wed.  (Thur.)  Fri.      Date: 27 Ap. 06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|------|-----|-----|------|------|------|------|
| Alexander, Johnson | 6 A | 2 p | | | 8 | |
| Chriske, Donald | 6⁰⁰ A | 2⁰⁰ p | | | 8 | Chriske |
| Griner, Syreeta | | | | | | |
| Hall, Vanessa | 6⁰⁰ | 2⁰⁰ | | | 8 | V. Hall |
| Hammond, Jacob | 2⁰⁰ | 10⁰⁰ | | | 8 | J Ham |
| Hood, Elijah | 2⁰⁰ pm | 10⁰⁰ pm | — | — | 8.0 | E. Hood |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | | | | | | |
| Lee, Sylvesta (UM) | 6 AM 6⁰⁰ | 4 PM 4⁰⁰ | | | 10 | |
| McMillian, Tera | 1130 | 600 | 1.5 | A | 6.5 | |
| Washington, Vincent | | | | | | |
| Webster, Greg | 10 pm | 6 Am | | | 8 | |
| Whitted, Felicia | 2pm | 10pm | | | 8 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.  Place in the Business Office box daily.
2.  Please submit appropriate Leave Slip with this sign-in sheet.
3.  It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual    S - Sick    C - Comp    H - Holiday
                   J - Jury      M - Military    P - Personal

000883

## Daily Time & Attendance Report
## INTENSIVE TREATMENT UNIT (ITU)

Sat.   Sun.   Mon.   Tue.   Wed.   Thur.   (Fri.)   Date: 4/28/06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | | | 8 | P | | Jlaw |
| Chriske, Donald | 11⁰⁰ | 2⁰⁰ | | | 3 | cluho |
| Griner, Syreeta | 2 | 10 | | | 8 | s.j-e |
| Hall, Vanessa | 6⁰⁰ | 3⁰⁰ | | | 9 | V.Hall |
| Hammond, Jacob | 10⁰⁰ | 6⁰⁰ | | | 8 | J. Ham |
| Hood, Elijah | 2⁰⁰pm | 10⁰⁰pm | \ | \ | 8.0 | E. Hood |
| Johnson, Martha | | | | | | |
| Jones, Sammie L. | 10AM | 2pm | — | — | 8 | M.Jo |
| *Lee, Sylvesta (UM)* | 6:⁰⁰Am | 5 PM | | | 11 | Sylvesta Jn |
| McMillian, Tera | 10 | 6 | | | 8 | Tera McMil |
| Washington, Vincent | | | | | | |
| Webster, Greg | | | | | | |
| Whitted, Felicia | | | 8 | A | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the Business Office box daily.
2. Please submit appropriate Leave Slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday 000994
                   J - Jury   M - Military   P - Personal

Daily Time & Attendance Report
INTENSIVE TREATMENT UNIT (ITU)

Sat. Sun. Mon. Tue. Wed. Thur. Fri.    Date: 4-29-06

| Name | In | Out | Leave Hrs Taken | Leave Code | Total Hrs Worked | Signature |
|---|---|---|---|---|---|---|
| Alexander, Johnson | | | | | | |
| Chriske, Donald | | | | | | |
| Griner, Syreeta | 900 | 200 | (1) | (A) | 7 | S.J—e |
| Hall, Vanessa | 600 | 200 | | | 8 | V.Hall |
| Hammond, Jacob | 1000 | 600 | | | 8 | J.Hamm |
| Hood, Elijah | | | 8 | H | | |
| Johnson, Martha | 2⁰⁰pm | 10⁰⁰pm | | | 8 | M.Johnson |
| Jones, Sammie L. | 10 Am | 2pm | — | — | 8 | Mr. Jones |
| Lee, Sylvesta (UM) | | | | | | |
| McMillian, Tera | 10 | 6²⁵ | | | 8.25 | Tera McMillian |
| Washington, Vincent | 2 | 10 | | | 8 | washington |
| Webster, Greg | | | | | | |
| Whitted, Felicia | 2pm | 10pm | | | 8 | F. Whitted |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1.  Place in the Business Office box daily.
2.  Please submit appropriate Leave Slip with this sign-in sheet.
3.  It is the responsibility of the Unit Manager to make sure that the leave slip/authorization to work overtime form accompanies this sign-in sheet.

000095

**Leave Codes:**   A - Annual   S - Sick   C - Comp   H - Holiday
                   J - Jury   M - Military   P - Personal

3/2/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | |
|---|---|---|---|---|---|---|---|
| Taylor, Harry | | 833p | | | | | |
| Taylor, Sonja | | | | | | | |
| Thaggard, Thomas | 1125A | 785p | | | | | |
| Thomas, Delveeta | 758A | 406p | | | | | |
| Thomas, Juan | | 12.38m | | | | | |
| Thomas, Kelvin | 720A | 300p | | | | | |
| Thompson, Julia | 729A | | | | | | |
| Thompson, Patricia | 739A | 349p | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | 935p | | | | | |
| Tolliver, Estelle | 835A | 726p | | | | | |
| Townsend-Blair, Jessilyn | | | | | | | |
| Trimble, Sharon | | 716A | 1055pm | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | 753A | 1053A | 1145A | 543p | | | |
| Tucker, Phillip | 159p | 943p | | | | | |
| Tyler, James | 733A | 1159A | 1239A | 439p | | | |
| Tyson, Jimmy | | | | | | | |
| Uzochukwu, Stanley | 817A | 409p | | | | | |
| Vaughn, Barbara | | | | | | | |
| Walker, Frank | 1127A | | | | | | |
| Walker, Roosevelt | 746A | 317p | | | | | |
| Washington, Sandra | 744A | 358p | | | | | |
| Washington, Vincent | | | | | | | |
| Webster, Gregory | 268p | 1010p | | | | | |
| Webster, Lawrence | 6:15Am | 1140m | | | | | |
| Wheeler, Monique | | 912A | 754p | | | | |
| Wheeler, Scott | | | | | | | |

Thompson Emon.
Thomas, Eric          415p       1238Am 905A    805p        11:42pm.

3/4/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | |
|---|---|---|---|---|---|---|---|
| Taylor, Harry | 4⁰⁰p | 11⁴²-p | | | | | |
| Taylor, Sonja | | 2⁴pm | | | | | |
| Thaggard, Thomas | | | | | | | |
| Thomas, Delveeta | | | | | | | |
| Thomas, Juan | | 12¹⁴pm | 12⁵⁰pm | 8²⁰/p | | | |
| Thomas, Kelvin | | | | | | | |
| Thompson, Julia | 10⁴⁵p | | | | | | |
| Thompson, Patricia | | | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | | | | | | |
| Tolliver, Estelle | | | | | | | |
| Townsend-Blair, Jessilyn | | | | | | | |
| Trimble, Sharon | | 7⁰⁴Am | 11⁰⁰p | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | 2⁰³pm | 10¹⁰p | | | | | |
| Tyler, James | | | | | | | |
| Tyson, Jimmy | 3⁵⁰p | | | | | | |
| Uzochukwu, Stanley | 8⁰⁴Am | 10¹⁰p | | | | | |
| Vaughn, Barbara | | | | | | | |
| Walker, Frank | | | | | | | |
| Walker, Roosevelt | | | | | | | |
| Washington, Sandra | | | | | | | |
| Washington, Vincent | 2¹⁰pm | 10⁰⁰p | | | | | |
| Webster, Gregory | | | | | | | |
| Webster, Lawrence | 8²⁰Am | 4⁴⁰p | | | | | |
| Wheeler, Monique | | 4¹⁵p | 11⁴⁰ | | | | |
| Wheeler, Scott | | | | | | | |

3/13/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Taylor, Harry | 400P | | | | | | |
| Taylor, Sonja | | | | | | | |
| Thaggard, Thomas | 740Am | 1045A | 110Pm | 525P | | | |
| Thomas, Delveeta | | 340P | | | | | |
| Thomas, Juan | 440P | | | | | | |
| Thomas, Kelvin | 645A | 249P | | | | | |
| Thompson, Julia | 1040p | | | | | | |
| Thompson, Patricia | 77Am | 349P | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | | | | | | |
| Tolliver, Estelle | 8.34A | 519P | | | | | |
| Townsend-Blair, Jessilyn | 8:12A | 500PM | | | | | |
| Trimble, Sharon | 716A | | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | 1105A | 430P | | | | | |
| Tucker, Phillip | 158P | | | | | | |
| Tyler, James | | 554P | | | | | |
| Tyson, Jimmy | | | | | | | |
| Uzochukwu, Stanley | | | | | | | |
| Vaughn, Barbara | 415A | 1245Pm | | | | | |
| Walker, Frank | | 810P | | | | | |
| Walker, Roosevelt | 7.73A | 342P | | | | | |
| Washington, Sandra | 726A | 336P | | | | | |
| Washington, Vincent | 202A | 959P | | | | | |
| Webster, Gregory | 951P | | | | | | |
| Webster, Lawrence | | 938P | | | | | |
| Wheeler, Monique | | 824A | | | | | |
| Wheeler, Scott | | | | | | | |

Thompson—                                   824
                                            P.

3/16/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Gavin, Cleveland | 8:00 Am | 4:36p | | | | | |
| Gay, Rosalyn | 8:08p | | | | | | |
| George, Wilma | 8:00 Am | 2:44p | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | | | | | | | |
| Golden, Barbara | 7:17A | 4:37p | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | 7:15A | 4:15p | | | | | |
| Gray, | | 4:15p | | | | | |
| Grayson, Charles | 2:30p | 11pm | | | | | |
| Green, Johnny | 7:20 Am | 3:37p | | | | | |
| Griffith, Kelley NURSE | 7:02A | 3:07p | | | | | |
| Griner, Syreeta | | | | | | | |
| Gullatte, Maurice | | | | | | | |
| Hails, LaShanda | 11:43p | | | | | | |
| Hall, Vanessa | 5:45A | | | | | | |
| Hammond, Jacob | 2:05p | 10:06p | | | | | |
| Hampton, Kevin | | 6:55p | | | | | |
| Hampton, Pamela | 4:15A | 3:56p | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Hardy, Michael | | | | | | | |
| Harris, A.T | 1:53Pm | 10:25p | | | | | |
| Harris, Bessie | 8:00 Am | 5:15p | | | | | |
| Harris, LaQuanda | | | | | | | |
| Harris, Lela | 5:40A | 1:34Pm | | | | | |
| Harris, Rose | | | | | | | |
| Harris, Sam | | | | | | | |

3/16/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Taylor, Harry | | 12 15 A | | | | | |
| Taylor, Sonja | | | | | | | |
| Thaggard, Thomas | | | | | | | |
| Thomas, Delveeta | 7 35 Am | 3 50 P | | | | | |
| Thomas, Juan | | | | | | | |
| Thomas, Kelvin | 8 14 Am | 2 44 P | | | | | |
| Thompson, Julia | | 6 48 A | | | | | |
| Thompson, Patricia | 7 14 Am | 3 41 P | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | | | | | | |
| Tolliver, Estelle | 8 36 Am | 5 20 P | | | | | |
| Townsend-Blair, Jessilyn | 8 15 A | 5 15 P | | | | | |
| Trimble, Sharon | | 7 30 Am | 10 59 P | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | 7 47 Am | 5 80 P | | | | | |
| Tucker, Phillip | | | | | | | |
| Tyler, James | 6 30 A | 5 55 P | | | | | |
| Tyson, Jimmy | | | | | | | |
| Uzochukwu, Stanley | | | | | | | |
| Vaughn, Barbara | 4 15 A | 12 15 Pm | | | | | |
| Walker, Frank | | 3 30 P | | | | | |
| Walker, Roosevelt | 7 44 Am | 4 00 P | | | | | |
| Washington, Sandra | 7 44 Am | 3 44 P | | | | | |
| Washington, Vincent | | | | | | | |
| Webster, Gregory | | 6 07 A | 10 55 P | | | | |
| Webster, Lawrence | 6 50 A | | | | | | |
| Wheeler, Monique | 3 41 P | | | | | | |
| Wheeler, Scott | | | | | | | |
| THOMPSON | | 7 15 P | | | | | |

