IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLAN, | ) |
| | ) |
| | ) Case No: 2:07:CV-01-WKW |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| YOUTH SERVICES et al., | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PROTECTIVE ORDER

To the honorable judges of the United States District Court for the Middle District of Alabama:

On the 9th day of January 2008, the undersigned attorney, on behalf of the Defendant Alabama Department of Youth Services (DYS) files this motion for protective order pursuant to Fed.R.Civ.P. 26( c). The Defendant submits the following in support of this motion:

1. The Defendant received a Notice to Take Deposition Duces Tecum on January 7, 2008. The Notice to Take Deposition informed Defendant of the Plaintiff's desire to depose Deborah Spann[1], a non-party to this cause of action, on January 10, 2008. In addition, Plaintiff's Notice to Take Deposition requested that Deborah Spann produce certain voluminous documents at the taking of the deposition.

2. The Defendant does not object to Plaintiff's request to depose Deborah Spann, as the Defendant and the Plaintiff have previously agreed to a date to depose Deborah Spann.

---

[1] Deborah Spann is the Personnel Director of the Department of Youth Services.

However, Defendant objects to Plaintiff's request for production of documents because Plaintiff's document requests are unreasonable, duplicative, overly broad, unduly burdensome, and irrelevant.

3. Federal Rule of Civil Procedure 30(b) provides that "a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." In addition, Fed.R.Civ.P 30(b)(5) provides in relevant part, that a party must comply with Fed.R.Civ.P 34 for requests for the production of documents and tangible things.

4. Fed.R.Civ.P 34 provides the procedure for the production of documents. Under Fed.R.Civ.P 34 a party must give 30 days notice for production of documents unless a shorter or longer time period is provided by the court or in the absence of such an order, the parties have agreed to a shorter or longer time period in writing.

5. In the instant case, the Defendants submit that the Plaintiff has not complied with the notice requirements under Fed.R.Civ.P 34. In addition, neither the Court nor the parties have indicated a shorter or longer time period to provide the documents the Plaintiff's seek.

6. The Defendants further submit that two days notice is an unreasonable time period for the production of such voluminous documents. Additionally, Defendant states that the Plaintiff's document requests are duplicative, overbroad, unduly burdensome, and irrelevant. In particular, Plaintiff seeks documents covering an indeterminate time period with the exception of one request which is limited to a six-year period.

7. The Plaintiff propounded on June 22, 2007, lengthy interrogatories and requests for admission.

8. The Defendant has retrieved, copied and produced to the Plaintiff, at Defendant's own

expense and with it's own manpower, more than 5000 documents. In addition the Defendant has gathered from numerous sources throughout the agency and provided to the Plaintiff, thousands of pages of additional documents which counsel for the Plaintiff reviewed but did not ask for copies.

9. Counsel for the Plaintiff previously filed a motion to compel on August 31, 2007, claiming among other things that the Defendant's responses were missing certain documents or were otherwise incomplete. This Court granted the Plaintiff's motion in part and denied the motion in part on December 13, 2007. This Court ordered the Defendant to produce all documents represented in its Response to the outstanding interrogatories and/or requests for production, and ordered the Defendant to produce copies of all complaints for discrimination with the Middle District of Alabama only. (Doc. 40)

10. Immediately thereafter, on December 14, 2007, counsel for the Plaintiff wrote the undersigned a letter falsely claiming that not all requested documents had been made available. In fact many of the documents and interrogatories had never been requested and many of them had already been provided. In that letter, counsel for Plaintiff claimed that he had not had access to certain documents. Specifically, counsel for Plaintiff claimed the Plaintiff had been denied:

> All communications and/or documents related to the Michael Hardy (sic) between the dates of January 7, 2006 and July 25, 2006.

> Pre-trial briefs and/or other communications regarding the Dismissal Hearings conducted by Administrative Law Judge Weller on May 8, 2006 and June 10, 2006.

> DYS exhibits 1-7 introduced at the Dismissal Hearings before

>Administrative Law Judge Weller.

>All post-trial briefs to Administrative Law Judge Weller filed on or about July 25, 2006.

>All records and reports related to the hostile environment charge referenced in exhibit number 9 of the November 2005 hearing.

>All e-mails, memos, and correspondence related to the investigations referenced in these responses.

