IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. MCMILLAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:07-CV-01-WKW |
| ) | |
| ALABAMA DEPARTMENT OF YOUTH ) | |
| SERVICES and ) | |
| MICHAEL J. HARDY, ) | |
| ) | |
| Defendants. ) | |

**MICHAEL J. HARDY'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT MICHAEL J. HARDY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW MICHAEL J. HARDY, Defendant, and replies to Plaintiff's Brief In Opposition To Defendant Michael J. Hardy's Motion For Summary Judgment as follows:

All Plaintiff has done in her Brief in Opposition to Mr. Hardy's Motion For Summary Judgment is to attach the same documents and make the same flawed argument for summary judgment as she did in her own Motion For Partial Summary Judgment. All of the documents replied upon by Plaintiff in Document 45 (including Exhibits 1,2,3,4,6,7,8, and 9) to support the factual allegations of the case, are in fact hearsay documents which simply record the allegations of Plaintiff or repeat the allegations of the Plaintiff or are summaries of administrative actions. The other document relied upon, Exhibit 5, is the ALJ Order from Mr. Hardy's appeal of his administrative termination and in that exhibit, the ALJ clearly found that she " was NOT convinced that [Plaintiff] was the victim of sexual harassment"

1

See Document 45, Exhibit 5, page 29 of 32, line 5-6.  Except for regurgitating the allegations against Mr. Hardy, not one document corroborates that he actually did any of the things of which he is accused.

Plaintiff McMillan claims offensive use of collateral estoppel based on the same theory as relied on by individual Defendant Michael Hardy in his Motion For Summary Judgment, Document 24. Both Plaintiff McMillan and Defendant Hardy key in on the precise findings of the Administrative Law Judge, Document 45, Exhibit 5, page 29-32 and Document 24, Attachment 1, pages 1-4.

The Administrative Law Judge was unequivocal in her findings regarding the alleged "sexual harassment" of Defendant Hardy. The Judge "was convinced that Hardy had more than a work-related relationship with McMillian and violated the DYS sexual harassment policy." Further, she found that "the testimony of [Veronica] Harris [a friend and co-worker of Plaintiff McMillian] also convinced [the ALJ] that Hardy made comments to McMillian which were inappropriate for the work place." However, and this is a clear finding by the ALJ, she stated "the undersigned was **NOT** (her emphasis) convinced that McMillian was the victim of sexual harassment." See Doc. 45, Exhibit 5, page 29 of 32 pages, lines 1-6.

The ALJ while finding that Defendant Hardy's "conduct as a supervisor was subject to disciplinary action [she, the ALJ] does not believe that Hardy's advances were unwelcome." Document 45, Exhibit 5, page 29 of 32, lines 6-8. The ALJ further found that "McMillian's testimony was exaggerated and lacked complete credibility and candor. Clearly, McMillan possessed a host of other personal motivations for her testimony." Document 45, Exhibit 5, page 29 of 32, lines 8-10.

2

**Most important, the ALJ found that "while McMillian and Hardy had some sort of relationship for some period of time, any relationship between the two involved McMillian's complicity." Document 45, Exhibit 5, page 29 of 32, lines 10-12.**

**From there the ALJ went on to find that "Nevertheless, that does not excuse Hardy for engaging in what he should have known could have been misconstrued as an inappropriate verbal exchange with a subordinate. Therefore, [the ALJ] does find that Hardy's verbal conduct supports termination." Document 45, Exhibit 5, page 29 of32, lines 12-15.**

**From there, the ALJ goes into what she concluded was Dependant Hardy's "most egregious offense" which was the manner in which he handled the investigation of McMillian's complaint and his alleged "grievance" against McMillian. These alleged Alabama State Personnel procedure violations have nothing to do with the Plaintiff's allegation of "sexual harassment."**

**From the foregoing review of the exact words of the ALJ, it is clear she found that there had been some sort of extra-curricular relationship between Hardy and McMillan, that it could not have existed without McMillan's concurrence, that McMillan's testimony was exaggerated and not entirely believable, that McMillan was NOT a victim of sexual harassment, but that as a supervisor Hardy should have known his verbal comments could be misconstrued, and because of those verbal comments, he was subject to administrative discipline. But, while the submitted evidence suggested that Defendant Hardy had committed some inappropriate actions, including certain verbal comments, he had NOT committed actionable sexual harassment.**

3

**It is interesting that Plainitff McMillan argues in her Motion For Partial Summary Judgment that estoppel is present and can be relied upon my Plaintiff, yet in this Opposition, argues estoppel is not present and cannot be relied upon by Defendant Hardy. She cannot have it both ways. Since Plaintiff McMillan now has argued that the elements of estoppel are present, the only operative question is exactly "What did the hearing officer [ALJ] find?" The ALJ's Order is clear---she found that Defendant Hardy committed some inappropriate actions, but they were NOT sexual harassment. Respectfully, Defendant Hardy submits that this finding is clearly in his favor and can be relied upon.**

**Based upon the foregoing, Defendant Hardy respectfully requests a finding in his favor as to all aspects of Defendant's 's Motion For Summary Judgment.**

**Respectfully submitted, this the 17th day of January, 2008.**

**s/ JAMES ELDON WILSON**
**James Eldon Wilson (WIL079)**
**Deputy Attorney General**

**OF COUNSEL:**
**James Eldon Wilson, Esquire**
**4265 Lomac Street**
**Montgomery, AL 36106**
**(334) 409-2003; FAX (334) 409-2009**
**email:jameseldonwilson@mindspring.com**

**CERTIFICATE OF SERVICE**

**I hereby certify that on January 17, 2008, I electronically filed the foregoing Reply To Plaintiff's Brief In Opposition To Defendant Michael J. Hardy's Motion For**

4

**Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:**

**Jimmy Jacobs, Esq.**
**Attorney for the Plaintiff**
**4137 Carmichael Rd, Ste 100**
**Montgomery, AL 361o6**

**T. Dudley Perry, Jr.**
**Deputy Attorney General**
**Attorney for the Defendants**
**Alabama Department of Youth Services**
**P.O. Box 66**
**Mt. Meigs, AL 36057**

                                                    <u>**s/JAMES ELDON WILSON**</u>
                                                    **Of Counsel**