IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERA A. McMILLAN**<br>    **Plaintiff** | )<br>)<br>) |
| v. | ) Civil Action No: 2:07-cv-00001-WKW<br>) |
| **ALABAMA DEPARTMENT OF**<br> **YOUTH SERVICES, et al.,**<br>    **Defendants** | ) (JURY DEMAND)<br>)<br>) |

### REPLY TO DEFENDANT HARDY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW the Plaintiff, by and through undersigned counsel, and submits her Reply to Defendant Hardy's brief in opposition to her Motion for Partial Summary Judgment. The Defendant's brief mischaracterizes the Motion, misstates the law, and, generally, fails to comply with the pleading requirements set forth in Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of the Court's Order dated November 26, 2007. (Doc. 26).

A. <u>McMillan did not file a motion for "general' summary judgment</u>. (Doc. 43: Dft. Brf. at p. 1, ¶ 2) The plaintiff has moved for partial summary judgment only on the matter of the issue of Hardy's liability for his acts of sex discrimination and harassment of her and his retaliation against her after she reported his conduct. (Doc. 25: p. 1, ¶ 1) The matter of damages under Section 1983, as well as liability and damages for McMillan's state law claims, remain for decision by the jury in this case.

B. <u>Hardy is individually liable for common law damages for his violations of the Equal Protection clause and Title VII under 42 U.S.C. 1983</u>. *Hafer v. Melo*, 502 U.S. 21 (1991); *Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49

1

F.3d 1490 (11th Cir. 1995). McMillan has a constitutional right to be free from unlawful sex discrimination and sexual harassment in public employment. *Davis v. Passman*, 442 U.S. 228, 235 (1979). There is no dispute that Hardy was investigated and found guilty of violating his employer's policy prohibiting sex harassment, or that he undertook these acts under the color of state law. (Doc. 25: PX 9, ¶ 2) He appealed this decision, as was his right under state law, to the Alabama Personnel Board where he was afforded an opportunity to conduct discovery; be represented by counsel; hear and cross-examine the evidence against him; and, present witnesses on his own behalf. (Doc. 25: PX 5: pp. 1-2) As a result of this review of the evidence against him, Hardy was found to have "…violated … the sexual harassment policy". (Doc. 25: PX 5: p. 29:01-03) McMillan is the only individual for whom any evidence of Hardy's sexually harassing conduct was presented.(Doc. 25: PX 5: pp. 1-2) Hardy was also found to have engaged in retaliatory conduct against McMillan following her report of his harassment. (Doc. 25: PX 5: p. 30:03 – p. 31:08).

It is not surprising that Hardy does not cite the Court or the plaintiff to any authority for his assertion that he can not be found liable in his individual capacity under 42 U.S.C. 1983. His contention is not an accurate statement of the law.

C. <u>Hardy confuses collateral *estoppel*, or issue preclusion, with *res judicata*, claim preclusion, when he asserts that he and McMillan have asserted the same theory in their respective motions for summary judgment.</u> (Doc. 43: Response at p. 3, ¶ 3) McMillan moves for judgment on the <u>issues</u> of Hardy's liability for his acts of sexual harassment and retaliation against her. (Doc. 25) Hardy seeks to have the Court declare that McMillan can not pursue her sex harassment/hostile environment or retaliation

2

claims against him because, he wrongfully states, he was absolved of liability for those acts in the tribunal below. McMillan has shown by reference to facts in the record and to the law that Hardy fails to meet the elemental burden to establish his defense. (Doc. 45: p. 4, # 8; pp. 5-7) It is a matter of undisputed fact that Hardy was found guilty by both his employer, the Alabama Department of Youth Services, and the Administrative Law Judge of violating Department Policy 3.13.2: "Prohibition of Sexual Harassment", and of taking actions against McMillan following her complaint against him. (See Exhibit A: Prohibition of Sexual Harassment policy; and, Doc. 25: PX 5: p. 29:01-03 and pp. 30:03-31:08)

Notwithstanding this factual error, which would be fatal to the Motion standing alone, the plaintiff has shown that Hardy has failed to meet his burden of establishing the elements for invocation of either doctrine of *res judicata* or collateral *estoppel* in his motion. (See Doc. 45: pp. 5-7) McMillan was not a party to the prior adjudication of the facts regarding Hardy's sexual harassment and retaliation against her, and had no opportunity to present witnesses or evidence in the matter. (See Doc. 25: PX 5: pp. 1-2)

The plaintiff has shown by reference to the facts in the record and the law that she is due to be granted partial summary judgment against this defendant on the issues of his liability under 42 U.S.C. 1983 for sexual harassment and retaliation against her.

Respectfully submitted this 17th day of January 2007.

                                                  /S/ **JIMMY JACOBS**
                                                  JIMMY JACOBS (JAC051)
                                                  Attorney for Plaintiff
                                                  4137 Carmichael Rd, Ste 100
                                                  Montgomery, Alabama 36106
                                                  (334) 215-1788

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 17th of January, 2008.

                                      /s/**Jimmy Jacobs**
                                      JIMMY JACOBS (JAC051)
                                      Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

4

PLAINTIFF'S EXHIBIT A

# State of Alabama
## Department of Youth Services
### POLICY AND PROCEDURES

Related Standards:   3-JTS-1C-07, 3-JTS-1C-08, 3-JCRF-1C-04, 3-JTS-1C-07-1

Chapter:   3.0 Personnel

Subject:   Prohibition of Sexual Harassment

Policy Number:   3.13.2

## I. POLICY

Harassment on the basis of sex is a violation of Sec. 703 of Title VII. The Department of Youth Services will take any steps possible to prevent sexual harassment by its employees or on its premises. If such harassment occurs the department will take immediate and appropriate corrective action.

## II. DEFINITIONS

Sexual Harassment is defined: Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (A) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (B) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (C) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

## III. PROCEDURES

Complaint should be made to the Departmental Personnel Manager. S/he will request that the Executive Director designate a non-biased investigator. Written records will be kept of the complaint and investigation. The complainant and accused will be interviewed. If no violation is found both parties are notified and complainant is advised that if dissatisfied with the decision they have additional

Effective Date: DEC. 5, 1996   Issued By: _James Dupree Jr._   Page 1 of 2

EXHIBIT

## State of Alabama
## Department of Youth Services
## POLICY AND PROCEDURES

Related Standards:   3-JTS-1C-07, 3-JTS-1C-08, 3-JCRF-1C-04, 3-JTS-1C-07-1

Chapter:    3.0 Personnel

Subject:    Prohibition of Sexual Harassment

Policy Number:    3.13.2

---

internal and external appeal routes. If sexual harassment is suspected or probable cause of violating the sexual harassment policy is found, refer complaints to the Executive Director for a hearing before him or his designee. The two parties may resolve the problem in a written statement of agreement acceptable to both. Appropriate disciplinary or personnel action may be taken.

IV.  **APPLICABILITY**

This policy applies to all DYS personnel and facilities.

---

Effective Date: DEC. 5, 1996    Issued By: *James Dupree Jr.*    Page 2 of 2