**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TERA A. McMILLAN | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: 2:07-cv-00001-WKW** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | **(JURY DEMAND)** |
| **YOUTH SERVICES, et al.,** | ) | |
|     **Defendants** | ) | |

**MOTION FOR SANCTIONS, INCLUDING COSTS, PURSUANT TO RULE 37**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW the Plaintiff, by and through undersigned counsel, and moves the Court for an Order imposing sanctions, pursuant to Rule 37(b)-(d), upon Defendant Alabama Department of Youth Services for willful failure to comply with the *Federal Rules of Procedure* and the *Guidelines for Civil Discovery of the U. S. District Court for the Middle District of Alabama*. In support of this motion, Plaintiff shows as follows:

<u>Factual Background</u>

1.      Plaintiff submitted her initial discovery requests to the Defendant on or about June 22, 2007. The Defendant failed to respond or interject any objections within the thirty days allowed by Rules 33, 34 and 36, *F. R. Civ. P.* Following several requests for its overdue responses, Defendant finally submitted partial responses to the discovery on or about August 31, 2007 (See: *Doc. 27: pp. 7-17, Exhibits A-C*). The Defendant's responses were incomplete or missing in several instances, and privilege objections were interposed to some of the information requested. The Defendant failed to respond to the Plaintiff's subsequent request for identification, pursuant to Rule 26(b) (5), of any material being withheld under a claim of privilege. (*Doc. 27: p. 18, Exhibit D: ¶ 2*)

1

2.      Plaintiff's counsel and his legal assistant visited the offices of the Defendant on September 25, 2007 to inspect and identify documents to be copied in response to the Defendant's objection that its responses were too "luminous" to be copied. Counsel for the parties discussed the outstanding discovery responses at this time, including the Defendant's unsupported assertions of privilege, and Plaintiff's counsel left a written list of Requests for which the Defendant had provided either no response or an incomplete response. (Exhibit A: Love Affidavit, p. 1, ¶ 3)

3.      During the month of October 2007, legal assistants for the parties' counsel worked together to procure the materials marked for copying by the Plaintiff. Due to the numerous duplicative materials produced, as well as the failure to produce any of the materials noted as missing on September 25th, Plaintiff counsel's assistant provided a chart to the Defendant which listed each document with its Bates number that had been produced by the Defendant.[1] (Exhibit A: Affidavit, p. 2 ¶ 6; Exhibit B: DYS Production List pp. 1-4) By mid-November the Defendant had produced substantially all of the materials marked for copying at Plaintiff counsel's September inspection, but continually failed to produce responses to any of Requests identified as missing by Plaintiff's counsel. On November 26th, the deadline for submission of dispositive motions, the Plaintiff filed a Motion to Compel responses from the Defendant. (*Doc. 27*) Also on November 26, 2007, the Defendant submitted a Motion for Summary Judgment in which it relied upon many of the documents that it had refused to produce in response to Plaintiff's Requests. (*Docs. 28, 29*) The Defendant filed a Response to Plaintiff's motion to compel on December 11, 2007 in which it stated that the documents it had

---

[1] Each time the Defendant provided documents, the Plaintiff would find a number of duplications of previously produced documents. In many instances, the same document was produced three or more times. In all, 1185 of the 5545 pages of documents provided by the Defendant were duplicative.

failed to produce, some of which it had used in support of its Motion for Summary Judgment, had not been produced because they were "inadvertently omitted" because they were in another location. (*Doc. 39: p. 1, #1; p. 3, #5; and, p. 4, ##6-7*)  The Court entered an Order on December 13, 2007 which granted in part the Plaintiff's motion to compel and ordered the Defendant to provide the materials promised in Document 39 by December 20, 2007. (*Doc. 40*)

4.    The Defendant produced an additional 455 pages of documents, 276 of which were duplicates of prior submissions, on December 12, 2007.  (See Exhibit B: DYS Production List pp. 5-7, December 12 Delivery)  After reviewing and cataloguing these responses, the Plaintiff faxed a letter to Defendant's counsel on December 14th indicating to counsel those requests for which responses had not been provided, and requesting they be produced.  (Exhibit C: letter dated 12/14/07)  Defendant's counsel did not respond to this letter, so on December 20 (the date the Court had ordered for compliance with the motion to compel), Plaintiff contacted the Defendant by phone to find out if the additional materials would be produced.  Defendant's counsel seemed to be angered by this inquiry and stated that the Defendant had already provided everything that had been requested and offered to allow counsel's assistant to come to his offices to go through everything "again".  (Exhibit A: Affidavit, p. 3 # 9)  Plaintiff counsel's assistant, Gerald Love, went to the Defendant's offices on that date in an effort to secure the remaining document responses.

5.    Mr. Love arrived at Defendant's offices and was informed that the missing documents were being copied.  (Exhibit A: Affidavit, p. 3 # 10)  Defendant's counsel received copies of some documents and began to go through them with Mr. Love,

referencing each item in this counsel's letter of December 14, 2007. (Exhibit A: Affidavit, p. 4 # 11) Defendant's counsel produced a total of 582 additional pages, 489 of which were duplicates of documents previously provided, during the three hours that Mr. Love spent at his offices. (Exhibit B: DYS Production List, pp. 8-10) Defendant's counsel also failed to produce some documents which were identified as responsive to the requests, and, in one instance described below, refused to copy or permit to be copied a document that was produced for inspection (and which Defendant had cited in its dispositive motion (*Doc. 29-2*)).

6.    Defendant's counsel produced a transcript of the Dismissal Review Hearings before Administrative Law Judge Weller as requested, but refused to permit the Plaintiff to have a copy, or to make a copy, of the transcript. Defendant's counsel informed the assistant that the Plaintiff could obtain a copy from the court reporter that transcribed the hearing, and telephoned the court reporter to order the transcript. When counsel was told that the transcript could not be prepared right away, he informed the reporter that "the first or second week of January" would be a sufficient time even though he knew that the Plaintiff had a January 3, 2008 deadline for response to his summary judgment motion. (Exhibit A: Affidavit, p. 4 # 12) Plaintiff's counsel was later successful in obtaining an electronic facsimile of the transcript from the reporter, but also received an invoice for $1,623.85 for the copy. (Exhibit D: invoice dated 1/6/08)

7.    On December 26, 2007, the Plaintiff received a letter from Defendant's counsel with the address of former employee L--- M---. The Defendant failed to respond to Plaintiff's initial request for this information, and subsequently claimed that it did not have any knowledge of a former employee with this name. Although Defendant's

4

counsel was provided with the married name of this individual in Plaintiff's letter of December 14 he repeated this claim on December 20, but admitted to her existence when confronted with records demonstrating that she had worked for the Defendant[2]. (Exhibit B: letter dated 12/14/07, p. 2 ¶ 2; Exhibit A: Affidavit, p. 5 # 15)

<u>Argument</u>

The Defendant has failed to comply in good faith with the requirements of Federal Rule of Civil Procedure 34(b) which provides, in part, that party must respond in writing to requests for production of documents and other tangible things within 30 days, and shall make the documents available for inspection and copying by the requesting party.  The Defendant failed to comply with this requirement, and has failed to provide full and complete production to requests even in its untimely supplied responses. Following several unsuccessful attempts to obtain complete responses, the Plaintiff filed her Motion to Compel which was granted in part, and denied in part, by the Court on December 13, 2007. (*Doc. 40*)  Even though the Defendant promised to produce the additional documents in its response (*Doc. 39*) to the Plaintiff's Motion to Compel, the Defendant failed to complete its responses without a further demand by Plaintiff's counsel. (Exhibit B: letter dated 12/14/08; Exhibit A: Affidavit, p. 3 ##9, 10)

The Defendant's conduct during discovery in this case appears to have been a deliberate effort to sandbag the Plaintiff. The Defendant's claim that it failed to provide responsive documents because they were "inadvertently" in "another location" lacks any credibility.  Apparently the other "inadvertent" location was the office of Defendant's counsel, since he used the material in his Motion for Summary Judgment.   The

---

[2] This employee is also referenced several times in Defendant Hardy's March 23, 2006 deposition of the plaintiff in which this defendant's counsel participated. Defendant excerpted portions of this deposition as an exhibit on its dispositive motion. (Doc. 29-3)

Defendant's refusal to permit copying of a document (in its possession and utilized as an exhibit for its dispositive motion) and deliberate effort to prevent the Plaintiff from obtaining it until after her summary judgment response was due is particularly egregious.

