IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLAN )<br>    Plaintiff )<br> )<br>v. )<br> )<br>ALABAMA DEPARTMENT OF )<br> YOUTH SERVICES, et al., )<br>    Defendants ) | <br><br><br>Civil Action No: 2:07-cv-001-WKW<br><br>(JURY DEMAND)<br> |

**MOTION TO STRIKE DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' SUMMARY JUDGMENT REPLY EXHIBITS AND ARGUMENT**

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and submits her Motion to Strike exhibits presented with the Alabama Department of Youth Services' (DYS) Reply in support of its motion for summary judgment. The Plaintiff also moves the Court to strike argument based upon these exhibits, as well as any argument based upon evidence which is not in the record, and argument presented for the first time in its reply.

**FACTS RELEVANT TO THE MOTION**

This is an action under Title VII and Section 1983 for sexual harassment, hostile work environment, and for retaliation. (Doc. 1) This Defendant filed its Motion for Summary Judgment with supporting brief and exhibits on November 26, 2007. (Doc. 29) The Plaintiff filed a Motion to Strike certain of DYS's exhibits to its motion on November 28, 2007 on the grounds that the Defendant had failed to provide these materials to the Plaintiff in response to her properly promulgated discovery requests.[1] (Doc. 31)

---

[1] Plaintiff had filed a Motion to Compel production of these materials, as well as others, on November 26, 2007, following her unsuccessful efforts to secure compliance from the Defendant. (Doc. 27) Defendant responded to the Court's Order on the motion to compel by stating that the documents were not produced

1

The Plaintiff filed her response to the summary judgment motion on January 3, 2008, with evidentiary exhibits, disputing material substantial facts put forward by the defendant and each of the arguments set forth by the defendant in support of its motion. (Doc. 44) Plaintiff's response included a response to Defendant's statement of material facts in support of the motion for summary judgment and statement of additional material facts showing genuine issues to be tried. *(Id.)*

The Defendant did not file a Reply brief by the January 17th deadline set forth by the Court (Doc. 41), but moved the Court on January 25, 2008 for an extension of time to file a brief. (Doc. 53) DYS subsequently filed a reply brief (Doc. 61) on February 8, 2008 which relied, in significant part, on new exhibits[2] (Docs. 61:2-9) that had not been submitted or referenced in its Motion for Summary Judgment. (Doc. 28) With this motion, Plaintiff shows that the Court should disregard and strike the exhibits filed with the reply as well as the arguments based upon evidentiary materials submitted for the first time in the reply brief. Plaintiff shows that the Court also should disregard Defendant's assertions of fact that are not supported by reference to any material fact in the record.

### ARGUMENT AND CITATION OF AUTHORITY

Fed.R.Civ.P. 12 authorizes the court to strike matters in pleadings that are insufficient, redundant, immaterial, impertinent or scandalous. While motions to strike generally are disfavored, the district court may strike exhibits and arguments submitted

---

because they were "inadvertently" in another location even though counsel was using them to support his motion. (Doc. 39) All of these documents except one were produced on December 12, 2007.

[2] One of the new exhibits (Ex. 8) has not previously been made available to the plaintiff even though it is plainly responsive to her RFP 37 for "…a copy of all correspondence, pleadings, depositions, and exhibits, transcripts of hearings or other proceedings, finding and/or reports related to the termination of the employment of defendant of Michael Hardy by DYS." The Court ordered DYS to respond to this request in its Order dated December 13, 2007. (Doc. 40)

for the first time in a reply brief. *United States v. Ga. Dept. of Natural Resources*, 897 F.Supp. 1464, 1470 (N.D. Ga. 1995). See also *Giddens v. Equitable Life Assur. Soc.*, 356 F.Supp. 2d 1313, 1325 n. 4 (N.D. Ga. 2004), *aff'd in part, rev'd in part* 445 F.3d 1286 (11th Cir. 2006) (court will not consider arguments raised for the first time in reply brief); *Reid v. Lockheed Martin Aeronautics Co.;* 205 F.R.D. 655, 664 (N.D. Ga. 2001) (same).

