IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLAN )<br>     **Plaintiff** )<br> ) <br>v.                         ) **Civil Action No: 2:07-cv-001-WKW**<br> )<br>ALABAMA DEPARTMENT OF ) **(JURY DEMAND)**<br>  YOUTH SERVICES, et al.,  )<br>     **Defendants** ) | |

**Motion for Reconsideration of Order on Discovery**

Comes now the Plaintiff, by and through undersigned counsel, and submits this motion, pursuant to *28 U.S.C. § 636 (b)(1)(A)* and Local Rule 72(A), for reconsideration of the Order entered by the Magistrate on February 12, 2007 in response to the Plaintiff's Motion for Sanctions, including costs. The Plaintiff filed her motion to recover costs incurred as a result of the defendant's refusal to permit her to copy a document which the defendant had produced for inspection following the plaintiff's motion to compel production discovery pursuant to F. R. Civ. P. 37. The Plaintiff respectfully shows that the Order is contrary to the provisions of F. R. Civ. P. 34 and the guidance provided to parties by the Court's *Guidelines for Civil Discovery*.

1)    The plaintiff submitted her First Discovery Requests to defendant Alabama Department of Youth Services (DYS) on June 22, 2007, including interrogatories and requests for inspection and copying for which the transcript of the state personnel board hearing on the termination of defendant Hardy was responsive. DYS responded in writing on August 31, 2007 that the complete file on this hearing was available for inspection and copying by the plaintiff, but failed to actually produce the

1

requested file, including the transcript of the hearing. (See Doc. 27, p. 3, ¶ E)  The defendant also listed "… hearing transcripts and exhibits, etc., including Agency proceedings and proceedings before the State Personnel Board …" as relevant documents in its possession with its Initial Disclosures submitted to the plaintiff on October 8, 2007.  The plaintiff made a number of unsuccessful attempts to obtain this discovery before filing a Motion to Compel on November 26, 2007. (Doc. 27)

2) The defendant submitted a motion and brief for summary judgment on November 26, 2007 in which it relied upon the transcript of the requested, but unproduced, personnel board hearing. (Doc. 29: Ex. 1) The defendant filed a response to the plaintiff's motion to compel on December 12, 2007 in which it averred that the disputed transcript had not been timely produced because it was in "another location" and that it was copying the omitted documents for immediate production to the plaintiff. The Court ordered, on December 13, 2007, that the defendant was to produce the materials promised in its December 12th Response by December 20, 2007. Some documents were delivered to the plaintiff on December 12, but the file containing the hearing transcript was not included. Plaintiff's counsel wrote to defendant's counsel on December 14, noting the omission and requesting production, but the defendant did not respond to this request.

3) Plaintiff's counsel followed up this request on December 20, 2007 and was allowed to inspect a number of previously undisclosed documents, including the hearing transcript at issue here. The defendant provided copies during this visit of other documents it had not previously produced, but refused to provide a copy or to allow the plaintiff to make a copy of the hearing transcript for use in drafting her summary

2

judgment response. The defendant's counsel insisted that plaintiff would have to secure the transcript from the court reporter and telephoned her to discuss delivery of the transcript to plaintiff's counsel. The plaintiff subsequently received the original transcript, along with an invoice for $1,623.85. (Doc. 50: Ex D)

5) At the hearing on Plaintiff's motion for costs, the Magistrate stated that the defendant did not have an obligation to permit the plaintiff to make a copy of the document when it was produced because it was equally available to both parties, and entered an Order denying the plaintiff's motion on February 12, 2008. (Doc. 66)

Argument

The defendant had the document in its possession at the time of inspection and had utilized it as evidence on its motion for summary judgment. The plain language of Rule 37 requires a party to produce properly requested documents and other things for inspection **and** copying by the other party. There is no provision in the rules that contemplates that a producing party can refuse to permit a requesting party to make or to have made a copy of its production and, instead, order an original of a document at the requester's expense. The Court's *Guidelines for Civil Discovery* (at III. 5) sets forth the recommended procedure for obtaining copies of documents produced during discovery. The defendant's refusal to permit the plaintiff to make a copy or to arrange to have the document photocopied is contrary to these guidelines as well, and the defendant should be required to reimburse the plaintiff for the unnecessary expenses created by its conduct.

WHEREFORE, these premises considered and for other such good and just cause as the Court may in its discretion find, the plaintiff moves this Honorable Court for reconsideration of the Magistrate's Order and for entry of an Order imposing sanctions,

3

including her extraordinary costs for obtaining a copy of the administrative hearing transcript withheld by the Defendant.

Respectfully submitted this 22nd day of February 2008.

    /S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 22nd of February, 2008.

    /s/**Jimmy Jacobs**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

4