IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERA A. McMILLAN,** ) | |
| ) | |
| ) | **Case No: 2:07:CV-01-WKW** |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **ALABAMA DEPARTMENT OF** ) | |
| **YOUTH SERVICES and** ) | |
| **MICHAEL J. HARDY,** ) | |
| ) | |
| **Defendants.** ) | |

## RESPONSE TO MOTION FOR RECONSIDERATION
## OF ORDER ON DISCOVERY

Comes now DYS and responds to the Plaintiff's Motion for Reconsideration of Order on Discovery (Doc. 79). In her Motion for Reconsideration the Plaintiff argues, again, that DYS should pay "sanctions including her extraordinary costs for obtaining a copy of the administrative hearing transcript withheld by the Defendant." (Doc. # 79, pp. 3-4). The motion is without merit as discussed below.

First, the Plaintiff conceded that DYS identified in its initial disclosures on October 8, 2007, the transcript of the State Personnel Hearing. (Doc. 79, ¶2, p. 2). This disclosure put the Plaintiff on notice at the earliest stages of this case, before discovery even began, that the subject transcript supports DYS's claims and defenses.

Second, the Plaintiff also conceded that DYS **has produced** the document in question. On December 20, 2007, DYS indisputably produced the transcript, although Mr. Jacob's assistant Mr. Love argued with the undersigned that refusing to copy the document for him is legally the same as refusing to produce it. (Doc. # 79, p. 2, ¶ 3, Affidavit of Gerald Love).

Plaintiff's motion for "sanctions" in essence asks the Court to order DYS to pay for her copy of the subject transcript–which DYS identified for the Plaintiff at the earliest stages of litigation– and which she could have obtained for herself at any time. Insofar as the Plaintiff relies on the *Guidelines for Civil Discovery* (sic.) the Plaintiff is simply wrong. The *Guidelines to Civil Discovery Practice in the Middle District of Alabama* do <u>not</u> allow the requesting party to insist on copies of requested documents. Rather the *Guidelines* allow the requesting party to insist on viewing the <u>originals</u>, and the *Guidelines* make it clear that in cases where a particularly large number of documents is produced as in this case, the requesting party should provide the manpower and the equipment. Moreover, the *Guidelines* make clear that ALL expenses for copies is born by the requesting party. The Plaintiff seeks in this case to have the producing party pay for copies produced in addition to producing the originals.

As this Court made reference at the December 12, 2007 hearing of this matter, not only did DYS produce the transcript, but the transcript was at all times equally available to the Plaintiff and to DYS. The Plaintiff could have gotten the transcript either from the court reporter or from the State of Alabama Personnel Department, which conducted the hearing. The Plaintiff chose to not to get it–although it was available as evidenced by the fact that the undersigned contacted the court reporter on December 20, 2007, and confirmed its availability. (Doc. # , Affidavit of Gerald Love, ¶ 12.)

Plaintiff's counsel also conceded in open court on December 12, 2007, that the Plaintiff does not claim any requested documents have not been produced. However, after making that concession the Plaintiff <u>again</u> seeks sanctions from DYS.

DYS submits that the Plaintiff could have, should have, and did, obtain copies of the transcript from other sources, and that the Court correctly refused to sanction DYS. *See*

Fed.R.Civ.P. 26(b)(2)(C)(I) (the court shall limit discovery where the information sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive"). In light of the number of documents the Plaintiff required DYS to produce, the number of documents DYS did produce at DYS's own expense, and the pattern of unreasonable and inaccurate demands made by the Plaintiff, the Court was correct in denying the Plaintiff's motion for sanctions. DYS submits that if sanctions are in order they are in order against the Plaintiff and her counsel for this vexatious motion and the pattern of discovery abuse evident in this case.

DYS submits that the Plaintiff's original motion was, and this renewal of it is without merit, and DYS requests the Court deny the Plaintiff's motion for reconsideration.

Respectfully submitted,

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

**s/Sancha E. Teele**
Sancha E. Teele
Assistant Attorney General
Bar Number: 0103-H71T
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: 334-215-3803
Fax: (334) 215-3872
E-Mail: sancha.teele@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2008, I electronically filed the foregoing, **RESPONSE TO MOTION FOR RECONSIDERATION OF ORDER ON DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs
E-mail:jacobslawoffice@charter.net
Attorney At Law
143 Eastern Boulevard
Montgomery, AL 36117
Tel: (334) 215-1788
Fax: (334) 215-1198

James Eldon Wilson
Attorney at Law
4625 Lomac Street
Montgomery, AL 36106

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Attorney for the Defendants