**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERA A. McMILLAN,** | ) | |
| | ) | |
| | ) | **Case No: 2:07:CV-01-WKW** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ALABAMA DEPARTMENT OF YOUTH SERVICES and MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' SUMMARY JUDGMENT REPLY EXHIBITS AND ARGUMENT**

COMES NOW THE DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES ("DYS") by and through undersigned counsel and moves this Honorable Court to deny the Plaintiff's motion to strike for the foregoing reasons:

1. The Plaintiff requests that this Court strike exhibits 1 through 9 of DYS' reply to Plaintiff's Brief in Opposition to Summary Judgment as well as the argument based upon these exhibits.

2. The Plaintiff incorrectly argues that the exhibits and the argument based on the exhibits are new evidence. In general, when a non-movant raises new issues or arguments in response to a summary judgment motion, the movant is entitled to respond to those new issues in its reply brief. *Central States, Southeast and Southwest Areas Pension Fund v. White*, 258 F. 3d 636, 640 n. 2 (7th Cir. 2001). The Plaintiff in the instant case raised the new argument of judicial

estoppel in its reply brief and added additional facts to the Statement of Undisputed Facts. (Doc. 44 pg. 25 -25; Doc. 44 pg. 18-23). DYS responded to the Plaintiff's new argument and additional facts by submitting exhibits 1, 5, 6, 7, and 8 to show there is no genuine dispute. (Doc. 61).

3. A reply brief is also useful if an opponent has "(1) mis-stated the facts or law in way that is not obvious to the ...[court]... (2) introduced a new issue... or (3) discussed an authority or legal principle that has arisen since the ... brief was filed." (Quoting Michael E. Tigar, Federal Appeals: Jurisdiction and Practice 356 (2 ed. 1993)).

4. In the instant case, the Plaintiff in her motion in opposition to summary judgment, mis-stated several facts in the Statement of the Facts and Argument portions of the brief. (Doc. 44 pg. 5-23; Doc. 44 pg. 25-36). In reply to these mis-stated facts, DYS submitted Exhibit 1, 2, 3, and 4. (Doc. 61).

5. First, Exhibit 1 and Exhibit 3 did not exist when DYS filed it's Motion for Summary Judgment. Exhibit 1 is the Deposition of Tera McMillan and Exhibit 3 is the Deposition of Debra Spann, the personnel manager for DYS.

6. This Court granted DYS' continuance to reply to the Plaintiff's Brief in Opposition to Summary Judgment. (Doc. 56). DYS requested a continuance to reply because the Plaintiff's deposition was not transcribed before the time to respond to the Plaintiff's Brief. (Doc. 53).

7. Counsel for the Plaintiff argues that this Court should strike Exhibits 1 and 3 because they are new evidence. The undersigned utilized Ms. Tera McMillan's deposition as Exhibit 1 throughout it's reply brief to the Plaintiff's brief to rebut the mis-stated facts made by

the Plaintiff in response to the Statement of the Undisputed Facts. (Doc. 61 pg. 1-28). The Plaintiff submitted a nine page affidavit to support her motion in opposition to summary judgment (Doc. 44 Plaintiff's Exhibit 1 - Declaration of Tera McMillan). The Plaintiff's nine page affidavit is directly contradicted by her deposition testimony. This court should consider disregarding the entire affidavit.[1] In addition, the undersigned utilized Exhibit 3 in the reply brief to clarify the date Tera McMillan reported the allegation of sexual harassment and to rebut McMillan's misstatement at the deposition that employees do not receive 40 hours of training. (Doc. 61 pg. 6 and pg. 11).

8. The Plaintiff requested that this Court strike Exhibit 2, which is a copy of the DYS policy regarding training for new employees. DYS submitted the copy of this policy to correct the misstatement of fact by the Plaintiff that DYS does not provide 40 hours of training for new employees. (Doc. 61 pg. 6 and Doc. 44 pg. 7). There is no evidence in the record that contradicts this fact.

9. The Plaintiff conceded in her motion to strike that Exhibit 4, which is a copy of the Defendant's sexual harassment policy is not new evidence. (Doc. 77 pg. 4).

