IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-001-WKW |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| YOUTH SERVICES, et. al., ) | |
| ) | |
| Defendants. ) | |

## ALABAMA DEPARTMENT OF YOUTH SERVICES' MOTIONS IN LIMINE

COMES NOW, the Defendant, Alabama Department of Youth Services (hereinafter "DYS"), and hereby moves this Honorable court in limine to instruct, direct, and order the Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses not to mention, refer to, interrogate concerning, argue or mention in any way in the presence of the jury either directly or indirectly during voir dire, opening statements, trial, and in closing argument the matters set forth below:

1. The introduction of evidence or testimony indicating that DYS took a different or inconsistent position with regard to the claims in this case in the administrative proceeding regarding Michael Hardy's termination. This Court has ruled the positions were consistent. Under the doctrine of judicial estoppel "when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Courts consider the following factors to determine whether judicial estoppel applies: (1) whether a party has taken a

position that is clearly inconsistent with an earlier position; (2) "whether a party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51. DYS submits that judicial estoppel should not apply in the instant case; in addition, this Court in its Memorandum Opinion and Order (Doc. 90). has indicated that judicial estoppel does not apply which reinforces DYS' position. In the alternative, Fed. R. Evid. 403, which states in relevant part "relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, confusion of the issues, or misleading of the jury," should prevent Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses from mentioning DYS sought Hardy's termination in an administrative hearing. The probative value of such information to Plaintiff as it relates to Plaintiff's claims against DYS is substantially outweighed by the danger of unfair prejudice to DYS and such information may potentially mislead the jury.

2. The introduction of evidence or testimony that other allegations of sexual harassment at DYS were not investigated or were otherwise unaddressed. (McMillian Declaration P.6). The Plaintiff has no personal knowledge of this information. The Plaintiff testified in a deposition that her knowledge of sexual harassment on campus was based on rumors. (McMillian Deposition January 22, 2008 P. 102 line 21 – P.117 line 18). Under Fed. R. Evid. 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In addition, Plaintiff's knowledge of this alleged information is based on information another person relayed to Plaintiff; therefore, this information is hearsay and it is not admissible at trial pursuant to Fed. R. Evid. 802. See also,

*Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000). Moreover, Plaintiff has identified no individuals in initial disclosures or through the discovery process with first hand knowledge of such information.

    3. The introduction of evidence or testimony indicating that DYS had knowledge of pervasive sexual conduct at Mount Meigs. (McMillian Declaration P.6). The Plaintiff testified in a deposition that her knowledge of the alleged sexual conduct and relationships among co-workers was based on rumors. (McMillian Deposition January 22, 2008 P. 102 line 21 – P.117 line 18). Under Fed. R. Evid. 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In addition, Plaintiff's knowledge of this alleged information is based on information another person relayed to Plaintiff; as such, this information is hearsay and it is not admissible at trial pursuant to Fed. R. Evid. 802. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000).; *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).. Moreover, Plaintiff has identified no individuals in initial disclosures or through the discovery process with first hand knowledge of such information.

    4. The introduction of evidence or testimony that Alan Staton told Plaintiff that Staton wanted Plaintiff to transfer to the Autauga Campus because Staton was afraid for Plaintiff's mental health and physical well being. (McMillian Declaration P.9). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no hearsay exception applies to this statement, therefore, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d

Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000). Moreover, Plaintiff has identified no individuals in initial disclosures or through the discovery process with firsthand knowledge of such information.

5. The introduction of evidence or testimony concerning Plaintiff's claims that DYS failed to adequately investigate any actions Plaintiff complained were taken against her and DYS has deliberately tried to undermine Plaintiff's ability to seek justice. (McMillian Declaration P.8-9). Under Fed. R. Evid. 403, "relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, confusion of the issues, or misleading of the jury." Fed. R. Evid. 403 should prevent Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses from mentioning this information because the probative value of this information to Plaintiff is substantially outweighed by the unfair prejudice to DYS and such information may mislead the jury, since DYS did investigate Plaintiff's claims and there is no evidence to the contrary.