3/17/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Gavin, Cleveland | 8²¹am | 349 P | | | | | |
| Gay, Rosalyn | | | | | | | |
| George, Wilma | 745am | 444P | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | 4¹¹ PM | | | | | | |
| Golden, Barbara | 720 am | 340 P. | | | | | |
| Goshay, Darrell | 75⁰am | 1³⁰pm | 251P | 5³⁰ P | | | |
| Grant, Fred | 81⁰Am | 10²² Am | | | | | |
| Gray, | | | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | 72⁴am | 10⁴⁴Am | | | | | |
| Griffith, Kelley | | 3⁰⁹ p | | | | | |
| Griner, Syreeta | 1³⁰pm | 755P | | | | | |
| Gullatte, Maurice | 6⁵⁴Am | 3⁰⁰ p | | | | | |
| Hails, LaShanda | 1143 P | 8³⁵am | | | | | |
| Hall, Vanessa | 5³⁸A | 15⁰pm | | | | | |
| Hammond, Jacob | 10⁰⁴P | | | | | | |
| Hampton, Kevin | | 817.P | | | | | |
| Hampton, Pamela | 8⁴⁵am | 92⁰ Am | 1⁴⁰pm | 418 P | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| ~~Hardy, Michael~~ | | | | | | | |
| Harris, A.T | 21⁰pm | 913 P | | | | | |
| Harris, Bessie | 75⁸am | 12¹⁵pm | 12:55P | 4¹³ P | | | |
| Harris, LaQuanda | | | | | | | |
| Harris, Lela | | | | | | | |
| Harris, Rose | 22⁶pm | 104⁴pm | | | | | |
| Harris, Sam | | | | | | | |
| ✓ Hart | 11.03P | | | | | | |

3/18/06    Ms Victori

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Johnson, Arleshia | 7:59am | 4:10p | | | | | |
| Johnson, Cory | 3:08p | 10:35p | | | | | |
| Johnson, Greta | 6:48am | | | | | | |
| Johnson, Janice | | | | | | | |
| Johnson, John | | | | | | | |
| Johnson, Martha | 2:10pm | 10:05p | | | | | |
| Johnson, Sandy | | 8:05A | | | | | |
| Jones, B. J. (Bernard) | 12:45pm | 3:23p | | | | | |
| Jones, Machea | | | | | | | |
| Jones, Sammie | 5:53 | 2:15pm | | | | | |
| Kelly, Ishmeal | | | | | | | |
| Kelly, Yolanda | | | | | | | |
| Killough, John | | | | | | | |
| King, Wendy | | | | | | | |
| Kirksey, Novita | | | | | | | |
| Knight, Reeser | | 12:07pm 4:09p | | | | | |
| Laughlin, Debra | | | | | | | |
| Lawrence, Kewetta | | | | | | | |
| Ledyard, David | | | | | | | |
| Lee, Stacey | | | | | | | |
| Lee, Sylvester | | | | | | | |
| Lee, Travis | | | | | | | |
| Lewis, Charles | | | | | | | |
| Lewis, Donald | | | | | | | |
| Lewis, Larysa | | | | | | | |
| Lipscomb, John | | | | | | | |
| Lockley, Eugene | 10:38AM | 3:55p | | | | | |
| Lomas, Doris | | 3:50p | | | | | |

Ms
Moses    6:45am  3:32p

3/19/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | | 12²²A | 7.56A | 8¹⁴P | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | 3¹⁰P | 1147p | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | 4¹¹P | 1155p | | | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | 7:3,A | 9:30A | | | | | |
| Gray, | 7:45Am | | | | | | |
| Grayson, Charles | 7:25P | 11:°°pm | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Kelley | | | | | | | |
| Griner, Syreeta | 540A | | | | | | |
| Gullatte, Maurice | 7Am | 2o2P | | | | | |
| Hails, LaShanda | | | | | | | |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | | 6°³A | 2:05P | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Hardy, Michael | | | | | | | |
| Harris, A.T | 7.56Am | 10°⁵P | | | | | |
| Harris, Bessie | | | | | | | |
| Harris, LaQuanda | | | | | | | |
| Harris, Lela | 2:25Pm | | | | | | |
| Harris, Rose | | | | | | | |
| Harris, Sam | | | | | | | |

3/24/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Harris, Veronica | | 1203 A | | 838p | | | |
| Harrison, Roland | 1200A | 9:44 | | | | | |
| Hartzog, Lennie | | 5:23p | | | | | |
| Harvest, Arthur | 1145 P | | | | | | |
| Haughton, Lyle | 120 A | | | | | | |
| Hawkins, Clyde | | | | | | | |
| Hawkins, Sylvie | 733A | | | | | | |
| Headley, Michael | | | | | | | |
| Henderson, Clarence | | 1043p | 404/p | 1053p | | | |
| Henderson, Javez | | 11/6P | 256p | 1110p | | | |
| Henry, Sonja | | | 1058A | | | | |
| Hill, Charles | | 1017p | | | | | |
| Hood, Elijah | 200P | 1011p | | | | | |
| Hooks, Randy | | | | | | | |
| Howard, Labrita | | | | | | | |
| Howard, Robert | | | | | | | |
| Hughes, Jason | | | | | | | |
| Hurry, Saundra | 218P | 1100p | | | | | |
| Hurst, Willie | 646A | 254p | | | | | |
| Hutchinson, Mark | | 122A | | | | | |
| Iverson, Wyman | | | | | | | |
| Jack, Teresa | | 1201A | | | | | |
| Jackson, Calvin | | | | | | | |
| Jackson, Dianna | 1140P | ? | 11pm | | | | |
| Jackson, Joe | 714A | | 600p | 134/p | | | |
| Jackson, Talmor | 1005p | | | | | | |
| James, Percy | | | | | | | |
| Jemison, Raceen | 733A | 326p | | | | | |
| John, Karen | 733A | 336p | | | | | |

HUMPHREY          907A
Hart                    1112p

3/25/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | 10⁴⁸ Am | | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | 4³⁵ p | | | | | | |
| Taylor, Debbie | 6⁰⁷ A | 2¹⁸ pm | | | | | |
| Taylor, Harry | 3 48 p | | | | | | |
| Thaggard, Thomas | | | | | | | |
| Thomas, Delveeta | | | | | | | |
| Thomas, Eric | 3 48 p | 11⁵⁶ p | | | | | |
| Thomas, Juan | 4¹³ p | | | | | | |
| Thomas, Kelvin | | | | | | | |
| Thompson, Julia | 11⁴¹ p | | | | | | |
| Thompson, Patricia | | | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | | | | | | |
| Tolliver, Estelle | | | | | | | |
| Townsend-Blair, Jessilyn | 10:75 A | 10⁵⁵ Am | | | | | |
| Trimble, Sharon | | | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | 2⁰⁰ pm | 10¹¹ p | | | | | |
| Tyler, James | 10⁰⁵ Am | 3 p | | | | | |
| Tyson, Jimmy | 3³⁷ p | | | | | | |
| Uzochukwu, Stanley | 8⁰² Am | 8 37/ p | | | | | |
| Vaughn, Barbara | | | | | | | |
| Walker, Frank | | | | | | | |
| Walker, Roosevelt | | | | | | | |
| Washington, Sandra | | | | | | | |
| Washington, Vincent | 2⁰² pm | 10⁰⁷ P | | | | | |
| | | | | | | | |
| | | | | | | | |

3/26/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | 7⁵²A | 4¹⁵P | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | | 8¹⁵P | | | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | 2⁵⁵p | 10⁰⁵P | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | ,3⁵⁹P | 11⁵⁹p | | | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | | | | | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | 2³²P | | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | 6A | 2:07A | | | | | |
| Gullatte, Maurice | 6:50AM | | | | | | |
| Hails, LaShanda | 12⁰⁵A | 12⁵¹p | | | | | |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | 1:58PM | 8¹⁵P | | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | | 8·47P | | | | | |
| | | | | | | | |

3/29/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | | | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | 1625A | 5 05p | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | 748Am | | 8:08m | 8:33pm | | | |
| George, Wilma | 8:02A | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | 8:45A | | | | | | |
| Golay, Austin | | | | | | | |
| Golden, Barbara | 6 25A | 3:44pm | | | | | |
| Goshay, Darrell | 8:17A | | 3 45p | 5:47pm | | | |
| Grant, Fred | 135A | 225A | 745Am | 406p | | | |
| Gray, Katorie | | 3:35pm | | | | | |
| Grayson, Charles | 2 45p | 11 50p | | | | | |
| Green, Johnny | 10A | | | | | | |
| Griffith, Victoria | 7:14Am | 3 00p | | | | | |
| Griner, Syreeta | 2 25p | 3 13p | | | | | |
| Guilatte, Maurice | | | | | | | |
| Hails, LaShanda | 12 05A | | | | | | |
| Hall, Vanessa | 5 37A | 4.26 A | | | | | |
| Hammond, Jacob | | | | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | 8:A | 4 13p | | | | | |
| Hanna, Johnny | 6 06A | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 8:05pm | 4 06p | | | | | |
| | | | | | | | |
| | | | | | | | |

MASIA                    5A.

3/29/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Jackson, Dianna | 12:50p | | | | | | |
| Jackson, Joe | 6:54p | 11:15pm | 3:24p | | | | |
| Jackson, Talmor | 7:45pm | 3:45pm | | | | | |
| James, Percy | 7:34A | 4:11p | | | | | |
| Jemison, Raceen | | | | | | | |
| John, Karen | | | | | | | |
| Johnson, Arleshia | | 9:06A | | | | | |
| Johnson, Cory (SH) | 3:06p | 11:15p | | | | | |
| Johnson, Greta | 6:45A | 10:15A | | | | | |
| Johnson, Janice | 7:20am | 3:30p | | | | | |
| Johnson, John | | 3:53p | | | | | |
| Johnson, Martha | 1:50PM | 7:05pm | | | | | |
| Johnson, Sandy | | 8:40pm | | | | | |
| Jones, B. J. (Bernard) | | | | | | | |
| Jones, Machea | 7:40am | 4:48p | | | | | |
| Jones, Sammie | | | | | | | |
| Kelly, Ishmeal | | | | | | | |
| Kelly, Yolanda | | | | | | | |
| Killough, John | | | | | | | |
| King, Wendy | | | | | | | |
| Kirksey, Novita | | | | | | | |
| Knight, Reeser | 12:62p | 8:12pm | | | | | |
| Laughlin, Debra | | | | | | | |
| Lawrence, Kewetta | 4:25A | 12:11pm | | | | | |
| Lee, Stacey | 8:13A | 9:62am | 1:10pm | 4:03p | | | |
| Lee, Sylvester | 12:58pm | 10:49pm | | | | | |
| Lee, Travis | | | | | | | |
| Lewis, Charles | | | | | | | |
| Lewis, Donald | 8:11am | | | | | | |

3|31|06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | 1254ᴬ | 932ᴾ | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | 751A | 4²⁸P | | | | | |
| George, Wilma | 736A | 10ⁿ ᴾᴹ | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | 903A | 3⁰³ P | | | | | |
| Golay, Austin | | | | | | | |
| Golden, Barbara   Nurse | 705A | 3³³P | | | | | |
| Goshay, Darrell | 824A | | | | | | |
| Grant, Fred | 736A | 4¹⁴P | | | | | |
| Gray, Katorie   Nurse | 815A | 441ᴾ | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria  -  Nurse | 710A | 310P | | | | | |
| Griner, Syreeta | | | | | | | |
| Gullatte, Maurice | 657A | | | | | | |
| Hails, LaShanda | 1159A | 9⁰¹P | | | | | |
| Hall, Vanessa | 544A | | | | | | |
| Hammond, Jacob | 10⁰⁰P | | | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | 913ᴬᴹ | 3 48 P | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 752A | 835P | | | | | |
| | | | | | | | |
| | | | | | | | |