>The last known name and address of Lisa May ('nee Lisa Alexander) who worked at Harris Hall for a period of at least, but not limited to, August 2002-July 2003.[2]

>All complaints of sexual harassment, sex/gender discrimination, retaliation and/or any EEOC or OCR complaints filed by or against current or former employees of DYS in the Middle District of Alabama.

11. Almost every document identified in the above referenced letter had already been made available to counsel for the Plaintiff on December 14. Many of them had actually been copied at the Defendant's expense and previously produced. The documents and response outlined above in Plaintiff counsel's December 14 letter, has been produced–and many have been produced in duplicate, or are equally available to the Plaintiff as the Defendant.

12. On December 20, 2007, the undersigned AGAIN made available to counsel for the Plaintiff each and every document in each and every file within the possession of the

---

[2] The Plaintiff had previously asked for the last known address of "Lisa May." DYS personnel had searched their records and found no record of Lisa May. The Plaintiff, contrary to the implication in the December 14, letter, had never requested "Lisa Alexander's" address. DYS Legal Division has nevertheless requested DYS personnel to search for the last known address of "Lisa Alexander" and that address will be produced if it is available.

undersigned, related to this case. (See December 20, 2007 letter, attached hereto as Exhibit 1). Counsel for the Plaintiff sent his representative Jay Love to the office of the undersigned counsel to again view the documents.

13. Mr. Love arrived around noon, ostensibly to review the documents. The following additional documents were xeroxed at DYS expense, by use of significant time and manpower, and were produced to the Plaintiff on December 20, 2007:

> Bates stamped documents 4,568 through 4,661:
>
> DYS Exhibits 1-5, (Exhibits 6 & 7 are the December 8, 2005 Memo to Wood from Calendar and the July 14, 2005 Memo from Hardy to Spann, both of which are in the correspondence file, also produced.)
>
> Bates-stamped documents 4,662 -4,761:
>
> The DYS Legal Division's Michael Hardy Correspondence file vol. 1 & 2
>
> Bates-stamped documents 4762-4965: EEOC 130-2006-01336
>
> Bates-stamped documents 4966: Michael Hardy Statement of the facts (termination appeal hearing)
>
> Bates-stamped documents 4967-5051: all complaints of sexual harassment, sex/gender discrimination, retaliation and/or any EEOC complaints filed in the Middle District of Alabama
>
> Bates-stamped documents 5960: Hardy exception to report of Admin. Law Judge Weller
>
> Bates-stamped documents 5961: Reply to Dept. Response to employee motion for protection & show cause
>
> Bates-stamped documents 5075 pages from pleading vol. 2 or 3
> Bates-stamped documents 5076- 5130 complaints of sexual harassment, sex/gender discrimination, retaliation and/or any EEOC complaints filed in the Middle District of Alabama
>
> Bates-stamped documents 5133: Hardy's exceptions to report of

   admin law judge

  14. In addition to the above documents, counsel for the Plaintiff was allowed to view the actual files in the Legal Division and mark for copying each and every document he was interested in obtaining.  Many of the above referenced documents were never the subject of a production request or interrogatory by the Plaintiff or had been previously produced to counsel for the Plaintiff.  In other words, counsel for the Defendant has now duplicated many of the production requests at the insistence of counsel for the Plaintiff.  On December 20, counsel for the Defendant, once again, simply turned over to counsel for the Plaintiff all documents in his possession relating to this case.  Moreover, the undersigned offered to remain at the office as long as Mr. Love wanted to allow him to view any documents he asked for in this case.

  15.  When Counsel for Plaintiff, Jimmy Jacobs, first came to the office of the undersigned to obtain discovery in this case, he represented to the undersigned that he routinely files motions to compel whether or not his opposing counsel responds to all his discovery requests.  In response to that statement the undersigned asked Mr. Jacobs whether that meant Mr. Jacobs intended to file motions to compel regardless of the facts, to which Mr. Jacobs responded that he had never done a case in which there was no discovery dispute.  Clearly, based on the pattern and practice evident in this case alone, counsel for the Plaintiff is creating a discovery dispute and abusing the discovery rules for purposes prohibited by the rules.