Even with the most recent production in response to the Court's Order, the Plaintiff can have little confidence that she has been provided with full and complete disclosure as contemplated by the discovery rules. For example, the Defendant produced documents related to complaints of sex discrimination in its Middle District offices in response to the Court's Order, but the Plaintiff finds a statement within one complaint that the complainant had filed an earlier (January 2006) sexual harassment complaint – a complaint which has not been produced. (See Exhibit E: Grievance dated 10/22/07, p. 2 ¶ 4) Additionally, in her Report on Defendant Hardy's termination, ALJ Weller referred to Hardy's July 14, 2005 grievance against the Plaintiff, which has been produced by DYS (bates # 4117), and stated that the grievance had several attached pages of allegations by Hardy against the Plaintiff which have not been produced by the Defendant. (Doc. 44: PX 16: ALJ Report p. 21 ¶ 2) These are two examples of omitted responses the Plaintiff has reason to suspect this Defendant of withholding.

The Plaintiff notes additionally that this Defendant made broad assertions of privilege in its initial overdue responses to discovery, and has failed to provide any identification of materials that it may be withholding despite the Plaintiff's specific request for compliance with the provisions of F. R. C. P. 26(b)(5). (Doc. 27: p. 18, Exhibit D: ¶ 2) Defendant counsel's assertion of "privilege" is suspect. In the Response to the Plaintiff's Motion to Compel, the Defendant asserts that it "waives the privilege" regarding its investigation of Plaintiff's EEOC charge. (Doc. 39 p. 4 ¶ 2; p. 5 ¶ 3) The

law is clear that there is no privilege for documents or information constructed or collected in the employer's investigation of an EEOC complaint, particularly when it seek to deny liability because it investigated and responded to a plaintiff's complaint. (See *Barfoot v. The Boeing Co.*, 184 F.R.D. 642, 645 (N.D. Ala. 1999) (*...incredible that the defendant would seek to deny the plaintiff access to the very investigation which, it contends, exonerates the company from liability on the plaintiff's EEO complaint.*))  The Plaintiff has been unable to determine what, if any, information or materials the Defendant may be withholding on a spurious claim of privilege due its refusal to comply with 26(b) (5).

## Conclusion

The Plaintiff has shown that Defendant Alabama Department of Youth Services has engaged in a course of conduct which is contrary to the letter and the spirit of the rules governing discovery.  Specifically, this Defendant has unnecessarily and unjustifiably multiplied the cost in time and money that the Plaintiff has had to expend to secure information to which she is entitled for the prosecution of her claims in this lawsuit.  Additionally, this Defendant has withheld material evidence responsive to properly promulgated discovery requests which was readily known and available to it, and which it even utilized in seeking to have the Court to dispose of Plaintiff's claims on summary judgment.  It appears on the record shown above that the Defendant is still withholding relevant discoverable materials.

WHEREFORE, these premises considered and for other such just cause as the Court may in its discretion find, the plaintiffs move this Honorable Court for an Order imposing sanctions, including her extraordinary costs for obtaining a copy of the

administrative hearing transcript withheld by the Defendant and her expenses incurred to

obtain relevant discovery subsequent to the Court's Order of December 13, 2007, along

with such other sanctions as the Court may in its discretion deem proper.

Respectfully submitted this 22nd day of January 2008.

/S/ JIMMY JACOBS
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788


CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court
using CM/ECF system and service will be perfected upon counsel of record following
this the 22nd of January, 2008.

/s/Jimmy Jacobs
JIMMY JACOBS (JAC051)
Attorney for Plaintiff


COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERA A. McMILLAN
     Plaintiff

v.                          ) Civil Action No: 2:07-cv-00001-WKW

ALABAMA DEPARTMENT OF     )     (JURY DEMAND)
YOUR SERVICES, et al.,
     Defendants

AFFIDAVIT OF GERALD LOVE

I.      My time is Gerald Love. I am a resident of the state of Alabama, of more than nineteen yea's of age, and make this declaration from my personal knowledge.

2.      1 have been assisting Ms. McMillan's attorney, Jimmy Jacobs, in the discovery process in her case against Michael I-Iardy and the Alabama Department of Youth Services. Specifically, I have received, reviewed and catalogued the documents and other things provided by the defendants in response to Mr. Jacobs's discovery requests.

3.      On the morning of September 25, 2007, I accompanied Mr. Jacobs to the offices of DYS at Mt. Meigs to review documents made available for inspection and copying in response to Ms. McMillan's first discovery requests. Mr. Jacobs and I spent several hours going through the materials, and Mr. Jacobs provided a handwritten list of items that were missing to Mr. Perry. I returned in the afternoon and again on the next day to go through the materials marking specific documents that Mr. Jacobs wanted to have copied.

4.     Throughout the month of October, I worked with Mr. Pery's legal assistant to obtain the materials that I had marked for copying, along with some additional related materials which were not in the original production. On each occasion that materials were provided, I had to go back to Mr. Perry's legal assistant about documents that were omitted. On at least one occasion I know that I asked about the items on the sheet Mr. Jacobs had left with Mr. Perry, but none of these documents were produced.

5.     In late October, I was informed that DYS had provided all the documents that had been requested, but this was not correct. I participated in a telephone conference with Mr. Jacobs and Mr. Perry in which the missing requests were discussed. Mr. Perry insisted that he had made everything available during our initial visit, and that his assistant had copied everything that had been requested. I told Mr. Perry that there was still the matter of the items Mr. Jacobs had noted were missing in September, and they continued their discussion after I hung up.

6.     In an effort to clarify what had been produced and what had not, I constructed a chart that listed each document, or group of documents, which had been produced by DYS and took it to Mr. Perry's assistant on November 7th. I also went over with her the remaining items that had not been produced. She told me that she didn't know anything about the missing documents and that she had copied all that Mr. Perry had told her to.

7.     On November 26, DYS submitted a motion for summary judgment which relied upon excerpts from many of the documents that Ms. McMillan had been attempting to get since our visit in late September.

8.    Even though we had discussed the missing materials, Mr. Perry submitted this chart as an exhibit to his response to Ms. McMillan's motion to compel in support of his statement that DYS had already provided everything that had been requested.

9.    On December 12, DYS submitted additional materials in response to the motion to compel. These were still incomplete, and Mr. Jacobs wrote to Mr. Perry on December 14 detailing the omission and requesting complete materials. On December 20'", the date that the Court designated for production on the motion to compel, I called the legal assistant at DYS at Mr. Jacobs's request and asked about the remaining discovery responses. Mr. Perry came on the line and instructed me not to speak to his legal assistant any more; that I should refer all questions to him, and to "stop sending my assistant miming around in circles." I reminded Mr. Perry of the outstanding issues from the motion to compel (which he stated had been denied) and he informed me that everything already been turned over, and that I was creating unnecessary work for him and his office. After complaining some more, he started asking me what I wanted. I explained the general contents of the motion and the letter of December 14 detailing the outstanding items from our initial discovery request. Suddenly, he said I could come out and look through everything they had and, in a very threatening voice asked, "Are you coming out today?" I said "yes."