In its summary judgment brief this Defendant presented a number of assertions in its Statement of Facts and Argument that were not supported by reference to evidentiary materials that were on file with its motion as required by the Court's orders. (Section 2 of the Court's Rule 16 Scheduling Order (Doc. 15) and paragraph 8 of the Court's Order dated November 26, 2007. (Doc. 26))  The Defendant apparently attempts to cure this defect by offering additional, new evidence; and, seeks to overcome the Plaintiff's demonstration of disputed issues of fact by presenting new arguments, in its Reply Brief.

Defendant's reply brief, on its face, confirms that there are disputed issues of fact for resolution by the jury in this case.  DYS's new evidentiary submissions and arguments are no more than disputations of the Plaintiff's dispute of the Defendant's initial presentation of facts and arguments.  Even without any analysis of the materiality or substance of these exhibits or arguments, it is apparent that the Defendant seeks to have the Court to improperly "…make credibility determinations or weigh the evidence." (*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110 (2000); *Hinson v. Clinch County,* 231 F.3d.821 (11th Cir. 2000)) by deciding these disputed issues in its favor.  In fact, the reply brief devotes the first 26 of its 38 pages to efforts to contest the Plaintiff's evidence disputing its "Statement of 'Undisputed' Facts" and the Plaintiff's evidence supporting her "Statement of Additional Undisputed Facts".

3

The remainder of the Defendant's Reply Brief is devoted to efforts to dispute the Plaintiff's showing that it is not entitled to the affirmative "Faragher/Ellerth" defense because there is disputed evidence that its policies and procedures were not effective (pages 28-32), and to dispute the Plaintiff's evidence that it is judicially estopped from claiming that co-defendant Michael J. Hardy did not sexually harass or attempt to retaliate against the Plaintiff. (pages 32-36).  In so doing, the Defendant improperly relies upon evidence that it failed to submit in support of the motion for summary judgment. Defendants' submission of additional exhibits in support of their motion with a reply brief is improper. See *Ga. Dept. of Natural Resources*, 897 F.Supp at 1470 (striking defendant's exhibits submitted in summary judgment reply).

The defendant's submission of Exhibits "1" and "3", the depositions of the plaintiff and of DYS personnel manager Debra Spann, are not only new evidence, they were not conducted until after both parties had submitted their briefs on the dispositive motion and the deadline for the Defendant's reply had passed.  Exhibit "2" is a copy of a DYS policy regarding training for new employees which is apparently presented to cure the Defendant's failure to present evidence on this matter in its motion.  However, the evidence is not only "new" to the motion but did not go into effect until June 21, 2007 – more than four years after the Plaintiff was employed by DYS – and is not relevant to this case.  Exhibit "4' completes the partial copy of the Defendant's sexual harassment policy which was offered with its dispositive motion, and is not completely new to the argument.  Exhibits "5' through "8", however, are all new evidence, offered for the first time in this reply brief.

4

Each of these evidentiary submissions, along with any argument predicated upon them, is due to be stricken because they were not offered with the defendant's motion for summary judgment. The non-moving party must have the opportunity to rebut any facts or arguments brought forward in a Rule 56 motion, and facts and argument presented for the first time in a reply brief are due to be stricken. *Burns v. Gadsden State Community College*, 908 F.2d 1512, 1515-17 (11th Cir. 1990). See also: *Viero v. Bufano*, 925 F.Supp.1374 (N.D. Ill. 1996); *McKay v. Town & Country Cadillac, Inc.*, 2002 U.S. Dist. LEXIS 7724 (U.S. Dist. 2002) *Matthews v. Alaska Seaboard Partners Ltd, Partnership*, 2006 WL 2686932, at *6 (S.D. Ala. Sep. 19, 2006); *Mariano v. Potter*, 2006 WL 907772 at *3 & n. 6 (S.D.Ala.2006)

## CONCLUSION

For the reasons set out herein, the Court should disregard and strike all exhibits and arguments submitted for the first time with Defendant's reply to Plaintiff's response to Defendant's motion for summary judgment. Additionally, the Court should disregard all arguments set out in Defendant's reply brief that are not supported by reference to material facts in the record.

Respectfully submitted this 15th day of February 2008.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

5

<u>CERTIFICATE</u> <u>OF SERVICE</u>

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 15th of February, 2008.

                  /s/**Jimmy Jacobs**
                  JIMMY JACOBS (JAC051)
                  Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106