10. The Plaintiff further requested that this Court strike Exhibit 5, which is a letter from the undersigned to Administrative Law Judge Weller in the Michael Hardy termination proceeding. The undersigned submitted Exhibit 5 to it's reply brief to respond to the Plaintiff's new argument of judicial estoppel; the Plaintiff also argued that DYS took an opposite position

---

[1]In _McCormick v. City of Fort Lauderdale_, 333 F.3d 1234, 1240 ( C. A. 11 Fla. 2003) the court in that case disregarded an affidavit that was submitted for the purpose of opposing a motion for summary judgment because the affidavit directly contradicted deposition testimony. This court is certainly not required to conclude that a disputed material fact exists to the extent that the Plaintiff's deposition testimony contradicts the affidavit.

during the Michael Hardy termination proceeding and judicial estoppel applies in this case. (Doc. 44 pg 25 -27; Doc. 44. pg. 22). The exhibit clearly establishes that DYS did not take an opposite position at the Michael Hardy termination hearing as the Plaintiff suggests. (Doc. 61 pg. 28, 33-35).

11. In addition, the Plaintiff requested that this Court strike Exhibit 6, which is the Administrative Law Judge's Recommended Order to the State Personnel Board. DYS submitted Exhibit 6 to it's reply brief to respond to the new argument of judicial estoppel that the Plaintiff raised in her motion in opposition to summary judgment. (Doc. 61 pg. 34-35 and Doc. 44 pg. 25-27).

12. The Plaintiff requested that this Court strike Exhibit 7, which is the decision of the personnel board to uphold Michael Hardy's termination. DYS referred to this exhibit one time in it's brief to respond to the additional fact raised by the Plaintiff in paragraph 58 of the Statement of Undisputed Facts. (Doc. 61 pg. 28; Doc. 44 pg. 22).

13. Exhibit 8 is the last exhibit that the Plaintiff desires this Court to strike. Exhibit 8, includes is the first two pages of the State of Alabama Department of Personnel Hearing of Michael Hardy. Counsel for DYS referred to this document in it's brief to clarify the mis-stated fact by the Plaintiff that the purpose of the hearing was to determine that Michael Hardy violated Title VII. (Doc. 44 pg. 25-26). Exhibit 8 establishes that the purpose of Michael Hardy's termination hearing was to determine whether his termination was appropriate. (Doc. 61 pg. 33).

14. Counsel for the Plaintiff raised the new argument of judicial estoppel in it's brief in opposition to summary judgment. (Doc. 44 pg. 25-27). In addition, the Plaintiff submitted additional facts in her motion in opposition to summary judgment. (Doc. 44 pg. 18-23). The

exhibits and the argument that are based on the exhibits that DYS submitted to this Court, respond the new issue of judicial estoppel as well as the mis-stated facts in the Plaintiff's motion.

15. DYS submitted Exhibits 1 through 8 to assist the Court with the motion for summary judgment and to demonstrate to the Court that the facts as alleged in DYS' initial motion for summary judgment are accurate and un-rebutted. This Court should consider these exhibits and the argument based on these exhibits to resolve the motion for summary judgment because they show there are no genuine disputed issues of fact and the Plaintiff's affidavit is merely a sham to the extent it contradicts her deposition testimony.

THEREFORE, for the above mentioned reasons, the Alabama Department of Youth Services respectfully requests that this Court deny the Plaintiff's Motion to Strike Defendant Alabama Department of Youth Services' Summary Judgment Reply Exhibits and Argument.

Respectfully submitted,

s/ T. Dudley Perry Jr.
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

s/Sancha E. Teele
Sancha E. Teele
Assistant Attorney General
Bar Number: 0103-H71T
Attorney for the Defendant
Alabama Department of Youth Services

Post Office Box 66
Mt. Meigs, AL 36057
Telephone: 334-215-3803
Fax: (334) 215-3872
E-Mail: sancha.teele@dys.alabama.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2008, I electronically filed the foregoing, DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' SUMMARY JUDGMENT REPLY EXHIBITS AND ARGUMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs
E-mail:jacobslawoffice@charter.net
Attorney At Law
143 Eastern Boulevard
Montgomery, AL 36117
Tel: (334) 215-1788
Fax: (334) 215-1198

James Eldon Wilson
Attorney at Law
4625 Lomac Street
Montgomery, AL 36106

s/ T. Dudley Perry Jr.

T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Department of Youth Services
Attorney for the Defendants
143 Eastern Boulevard
Montgomery, AL 36117
Tel: (334) 215-1788
Fax: (334) 215-1198