6. The introduction of evidence or testimony that Plaintiff continues to suffer emotionally from actions at work and Plaintiff remains in therapy and on medication. (McMillian Declaration P.9) In addition, DYS seeks to prevent the introduction of evidence of Plaintiff's medical diagnosis of major depression. (McMillian Deposition, January 22, 2008 P. 45 line 12-18). Plaintiff should not be permitted to testify as to the alleged diagnosis that she has received from her medical doctor(s). This information is hearsay. Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no hearsay exception applies to this statement, therefore, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. Moreover, Plaintiff has not listed any experts on her witness list to elicit testimony about Plaintiff's medical diagnosis or

a causal connection between actions at work and Plaintiff's alleged suffering. See also, Fed. R. Evid. 702, and *Rooney v. Sprague Energy Corp.*, D.Me. 2007, 519 F.Supp.2d 110, 117.

7. The introduction of evidence or testimony that counsel for DYS, Dudley Perry told Plaintiff that he was Plaintiff's friend. (McMillian Deposition P. 28 line 18 – P.29 line 6). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, therefore, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).

8. The introduction of evidence or testimony that Vanessa Hall refused to help Plaintiff and or told Plaintiff that Hall did not know how to fill out paperwork that Plaintiff needed to complete. (McMillian Deposition, January 22, 2008 P.52 line 9-13). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, as such, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).

9. The introduction of evidence or testimony that Mr. Webster told Plaintiff that Ms. Whitted told Mr. Webster that Whitted was upset with Plaintiff. (McMillian Deposition, January 22, 2008 P.55 line 15 – P.57 line 1). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, as such, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v.*

*Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).

10. The introduction of evidence or testimony Mr. Hood told Plaintiff that Ms. Griner and Ms. Whitted opened Plaintiff's paycheck. (McMillian Deposition, January 22, 2008 P.73 line 12-17). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, therefore, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).

11. The introduction of evidence or testimony that Mr. Hood told Plaintiff that Mr. Dortch was communicating with other co-workers at DYS that Plaintiff was a whore, freak, Plaintiff wore tight clothing and Plaintiff had sex with boys on campus. (McMillian Deposition, January 22, 2008 P.69 line 8 – P.71 line 2). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, as such, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).

12. The introduction of evidence or testimony that Mr. Smith told co-workers that he had sex with Plaintiff. (McMillian Deposition, January 22, 2008 P.71 line 12 – P.73 line 6). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, therefore, Plaintiff, Plaintiff's

counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); Howley v. Town of Stratford, 217 F.3d 141, 155 (2d Cir.2000).

13. The introduction of evidence or testimony that Carl Gadston told Plaintiff that Percy Jones told other co-workers to stay away from Plaintiff because Plaintiff would get the other co-workers in trouble. (McMillian Deposition, January 22, 2008 P.74 line 9- P.75 line 3). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, as such, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).

14. The introduction of evidence or testimony that Ms. Spann told Plaintiff that Mr. Bolling told Spann that Bolling did not want Plaintiff in Bolling's dorm. (McMillian Deposition, January 22, 2008 P.94 line 1- P. 95 line 6). This statement is hearsay, and Fed. R. Evid. 802, prohibits hearsay evidence unless an exception applies. In the instant case, no exception applies to this statement, therefore, Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses should be precluded from using or referring to this statement at all stages of trial. See also, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71-72 (2d Cir.2000); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000).

15. The introduction of evidence or testimony that Plaintiff asked DYS for records of sexual discrimination complaints or instances involving Mr. Hardy and DYS has not provided Plaintiff with such records. (McMillian Declaration P. 2-3). First, plaintiff has no first hand knowledge other than Mr. Hardy's statements that sexual discrimination complaints exist. Under

Fed. R. Evid. 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In the alternative, Fed. R. Evid. 403, which states that "relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, confusion of the issues, or misleading of the jury," should prevent Plaintiff, Plaintiff's counsel, and all of Plaintiff's lay witnesses from mentioning this information. If Plaintiff is permitted to produce such evidence without any knowledge that such complaints even exist, the probative value of such information to Plaintiff will be substantially outweighed by the danger of unfair prejudice to DYS since this statement may mislead the jury that DYS has sexual discrimination complaints against Hardy and DYS has intentionally failed to produce such records to Plaintiff.