4/1/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | | | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | 3 14/p | 10 00 p | 6 45 p | | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | 7 23 Am | 3 35 /p | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | | 11:51 Pm | | | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | 12 00 A | | | | | |
| Grant, Fred | 7 44 Am | 8 43 Am | 3 45 p | 5 17 /p | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | 9 15 Am | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | 5 50 Am | 2 15 pm | | | | | |
| Gullatte, Maurice | 6 47 Au | 3 50 p | | | | | |
| Hails, LaShanda | 4 00 p | | | | | | |
| Hall, Vanessa | 5 45 Au | 11 50 Am | | | | | |
| Hammond, Jacob | | 6 05 Am | 10 05 p | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4/2/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | | | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | - | 12:10Am | | 8:11 P | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | 3:15 P | 11:10 p | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | | | | | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | 3:31 P | 5:08 P | | | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | 2:32 P | 11:00 p | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | 5:59Am | 8:16 Pm | | | | | |
| Gullatte, Maurice | 7:10 A | | | | | | |
| Hails, LaShanda | | 12:15 Am | | | | | |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | | 6:30Am | 2 Pm. | 4:59P | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 8:12 A | 8:41 P | | | | | |
| | | | | | | | |

412 06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Jackson, Dianna | 1¹20p | | | | | | |
| Jackson, Joe | | 8:30 Am | | | | | |
| Jackson, Talmor | 12:15Am | | | | | | |
| James, Percy | 8.04A | 420p | | | | | |
| Jemison, Raceen | | | | | | | |
| John, Karen | | | | | | | |
| Johnson, Arieshia | 7.47A | | | | | | |
| Johnson, Cory | | | | | | | |
| Johnson, Greta | | | | | | | |
| Johnson, Janice | | | | | | | |
| Johnson, John | | | | | | | |
| Johnson, Martha | 2 pm | 10⁰⁵p | | | | | |
| Johnson, Sandy | | ~~Db~~ | | | | | |
| Jones, B. J. (Bernard) | | | | | | | |
| Jones, Machea | | | | | | | |
| Jones, Sammie | 6A | 2:15pm | | | | | |
| Kelly, Ishmeal | | | | | | | |
| Kelly, Yolanda | | | | | | | |
| Killough, John | | | | | | | |
| King, Wendy | 8:11A | 4:31 p | | | | | |
| Kirksey, Novita | 250p | 11⁰⁰p | | | | | |
| Knight, Reeser | 647A | 4:10p | | | | | |
| Laughlin, Debra | | | | | | | |
| Lawrence, Kewetta | 4:50Ha | 12:18p | | | | | |
| Lee, Stacey | | | | | | | |
| Lee, Sylvester | | | | | | | |
| Lee, Travis | | | | | | | |
| Lewis, Charles | | 8.10A | 350p | 1:59p | | | |
| Lewis, Donald | | | | | | | |

4/2/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | | | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | | 12:18Am | 3:50p | 11:52p | | | |
| Taylor, Debbie | 8:10a | 4:50 P | | | | | |
| Taylor, Harry | 12:31 Pm | 8:21A | | | | | |
| Thaggard, Thomas | | | | | | | |
| Thomas, Delveeta | | | | | | | |
| Thomas, Eric | | 12:26Am | 4:12p | | | | |
| Thomas, Juan | | 12:50Am | | | | | |
| Thomas, Kelvin | 2:39 P | | | | | | |
| Thompson, Julia | 10:40p | | | | | | |
| Thompson, Patricia | | | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | 3:46 p | | | | | | |
| Tolliver, Estelle | | | | | | | |
| Townsend-Blair, Jessilyn | | | | | | | |
| Trimble, Sharon | | 7:40Am | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | 2 Pm | 10:10 P | | | | | |
| Tyler, James | | | | | | | |
| Tyson, Jimmy | | 12:46Am | 3:59P | | | | |
| Uzochukwu, Stanley | | | | | | | |
| Vaughn, Barbara | 4:58Am | 1:02 Pm | | | | | |
| Walker, Frank | | | | | | | |
| Walker, Roosevelt | | | | | | | |
| Washington, Sandra | | | | | | | |
| Washington, Vincent | 2:01Pm | 8:20p | | | | | |
| | | | | | | | |

6/14/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | 846A | 416p | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | | 1215A | 208P | 6 33p | | | |
| Taylor, Debbie | | | | | | | |
| Taylor, Harry | 1230A | 8 12 Am | | | | | |
| Thaggard, Thomas | 738A | 5 33p | | | | | |
| Thomas, Delveeta | 738A | | | | | | |
| Thomas, Eric | | 1202A | | | | | |
| Thomas, Juan | | | | | | | |
| Thomas, Kelvin | | | | | | | |
| Thompson, Julia | | | | | | | |
| Thompson, Patricia | 735A | 1044A | | 3 43p | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | 901p | | | | | |
| Tolliver, Estelle | 837A | 5 50p | | | | | |
| Townsend-Blair, Jessilyn | 818A | 447p | | | | | |
| Trimble, Sharon | | | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | | 1230A | 155p | | | | |
| Tyler, James | 735A | 5 15p | | | | | |
| Tyson, Jimmy | | 1216A | | 919p | | | |
| Uzochukwu, Stanley | 148A | 1011p | | | | | |
| Vaughn, Barbara | 427A | | 355p | 6 33p | | | |
| Walker, Frank | | | | | | | |
| Walker, Roosevelt | 738A | 3 48p | | | | | |
| Washington, Sandra | 752A | 3 39p | | | | | |
| Washington, Vincent | 700P | 1013p | | | | | |
| THOMPSON | 908A | | | | | | |

4|5|06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | 8:52A | 10:39 | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | | | | | | | |
| Taylor, Debbie | 1:16Pm | 906p | | | | | |
| Taylor, Harry | | | | | | | |
| Thaggard, Thomas | 730A | 656p | | | | | |
| Thomas, Delveeta | 742A | | 343p | 413p | | | |
| Thomas, Eric | | | | | | | |
| Thomas, Juan | | | | | | | |
| Thomas, Kelvin | 730A | 253p | | | | | |
| Thompson, Julia | 7:40A | 858A | 1053p | | | | |
| Thompson, Patricia | 735A | 345p | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | 1:16Pm | 901p | | | | | |
| Tolliver, Estelle | | 534p | | | | | |
| Townsend-Blair, Jessilyn | | | 1:19Pm | 418p | | | |
| Trimble, Sharon | 1050p | | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | 940A | | | | | | |
| Tucker, Phillip | | 12:25 | | | | | |
| Tyler, James | | | | | | | |
| Tyson, Jimmy | | | | | | | |
| Uzochukwu, Stanley | 2:01Pm | 10:15p | | | | | |
| Vaughn, Barbara | 4:15am | 1061Pm | | | | | |
| Walker, Frank | | 413p | | | | | |
| Walker, Roosevelt | 7:44A | 858p | | | | | |
| Washington, Sandra | 7:42A | 310p | | | | | |
| Washington, Vincent | 2pm | 955p | | | | | |
| | | | | | | | |
| Thompson | 7:16A | 418p | | | | | |

4|5|06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Webster, Gregory | | 6:05Am | 9⁴³p | | | | |
| Webster, Lawrence | | | | | | | |
| Wheeler, Monique | 1/30p | | | | | | |
| Wheeler, Scott | | | | | | | |
| White, James | 8:24k | | 3 45p | 4 23p | | | |
| Whitted, Felicia | 1:26P | 8 10p | | | | | |
| Williams, Barbara | | | | | | | |
| Williams, Devylon | | | | | | | |
| Williams, George | 1.55p | | | | | | |
| Williams, Ingria | 4 36p | | | | | | |
| Williams, Michael | | 12:15Am | 6 03p | | | | |
| Wilson, Eric | | | | | | | |
| Wilson, Mason | 1254P | | 3 10p | 11⁰⁴p | | | |
| Wilson, Shadrick | 12:09Am | 233/p | | | | | |
| Wilson, Tonya | | 3 42p | | | | | |
| Womack, Maureen | 734 Am | 354p | | | | | |
| Wood, Bill | 750A | 415p | | | | | |
| Wyatt, Barbara | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4/6/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | 750A | 314p | | | | | |
| Gadson, Carl | 340p | | | | | | |
| Gallacher, Lisa W | 7:16A | 344p | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | 414p | | | | | |
| Gay, Rosalyn | 7.17A | 367p | | 930p | | | |
| George, Wilma | 9:11A | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | 439p | | | | | |
| Golay, Austin | | | | | | | |
| Golden, Barbara | 658A | 355p | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | 123 0p | 467p | | | | | |
| Gray, Katorie | 231Am | 8A | 1.401p | | | | |
| Grayson, Charles | 231Pm. | 400p | | | | | |
| Green, Johnny | 730Am | 334p | | | | | |
| Griffith, Victoria | 740A | 343p | | | | | |
| Griner, Syreeta | 750A | | | | | | |
| Gullatte, Maurice | | | | | | | |
| Hails, LaShanda | | | | | | | |
| Hall, Vanessa | 543A | | | | | | |
| Hammond, Jacob | | 1606p | | | | | |
| Hampton, Kevin | 7.15A | 506p | | | | | |
| Hampton, Pamela | | 423p | | | | | |
| Hanna, Johnny | 622A | 358p | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4/9/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | | 7:55p | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | | 12:00A | 7:56A | 8:10P | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | 3:20P | 11:23p | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | 3:41P | | | | | | |
| Golden, Barbara | 9:30pm | 10:17A | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | | | | | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | 2:30pm | 1:00p | | | | | |
| Green, Johnny | 8:20A | 8:48p | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | 6:54pm | 11:45Pm | | | | | |
| Gullatte, Maurice | 6:56A | 3:00P | | | | | |
| Hails, LaShanda | | | | | | | |
| Hall, Vanessa | | 8:16A | | | | | |
| Hammond, Jacob | | 6:01A | 1:08Pm | 8:05P | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 1:51Pm | 8:41P | | | | | |
| | | | | | | | |
| | | | | | | | |

4/9/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | | | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | 9:05A | 4:32P | | | | | |
| Taylor, Debbie | | 2:10P | | | | | |
| Taylor, Harry | | 9:17A | 3:59P | 12:10 Pm | | | |
| Thaggard, Thomas | | | | | | | |
| Thomas, Delveeta | | | | | | | |
| Thomas, Eric | | 12:10 A | | 12:00 | | | |
| Thomas, Juan | | | 1:17 P | 4:48P | | | |
| Thomas, Kelvin | 8 Am | | | | | | |
| Thompson, Julia | 1:30A | 10:44P | | | | | |
| Thompson, Patricia | | | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | 4:22P | | | | | |
| Tolliver, Estelle | | | | | | | |
| Townsend-Blair, Jessilyn | | | | | | | |
| Trimble, Sharon | 2:34p | 7:35A | 10:59 | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | 8:03Am | 4:21P | | | | | |
| Tyler, James | | | | | | | |
| Tyson, Jimmy | | | | | | | |
| Uzochukwu, Stanley | 1:40P | 10:12P | | | | | |
| Vaughn, Barbara | 4:35A | 1:05Pm | | | | | |
| Walker, Frank | | | | | | | |
| Walker, Roosevelt | | | | | | | |
| Washington, Sandra | | | | | | | |
| Washington, Vincent | 7:00pm | 10:3 P | | | | | |
| | | | | | | | |
| Thomas, Eric | | 3:57P | | | | | |

4/15/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | | 9:30 Am | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | | | | | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | | 12:00 Am | 4:03/p | 11:42p | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | | | | | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | 6:10 Am | 2:00 pm | | | | | |
| Gullatte, Maurice | 6:50 Au | 3:00 p | | | | | |
| Hails, LaShanda | 12:00 Am | 8:00 Am | 3:54/p | | | | |
| Hall, Vanessa | 5:40 Am | 1:40 pm | | | | | |
| Hammond, Jacob | 10:03 p | | | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | | | | | | | |
| Gooden, Arthur | 2:45 pm | 11:00 p | | | | | |

4/16/05

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | 404 P | | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | | | | | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | 8:67A | 4:10 P | | | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | | | | | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | | | | | | | |
| Gullatte, Maurice | 6:44A | | | | | | |
| Hails, LaShanda | | 1147ph | | | | | |
| Hall, Vanessa | 356P | | | | | | |
| Hammond, Jacob | | 555A | 1059P | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 207P | | | | | | |
| | | | | | | | |
| | | | | | | | |