  16. On December 20, 2007, after receiving the above referenced discovery–much of which had never been requested, and after having been offered access to any and every document in DYS possession, Mr. Love made statements to the undersigned indicating that counsel for the Plaintiff nevertheless intends seek to file another motion to compel in this case.  Again on this day, January 9, 2008, the undersigned spoke with Mr. Jacobs, counsel for the Plaintiff, and Mr.

Jacobs stated that he will provide a list of additional documents tomorrow which he intends to seek or claim DYS has withheld. Mr. Jacobs refused to identify, other than a copy of a deposition which is unavailable to DYS and equally available to counsel for the Plaintiff, any documents he intends to claim have not yet been produced.

Fed.R.Civ.P. 26(2)(c) provides as follows:

> The frequency or extent of use of the discovery methods permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Thecourt may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

17. Morever, in light of the incredible quantity of the documents the Defendant already discovered to Plaintiff in this case, Plaintiff's request for the documents in the Notice to Take Deposition Duces Tecum appears to be an attempt to harass or annoy the Defendant.

WHEREFORE, the Defendant requests a protective order barring the Plaintiff from further written discovery in this case, on the grounds that it is unreasonably cumulative or duplicative, onerous, overly burdensome, obtainable from other, more convenient and less burdensome and less expensive source, and because Plaintiff has, on many several occasions, had total and complete access to all the documents in this case.

Done this 9th day of January 2008.

TROY KING
ATTORNEY GENERAL

                **s/ T. Dudley Perry Jr.**
                T. Dudley Perry, Jr.
                Bar Number: 3985-R67T
                General Counsel
                Attorney for the Defendant
                Alabama Department of Youth Services
                Post Office Box 66
                Mt. Meigs, AL 36057
                Telephone: (334) 215-3803
                Fax: (334) 215-3872
                E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January 2008, I electronically filed the foregoing MOTION FOR PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing to

                Jimmy Jacobs
                E-mail:jacobslawoffice@charter.net
                Attorney At Law
                143 Eastern Boulevard
                Montgomery, AL 36117
                Tel: (334) 215-1788
                Fax: (334) 215-1198

                **s/ T. Dudley Perry Jr.**
                T. Dudley Perry, Jr.
                Bar Number: 3985-R67T
                General Counsel
                Attorney for the Defendants

December 20, 2007

Attorney Jimmy Jacobs
4137 Carmichael Road Ste. 100
Montgomery, AL 36106

Re:  McMillan v. Dept. of Youth Services, et al., USDC Middle Alabama; CV-No:2:07-VB-001-WKW

Dear Jimmy:

Earlier today your assistant Mr. Love contacted my secretary and asked her whether she would be delivering any discovery information.  I had previously asked her to have you and your representatives deal directly with me and not with her.  She therefore put Mr. Love on the phone with me.

I do not feel you have conducted discovery in this case in a spirit of good faith.  I told Mr. Love, as I have told you in the past, that I intend to make all documents in this case available to you. I have endeavored to do so.  However, based on my conversation with you here at my office, you represented to me that you routinely file motions to compel regardless of whether discovery has been completely provided by your opposing counsel.

You and Mr. Love both have been to my office on more than one occasion and my staff has spent a tremendous amount of time, effort, and expense chasing documents for you in this case.  Those documents have no relevance to the pending motion for summary judgment.  It is also apparent to me that the documents you claim I have not produced either have been made available to you or have been produced, and it is apparent to me that you have caused my staff a lot of unnecessary grief as a result of your tactics.

Nevertheless, I told Mr. Love that he is welcome to come to my office and AGAIN look through the files.  Mr. Love agreed to come to our office today and view all documents responsive to your requests.

We have xeroxed the DYS exhibits from the Hardy Personnel hearing (which I understand had already been made available to you).  We have also xeroxed the correspondence file in the Michael Hardy case (which I understand had also already been made available to you).  In addition, I have copied for you all EEOC Charges of Discrimination and all complaints in the DYS Legal Division files based on sexual harassment or discrimination and/or based retaliation.  The Personnel office,

which is short staffed, is confirming whether my files include all EEOC charges of discrimination. Mr. Love is welcome to pick up those documents when he comes.

I have called your office to find out what time to expect Mr. Love to be here. I left a message on your answering machine. I would appreciate it if he would come at 3:00 p.m. I would appreciate a response.

                                                Sincerely,

                                                T. Dudley Perry, Jr.
                                                Counsel for Department of Youth Services
                                                General Counsel