10.    I arrived at the DYS legal office at about 1:00 p.m. and was surprised when Mr. Perry informed me that the additional materials requested were being copied. Within a couple hours he had changed from, "we've given you everything," to "you can come look for yourself', to "we are copying the documents."

11.    After receiving some documents, Mr. Perry addressed each request on the December 14 letter, beginning with paragraph three, and identified the corresponding Bates stamped documents. I later discovered that the documents produced (approximately 500 pages) did not complete the requests in some instances, Mr. Perry's anger was obvious throughout this encounter and appeared to prevent him from concentrating on this task. In some instances, the documents provided did not fully address the request. In others, no responsive documents were provided at all. In still other instances, Mr. Perry produced additional documents but refused to allow me to have copies or to have copies made.

12.    When Mr. Perry addressed paragraph four of the letter regarding transcripts of the appeal hearing, he brought in four bound volumes totaling 691 pages. He refused to copy it. He refused requests I made on at least two occasions to copy the document at my own expense. I offered to sign a hand receipt and return the documents the next day. He said no on each occasion. I-Ie said I could only view the documents at the table. After telling Mr. Perry this was tantamount to refusing to turn it over, he said I could call the recorder. I responded that it could take weeks to get it; I knew that Mr. Jacobs had to finish Ms. McMillan's response to the DYS motion for summary judgment by January 3rd• Mr. Perry said the recorder could do it tomorrow, pulled out a phone, and called her. Perry held phone away from his ear so I could hear the conversation. Without hesitation, Ms. Head said could not print a copy by Friday, December 21, 2007 citing the funeral of a local judge. She also said Monday was out because of a commitment she had to spend time at Judge Price's office. Perry said he understood her dilemma and didn't want to impose on her. He asked if it was "reasonable to expect it by the first or second

week of January. She said she could probably do it "by the end of next week" (December 29). Perry then said the first or second week of January would be fine. Throughout this conversation, Perry never asked me to participate or offer an opinion.

13.    Paragraph five dealt with post-trial briefs. Mr. Perry pointed to a rubber-banded section of documents and indicated if there were any, they would be there. I showed Perry the reference on the first page of Judge Wellers order: "Following the hearing, parties requested permission to file post-trial briefs. Briefs were filed on or about July 25, 2006." Mr. Perry did not show me any briefs, or tell me there was such a document. When I insisted on seeing the briefs, he left and returned with three manila folders with tabs on which were handwritten numbers. He allowed me to review these and let me to place yellow post-it notes on several pages for copying. I did not see a Post-Trial brief dated July 25, 2006 in the documents that he allowed me to inspect.

14.    Paragraph six referred to a hostile environment charge referenced in Mr. Hardy's personnel file. Mr. Perry stated that he didn't know anything about it and said he had no records related to it.

15.    In response to paragraph eight, Mr. Perry said that he would have personnel look for the records requested. Previously, DYS had responded that there were no records for Lisa May, but I showed Mr. Perry work schedules that listed her as an employee along with later schedules that showed her married name of Alexander. These personnel records have not been produced as of this time.

16.    Mr. Perry stated in response to all other items in the December 14 letter that he had already turned over what was requested.

17.     During the three hours I spent at DYS, I was in Mr. Perry's presence for approximately two and a half hours. From the beginning, Mr. Percy insisted DYS had provided everything we asked for. Nevertheless, throughout the afternoon he kept giving me new documents or, in the case of the Appeal Hearing transcript, let me look at the document. On one occasion he said when referring to DYS, "We are the good guys here." He asked me several times to stipulate that DYS had turned over to us all of the discovery documents we had asked for in the first request. On at least two occasions, I told him I would go back to office, review and catalogue the documents. I also said Mr. Jacobs would have to make that decision, not me. As I was getting up to leave he asked me for a last time to stipulate that he had turned over everything requested. When I refused, he became livid. He voice rose, his jaw muscles tensed, and as he leaned over the table with his hands clenching the edge of the table, he told me if we came after that day and said we had not been given everything, "I will bring charges against you and Jimmy Jacobs."

        FURTHER SAITH AFFIANT NOT.

                                                        -C^Un.UI I ^—^´-
                                                        Gerald T. Love


        SWORN to and SUBSCRIBED before me on this the O day of December, 2007.


{Seal}                                    OTAR       BLIC
                                          My commission expires q-14-0

PLAINTIFF'S
EXHIBIT
6

McMillan vs. DYS

| Bates Number | Subject | Request for Production | | |
|---|---|---|---|---|
| 000002-000034 | Dismissal Appeal & ALJ Recommended Order | #15 | | |
| 000035-000111 | Leave Reports (DYS 21) ITU and Mt. Meigs | #29 | check for dups* | |
| 000112-000157 | Rosters of employees attending training 2005-2007 | #31 | | |
| 000158-000166 | Employee Address Information (none for Lisa May) | #34 | | |
| 000167-000173 | Employee Leave Balance (McMillan) | #35 | | |
| 000176-000183 | EEOC Charges (Both) and Dismissal and Notice of Rights | #22 | Duplicate 180 | 1 |
| 000184 | Lee's Letter of Warning, December 6, 2005 re: Failure to attend training and staff meeting | #22 | | |
| 000185 | DYS Policies & Procedures Training After One Year | | | |
| 000186 | DYS Policies & Procedures Staff Meetings | | | |
| 000187-000220 | Staton Interview of McMillan, December 1, 2006 (Retaliation) | #22 | | |
| 000221-000236 | McMillan's Performance Preappraisals and Appraisals 10/21/02-03/01/06 | #22 | Duplicates 235, 236 | 2 |
| 000237-000239 | McMillan's Application to DYS | #22 | | |
| 000240-000241 | Unknown Employee Appraisals | | | |
| 000242 | McMillian's Letter to Spann 10/25/06 | | | |
| 000243-000333 | Hardy's Administrative Hearing (transcript), November 15, 2005 | #23 | | |
| 000334-000510 | Hardy's Personnel File | #23 | | |
| 000511-000521 | Hardy and McMillan Leave Request Forms (DYS 24) | #30 | | |
| 000522 | EEOC Notice of Charge (Retaliation) | #22 | | |
| 000523 | EEOC Charge (Retaliation) | #22 | Duplicate 178 | 1 |
| 000524 | EEOC Rules | #22 | | |
| 000525 | EEOC Invite to Mediation | #22 | | |
| 000526 | EEOC Consent to Mediate Form | #22 | | |
| 000527 | EEOC Assignment of Investigator | #22 | Duplicate 183 | 1 |
| 000528-000635 | Staton Interview of McMillan, Feb 16, 2006 (Sex Harassment) | #22 | | |
| 000636-000640 | Staton Interview of Hammond, March 24, 2006 | #22 | | |
| 000641-000644 | Staton Interview of Elijah Hood, March 15, 2006 | #22 | | |
| 000645-000654 | Staton Interview of Gregory Webster, March 14, 2006 | #22 | | |
| 000655-000673 | Staton Interview of Veronica Harris, March 8, 2006 | #22 | | |
| 000674-000687 | Staton Interview of Phyllis Rankins, March 10, 2006 | #22 | | |
| 000688-000700 | Staton Interview of Sylvesta Lee, March 9, 2006 | #22 | **Duplicates on this page:** | **5** |