16. The introduction of evidence or testimony that Plaintiff and Defendants conducted settlement negotiations and or offers to compromise existed between Plaintiff and Defendants. Fed. R. Evid. 408 prohibits statements of: "(1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept -- a valuable consideration in compromising or attempting to compromise a claim; and (2) conduct or statements made in compromise negotiations regarding the claim[.]")

17. The introduction of evidence or testimony of alleged retaliatory acts of which Plaintiff had no personal knowledge at the initiation of her cause of action against DYS. (McMillian Deposition, January 22, 2008 P.79 line 17- P.82 line 4). Plaintiff's retaliation claim against DYS should be limited to the claims Plaintiff submitted in her complaint and amended complaint. Plaintiff complained of being "subjected to isolation and ostracization by her supervisors and co-workers who have accused her of lying about Hardy and of sexual misconduct." Plaintiff also complained that she "been subjected to unfair application of work rules; received unwarranted

reprimands; and, denied pay increases." (McMillian Complaint P.3). Under Fed. R. Evid. 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Therefore, the Plaintiff should not testify that she was subject to retaliatory acts based on information Plaintiff learned during the discovery process in the instant case. Specifically, the Plaintiff should not be allowed to offer testimony of the memos her co-workers wrote.

18. The introduction of evidence or testimony that Plaintiff has suffered a tangible employment action by: (1) Hardy's refusal to transfer Plaintiff to another dorm; (2) being required to work a double shift on the day that she reported the alleged sexual harassment; (3) not receiving her regular off days once Plaintiff was transferred to another dorm; (4) being required to work eight consecutive days when DYS transferred Plaintiff to another dorm; (5) being subject to isolation and ostracized by co-workers; (6) being subject to unwarranted surveillance by her supervisor; (7) having disciplinary actions placed in her personnel and on her evaluation; and (8) being accused of failing to attend mandatory training. (McMillian Brief in Opposition to Defendant Alabama Department of Youth Services' Motion for Summary Judgment P. 31-32). In *Faragher v. Ellereth*, 524 U.S. 742, 761 (1998), "[a] tangible employment action constitutes a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." In most cases, a tangible employment action "inflicts direct harm." Id. At 761. The actions that the Plaintiff has described as tangible employment actions fail to meet the standard in the *Faragher* case. In addition, this Court in its Memorandum Opinion and Order (Doc. 90 P.15-16). has indicated that the actions that Plaintiff has identified as tangible employment actions fail to meet the standard under the *Faragher* case.

WHEREFORE the premises considered, the Alabama Department of Youth Services, respectfully requests that this Honorable Court issue an Order granting this Motion In Limine precluding the introduction of testimony concerning the matters stated herein above.

Respectfully submitted this 14th day of July, 2008.

> **s/ T. Dudley Perry Jr.**
> T. Dudley Perry, Jr.
> Bar Number: 3985-R67T
> General Counsel
> Attorney for the Defendant
> Alabama Department of Youth Services &
> J. Walter Wood, Jr.
> Post Office Box 66
> Mt. Meigs, AL 36057
> Telephone: (334) 215-3803
> Fax: (334) 215-3872
> E-Mail: dudley.perry@dys.alabama.gov
>
> **s/Sancha E. Teele**
> Sancha E. Teele
> Deputy General Counsel
> Bar Number: 0103-H71T
> Attorney for the Defendant
> Alabama Department of Youth Services
> Post Office Box 66
> Mt. Meigs, AL 36057
> Telephone: 334-215-3803
> Fax: (334) 215-3872
> E-Mail: sancha.teele@dys.alabama.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on the 14th day of July, 2008, I electronically filed the foregoing MOTION IN LIMINE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jimmy Jacobs<br>E-mail:jacobslawoffice@charter.net<br>Attorney At Law<br>143 Eastern Boulevard<br>Montgomery, AL 36117<br>Tel: (334) 215-1788<br>Fax: (334) 215-1198 | James Eldon Wilson<br>Attorney at Law<br>4625 Lomac Street<br>Montgomery, AL 36106 |

                                     **s/T. Dudley Perry, Jr.**
                                     T. Dudley Perry, Jr.