Goole                    254P

4|17|06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | I |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | 3:00 P | | | | | |
| Gadson, Carl | | 12:20 A—11:34 P | | | | | |
| Gallacher, Lisa W | 7:29 A | 3:43 P | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | 7:25 A | 4:39 P | | | | | |
| Gay, Rosalyn | | | | | | | |
| George, Wilma | | 3:31 P | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | 7:51 P | | | | | | |
| Golden, Barbara | 6:51 A | 3:50 P | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | 5:54 A—5:16 A | 9:02 A | 3:50 | | | | |
| Gray, Katorie | 7:42 A | 3:05 P | | | | | |
| Grayson, Charles | 2:30 P | | | | | | |
| Green, Johnny | 7:25 A | 3:25 | | | | | |
| Griffith, Victoria | 7:02 A m | | | | | | |
| Griner, Syreeta | | 8:05 P | | | | | |
| Gullatte, Maurice | 6:50 A | 3 P m | | | | | |
| Hails, LaShanda | 11:50 p | | | | | | |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | | 5:50 A m—10:00 P | | | | | |
| Hampton, Kevin | | 4:41 P | | | | | |
| Hampton, Pamela | 8:05 A m | | | | | | |
| Hanna, Johnny | 6:56 A | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 2:30 P | 10:10 P | | | | | |
| | | | | | | | |
| | | | | | | | |


Goode                    2:50 Pm

4/17/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | 8 47A | 1115A | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | 2:10P | 857P | | | | | |
| Taylor, Debbie | | 721A | | | | | |
| Taylor, Harry | 353P | | | | | | |
| Thaggard, Thomas | 731Am | 1:52Pm | | 5:00P | | | |
| Thomas, Delveeta | 7:52Am | 354P | | | | | |
| Thomas, Eric | — | 1208 | | | | | |
| Thomas, Juan | | 12:15 | 335Pm | | | | |
| Thomas, Kelvin | 7:14A | 3Pm | | | | | |
| Thompson, Julia | 7:05A | | 105PP | | | | |
| Thompson, Patricia | 7:11A | 1125A | 1203P | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | 12:52P | 859P | | | | | |
| Tolliver, Estelle | 7:03A | 9:44 — | 559P | | | | |
| Townsend-Blair, Jessilyn | 9:03A | 9:34A | 1139A | 7:00P | | | |
| Trimble, Sharon | | 749A | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | | | | | | | |
| Tyler, James | 2:10A | 1225P | 123Pm | 431PM | | 4P | |
| Tyson, Jimmy | | 1212A | | 909P | | | |
| Uzochukwu, Stanley | 1255P | | | | | | |
| Vaughn, Barbara | 2:25Am | | | | | | |
| Walker, Frank | 1244P | | 2:37P | 337P | | | |
| Walker, Roosevelt | | | | | | | |
| Washington, Sandra | 7:51A | 331P | | | | | |
| Washington, Vincent | 203P | 10:9P | | | | | |
| | | | | | | | |

Thompson.
Thomas, Eric          325 p
                      405 p

4/19/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | 3⁴⁷p | 4⁰⁵p | | | | | |
| Gallacher, Lisa W | 7:28A | 4⁰⁷P | | | | | |
| Gamble, Edward | 9ꝑꝑHm | 5⁰⁴p | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | 7:38A | 1110A | 12:00P | 4⁵⁵p | | | |
| Gay, Rosalyn | 8:10Am | 8:½ꝑm | | | | | |
| George, Wilma | 7:59AM | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | 6:56A | 4³⁰P | | | | | |
| Golay, Austin | | 12¹⁵A | 4⁰⁶p | | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | 6:52A | 5⁰⁹p | | | | | |
| Grant, Fred | 7:48Am | 4⁰⁵p | | | | | |
| Gray, Katorie | 8:12Am | | | | | | |
| Grayson, Charles | 7:22Pm | 11⁰⁰p | | | | | |
| Green, Johnny | 7:56A | 10:59A | 12:45P | 3²⁶p | | | |
| Griffith, Victoria | 7:15A | 2:33P | | | | | |
| Griner, Syreeta | 9:10Am | | | | | | |
| Gullatte, Maurice | | | | | | | |
| Hails, LaShanda | 12:02P | 7:58p | | | | | |
| Hall, Vanessa | 5:41A | | | | | | |
| Hammond, Jacob | 10²³p | | | | | | |
| Hampton, Kevin | | 4³⁷p | | | | | |
| Hampton, Pamela | 8:16A | 4⁴⁷p | | | | | |
| Hanna, Johnny | 6:48A | 3⁵⁴p | | | | | |
| Hardley, Marvin | ꝑ | | | | | | |
| Harris, A.T | 2:01Pm | 10³⁷p | 11¹⁵p | | | | |
| | | | | | | | |

4/21/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | | 358p | | | | | |
| Gallacher, Lisa W | 733A | 341p | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | 736A | 469p | | | | | |
| Gay, Rosalyn | | | | | | | |
| George, Wilma | 736A | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | 848A | 341p | | | | | |
| Golay, Austin | | | | | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | 1056A | 354p | | | | | |
| Gray, Katorie | 740A | | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | | 931p | | | | | |
| Gullatte, Maurice | 650A | 300p | | | | | |
| Hails, LaShanda | 157P | 901p | | | | | |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | | 1066p | | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | 5.44p | 605p | | | | | |
| Hanna, Johnny | 65°A | 300p | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 203p | 1008p | | | | | |
| HOWARD, T | | 1005p | | | | | |
| DODDE | 249p | 1100p | | | | | |

4/22/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | | | | | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | 11:10Pm | | | | | |
| Gay, Rosalyn | 3 30p | | | | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | 8²⁴Am | 12⁰⁵pm | | 11:50pm | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | 8⁴¹Am | | | | | | |
| Grant, Fred | 7⁴⁵Am | 8³⁰Am | | | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | 8⁰⁶Am | | | | | | |
| Gullatte, Maurice | 6²⁴Am | 3 ⁵⁰p | | | | | |
| Hails, LaShanda | 11:50Pm | | | | | | |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | 10⁰³p | | | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 2⁰⁰pm | 10⁰⁰p | | | | | |
| Carter, Aurther | 3⁴⁵pm | 11⁰⁰p | | | | | |
| Howard | 4⁰³p | | | | | | |

4/23/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | | | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | | | | | | | |
| Taylor, Debbie | 8:40 A | 10:15 p | | | | | |
| Taylor, Harry | 3:35 p | | | | | | |
| Thaggard, Thomas | | | | | | | |
| Thomas, Delveeta | | | | | | | |
| Thomas, Eric | | 12:06 AM | 3:54 p | 1:52 p | | | |
| Thomas, Juan | 4:19 p | | | | | | |
| Thomas, Kelvin | | 1:10 AM | | | | | |
| Thompson, Julia | | 12:25 AM | 10:45 p | | | | |
| Thompson, Patricia | | | | | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | 3:36 p | | | | | | |
| Tolliver, Estelle | | | | | | | |
| Townsend-Blair, Jessilyn | | | | | | | |
| Trimble, Sharon | 11:00 p | | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | | | | | | | |
| Tyler, James | | | | | | | |
| Tyson, Jimmy | 3:32 p | | | | | | |
| Uzochukwu, Stanley | | | | | | | |
| Vaughn, Barbara | 4:38 Am | 12:10 Pm | 4:00 p | 6:00 P | | | |
| Walker, Frank | | | | | | | |
| Walker, Roosevelt | | | | | | | |
| Washington, Sandra | | | | | | | |
| Washington, Vincent | 2:01 Pm | 10:6 p | | | | | |
| | | | | | | | |

4/23/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Webster, Gregory | | | | | | | |
| Webster, Lawrence | 4¹⁰ P | | | | | | |
| Wheeler, Monique | | | | | | | |
| Wheeler, Scott | | | | | | | |
| White, James | | | | | | | |
| Whitted, Felicia | 1:20 Pm | 9¹¹ P | | | | | |
| Williams, Barbara | | | | | | | |
| Williams, Devylon | | | | | | | |
| Williams, George | | | | | | | |
| Williams, Ingria | 8²⁵ A | 4³³ P | | | | | |
| Williams, Michael | 11 5 8 A | 6⁰⁵ P | | | | | |
| Wilson, Eric | | 4¹⁶ P | 1¹⁵⁹ P | | | | |
| Wilson, Mason | 3¹⁴ P | 11¹⁴ P | | | | | |
| Wilson, Shadrick | 4¹⁰ P | | | | | | |
| Wilson, Tonya | 7¹⁸ A | 3¹⁰ P | | | | | |
| Womack, Maureen | | | | | | | |
| Wood, Bill | | | | | | | |
| Wyatt, Barbara | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4/24/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Jackson, Dianna | | | | | | | |
| Jackson, Joe | 6:57A | 2:24P | | | | | |
| Jackson, Talmor | 12:15A | 8:05A | 12:10A | | | | |
| James, Percy | | 12:11ou | 1137A | 1:15A | | | |
| Jemison, Raceen | | | | | | | |
| John, Karen | 8:11A | 3:45P | | | | | |
| Johnson, Arleshia | | | | | | | |
| Johnson, Cory | | 11:40P | | | | | |
| Johnson, Greta | | | | | | | |
| Johnson, Janice | | | | | | | |
| Johnson, John | | | | | | | |
| Johnson, Martha | | 9:53P | | | | | |
| Johnson, Sandy | | 8:20A | 11:53P | | | | |
| Jones, B. J. (Bernard) | | | | | | | |
| Jones, Machea | | | | | | | |
| Jones, Sammie | 5:57A | | | | | | |
| Kelly, Ishmeal | | | | | | | |
| Kelly, Yolanda | | | | | | | |
| Killough, John | | 3:15Pm | | | | | |
| King, Wendy | | | | | | | |
| Kirksey, Novita | 9:47P | | | | | | |
| Knight, Reeser | | 12:19A | | | | | |
| Laughlin, Debra | 7:15A | 3:45P | | | | | |
| Lawrence, Kewetta | 4:3ham | 12:15P | 12:25P | 12:30P | | | |
| Lee, Stacey | | | | | | | |
| Lee, Sylvester | 5:52A | 2:42P | | | | | |
| Lee, Travis | | | | | | | |
| Lewis, Charles | 3:52P | 11:58P | | | | | |
| Lewis, Donald | 2:25P- | 4:38P | | | | | |

4/24/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Struzick, Betty | | | | | | | |
| Sumrall, Raymond | | | | | | | |
| Tartt, Melvin | 2 Pm | 10$^{15}$P | | | | | |
| Taylor, Debbie | | | | | | | |
| Taylor, Harry | | 12$^{11}$A | 3$^{28}$P | 12$^{23}$A | | | |
| Thaggard, Thomas | | | | | | | |
| Thomas, Delveeta | 7.47A | 3$^{50}$P | | | | | |
| Thomas, Eric | 4$^{00}$P | 1$^{05}$P | | | | | |
| Thomas, Juan | | 12$^{21}$A | 4$^{10}$P | 12:15A | | | |
| Thomas, Kelvin | | | | | | | |
| Thompson, Julia | | 6$^{40}$A | | | | | |
| Thompson, Patricia | 7.35A | 10:04A | 11:26A | 3$^{40}$P | | | |
| Tillman, Thomas | | | | | | | |
| Timmons, Eddie | | 8$^{50}$P | | | | | |
| Tolliver, Estelle | | | | | | | |
| Townsend-Blair, Jessilyn | | | | | | | |
| Trimble, Sharon | | 5$^{10}$A | | | | | |
| Trybuch, Edward | | | | | | | |
| Tucker, Liz | | | | | | | |
| Tucker, Phillip | | | | | | | |
| Tyler, James | | | | | | | |
| Tyson, Jimmy | | 8:34A | | | | | |
| Uzochukwu, Stanley | | 10$^{15}$A | | | | | |
| Vaughn, Barbara | 4$^{10}$A | 12:30P | 2:04P | | | | |
| Walker, Frank | | | | | | | |
| Walker, Roosevelt | 7:46Am | 3$^{46}$P | | | | | |
| Washington, Sandra | 2:32A | 3$^{40}$P | | | | | |
| Washington, Vincent | 2 Pm | 10$^{50}$P | | | | | |
| TRAPANI | 4$^{53}$P | 7$^{20}$P | | | | | |