| | | | | |
|---|---|---|---|---|
| 000701-000703 | Leave Reports (DYS 21) ITU | #29 | | |
| 000704-00711 | ITU Work Schedules 08/20/05 -03/31/06 | #26 | | |
| 000712-000713 | McMillan Leave Request Forms (DYS Form 24)Dec 05, Jan 06 | #30 | | |
| 000714 | Rankin's Letter to McMillan re: Concerns about employee Appraisal | #22 | | |
| 000717 | DYS Memo Complete Evaluation | | | |
| 000715-000723 | McMillan's Performance Preappraisals and Appraisals 03/01/05-03/01/07 | #22 | Duplicate 000229, 000719 | 2 |
| 000722 | Lee's Letter of Warning, December 6, 2005 | #22 | Duplicate 000184 | 1 |
| 000723 | McMillan's Performance Appraisal 03/01/04-03/01/05 | #22 | Duplicate 000223 | 1 |
| 000724-000729 | Memos For Record from Lee, Hammond, Whitted, and Washington re: Contact with McMillan | #22 #22 | Copy our response DYS SJM** | |
| 000730 | Lee's Contact with Staff memo Jan 20, 2006 re: Insubordination | #22 | | |
| 000731 | Lee's Contact with Staff memo Nov 29, 2005 re: Failure to Attend | #22 | | |
| 000732 | Lee's Memo re: Mandatory A Training 2006 | #22 | | |
| 000733 | McMillan's Memo For Record re: Dispute Performance Eval | #22 | | |
| 000734-000735 | McMillan's Performance Preappraisal (partial) 03/01/05-03/01/06 | #22 | Duplicate 000716 | 1 |
| 000736-000737 | Subpoenas to appear at ALJ Hearing | #22 | | |
| 000738 | McMillan Training Certificate | #22 | | |
| 000739 | McMillian Pay Raise | | | |
| 000740 | McMillan's Training Certificate | #22 | Duplicate 000738 | 1 |
| 000741 | McMillan's Performance Appraisal (partial) 03/01/6-03/01/07 | #22 | | |
| 000742 | Rankin's Memo to Spann re: McMillan's refusal to sign Appraisal | #22 | | |
| 000743 | Lee's Letter of Warning, December 6, 2005 re: Failure to attend training and staff meeting | #22 | Duplicate 000184, 000722, 000746 | 3 |
| 000744 | Performance Appraisal (partial) 03/01/05-03/01/06 | #22 | Duplicate 000717 | 1 |
| 000745-000761 | Misc forms from McMillan's personnel file; most duplicative | #22 | Duplicate 000185, 000186, | 2 |
| | | | **Duplicates on this page:** | **12** |

| | | | | |
|---|---|---|---|---|
| | | | 000221, 000222, 000176, 000177 (2), | |
| | | | 000178, 000179, 000527, 000749 | |
| | | | | 9 |
| 000762-000764 | McMillan's Performance Preappraisals and Appraisals | #22 | Duplicates 000220, 000223, 000224, | |
| 000766-000775 | 10/21/02-03/01/07 | | 000225, 000227, 000228 | |
| | | | 000232, 000235 (2), | |
| | | | 000236 (2) | 11 |
| 000765 | McMillan's Training Certificate | #22 | Duplicate 000740 | 1 |
| 000776-000783 | EEOC Charges (Both) and Dismissal and Notice of Rights | #22 | Duplicates 000750, 000751, 000754 | |
| | | | 000752, 000755, 000757 | |
| | | | 000781 | 7 |
| 000784-000785 | Subpoenas to appear at ALJ Hearing | #22 | Duplicates 000736-000737 | 2 |
| 000786-000848 | Security Affidavit Count for 3/4/06 and 3/5/06 | #25 | | |
| 000849-000863 | Daily Time & Attendance Report ITU 09/01/06-09/15/06 | #26 | | |
| 000864-000894 | Daily Time & Attendance Report ITU 08/01/06-08/31/06 | #26 | | |
| 000895-000920 | Daily Time & Attendance Report ITU 07/01/06-07/31/06 | #26 | Missing 8-10th, 22nd, 30th | |
| 000921-000935 | Daily Time & Attendance Report ITU 06/16/06-06/30/06 | #26 | | |
| 000936-000950 | Daily Time & Attendance Report ITU 06/01/06-06/15/06 | #26 | | |
| 000951-000981 | Daily Time & Attendance Report ITU 05/01/06-05/31/06 | #26 | | |
| 000982-000996 | Daily Time & Attendance Report ITU 04/16/06-04/30/06 | #26 | | |
| 000997-001011 | Daily Time & Attendance Report ITU 04/01/06-04/15/06 | #26 | | |
| 001012-001023 | Daily Time & Attendance Report ITU 03/18/06-03/31/06 | #26 | Missing 21st, 23rd | |
| 001024-001037 | Daily Time & Attendance Report ITU 03/04/06-03/17/06 | | | |
| 001038-001051 | Daily Time & Attendance Report ITU 03/04/06-03/17/06 | #26 | Duplicates 001024-001037 | 14 |
| 001052-001065 | Daily Time & Attendance Report ITU 03/04/06-03/17/06 | #26 | Duplicate 001038-001051 | 14 |
| 001066-001076 | Daily Time & Attendance Report ITU 02/18/06-02/28/06 | #26 | | |
| 001077,[1]1079-1080 | Daily Time & Attendance Report ITU 03/01/06-03/03/06 | #26 | | |
| 001081-001094 | Daily Time & Attendance Report ITU 02/18/06-03/03/06 | #26 | Duplicates 001066-001077 | 12 |
| | | | 001079-001080 | 2 |
| 001095-001105 | Daily Time & Attendance Report ITU 02/18/06-02/28/06 | #26 | Duplicates 001066-001076 | 11 |
| | | | **Duplicates on this page:** | **83** |

3

| | | | | |
|---|---|---|---|---|
| 001106-001108 | Daily Time & Attendance Report ITU 03/01/06-03/03/06 | #26 | Duplicates 001077-001080 | 4 |
| 001109-001138 | Daily Time & Attendance Report ITU 04/01/06-04/30/06 | #26 | Duplicates 000997-001011 | 15 |
| 001139-001168 | Daily Time & Attendance Report ITU 04/01/06-04/30/06 | #26 | Duplicates 001109-001138 | 30 |
| 001169-001183 | Daily Time & Attendance Report ITU 05/01/06-05/15/06 | #26 | Duplicates 000951-00965 | 15 |
| 001184-001211 | Daily Time & Attendance Report ITU 05/01/06-05/28/06 | #26 | Duplicates 001169-001183 | 15 |
| | | | 000951-000963 | 13 |
| 001212-001227[2] | Daily Time & Attendance Report ITU 06/01/06-06/15/06 | #26 | Duplicates 000936-000950 | 15 |
| 001228-001242 | Daily Time & Attendance Report ITU 06/01/06-06/15/06 | #26 | Duplicates 001212-001227 | 16 |
| 001243-001257 | Daily Time & Attendance Report ITU 06/16/06-06/30/06 | #26 | Duplicates 000921-000935 | 15 |
| 001258-001272 | Daily Time & Attendance Report ITU 06/16/06-06/30/06 | #26 | Duplicates 001243-001257 | 15 |
| 001273-001298 | Daily Time & Attendance Report ITU 07/01/06-07/31/06 | #26 | Duplicates 000895-000920 | 26 |
| | | | Missing 8-10th, 22nd, 30th | |
| 001299-001324 | Daily Time & Attendance Report ITU 07/01/06-08/01/06 | #26 | Duplicates 001273-001298 | 26 |
| | | | Missing 8-10th, 22nd, 30th | |
| 001325-001356[3] | Daily Time & Attendance Report ITU 08/01/06-05/31/06 | #26 | Duplicates 000864-000894 | 31 |
| 001357-001386 | Daily Time & Attendance Report ITU 09/01/06-09/30/06 | #26 | Duplicates 000849-000863 | 15 |
| 001387-001397 | Security Gate Log of employees entering and leaving 06/20/06 | #25 | | |
| 001398-001409 | Security Gate Log of employees entering and leaving 06/21/06 | #25 | | |
| 001410-001419 | Security Gate Log of employees entering and leaving 06/19/06 | #25 | missing several pgs | |
| 001420-001431 | Security Gate Log of employees entering and leaving 06/18/06 | #25 | | |
| 001432-001442 | Security Gate Log of employees entering and leaving 06/16/06 | #25 | | |
| 001443-001454 | Security Gate Log of employees entering and leaving 06/17/06 | #25 | | |
| 001455-001466 | Security Gate Log of employees entering and leaving 06/15/06 | #25 | | |
| 001467-001480 | Security Gate Log of employees entering and leaving 06/14/06 | #25 | | |
| 001481-001492 | Security Gate Log of employees entering and leaving 06/13/06 | #25 | | |
| 001493-001504 | Security Gate Log of employees entering and leaving 06/09/06 | #25 | | |
| 001505-001516 | Security Gate Log of employees entering and leaving 06/10/06 | #25 | | |
| 001517-001528 | Security Gate Log of employees entering and leaving 06/11/06 | #25 | | |
| 001529-001538 | Security Gate Log of employees entering and leaving 06/12/06 | #25 | missing last two pgs | |
| 001539-001548 | Security Gate Log of employees entering and leaving 06/07/06 | #25 | out of order first pg 1609 | |
| 001549-001560 | Security Gate Log of employees entering and leaving 06/08/06 | #25 | | |
| 001561-001572 | Security Gate Log of employees entering and leaving 06/04/06 | #25 | | |
| 001573-001584 | Security Gate Log of employees entering and leaving 06/02/06 | #25 | **Duplicates on this page:** | **251** |