4/26/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Webster, Gregory | | 6⁵⁰A | 1145p | | | | |
| Webster, Lawrence | | | | | | | |
| Wheeler, Monique | 930pm | 1250P | 1126p | | | | |
| Wheeler, Scott | 940A | | | | | | |
| White, James | 835A | 4²¹p | | | | | |
| Whitted, Felicia | 926A | 10⁰⁰p | | | | | |
| Williams, Barbara | | | | | | | |
| Williams, Devylon | | | | | | | |
| Williams, George | | | | | | | |
| Williams, Ingria | 405p | | | | | | |
| Williams, Michael | 1625A | | 740p | | | | |
| Wilson, Eric | 937A | | 1154p | | | | |
| Wilson, Mason | 7.60A | | 3⁰⁰p | 1112p | | | |
| Wilson, Shadrick | 409p | | | | | | |
| Wilson, Tonya | | 910p | | | | | |
| Womack, Maureen | | | | | | | |
| Wood, Bill | 7.50A | 4²⁰p | | | | | |
| Wyatt, Barbara | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4/27/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Webster, Gregory | | 950p | 1140P | | | | |
| Webster, Lawrence | | 6:00A | 648A | | | | |
| Wheeler, Monique | | 6:13A | 1140P | | | | |
| Wheeler, Scott | | | | | | | |
| White, James | | 4:30M | | | | | |
| Whitted, Felicia | 1:35Pm | 1000p | | | | | |
| Williams, Barbara | | | | | | | |
| Williams, Devylon | | | | | | | |
| Williams, George | | | | | | | |
| Williams, Ingria | 405p | | | | | | |
| Williams, Michael | | 12:11A | | | | | |
| Wilson, Eric | | 9:36H | 1:55D | | | | |
| Wilson, Mason | 305p | 12:0Pm | | | | | |
| Wilson, Shadrick | | 12:34A | 403p | | | | |
| Wilson, Tonya | 955A | 746p | | | | | |
| Womack, Maureen | | | | | | | |
| Wood, Bill | 740A | 4:40p | | | | | |
| Wyatt, Barbara | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4/28/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | 7⁵⁴ₐₘ | | | | | | |
| Gadson, Carl | | | | | | | |
| Gallacher, Lisa W | 7²⁵ₐₘ | 3³⁵ₚ | | | | | |
| Gamble, Edward | 7³⁰ₐₘ | 11⁴⁵ₐₘ | 2⁴⁶ₚ | 4³³ₚ | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | 7³¹ₐₘ | 4¹³ₚ | | | | | |
| Gay, Rosalyn | | | | | | | |
| George, Wilma | 7²⁴ₐₘ | 1⁴⁰ₚₘ | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | 9⁵⁰ₐₘ | 10⁵⁷ₐₘ | 11²⁹ₐₘ | 12⁰⁹ₚₘ | 1⁴¹ₚₘ | 3³⁵ₚ | |
| Golay, Austin | 11⁴⁴ₐₘ | 3⁵⁶ (D) | 7¹⁰ₚ | | | | |
| Golden, Barbara | 7⁰⁸ₐₘ | 11²⁰ₐₘ | | 4²⁸ₚ | | | |
| Goshay, Darrell | | 6⁵⁹ₚ | | | | | |
| Grant, Fred | 7¹⁵ₐₘ | 11⁴⁵ₚₘ | | | | | |
| Gray, Katorie | 8¹²ₐₘ | 5²⁷ₚ | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | 7²⁴ₐₘ | 2⁵²ₚ | | | | | |
| Griffith, Victoria | 7³¹ₐₘ | 11²⁰ₐₘ | | 3³⁵ₚ | | | |
| Griner, Syreeta | 2¹⁰ₚₘ | 5²⁵ₚ | 6⁰⁰ₚ | 10¹⁰ₚ | | | |
| Gullatte, Maurice | 6⁵⁷ₐₘ | 3⁰⁰ₚ | | | | | |
| Hails, LaShanda | 4⁰²ₚ | 11⁴⁹ₚₘ | | | | | |
| Hall, Vanessa | | | | | | | |
| Hammond, Jacob | 10⁰⁰ₚ | | | | | | |
| Hampton, Kevin | 8¹⁴ₐₘ | 11³⁵ₐₘ | 1⁵⁰ₚₘ | 7³⁶ₚ | | | |
| Hampton, Pamela | 7⁵⁴ₐₘ | 11¹⁵ₐₘ | 12⁴⁰ₚₘ | 3⁰⁸ₚ | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 3⁰⁸ₚ | 10³⁰ₚ | | | | | |
| GOODE, Arthur | 2⁵³ₚ | 11⁵⁰ₚ | | | | | |

4/29/06

| MT. MEIGS COMPLEX | IN | OUT | IN | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| Fuller, Rachel | | | | | | | |
| Gadson, Carl | 5⁴⁸Am | 9⁵⁰Am | 11:60ᵃ | 10⁰¹P | | | |
| Gallacher, Lisa W | | | | | | | |
| Gamble, Edward | | | | | | | |
| Garrett, Urban | | | | | | | |
| Gavin, Cleveland | | | | | | | |
| Gay, Rosalyn | | | | | | | |
| George, Wilma | | | | | | | |
| Givens, Rakeya | | | | | | | |
| Glenn, Ray | | | | | | | |
| Golay, Austin | | 12⁰⁵ | 2⁴⁴p | 12⁰¹A | | | |
| Golden, Barbara | | | | | | | |
| Goshay, Darrell | | | | | | | |
| Grant, Fred | | | | | | | |
| Gray, Katorie | | | | | | | |
| Grayson, Charles | | | | | | | |
| Green, Johnny | | | | | | | |
| Griffith, Victoria | | | | | | | |
| Griner, Syreeta | 6⁴⁸Au | 2⁰⁰pm | | | | | |
| Gullatte, Maurice | 6⁴⁹CA | 3⁰⁰p | | | | | |
| Hails, LaShanda | 11⁵⁹p | | | | | | |
| Hall, Vanessa | 5⁴⁵Au | 2⁰⁰pm | | | | | |
| Hammond, Jacob | | 6⁴⁴Am | 10⁰⁵p | | | | |
| Hampton, Kevin | | | | | | | |
| Hampton, Pamela | | | | | | | |
| Hanna, Johnny | | | | | | | |
| Hardley, Marvin | | | | | | | |
| Harris, A.T | 2⁰pm | 10³⁰p | | | | | |
| Goode, Arthur | 3⁵⁰p | 11⁰⁰p | | | | | |

**Form 13**                  E.. PLOYEE PERFORMANCE A.PRAISAL                    umber
**Revised (1/1/1999)**              STATE OF ALABAMA                              Steps
                                   Personnel Department

PLAINTIFF'S
EXHIBIT
13

Employee Name: TERA A MCMILLIAN                    Social Security Number:

Agency: 021/YOUTH SERVICES                         Division: Mt Meigs

Classification: YOUTH SERVICES AIDE                Class Code: 60801

Period Covered From: 03/01/2003   To: 03/01/2004   Annual Raise Effective: MAY 2004

---

**APPRAISAL SIGNATURES:** Signatures are to be provided after the form has been completed.

| Rating Supervisor | Employee | Reviewing Supervisor |
|---|---|---|
| SSN 416 - 06 - 0537 | | SSN 422 - 68 - 8032 |
| Michael Hardy | Tera A McMillian | Marvin W Hardley |
| Signature | Signature | Signature |
| 2/9/04 | 02/09/04 | 2/9/04 |
| Date | Date | Date |
| Initial if comments are attached | Initial if comments are attached | Initial if comments are attached |

---

**PERFORMANCE APPRAISAL SCORE:** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score.

$$27 \quad - \quad \emptyset \quad = \quad 27$$

| Responsibility Score | Disciplinary Score | Performance Appraisal Score |

This employee's work:

| ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|
| Does Not Meet Standards (6.6 or below) | Partially Meets Standards (6.7 – 16.6) | Meets Standards (16.7 – 26.6) | Exceeds Standards (26.7 – 36.6) | Consistently Exceeds Standards (36.7 - 40) |

---

**WORK HABITS:** Check the appropriate box for each work habit area. If "Noncompliance" is to be marked, a step of the discipline system (warning, reprimand, suspension) must have been taken with the employee during the appraisal period. See the Disciplinary Actions area on the back of this form for disciplinary documentation.

|  | Compliance | Noncompliance |
|---|---|---|
| Attendance | ☑ | ☐ |
| Punctuality | ☑ | ☐ |
| Cooperation with Coworkers | ☑ | ☐ |
| Compliance with Rules | ☑ | ☐ |

RECEIVED
FEB 1 3 2004
DYS-LEGAL COUNSEL

**Form 13**
**Revised (1/1/1999)**

# EMPLOYEE PERFORMANCE APPRAISAL
## STATE OF ALABAMA
### Personnel Department

Employee Name: TERA A MCMILLIAN

Social Security Number: 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

Agency: 021/YOUTH SERVICES

Division: *Mt. Meigs*

Classification: YOUTH SERVICES AIDE

Class Code: 60801

Period Covered From: 03/01/2004 To: 03/01/2005

Annual Raise Effective: MAY 2005

---

***APPRAISAL SIGNATURES:*** Signatures are to be provided after the form has been completed.

| **Rating Supervisor** | **Employee** | **Reviewing Supervisor** |
|---|---|---|
| SSN 416 06 0537 | | SSN 462 68 8032 |
| Signature | Signature | Signature |
| Date 2/14/05 | Date 02/14/05 | Date 2/14/05 |
| Initial if comments are attached | Initial if comments are attached | Initial if comments are attached |

---

***PERFORMANCE APPRAISAL SCORE:*** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score.

27 - Ø = 27

| Responsibility Score | | Disciplinary Score | | Performance Appraisal Score |
|---|---|---|---|---|

---

This employee's work:

| ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|
| Does Not Meet Standards (6.6 or below) | Partially Meets Standards (6.7 – 16.6) | Meets Standards (16.7 – 26.6) | Exceeds Standards (26.7 – 36.6) | Consistently Exceeds Standards (36.7 – 40) |

---

***WORK HABITS :*** Check the appropriate box for each work habit area. If "Noncompliance" is to be marked, a step of the discipline system (warning, reprimand, suspension) must have been taken with the employee during the appraisal period. See the Disciplinary Actions area on the back of this form for disciplinary documentation.

| | Compliance | Noncompliance |
|---|---|---|
| Attendance | ☑ | ☐ |
| Punctuality | ☑ | ☐ |
| Cooperation with Coworkers | ☑ | ☐ |
| Compliance with Rules | ☑ | ☐ |

000762

**WORK HABITS:** Provide a ✓ in the appropriate space when the policies and procedures concerning the following areas have been discussed with the employee. In particular, the attendance and punctuality policies should be provided to the employee in writing. For instructions, refer to the performance appraisal manual and policies of the agency.

CHECK IF DISCUSSED:

____ ✓   Attendance

____ ✓   Punctuality

____ ✓   Cooperation with Coworkers

____ ✓   Compliance with Rules

---

**PREAPPRAISAL SIGNATURES:** Date of Session: 2/9/04

RECEIVED FEB 13 2004 DYS-LEGAL COUNSEL

Employee Signature: _Shera A. McMillan_

Rater Signature: _Michael Hardy_

Reviewer Signature: _Marvin W. Hardley_

---

## MIDAPPRAISAL

Describe the employee's performance strength(s) as observed during the first half of the appraisal period.

_Mr. McMillian is cooperative and interact positively with staff and students._

Describe area(s) of the employee's performance that need improvement as observed during the first half of the appraisal period.

_Mr. McMillian need to become more familiar with dormitory operation as it relates to ACA files and forms._

Document the action plan that has been discussed to improve the areas of weakness.

_Mr. McMillian will be coached via staff meeting and impromptu meetings. Corrective measures will be taken as needed._

RECEIVED DEC 15 2004 DYS-LEGAL COUNSEL

A midappraisal has been held and performance has been discussed.