| | | | | |
|---|---|---|---|---|
| 001585-001596 | Security Gate Log of employees entering and leaving 06/05/06 | #25 | | |
| 001597-001608 | Security Gate Log of employees entering and leaving 06/06/06 | #25 1609 see 6/7/06 | | |
| 001609-001610 | Security Gate Log of employees entering and leaving 06/07/06 | #25 | | |
| 001623-001634 | Security Gate Log of employees entering and leaving 06/02/06 | #25 | | |
| 001611-001622 | Security Gate Log of employees entering and leaving 06/01/06 | #25 | | |
| 001635-001646 | Security Gate Log of employees entering and leaving 05/11/06 | #25 | | |
| 001647-001657 | Security Gate Log of employees entering and leaving 05/15/06 | #25 | | |
| 001658-001669 | Security Gate Log of employees entering and leaving 05/10/06 | #25 | | |
| 001670-001681 | Security Gate Log of employees entering and leaving 05/09/06 | #25 | | |
| 001682-001693 | Security Gate Log of employees entering and leaving 05/08/06 | #25 | | |
| 001694-001705 | Security Gate Log of employees entering and leaving 05/07/06 | #25 | | |
| 001706-001717 | Security Gate Log of employees entering and leaving 05/06/06 | #25 | | |
| 001718-001729 | Security Gate Log of employees entering and leaving 05/05/06 | #25 | | |
| 001730-001741 | Security Gate Log of employees entering and leaving 05/03/06 | #25 | | |
| 001742-001753 | Security Gate Log of employees entering and leaving 05/04/06 | #25 | | |
| 001754-001765 | Security Gate Log of employees entering and leaving 05/02/06 | #25 | | |
| 001766-001777 | Security Gate Log of employees entering and leaving 05/01/06 | #25 | | |
| 001778-001789 | Security Gate Log of employees entering and leaving 06/22/06 | #25 | | |
| 001790-001801 | Security Gate Log of employees entering and leaving 11/11/05 | #25 | | |
| 001802-001813 | Security Gate Log of employees entering and leaving 11/29/05 | #25 | | |
| 001814-001849 | Training material re: Student Self-Harm 04/26/07 | #31 | | |
| 001850-001958 | Training schedules and sign-in sheets | #31 | | |
| 001959-001999 | DYS Leave Request Forms (DYS Form 24) Aug-Nov 2005 | #30 | | |
| 002000-002157 | Training schedules and sign-in sheets | #31 | | |
| 002158-002816[4] | Security Gate Log of employees entering and leaving 03/01/06-04/29/06, 11/16-18/05 | #25 | | |
| 002817-002827 | Leave Reports (DYS 21) ITU and Mt. Meigs | #29 Missing | | |
| 002828-003406 | Leave Reports (DYS 21) ITU and Mt. Meigs | #29 | | |
| 003407-003432 | DYS Leave Request Forms (DYS Form 24) Jan-May 2006 | #30 | | |
| 003407-003440 | DYS Policies & Procedures | | Duplicate numbering | 33 |
| 003440-003465 | DYS Leave Request Forms (DYS Form 24) Jan-May 2006 Dortch, Griner, Hammond, Hood, M. Johnson, S. Jones, E. Smith, G. Webster and F. Whitted. | #30 | Duplicates of 3407-3432 | 26 |
| 003466-003569 | Lee's personal file of McMillan | #22 | **Duplicates on this page:** | **59** |

| 003570-003597 | Transcription of Sylvesta Lee's tape recordings | | | |
| 003598-003751 | Daily Time & Attendance Report Paige Hall 12/25/04-05/27/05 | #26 Overlapping numbering | | |
| | **Missing Daily Time & Attendance Report Paige Hall 05/28/05-06/12/05** | | | |
| 003752-003765 | Daily Time & Attendance Report Paige Hall 06/11/05-06/24/05 | #26 | | |
| 003766-004015 | Daily Time & Attendance Report ITU 06/25/05-02/17/06 | #26 | | |
| 004016-004112 | Daily Time & Attendance Report ITU 10/01/06-12/31/06 | #26 | | |

**September and October Deliveries: 4108 pages, 410 duplicates**

## December 12, 2007 Delivery

| 004113 | Spann Memo to Wood 7/19/05 | #23 | | |
| 004114 | Spann's questions for Hardy | #23 | | |
| 004115-004116 | Spann's interview (transcript) with McMillan 06/15/05 | #23 | | |
| 004117 | Hardy Letter to Spann 07/14/05    Grievance | #23 | | |
| 004118- 004121 | Staton's Investigative Summary of EEOC 130-2006-01336 03/31/2008 | #22 | | |
| 004122-004127 | EEOC Charges (Both) | #22 | Duplicate 000522-000527 | 6 |
| 004128-004230 | Staton Interview of McMillan, Feb 16, 2006 (Sex Harassment) | #22 | Duplicate 000528-000635 | 8 |
| 004231-004235 | Staton Interview of Hammond, March 24, 2006 | #22 | Duplicate 000636-000640 | 5 |
| 004236-004239 | Staton Interview of Elijah Hood, March 15, 2006 | #22 | Duplicate 000641-000644 | 4 |
| 004240-004248 | Staton Interview of Gregory Webster, March 14, 2006 | #22 | Duplicate 000645-000654 | 10 |
| 004249-004266 | Staton Interview of Veronica Harris, March 8, 2006 | #22 | Duplicate 000655-000673 | 19 |
| 004267-004279 | Staton Interview of Phyllis Rankins, March 10, 2006 | #22 | Duplicate 000674-000687 | 14 |
| 004280-004290 | Staton Interview of Sylvesta Lee, March 9, 2006 | #22 | Duplicate 000688-000700 | 13 |
| 004291-004293 | Leave Reports (DYS 21) ITU | #29 | Duplicate 000702-000703 | 2 |
| 004294-004301 | ITU Work Schedules | #26 | Duplicate 000704-000711 | 8 |
| 004302-004303 | McMillan Leave Request Forms (DYS Form 24) Dec 05, Jan 06 | #30 | Duplicate 000712-000713 | 2 |
| 004304 | Rankin's Letter to McMillan re: Concerns about Employee App | #22 | Duplicate 000714 | 1 |
| 004305-004311 | McMillan's Performance Preappraisals and Appraisals 03/01/05-03/01/07 | #22 | Duplicate 000715-000721 | 7 |
| | | | **Duplicates on this page:** | **99** |