Date: _12/12/04_

Employee Signature: _Shera A. McMillan_    Rater Signature: _M. Hardy, MWH_

**Form 13**
**Revised (06/2005)**

**EMPLOYEE PERFORMANCE *APPRAISAL***
**STATE OF ALABAMA**
**Personnel Department**

Employee Name: <u>TERA A MCMILLIAN</u>

Social Security Number: <u>423 -02 -8114</u>

Agency: <u>021/YOUTH SERVICES</u>

Division: M M

Classification: <u>YOUTH SERVICES AIDE</u>

Class Code: <u>60801</u> Position #: <u>04345008</u>

Period Covered From: <u>03/01/2005</u> To: <u>03/01/2006</u>

Annual Raise Effective: <u>MAY 2006</u>

**APPRAISAL SIGNATURES:** Signatures are to be provided after the form has been completed. Signatures denote supervisor and employee discussion and receipt of form. Employee signature does not denote agreement. All signatures are mandatory.

| Rating Supervisor | Employee | Reviewing Supervisor |
|---|---|---|
| SSN 417 - 56 - 7439 | | SSN 416 - 70 - 0728 |
| Sylvester Lee Sr | "Refused to sign" | Phyllis J Pinkam |
| Rater Signature | Employee Signature | Reviewer Signature |
| 2-13-06 | "See attached" | HWD 2-17-06 |
| Date | Date | Date |
| S.C. | | |
| Initial if comments attached | Initial if comments attached | Initial if comments attached |

**PERFORMANCE APPRAISAL SCORE:** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score. Mandatory documentation is to be maintained in the agency's personnel files if a "Does Not Meet" or "Consistently Exceeds" rating is given.

$$\underline{25}\ \text{Responsibility Score}\ -\ \underline{0}\ \text{Disciplinary Score}\ =\ \underline{25}\ \text{Performance Appraisal Score}$$

This employee's work:

| Does Not Meet Standards (6.6 or below) | Partially Meets Standards (6.7 – 16.6) | Meets Standards (16.7 - 26.6) | Exceeds Standards (26.7 - 36.6) | Consistently Exceeds Standards (36.7 - 40) |
|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ |

**WORK HABITS:** Check the appropriate space for each Work Habit area. Work Habits pertain to conduct occurring in this Appraisal period. Provide an explanation below for marking any work habit as "Unsatisfactory." Attach additional sheets if necessary.

|  | **Unsatisfactory** | **Satisfactory** |  |
|---|---|---|---|
| Attendance | | ✓ | |
| Punctuality | | ✓ | |
| Cooperation with Coworkers | | ✓ | |
| Compliance with Rules | ✓ | | 000744 |

**Revised (06/2005)**

**STATE OF ALABAMA**
**Personnel Department**

| | |
|---|---|
| Employee Name: <u>TERA A MCMILLIAN</u> | Social Security Number: <u>423 -02 -8114</u> |
| Agency: <u>021/YOUTH SERVICES</u> | Division: $\Lambda\Lambda\Lambda$ |
| Classification: <u>YOUTH SERVICES AIDE</u> | Class Code: <u>60801</u> Position #: <u>04345008</u> |
| Period Covered From: <u>03/01/2005</u> To: <u>03/01/2006</u> | Annual Raise Effective: <u>MAY 2006</u> |

**APPRAISAL SIGNATURES:** Signatures are to be provided after the form has been completed. Signatures denote supervisor and employee discussion and receipt of form. Employee signature does not denote agreement. All signatures are mandatory.

| Rating Supervisor | Employee | Reviewing Supervisor |
|---|---|---|
| SSN ___ - ___ - ___ | | SSN ___ - ___ - ___ |
| _____ | _____ | _____ |
| Rater Signature | Employee Signature | Reviewer Signature |
| _____ | _____ | _____ |
| Date | Date | Date |
| Initial if comments attached | Initial if comments attached | Initial if comments attached |

**PERFORMANCE APPRAISAL SCORE:** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score. Mandatory documentation is to be maintained in the agency's personnel files if a "Does Not Meet" or "Consistently Exceeds" rating is given.

**25** Responsibility Score  -  **∅** Disciplinary Score  =  **25** Performance Appraisal Score

This employee's work:

| ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|
| Does Not Meet Standards (6.6 or below) | Partially Meets Standards (6.7 – 16.6) | Meets Standards (16.7 - 26.6) | Exceeds Standards (26.7 - 36.6) | Consistently Exceeds Standards (36.7 - 40) |

**WORK HABITS:** Check the appropriate space for each Work Habit area. Work Habits pertain to conduct occurring in this Appraisal period. Provide an explanation below for marking any work habit as "Unsatisfactory." Attach additional sheets if necessary.

| | Unsatisfactory | Satisfactory | |
|---|---|---|---|
| Attendance | ✓ | ___ | _____ |
| Punctuality | ✓ | ___ | _____ |
| Cooperation with Coworkers | ✓ | ___ | _____ |
| Compliance with Rules | ___ | ✓ | _____ |

**WORK HABITS:** Provide a check in the appropriate space when the polices and procedures concerning the following areas have been discussed with the employee. In particular, the attendance and punctuality policies should be provided to the employee in writing. For instructions, refer to the performance appraisal manual and policies of the agency.

CHECK IF DISCUSSED:

_____ ✓ Attendance

_____ ✓ Punctuality

_____ ✓ Cooperation with Coworkers

_____ ✓ Compliance with Rules

**PREAPPRAISAL SIGNATURES:** Date of Session: _2/14/05_

Employee Signature: _Teral A McMill_ 02/19/05

Rater Signature: _Michael O Hard_

Reviewer Signature: _Marvin Hardley_

## MIDAPPRAISAL

Describe the employee's performance strength(s) as observed during the first half of the appraisal period.

_Ms. McMillian's attendance is good._

Describe area(s) of the employee's performance that need improvement as observed during the first half of the appraisal period.

_Ms McMillian hasn't worked in ITU long enough for Unit Manager to observe any areas that need improvement._

Document the action plan that has been discussed to improve the areas of weakness.

A midappraisal has been held and performance has been discussed:

Date: _9/15/05_  Employee Signature: _Teral A. McMillian_  Rater Signature: _____

Form 13
Revised (01/2006)

## EMPLOYEE PERFORMANCE *APPRAISAL*
## STATE OF ALABAMA
### Personnel Department

Employee Name: <u>TERA A MCMILLIAN</u>                     Social Security Number: <u>XXX-XX-8114</u>

Agency: <u>021/YOUTH SERVICES</u>                          Division:

Classification: <u>YOUTH SERVICES AIDE</u>               Class Code: <u>60801</u> Position #: <u>04345008</u>

Period Covered From: <u>03/01/2006</u> To: <u>03/01/2007</u>     Annual Raise Effective: <u>MAY 2007</u>

---

**APPRAISAL SIGNATURES:** Signatures are to be provided after the form has been completed. Signatures denote supervisor and employee discussion and receipt of form. Employee signature does not denote agreement. All signatures are mandatory.

| Rating Supervisor | Employee | Reviewing Supervisor |
|---|---|---|
| SSN XXX-XX-7439 | | SSN XXX-XX-8542 |
| *Sylvester Lee Sr* | *Tere McMillin* | *Jon Plind* |
| Rater Signature | | Reviewer Signature |
| Sylvesta Lee Sr | | Joe N. Pinkard |
| Rater Printed Name | Employee Signature | Reviewer Printed Name |
| 2/12/2007 | 02/12/2007 | 2/12/07 |
| Date | Date | Date |
| | | 2/14/07 |
| Initial if comments attached | Initial if comments attached | Initial if comments attached |

---

**PERFORMANCE APPRAISAL SCORE:** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score. Mandatory documentation is to be maintained in the agency's personnel files if a "Does Not Meet" or "Consistently Exceeds" rating is given.

28 - 0 = 28

| Responsibility Score | Disciplinary Score | Performance Appraisal Score |
|---|---|---|

This employee's work:

| ☐ | ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|---|
| Does Not Meet Standards (6.6 or below) | Partially Meets Standards (6.7 – 16.6) | Meets Standards (16.7 – 26.6) | Exceeds Standards (26.7 – 36.6) | Consistently Exceeds Standards (36.7 – 40) |

---

**WORK HABITS:** Check the appropriate space for each Work Habit area. Work Habits pertain to conduct occurring in this Appraisal period. Provide an explanation below for marking any work habit as "Unsatisfactory." Attach additional sheets if necessary. No disciplinary action has to be taken to mark a Work Habit "Unsatisfactory."

|  | Unsatisfactory | Satisfactory |  |
|---|---|---|---|
| Attendance | | ✓ | |
| Punctuality | ✓ | | LATE 3 Times |
| Cooperation with Coworkers | | ✓ | 000741 |
| Compliance with Rules | | ✓ | |

PLAINTIFF'S
EXHIBIT
14



*State of Alabama*

### Department of Youth Services
### Mt. Meigs Campus

*Post Office Box 66*
*Mt. Meigs, Alabama 36057*
*Telephone: (334) 215-8100*
*Fax # (334) 215-8100, Ext. 233*

**WILLIAM R. SAMUEL, SR.**
**SUPERINTENDENT**

RECEIVED
JAN 19 2000
DYS PERSONNEL

**WALTER WOOD, JR.**
**EXECUTIVE DIRECTOR**

# M E M O R A N D U M

**TO:**   Ms. Debra Spann, Personnel Manager

**THRU:**   Mr. William R. Samuel, Superintendent

**FROM:**   Michael J. Hardy, Counselor I

**DATE:**   January 18, 2000

**RE:**   Sex Discrimination - Creating a Hostile Work Environment

Please consider this memo pursuant to Title VII i.e. Sex discrimination which resulted in intentional emotional distress, sabotage of the dormitory, and family problems. It is the opinion of the writer that your actions have created a hostile work environment. Ms. Portis has acknowledged a personal relationship existed between you and she. It is my belief that this relationship resulted in favorable treatment toward her and your concealing pertinent information vital to my supervision of staff under my direct supervision (not to mention violation of the chain of command). Your action has directly impacted my health, which I feel was malious, contemptuous, compulsive, unprofessional, intentional and libelous. There were no considerations given to the fact that: (1) we are currently short staffed; (2) my schedule was out with three staff on scheduled leave; (3) your transfers resulted in us being another staff short; and (4) in addition, since this time we have had a staff hospitalized, and three staff with immediate family member deaths (aunts).

Again, please consider this memo pursuant to violation of DYS Policy 3.13.2 and Title VII i.e. Sex Discrimination. It is my sincere hope that this memo will not result in retaliation or vindictive behaviors.

11/15/05 mylr

MJH:elc

Cc:   G. Wayne Booker       James D. Tyler       Personnel (2)       Memo File

PLAINTIFF'S
EXHIBIT
1 5

1

```
 1              BEFORE THE

 2           STATE OF ALABAMA

 3       DEPARTMENT OF PERSONNEL

 4         MONTGOMERY, ALABAMA

 5

 6  IN THE MATTER OF:  MICHAEL HARDY

 7              TERMINATION APPEAL

 8

 9

10

11

12

13

14       * * * * * * * * * *

15       TESTIMONY AND PROCEEDINGS, taken before

16  the Honorable Julia J. Weller, Administrative Law

17  Judge, at The Folsom Administration Building, 64

18  North Union Street, Montgomery, Alabama, on

19  Monday, May 8, 2006, and Monday, July 10, 2006,

20  and reported by Laura A. Head, Court Reporter and

21  Commissioner for the State of Alabama at Large.

22       * * * * * * * * * *

23
```

400

```
 1        came to me in the form of these memos and

 2        discussions with Mr. Davis were clearly

 3        retaliatory and created an environment that

 4        was unacceptable and that we could not

 5        tolerate in our facilities.  So we went to

 6        the extra length to call the State Personnel

 7        Board to bring in outside trainers to do a

 8        training session for everybody on campus and

 9        available to remind them about the

10        seriousness of those kinds of issues, and we

11        had a staff person from State Personnel come

12        out and conduct additional training

13        specifically on these issues as they relate

14        to appropriate behavior, appropriate

15        mechanisms for handling issues like this and

16        all of this while, you know, we were doing in

17        addition to the investigation going on.

18   Q.   I believe you also had an Assistant Attorney

19        General from the Attorney General's office

20        come out and participate in that, right?

21   A.   They provided -- I think that's who the

22        Personnel Board actually brought in as the

23        presenter for the training session.
```

406

```
 1     trying to retaliate -- or was trying to get

 2     another shift, and Mr. Staton was assigned to

 3     try to find out if she was, in fact,

 4     employed.  And to my recollection, nobody

 5     could confirm an additional employment or

 6     anything associated with this as a defense.

 7  Q. All right.  Now, let me show you Employee's

 8     Exhibit Number 1 --

 9  A. Okay.

10  Q. -- which is I believe the termination letter,

11     correct?

12  A. Yes, sir.  This is a letter signed by me

13     sent to Michael Hardy dated January the 6th,

14     which is basically the letter confirming that

15     our decision was that his employment be

16     terminated.

17  Q. All right.  And there were two issues

18     essentially in this case.  There was the

19     allegation of sexual harassment, and there

20     was the conduct of Mr. Hardy after that

21     allegation was made.

22  A. Right.

23  Q. What was your -- what was the basis of your
```

1    decision to sign that letter?