6

| 004312 | Lee's Letter of Warning, December 6, 2005 | #22 | Duplicate 000722 | 1 |
| 004313 | McMillan's Performance Appraisal 03/01/04-03/01/05 | #22 | Duplicate 000723 | 1 |
| 004314-004319 | Memos For Record from Lee, Hammond, Whitted, and Washington re: Contact with McMillan | #22 | Duplicate 000724-000729 | 6 |
| 004320 | Lee's Contact with Staff memo Jan 20, 2006 re: Insubordination | #22 | Duplicate 000730 | 1 |
| 004321 | Lee's Contact with Staff memo Nov 29, 2005 re: Failure to Attend | #22 | Duplicate 000731 | 1 |
| 004322 | Lee's Memo re: Mandatory A Training 2006 | #22 | Duplicate 000732 | 1 |
| 004323-004324 | Staton's Investigative Summary of EEOC 130-2006-01336 02/27/2007 | #22 | | |
| 004325-004332 | EEOC Charges (Both) and Dismissal and Notice of Rights | #22 | Duplicate 000176-000183 | 8 |
| 004333 | Lee's Letter of Warning, December 6, 2005 | #22 | Duplicate 000184 | 1 |
| 004334-004335 | DYS Policy and Procedures | | Duplicate 000185-000186 | 2 |
| 004336-004367 | McMillan's Performance Preappraisals and Appraisals 10/21/02-03/01/07 | #22 | Duplicate 000221, 000223-000236 | 15 |
| 004368-004373 | McMillian's DYS Application | #22 | Duplicate 000237-000239 | 3 |
| 004374-004377 | Hammond and Webster Performance Appraisals | #22 | Duplicate 000240-000241 | 2 |
| 004378-004379 | Change of Beneficiary Form-Gregory Webster | | | |
| 004380 | McMillan's Letter to Spann 10/25/06 | #22 | Duplicate 000242 | 1 |
| 004381 | Spann Memo to Wood 7/19/05 | #22 | Duplicate 004113 | 1 |
| 004382 | Spann's questions for Hardy | #22 | Duplicate 004114 | 1 |
| 004383-004384 | Spann's interview with McMillan 06/15/05 | #22 | Duplicate 004115-004116 | 2 |
| 004385 | Hardy Letter to Spann 07/14/05        Grievance | #22 | Duplicate 004117 | 1 |
| 004386-004428 | Spann's Taped Interview with Hardy (transcript) 06/28/05 | #23 | | |
| 004429-004431 | Calendar's Findings Administrative Fact Finding Hearing (11/25/05) 12/8/05 | #23 | | |
| 004432-004521 | Hardy's Administrative Hearing (transcript), November 15, 2005 | #23 | Duplicate 000243-000333 | 91 |
| 004522-004554 | Dismissal Appeal & ALJ Recommended Order | #15 | Duplicate 000002-000034 | 33 |
| 004555 | Spann Memo to Wood 7/19/05 | #22 | Duplicate 004113 | 1 |
| | (DYS exhibit 1 Adm. Fact Finding Hearing) | | **Duplicates on this page:** | **173** |

| 004556 | Hardy Letter to Spann 07/14/05 Grievance | #23 | Duplicate 004117 | 1 |
|---|---|---|---|---|
| | (DYS exhibit 2 Adm. Fact Finding Hearing) | | | |
| 004557-004558 | DYS Policy and Procedures | | | |
| | (Hardy exhibit 1 Adm. Fact Finding Hearing) | | | |
| 004559 | Paige Hall Staff Memo Supporting Hardy 6/21/05 | #23 | | |
| | (Hardy exhibit 3 Adm. Fact Finding Hearing) | | | |
| 004560 | Harvest, Ellis Memo Supporting Hardy 6/21/05 | #23 | | |
| | (Hardy exhibit 4 Adm. Fact Finding Hearing) | | | |
| 004561 | April Ford Memo Tour 11/8/05 | #23 | | |
| | (Hardy exhibit 5 Adm. Fact Finding Hearing) | | | |
| 004562-004563 | Robert Lee Memo Tera and Car Oct 04 | #22 | | |
| | (Hardy exhibit 6 Adm. Fact Finding Hearing) | | | |
| 004564 | Hardy Letter to Spann 7/14/05 Sex Harassment | #23 | Duplicate 004564 | 1 |
| | (Hardy exhibit 7 Adm. Fact Finding Hearing) | | | |
| 004565 | Hardy Memo to Ray Grievance 4/20/00 | #36 | Duplicate 000405 | 1 |
| | (Hardy exhibit 8 Adm. Fact Finding Hearing) | | | |
| 004566 | Hardy Memo to Spann Sex Disc Hostile Work Env. 1/18/00 | #36 | Duplicate 000413 | 1 |
| | (Hardy. exhibit 9 Adm. Fact Finding Hearing) | | | |
| 004567 | Hardy Memo to Tyler Job Performance | #36 | **Duplicates on this page:** | **4** |
| | (Hardy exhibit 10 Adm. Fact Finding Hearing) | | | |

**December 12, 2007 Delivery: 455 pages, 276 duplicates**

**Retrieved from DYS  December 19, 2007**

| | | | | |
|---|---|---|---|---|
| 004568-004569 | Introduction of Agency Exhibits (5) for appeal hearing 3/16/06 | #23 | | |
| 004570-004571 | EEOC Charge, Sexual Harassment DYS Exhibit 1 | #23 | Duplicates 000181, 000182 | 2 |
| 004572 | Hardy Letter to Spann 7/14/05 Grievance DYS Exhibit 2 | #23 | Duplicate 004117 | 1 |
| 004573-004597 | Staton Interview of McMillan, Feb 16, 2006 (Sex Harassment) DYS Exhibit 3 Note reverse sides not bates stamped | #22 | Duplicates 000528-000635 | 108 |
| 004598-004640 | Spann's Taped Interview with Hardy (transcript) 06/28/05 DYS Exhibit 4 | #23 | Duplicates 004386-004428 | 43 |
| 004641-004657 | Hardy's Administrative Hearing (transcript), November 15, 2005 DYS Exhibit 5 | #23 | Duplicates 000243-000333 | 91 |
| 004658 | Hardy Letter to Spann 07/14/05 Sexual Harassment DYS Exhibit 7 | #23 | Duplicate 004564 | 1 |
| 004659-004661 | Calendar's Findings Administrative Fact Finding Hearing (11/25/05) 12/8/05 DYS Exhibit 6 | #23 | Duplicates 004429-004431 | 3 |
| 004662 | Graham Letter to Stokes Re: Michael Hardy Oral Argument 09/27/07 | #23 | | |
| 004663-004665 | Perry Letter to Stokes Discovery Requests 02/27/06 | #23 | | |
| 004666 | Stokes Letter to Perry Discovery Requests 02/24/06 | #23 | | |
| 004667 | Carney Letter to Stokes Discovery Requests 02/09/06 | #23 | | |
| 004668 | Hardy's Notice of Claim and Request for Separation Information 01/31/06 | | | |
| 004669 | Scheduling Order for Hardy's Appeal to Personnel Board | #23 | | |
| 004670 | Wood's Letter of Dismissal to Hardy 01/06/06 | #23 | Duplicate 000337 | 1 |
| 004671-004673 | Calendar's Findings Administrative Fact Finding Hearing (11/25/05) 12/8/05 | #23 | Duplicates 004429-004431 | 3 |
| 004674 | Spann Memo to Wood 7/19/05 | #22 | Duplicate 004113 | 1 |
| 004675 | Spann's questions for Hardy | #23 | Duplicate 004114 | 1 |
| 004676-004477 | Spann's interview (transcript) with McMillan 06/15/05 | #23 | Duplicates 004115-004116 | 2 |
| 004678 | Hardy Letter to Spann 07/14/05 Grievance | #23 | Duplicate 004117 | 1 |
| 004679-004681 | Perry Letter to Stokes Rescheduling Hardy's Adm. Hearing | #23 | **Duplicates on this page:** | **258** |