2  A.  My decision was based on the recommendations

3    from the staff who gathered the information

4    in the course of an investigation and in the

5    course of a hearing and recommended to me

6    that he be terminated.  I concurred with that

7    decision and primarily for the two reasons

8    that you just enumerated.  One was that we

9    had, in the view of our personnel director, a

10    substantiated sexual abuse issue.  But even

11    more important was this emerging problem with

12    what I believe was an attempt to intimidate

13    this lady and in some way retaliate for this

14    complaint being filed.  That emerged as, even

15    to me, an almost even more serious issue than

16    the initial complaint.  So based on those two

17    issues, I concurred that the employment

18    should be terminated, and this is the letter

19    that does that.

20  Q.  Okay.  You mentioned this recommendation from

21    the staff.  Let's just be clear about what

22    we're talking about.  You've got a

23    recommendation from Deborah Spann, right?

```
 1  A.  I have a confirmation from Deborah Spann that
 2      she believed based on her investigation that
 3      the complaint was substantiated.
 4  Q.  You've got a recommendation from Mr. Davis.
 5  A.  Correct.
 6  Q.  A recommendation from Ms. Calendar.
 7  A.  The hearing officer, yes, sir.
 8  Q.  And this is awkward but, frankly, from me,
 9      right?
10  A.  Yes, sir.
11  Q.  Okay.  Anything else that you can recall?
12  A.  No, sir.  This was a very difficult situation
13      to deal with and was compounded by the issues
14      that came up after the complaint was filed.
15          MR. PERRY:  Okay.  That's all the
16      questions I've got for you.  Mr. Stokes will
17      ask you questions now so if you will answer
18      his questions.
19                  CROSS EXAMINATION
20  BY MR. STOKES:
21  Q.  Mr. Woods --
22          MR. PERRY:  Wood.
23  Q.  Mr. Wood, let me ask you:  You stated that
```

PLAINTIFF'S
EXHIBIT
16

# BEFORE THE STATE PERSONNEL BOARD
## IN THE MATTER OF

MICHAEL HARDY,                          )
                                        )
    Employee, appellant,         )
                                        )
v.                                      ) Case No.: 06-004-JJW
                                        )
ALABAMA DEPARTMENT OF                   )                    000003
YOUTH SERVICES,                         )
                                        )
    Appellee.                    )

## RECOMMENDED ORDER TO THE STATE PERSONNEL BOARD

The undersigned conducted a hearing on May 8, 2006 and June 10, 2006 at the offices of the Alabama State Personnel Department in Montgomery, Alabama. Theron Stokes, Esq. and Monica Arrington, Esq. appeared as counsel on behalf of Michael Hardy (hereinafter "Hardy" or "the Employee"). T. Dudley Perry, Esq. appeared on behalf of the Department of Youth Services (hereinafter "DYS"). Following the hearing, the parties requested permission to file post-trial briefs. Briefs were filed on or about July 25, 2006. The parties also requested a transcript of the proceedings which was provided to the undersigned around April 10, 2007.

DYS introduced seven exhibits numbered 1-7. The Employee introduced 30 exhibits numbered 1-30.[1]

---

[1] Employee's Exhibit 14, which are the private personnel records of another employee, were excluded. Furthermore, the exhibits in this cause contain unredacted confidential and privacy protected information. Accordingly, **all exhibits in this case, both those submitted by**

second job. I now have reason to doubt Ms. McMillian. Specifically, I was recently informed by Ms. Spann that she <u>does</u> have a second job, but stated that it began within the past two months – well after she made her sexual harassment complaint against Mr. Hardy. The existence of a possible motive for fabrication which has come to light since Ms. Spann's investigation thus creates a question whether Ms. Spann's conclusion was correct.

However, that doubt is insufficient to cause me to contradict Ms. Spann or to recommend disciplinary action less than termination. Mr. Hardy clearly attempted to retaliate against Ms. McMillian for filing the complaint against him. Mr. Hardy is, or should be, familiar with the grievance procedure which requires grievances to follow the chain of command, yet he filed this "grievance" with the personnel director. Moreover, the substance of this "grievance" was neither within the scope of the grievance procedure nor within the scope of the anti-discrimination complaint procedure–which requires complaints to be directed to the personnel director. Mr. Hardy is well aware how personally disturbing it is to be investigated by DYS. Witnesses confirmed that Mr. Hardy had discussed this with them prior to Mr. Hardy's retaliatory "grievance" against Ms. McMillian. I find that Mr. Hardy initiated the "grievance" to retaliate against Ms. McMillian. This Agency can no more tolerate retaliation than sexual harassment itself.

Following the pre-dismissal conference, DYS Director, Walter Wood advised Hardy of his termination effective January 6, 2006, in a letter dated the same.[4] The letter explained that Hardy was being terminated for violation of the rules set forth above. Hardy timely appealed his termination to the Alabama State Personnel Board on January 12, 2006. The matter was originally set in March,

---

[4] Employee Ex. 14.

**Violations of DYS Sexual Harassment Policy**    

Based upon the evidence presented, the undersigned was convinced that Hardy had more than a work-related relationship with McMillian and violated the DYS sexual harassment policy. The testimony of Harris also convinced the undersigned that Hardy made comments to McMillian which were inappropriate for the workplace. However, the undersigned was NOT convinced that McMillian was the victim of sexual harassment. While Hardy's conduct as a supervisor was subject to disciplinary action, the undersigned does not believe that Hardy's advances were unwelcome. McMillian's testimony was exaggerated and lacked complete credibility and candor. Clearly, McMillian possessed a host of other personal motivations for her testimony. While McMillian and Hardy had some sort of relationship for some period of time, any relationship between the two involved McMillian's complicity. Nevertheless, that does not excuse Hardy for engaging in what he should have known could have been misconstrued as an inappropriate verbal exchange with a subordinate. Therefore, the undersigned does find that Hardy's verbal conduct supports termination.

Regardless of Hardy's relationship with McMillian, his most egregious offense however, is the manner in which he handled the investigation of

000032

McMillian's EEOC and sexual harassment complaint, as hereinafter discussed.

**Violations of the Grievance Procedure and Disruptive Conduct**

Despite the fact that McMillian's credibility has questionable merit, equally or more serious than the sexual harassment charge is the disruptive conduct, potential retaliation, and Hardy's violation of the grievance procedure. Employees must be allowed the freedom to have civil rights actions investigated, even if questionable, without the fear of retaliation. If McMillian's allegations proved to be meritless, the inquiry ends there.

In the present action, Hardy admitted he provided training on the sexual harassment policy on numerous occasions. He also admitted to instructing his employees on the proper procedure to follow when filing claims. McMillian followed the procedures as she had been trained to do.

Flying in the face of this policy, Hardy also admitted to filing a "grievance" against her for following the very procedure he trained her to follow. As a supervisor, he knew better than to conduct himself in such a harassing fashion. He knew he was not following policy, nor was he following the chain of command as proscribed in DYS Grievance Procedure 3.13.1 Since McMillian had filed a claim with the Personnel Manager, Debra Spann, Hardy in turn filed his "grievance" with Debra Spann. This type of threatening behavior, in and of itself, merited

dismissal and was uncharacteristic of a supervisor with his training, background and experience. Such conduct is clearly disruptive and in violation of the <u>Rules of the State Personnel Board</u> 670-X-19-.01(1g)- (disruptive conduct), the <u>Rules of the State Personnel Board</u> 670-X-19-.01(2e)- (use of abusive or threatening language) and/or violation of the <u>Rules of the State Personnel Board</u> 670-X-19-.01(2j)-(serious violation of any other Department Rule). Further, such conduct could also be potentially perceived as retaliatory. This one violation alone, was sufficient to warrant Hardy's dismissal.

Since the above-referenced rules are sufficient to warrant dismissal in this cause, the issue of whether the conduct actually reaches the level of retaliation is moot and shall not be addressed in this forum.

Accordingly, the undersigned finds the totality of the evidence warrants dismissal in this cause. Therefore, the undersigned recommends to the State Personnel Board that the dismissal be UPHELD

Done, this the 1st day of August, 2007.

JULIA JORDAN WELLER
Administrative Law Judge
State of Alabama Personnel Department
64 North Union Street
Montgomery, Alabama 36130
(334) 242-3451
(334) 353-4481

Page 31 of 32

STATE OF ALABAMA

DEPARTMENT OF YOUTH SERVICES

PLAINTIFF'S
EXHIBIT
17

**BOB RILEY**
GOVERNOR

POST OFFICE BOX 66
MT. MEIGS, ALABAMA 36057
November 4, 2005

**J. WALTER WOOD, JR.**
EXECUTIVE DIRECTOR

Mr. Michael Hardy
2900 Marti Lane
Montgomery, AL 36116

Dear Mr. Hardy:

I have received a recommendation that disciplinary action be taken regarding your employment as a Youth Services Counselor I. The recommendation reveals the following alleged inappropriate conduct and work performance as the reason for the recommendation:

Violation of the Rules of the State Personnel Board (670-X-19-.01 (1g) - disruptive conduct) and/or violation of the Rules of the State Personnel Board (670-X-19-.01 (2 e) - use of abusive or threatening language) and/or violation of the Rules of the State Personnel Board (670-X-19-.01 (2 j) - serious violation of any other department rule), and/or violation of DYS Policy (3.13.2 - Prohibition of Sexual Harassment): Specifically, you were alleged to have made sexual advances and/or to have created a hostile working environment for a subordinate employee, Tera McMillian, who filed a harassment complaint against you. In response to Ms. McMillian's harassment complaint you are alleged to have attempted, among other things, to cause an investigation against her for her having filed a complaint against you.

Based on the investigation of the complaint against you, the recommendation I have received, a review of your personnel file and a review of your past work history, it is my judgment that a hearing be held to determine whether disciplinary action is warranted.

A hearing will be conducted on Thursday, November 10, 2005, at 10:00 a.m., in the Conference Room at the Central Office on the Mt. Meigs Campus in Montgomery. The hearing will be conducted by either myself or my designee. At the hearing, you may present verbal and written information, produce witnesses and be represented by counsel if you choose. I will review the information presented and notify you of my decision regarding any possible disciplinary action. I consider your attendance to be mandatory, but if you do not attend, I will be forced to make my decision based on the information available to me.

Because this matter involves allegations of violation of the sexual harassment policy and anti-retaliation provisions of the law, I instruct you not to discuss this matter with the complaining party or any DYS Staff, nor to take any action which could in any way affect Ms. McMillian.

Sincerely,

J. Walter Wood, Jr.
Executive Director

JWW/dls

c: Mr. Tim Davis
   Mr. Wayne Booker
   Ms. Janice Coles
   Mr. T. Dudley Perry, Jr.