9

| | | | | |
|---|---|---|---|---|
| | 11/14/06 | | | |
| 004682 | Stokes Letter to Perry Rescheduling Hardy's Adm. Hearing | #23 | | |
| 004683 | Wood Letter to Hardy Scheduling Hardy's Adm Hearing 11/04/06 | #23 | Duplicate 000337 | 1 |
| 004684 | Wood Letter to Hardy Scheduling Hardy's Adm Hearing 11/04/06 | #23 | Duplicate 004683 | 1 |
| 004685 | Davis' Memo to Wood Recommending Termination w/note | #23 | | |
| 004686 | Davis' Memo to Wood Recommending Termination 11/03/06 | #23 | Duplicate 000339 | 1 |
| 004687-004688 | Hardy Letter to Spann  07/14/05 (Investigation) | #23 | | |
| 004689 | Hardy Letter to Spann 07/14/05 (Grievance) | #23 | Duplicate 004117 | 1 |
| 004690 | Hardy Letter to Spann  07/14/05 (Sexual Harassment) | #23 | Duplicate 004464 | 1 |
| 004691 | Hardy Letter to Spann (Reassignment of Position) | #23 | | |
| 004692 | Hardy Letter to Tyler 06/23/97 (Job Performance) | #23 | Duplicate 004567 | 1 |
| 004693 | Hardy Letter to Tyler 06/23/97 (Job Performance) w/Tyler's Note | #23 | | |
| 004694 | Hardy Letter to Samuel 06/23/97 (Stress Workshop) | #23 | | |
| 004695 | Hardy Letter to Samuel 06/23/97 (Stress Workshop) w/Samuels Note | #23 | | |
| 004696 | Tyler Letter to Hardy 06/24/97 (Job Performance Stress Workshop) | #23 | | |
| 004697 | Tyler Letter to Hardy 06/24/97 (Letter of Reprimand) | #23 | Duplicate 004696 | 1 |
| 004698 | Hardy Letter to Samuel 06/20/97 (Letter of Reprimand) | #23 | | |
| 004699 | Hardy Letter to Tyler 09/09/98 (Reassignment) | #23 | | |
| 004700 | Hardy Letter to Spann Sex Disc Hostile Work Env. 1/18/00 | #23 | Duplicate 000413 | 1 |
| 004701 | Hardy Letter to Spann Grievance. 1/18/00 | #23 | Duplicate 000411 | 1 |
| 004702 | Hardy Letter to Spann Ref 000412 1/20/00 | #23 | | |
| 004703 | Samuel Letter to Hardy Ref 000411 01/21/00 | #23 | | |
| 004704 | Hardy Letter to Tyler 03/20/00 Performance Score | #23 | Duplicate 000405 | 1 |
| 004705 | Tyler Letter to Ray 03/23/00 Performance Score | #23 | | |
| 004706 | Hardy Letter to Ray 03/28/00 Performance Score | #23 | | |
| 004707 | Ray Letter to Hardy 04/20/00 Grievance Procedure Step B | #23 | Duplicate 000400 | 1 |
| 004708 | Graham Letter to Stokes Re: Michael Hardy Oral Argument 09/27/07 | #23 | Duplicate 004662 | 1 |
| 004709 | Graham Letter to Stokes Re: Michael Hardy Oral Argument 09/20/07 | | **Duplicates on this page:** | **12** |

| | | | | |
|---|---|---|---|---|
| 004710 | Graham Letter to Stokes Re: Dismissal Appeal 08/10/07 | | | |
| 004711 | Stokes Leter to Graham Re: Dismissal Appeal 08/08/07 | | | |
| 004712 | Graham Letter to Stokes Re: Dismissal Appeal 08/01/07 | #23 | Duplicate 000002 | 1 |
| 004713-004716 | Perry's Post-Trial Brief to Weller 08/11/07 | | | |
| | Note Hardy's brief is at 5060 | | | |
| 004717 | Stokes Cover Letter to Weller for Pre-Trial Brief 07/25/06 | #23 | | |
| | Note find Brief ** | | | |
| 004718 | Perry's Cover Letter to Weller for Taped Interview w/Harvest | #23 | | |
| 004719-004723 | Correspondence About Wood's Availability for Testimony | #23 | | |
| 004724 | Carney Memo Re: Telecon w/Rashin Farley | #23 | | |
| 004725-004730 | Correspondence About Depos and Testimony | #23 | | |
| 004731-004741 | Carney Letter to Stokes w/Discovery Documents | #23 | Duplicates 10 pages | 10 |
| 004742-004752 | ITU Leave Reports (DYS 21) 08/20/05-03/31/06 | #26 | Duplicate 004291-004301 | 11 |
| 004753-004754 | McMillan Leave Request Forms (DYS Form 24)Dec 05, Jan 06 | #30 | Duplicate 004302-004303 | 2 |
| 004755-004757 | Notice of Deposition Stokes to Birdie Montgomery | #23 | | |
| 004758 | Glarrow Letter to Stokes Re: Dates for Hardy's Hearing | #23 | | |
| 004759 | Perry Letter to Montgomery Delaying Deposition Date 3/24/06 | #23 | | |
| 004760 | Perry Letter to Harris Delaying Deposition Date 3/24/06 | #23 | | |
| 004761 | Perry Letter to McMillan Delaying Deposition Date 3/24/06 | #23 | | |
| 004762-004965 | Miscellaneous | | Duplicates 202 pages | 202 |
| 004966 | Statement of Facts Termination Appeal Hearing | #23 | | |
| 004967-005059 | Discrimination and Harassment Incidents at DYS | #37 | | |
| 005060 | Copy error, first page of Post-Trial Brief | | Duplicate 005133 | 1 |
| 005061-005062 | Hardy's Reply to DYS Response re: Eugene Smith 5/22/06 | #23 | | |
| 005063-005064 | Hardy's Reply to DYS Response re: Eugene Smith | #23 | Duplicate 005061-005062 | 2 |
| 005065-005066 | DYS Response to Hardy Motion re: Eugene Smith 05/18/06 | #23 | | |
| 005067 | Hardy's Request for Change of Date 05/16/06 | #23 | | |
| 005068-005070 | Hardy's Motion for Protection re: Eugene Smith 05/04/06 | #23 | | |
| 005071-005075 | DYS Motion In Limine 05/04/06 | #23 | | |
| 005076-005132 | Discrimination and Harassment Incidents at DYS | #37 | | |
| 005133-005149 | Hardy's Post-Trial Brief 08/08/07 | #23 | **Duplicates on this page:** | **229** |

**December 19, 2007 Delivery: 582 pages, 499 duplicates**

**December 26, 2007 Delivery:**

| | | |
|---|---|---|
| 005150-005164 005166 | Daily Time & Attendance Report ITU 06/11/05-06/24/05 | #26 |
| 005167-005549 005165 | Daily Time & Attendance Report Trustee 06/11/05-06/30/06 | #26 |

**December 26, 2007 Delivery: 400 pages, zero duplicates**

**All Deliveries: 5545 pages, 1185 duplicates**

[1] 1078 skipped
[2] 1221 skipped
[3] Duplicate 8/1/06 pages
[4] Duplicate 2158 pages

PLAINTIFF'S
EXHIBIT
C

# JIMMY JACOBS, L.L.C.

*Attorneys at Law*

4137 Carmichael Road
Suite 100
Montgomery, AL 36106

Telephone (334)215-1788
Fax (334)215-1198
jacobslawoffice@charter.net

14 December 2007

## VIA FACSIMILE AND REGULAR MAIL

T. Dudley Perry, Jr.
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

*Re: McMillan v. Dept. of Youth Services, et al.*; USDC Middle Alabama; CV No: 2:07-cv-001

Dear Dudley,

I have had the opportunity to go over the additional responses to the Plaintiff's First Discovery Requests which your secretary brought by Wednesday evening. The responses are still incomplete in several instances. In addition some of the material supplied was duplicative, both within the production and of prior production. Please supply the materials listed below which are responsive to the requests. I am also sending

Request No. 10, 12 & 37: All communications and/or documents related to the Michael Hardy between the dates of January 7, 2006 and July 25, 2006.