000338

BEFORE THE ALABAMA STATE PERSONNEL DEPARTMENT

PLAINTIFF'S
EXHIBIT
_18_

|                    |     |                            |
|--------------------|-----|----------------------------|
| In the matter of   | )   |                            |
|                    | )   |                            |
| MICHAEL HARDY      | )   | Termination Appeal Hearing |
|                    | )   |                            |
|                    | )   |                            |

## STATEMENT OF THE FACTS

The Employee was dismissed effective the close of business, January 6, 2006, as a result of his disruptive conduct; use of abusive or threatening language; serious violation of any other department rule and violation of Department Policy 3.13.2 - prohibition of sexual harassment. Specifically, he was alleged to have made sexual advances and/or to have created a hostile working environment for a subordinate employee, who filed a harassment complaint against him and the Department concluded that the allegation was founded. In response to the harassment complaint the Employee alleged to have attempted, among other things, to cause an investigation against the subordinate for her having filed a complaint against him.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

T. Dudley Perry, Jr. (PER-034)
Deputy Attorney General

ADDRESS OF COUNSEL:

Alabama Department Youth Services
Post Office Box 66
Mt. Meigs, Alabama 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872

004960



PLAINTIFF'S
EXHIBIT
19



*State of Alabama*
*Department of Youth Services*
*Mt. Meigs Complex*
*Post Office Box 66*
*Mt. Meigs, Alabama 36057*

**BOB RILEY**
**GOVERNOR**

J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

**MEMORANDUM**



RECEIVED
JUL 15 2005
EXECUTIVE DIRECTOR'S OFFICE

**TO:**     Debra Spann
            Personnel Manager

**FROM:**   Michael J. Hardy  *mJH*
            Counselor I, Paige Hall

**DATE:**   July 14, 2005

**RE:**     Filing of a grievance

Please consider this memo pursuant to DYS policy 3.13.1 .i.e. filing of a grievance.  Ms. Tera McMillian, a former Paige Hall Staff, has continued to make unsubstanted derogatory statement referencing the writer. Additionally, she has encouraged past and present employees (Some of which have been disciplined by the writer) to interfere with an ongoing investigation and file false claims.

Due to the fact that this investigation is ongoing, I am filing this claim with your office for assignment to proper authority.

MJH/dm

cc:    J. Walter Wood
       Tim Davis
       G. Wayne Booker
       Janice Coles

004117

Date:   June 21, 2005

To:     Whom It May Concern

From:   Paige Hall Staff

RE:     Information Memo


We, the Staff of Paige Hall, submit this letter on behalf of our Unit Manager, Michael J. Hardy.  We recently learned that he may be or is under investigation for some form of harassment.  Mr. Hardy has always been professional, showing concern for staff and students, following and teaching policy and procedures with the highest degree of professionalism and integrity.

We, the staff, have always viewed him as an officer and  gentlemen putting the needs of others above his own.  A personal attack on his character is an attack on everyone's character who knows him.

We look forward to meeting with any concerned parties.

004559

EXHIBIT
3

Date:    June 21, 2005

To:      Whom It May Concern

From:   Mr. Arthur Harvest, YSA

         Mr. Jonathon Ellis, YSA

RE:      Information Memo


    Please consider this memo our given insight on an alleged investigation referencing our Unit Manager, Mr. Michael J. Hardy.  Our memo is to inform all concerned parties that Ms. Tera McMillian, a co-worker, frequently told us that she was going to get out of Paige Hall and get Mr. Hardy for changing her schedule and interfering with her other job. She had been saying this for about a month.

    Please contact us for additional information.


004560



EXHIBIT
4

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

PLAINTIFF'S EXHIBIT 20

AGENCY | CHARGE NUMBER
FEPA
x EEOC ____ 01336

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Tera A. McMillan | 334-284-9559 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 312 Adler Drive | Montgomery, AL 36116 | 01/12/1973 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Alabama Department of Youth Services | Over 100 | (334) 215-3812 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Po.Box 66 | Mount Meigs, AL 36057 | Montgomery |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

RACE    COLOR    x SEX    RELIGION    AGE
x RETALIATION    NATIONAL ORIGIN    DISABILITY    OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE EARLIEST
May 2003

x CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. My name is Tara A. McMillan and this charge relates back to my earlier filed charge no.: 130 2005 05479 wherein I alleged sex discrimination and retaliation. I filed the prior charge on July 12, 2005.

2. Beginning in September of 2005, I have been subjected to retaliation in the form of abusive language, unfair scheduling, and have been written up unfairly for not attending a staff meeting on or about November 29, 2005. I was written up even after I expressed to the personal manager before the meeting that attending such had made me physically ill on a prior occasion and caused me to experience an emotional disturbance due to the fact those in attendance were either friends of the individual who I accused of sexually harassing me or people who have harassed and made disparaging comments about me.

3. Upon information and belief, I have been retaliated against for opposing sexual discrimination and sexual harassment.

RECEIVED
EEOC

DEC ___ 2005

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 12/11/05          Tera A. McMillan | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date          Charging Party (Signature) | |

EEOC FORM 5 (10/94)

State of Alabama

PLAINTIFF'S
EXHIBIT
21

# DEPARTMENT OF YOUTH SERVICES

BOB RILEY
GOVERNOR

EXECUTIVE DIRECTOR

Post Office Box 66
Mt. Meigs, Alabama 36057

INVESTIGATIVE SUMMARY
(PERSONNEL)



March 31, 2006

RECEIVED
MAR 3 1 2006
DYS-LEGAL COUNSEL

**TO:** T. Dudley Perry, Jr.
Deputy Attorney General

**From:** Alan Staton
Special Investigator

**Case Number:** EEOC 130-2006-01336

**Incident:** Alleged Discrimination Based on Sex and Retaliation

**Victim:** Tera A. McMillian, Youth Service Aide, ITU, Mt. Meigs Complex

**Subjects:** Department of Youth Services
Sylvesta Lee, Unit Manager, ITU, Mt. Meigs Complex

**Witnesses:** Veronica Harris, Youth Service Aide, Harris Hall, Mt. Meigs
Elijah Hood, Youth Service Aide, ITU, Mt. Meigs Complex
Jacob Hammond, Youth Service Aide, ITU, Mt. Meigs Complex
Phyllis Rankins, Youth Service Specialist, Mt. Meigs Complex
Gregory Webster, Youth Services Aide, ITU, Mt. Meigs Complex

**Location of Incident:** ITU, Mt. Meigs Complex

**Date of Incident:** September 2005 through December 11, 2005

**Summary:** On February 24, 2006, J. Walter Wood, Jr., Executive Director, requested an official investigation be conducted into allegations of discrimination based on sex and retaliation reported by McMillian against Department of Youth Services. I conducted a review of the related reports and conducted taped interviews with the following personnel.

**Person interviewed:** Tera A. McMillian
**Date and Time of Interview:** February 16, 2006, 2:06 p.m.
McMillian confirmed her EEOC #130-2006-011336 (Tab 1). The following is a summary of McMillian's explanation of her complaint: (1) The other staff were treating her rude i.e., Vanessa Hall told her she could leave now or did she need Webster to escort

C04118

her out. Hood told her that the staff was talking about her, saying she was a freak and a whore. The other staff will not sit next to her during staff meetings. (2) Lee does not treat her or talk to her the same as other staff. Felicia Whitted came back to ITU and Lee changed her days off so Whitted could have them. Lee wrote her up for insubordination. Lee wrote her up for not going to ACA mandatory training but she had already gone. Lee gives other staff three days off in a row but does not allow her to have three days off in a row. McMillian requested that I get Lee's taped conversations with her and to talk with Hammond, Hood and Webster. For complete interview refer to transcription from taped interview (Tab 1).

**Person interviewed:** Elijah Hood
**Date and Time of Interview:** March 15, 2006, 8:15 a.m.
When asked if he had informed McMillian that everyone was talking about her, saying she was a freak and a whore he stated no, that he had told her staff was talking about her situation prior to her arriving. When asked if Lee or the other staff treats McMillian differently he stated he has never seen Lee or other staff treat her any differently. For complete interview refer to transcription from taped interview (Tab 2).

**Person interviewed:** Jacob Hammond
**Date and Time of Interview:** March 13, 2006, 5:39 a.m.
When asked if Lee or the other staff treats McMillian differently he stated he has never seen Lee or other staff treat her any different than anyone else. For complete interview refer to transcription from taped interview (Tab 3).

**Person interviewed:** Gregory Webster
**Date and Time of Interview:** March 13, 2006, 5:09 a.m.
When asked if Hall made the following comment to McMillian in his presence, that McMillian could leave now or did she need him (Webster) to escort her out, he stated Hall did say you can leave now; however, it was not in a bad way. Hall had briefed them on things they needed to know and she was finished and she was letting them know she was relieving them and they could go. When asked if he has observed McMillian being treated any differently by Lee or staff he stated that he has not seen McMillian treated any different by Lee or any of the other staff. For complete interview refer to transcription from taped interview (Tab 4).

**Person interviewed:** Veronica Harris
**Date and Time of Interview:** March 8, 2006, 1:15 p.m.
Harris did not witnesses any conversations between McMillian and Lee however, she did state that McMillian complained to her about Lee. McMillian had told her that Lee pulled her in to talk to her and treated her (McMillian) like a child. For complete interview refer to transcription from taped interview (Tab 5).

**Person interviewed:** Phyllis Rankins
**Date and Time of Interview:** March 10, 2006, 10:36 a.m.

004119

Rankins stated that she had not been present during Lee's and McMillian's counseling sections. McMillian had contacted her on a couple of occasions to complaining about Lee. For complete interview refer to transcription from taped interview (Tab 6).

**Person interviewed:** Sylvesta Lee
**Date and Time of Interview:** March 9, 2006, 2:34 p.m.
When asked if when Felicia Whitted come back to ITU he changed McMillian's days off because Whitted wanted her days off he stated when he came to ITU there were too many staff off on Sundays and McMillian was the last to come to ITU so he changed her days off. He talked to McMillian about it and she didn't have a problem with him changing her days off. When asked if he had written-up McMillian for insubordination he stated he gave her a warning (Tab 9). When asked if he had given McMillian a letter instructing her to go to training and she had failed to go he stated that he posted a notice instructing all the staff that there was going to be a staff meeting/ACA Training and identified the personnel that had not received their required training. I requested that Lee provide me the tapes of his conversations with McMillian (he complied and I made a copy of the tapes). When asked if he had given other staff three days off in a row but had not allowed McMillian to have three days off in a row he stated he had given her three days off in a row just like the other staff; however, she works 3rd shift and there is only two staff working and it is harder to do. He went on to say that he would provide me with schedules showing McMillian had three days off in a row just like other staff. For complete interview refer to transcription from taped interview (Tab 7).

**Conclusion:** After reviewing documentation and interviewing the above individuals I was unable to confirm McMillian's allegations. McMillian claims Lee and other staff members treat her differently and requested that I talk with the above individuals; however, none of her witnesses supported her allegations. McMillian claims she doesn't get three days off in a row like other staff members but records show McMillian got three days off in a row, three weeks in a row (Tab 8). McMillian claimed that Hood told her everyone was talking about her, saying she was a freak and a whore; however, he denies telling her that. McMillian claims that Lee changed her days off so Whitted could have them; however, both were already off on Sundays and Lee changed McMillian because he needed more staff working on Sundays. McMillian claims she had already received ACA Mandatory "A" Training; however, records show she did not. She went to Mandatory "B" on 5/19/05 and CPR and F.A. on 11/23/05 but there are no dates for Mandatory "A". McMillian requested that I listen to her and Lee's taped conversations and it would show how he talks to her; however, the tapes do not show him yelling, being rude or mistreating her in any way. McMillian claims she was written-up for insubordination and for missing a staff meeting and training, but both were warnings.

Alan Staton, DYS, Special Investigator

Attachments: Tab 1 EECO Claim and McMillian's statement

00419920

CONFIDENTIAL



CONFIDENTIAL

*State of Alabama*
*Department of Youth Services*
*Mt. Meigs Complex*
*Post Office Box 66*
*Mt. Meigs, Alabama 36057*



BOB RILEY
GOVERNOR

J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

## MEMORANDUM

TO:        Ms. Tera McMillian
           Y. S. Aide/ITU

FROM:      Sylvesta Lee, Sr.
           Unit Manager/ITU

DATE:      December 6, 2005

RE:        LETTER OF WARNING

You failed to attend staff meeting and mandatory training for staff development.  In doing so you
are in violation of the Department of Youth Services Policy 1.16 about "monthly staff meetings"
and Policy 4.4 which states (regarding training) in part, ..."At least 40 hours of training annually
are required after the first year of employment...."  This policy applies to all staff assigned
full-time child care/or supervision duties.  Copies of policies are attached.  Your noncompliance
with these policies cannot and will not be tolerated.

This warning is the first step in the State of Alabama Progressive Discipline Manual for State
Employees.  A copy of this warning will be placed in your personnel file and will be attached to
your final Employee Performance Appraisal for 2006.

SL:bch

Attachments

cc:    Janice Lewis
       Phyllis L. Rankins
       Personnel file (2)

DEC - 7

000184