Request No. 10, 12 & 37: Pre-trial briefs and/or other communications regarding the Dismissal Hearings conducted by Administrative Law Judge Weller on May 8, 2006 and June 10, 2006

Request No. 10, 12 & 37: DYS exhibits 1-7 introduced at the Dismissal Hearings before Administrative Law Judge Weller.

Request No. 10, 12 & 37: Transcript of Dismissal Review Hearings before Administrative Law Judge Weller.

Request No. 10, 12 & 37: All post-trial briefs to Administrative Law Judge Weller filed on or about July 25, 2006.

Request No. 23 & 36: All records and reports related to the hostile environment charge referenced in exhibit number 9 of the November 2005 hearing.

Request No. 23, 24, 32 & 33: All e-mails, memos, and correspondence related to the investigations referenced in these responses.

Request No. 34(g): the last known address and phone number for employee Lisa May ('nee Lisa Alexander) who worked at Harris Hall for a period of at least, but not limited to, August 2002-July 2003.

Request No. 38: All complaints of sexual harassment, sex/gender discrimination, retaliation and/or any EEOC or OCR complaints filed by or against current or former employees of DYS in the Middle District of Alabama.

Thank you in advance for your cooperation in this matter. I look forward to receiving these materials.

Sincerely,

Jimmy Jacobs

C: James Eldon Wilson, Esquire



PLAINTIFF'S
EXHIBIT
D

**LAURA A. HEAD**
**COURT REPORTER**
**3506 FOXHALL DRIVE**
**MONTGOMERY, AL 36111**
**334-286-4938 or 334-202-4851**

January 6, 2008

Jimmy Jacobs, Esq.
4137 Carmichael Road, Ste. 100
Montgomery, AL 36106

RE:  Michael Hardy Termination
Appeal Hearing held on
May 8 & July 10, 2006

1 copy of 691 pages @ $2.35 per page. . . . . . . . .   $1623.85

Thank you,

Laura A. Head
Court Reporter

PLAINTIFF'S
EXHIBIT
E

October 22, 2007

OCT 2 4 2007

©COPY

To Whom It May Concern:

I am submitting my grievance to you based upon the following:

On Friday, October 19, 2007 towards the end of my 6am to 2pm my shift supervisor Mr.
W████, approached me stating that Ms. U██████ had given him something to give to
me but he was instructed to do so on the next day.

On Saturday, October 20, 2007 I received my performance appraisal. The appraisal was
presented to me by 1st shift supervisor W████ W████. Mr. W████ presented me with an
evaluation that showed I partially met standards. My score was 10.5. When questioned
about the overall evaluation, he, Mr. W████, could provided no explanation for marking
the attendance, cooperation with co-workers and the compliance with rules in the work
habits section of my appraisal as unsatisfactory. I received several rating scores of 1
which he could not explain. When I question Mr. W████ on why the above items were
marked he stated, "I don't know." His answer to my question along with his statement
from the previous day regarding him receiving something to give to me from Ms.
U████████ caused me to question whether or not he was my rating supervisor for this
appraisal. On the appraisal presented to me I noticed that the rating supervisor had not
been identified. According to the Alabama State Personnel Procedures Manual Section
VII page 102, "An employee's immediate supervisor should conduct the appraisal
process. The person most familiar with the work being performed by the employee is
considered the rating supervisor. The appraisal should be objective and accurate because
the supervisor has been monitoring behavior and communicating performance feedback
during the appraisal period. I am well aware of why I received a seven point reduction for
my disciplinary score; however, the additional points deducted are unjustifiable.

In regards to my attendance the only days I missed from work were sick days which I
supplied medical documentation for. There has not been any situation at work that I have
shown a lack of cooperation with co-workers, nor has any situation been documented in
my personnel file. There has not been any situation at work where I have been out of
compliance with the rules, nor has any situation been documented in my personnel file.
There has not been any situation at work where I have not supervised the students in my
care, nor has any situation been documented in my personnel file. There has not been any
situation at work where I have experienced a crisis and did not intervene, nor has any
situation been documented in my personnel file.

©COPY



005035

1

On July 30, 2007 I participated in a counseling session with assistant supervisor, Derrick Sankey, regarding my neglect of job duties. When I questioned Mr. S████y about what I was doing to neglect my duties, he stated that as far as he could see I had done nothing wrong. He also stated that Ms. U██████ had instructed him to have the "counseling session" with me. At the end of the session I declined to sign the document stating that I was aware that I had been neglectful of my job duties because the area(s) of my non-performance had not been identified. I stated to Mr. S█████, I had no problem signing the document if my negative actions could be explained to me and specifically included within the document. No follow-up counseling session has ensued to include specific areas of non-performance. I have not been provided with a copy of the documentation from the coaching session. According to the Code of Alabama section 36-26-27.1, in the event that the information is not provided to the employee within ten days as herein required. The reprimands or notes shall be removed from the employee's file and shall not be used against the employee in any future proceeding or disciplinary action.

On August 3, 2007 I participated in a meeting with Mr. D███ and Ms. U████████ regarding a grievance that I filed against Ms. U███████ on July 27, 2007 for her use of abusive language toward me. The entire meeting was recorded on audio tape with Mr. D███'s approval. (A copy of the recording was provided to ADYS investigator, Mr. S████, during his inquiry of a sexual harassment claim I filed one year prior.) During the meeting, Ms. U█████████'s attitude was extremely hostile and unprofessional. At the end of the session, Mr. D███ stated his expectation that all supervisors were to address employees in a respectful manner. Since the meeting with Mr. D████, Ms. U████████ has not spoken to/with me.

On Monday, October 15, 2007 I made an inquiry about a change of off day request that I had submitted back in June of this year. My immediate supervisor, Mr. W███ informed me that Ms. U███████ was the person who made the final decision on off day changes and he would speak with her regarding my request. On October 19, 2007 I received a memorandum from Ms. U█████████ denying my request.

In my opinion, the additional points deducted from my performance appraisal were done so in malice as a form of retaliation for grievances filed against Autauga Administration this year in addition to an unwanted inquiry on August 9, 2007 from ADYS investigator, Mr. A███ S████, regarding a sexual harassment complaint I filed in January 2006 that Autauga Administration did not follow ADYS policy and procedures on. In July of this year Autauga administration attempted to suspend me for leaving work early due to an illness of which I provided documentation for from my physician when I returned to work from extended sick leave. The suspension was rescinded by ADYS Deputy Director, T██ D███, on July 17, 2007 and I was issued a letter of reprimand instead.

While I am aware that this complaint will not remedy all of the points deducted from my evaluation I would like the opportunity to have a fair and nonbiased re-evaluation conducted by my immediate supervisor.

005035

2

I have included copies of all of the correspondence that I have sent and received for the actions stated above.

Please let this letter serve as the first step of my grievance against Autauga Administration for retaliation.


Sincerely,

E███ █████
Youth Services Aide
Autauga Campus


C: Mr. J. Walter Wood
   Mr. Tim Davis
   Mr. G. Wayne Booker
   Ms. Debra Spann
   Mr. Alan Staton
   Mr. Keith Duck