IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO.: 2:07:cv-001-WKW |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| YOUTH SERVICES, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES'
PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

**1.   Sex Discrimination - Workplace Harassment - No Tangible Employment Action
Taken (Pattern Jury Instruction 1.2.2: Eleventh Circuit, Civil Cases)**

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against their employees in the terms and conditions of their employment because of the employee's sex.

More specifically, the Plaintiff claims that she was subjected to a hostile or abusive work environment because of sexual harassment which is a form of prohibited employment discrimination.

In order to prevail on this claim against the State, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:   That the Plaintiff was subjected to a hostile or abusive work environment, as hereafter defined, because of her sex;

Second:   That such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over the Plaintiff; and

Third:   That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A work environment is hostile or abusive because of sexual harassment only if (1) the Plaintiff was subjected to sexually offensive acts or statements; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the Plaintiff's own acts or statements; (3) such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially altered the conditions of the Plaintiff's employment; (4) a reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to be hostile or abusive; and (5) the Plaintiff personally believed the workplace environment to be hostile or abusive.

Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the employee's work performance. The effect on the employee's mental and emotional well being is also relevant to determining whether the Plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the Plaintiff, the Defendant employer is responsible under the law for such behavior and the resulting work environment.

When a hostile or abusive work environment is created and carried on by nonsupervisory fellow workers of the Plaintiff, the Defendant, as the Plaintiff's employer, will be responsible or liable for permitting such behavior only if the Plaintiff proves by a preponderance of the evidence that the Plaintiff's supervisor or successively higher authority knew (that is, had actual knowledge), or should have known (that is, had constructive knowledge), of the hostile or abusive work environment and permitted it to continue by failing to take remedial action.

To find that a supervisor had constructive knowledge of a hostile or abusive work environment — that is, that the supervisor should have known of such environment — the Plaintiff must prove that the hostile or abusive environment was so pervasive and so open and obvious that any reasonable person in the supervisor's position would have known that the harassment was occurring. Even though you may have already determined that the Plaintiff was in fact exposed to a hostile or

abusive work environment, that alone is not determinative of the issue of the supervisor's knowledge; rather, you must find that the discriminatory harassment to which the Plaintiff was exposed was so pervasive and unconcealed that knowledge on the part of the supervisor may be inferred.

Finally, in order for the Plaintiff to recover damages for having been exposed to a discriminatorily hostile or abusive work environment because of sex, the Plaintiff must prove that such damages were proximately or legally caused by the unlawful discrimination. For damages to be the proximate or legal result of unlawful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find that the Plaintiff has proved each of the things she must prove in support of her claim, you will then consider the Defendant's affirmative defense to that claim.

In order to prevail on the affirmative defense, the Defendant must prove the following facts by a preponderance of the evidence:

That the Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant to avoid or correct the harm or otherwise failed to exercise reasonable care to avoid harm or that, if the Plaintiff did take advantage of preventive or corrective opportunities, the Defendant responded by taking reasonable and prompt corrective action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer: (a) that the employer had promulgated an explicit policy against sexual harassment in the workplace; (b) that such policy was fully communicated to its employees; and (c) that such policy provided a reasonable avenue for the Plaintiff to make a complaint to higher management. Conversely, proof that an employee did not follow a complaint procedure provided by the employer will ordinarily suffice to establish that the employee "unreasonably failed" to take advantage of a corrective opportunity.

If you find that the Plaintiff has proved her claim and that the Defendant has not proved its affirmative defense, you must then determine the amount of damages the Plaintiff has sustained.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not

allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)     Net lost wages and benefits to the date of trial;

(b)     Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

    2.  **Retaliation (Pattern Jury Instruction 1.10.3: Eleventh Circuit, Civil Cases)**

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under Title VII of the Civil Rights Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in

retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First:   That she engaged in statutorily protected activity, that is, that she in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by federal law;

Second:   That an adverse employment action then occurred;

Third:   That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

Fourth:   That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's protected activity was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that the protected activity was a determinative consideration that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that

decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been retaliated against for other reasons even in the absence of the statutorily protected activity. If you find that the Plaintiff would have received the adverse employment action about which she complains for reasons apart from the statutorily protected activity, then your verdict should be for the Defendant.

  3.  **Credibility of Witnesses (Pattern Jury Instruction 3: Eleventh Circuit, Civil Cases)**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**PROPOSED VERDICT FORM**

Do you find from a preponderance of the evidence:

1. That the Plaintiff was subjected to a hostile or abusive work environment because of her sex?

    Answer Yes or No   _____

2. That such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over the Plaintiff?

    Answer Yes or No   _____

3.  That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment?

    Answer Yes or No   _____

    Note:  If you answered "No" to any one of the preceding questions, you need not answer the remaining questions.

4.  The Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant to avoid or correct the harm?

    Answer Yes or No   _____

5.  That the Defendant Alabama Department of Youth Services unlawfully subjected the Plaintiff to an adverse employment action in retaliation for complaining about discrimination?

    Answer Yes or No   _____

    Note:  If you answered "No" to the previous question and you answered "No" to any one of the previous questions numbered 1 through 3, you need not answer the remaining questions.

6.  That the Plaintiff should be awarded damages against the Alabama Department of Youth Services to compensate for a net loss of wage and benefits to the date of trial?

    Answer Yes or No   _____

    If your answer is "Yes," in what amount?   _____

7.  That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No   _____

    If your answer is "Yes," in what amount?   _____

Respectfully submitted this 14th day of July, 2008.

**s/T. Dudley Perry, Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Dept of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov


**s/Sancha E. Teele**
Sancha E. Teele
Deputy General Counsel
Bar Number: 0103-H71T
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: 334-215-3803
Fax: (334) 215-3872
E-Mail: sancha.teele@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2008, I electronically filed the foregoing **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** with the Clerk of the Court Using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs
E-mail:jacobslawoffice@charter.net
Attorney At Law
143 Eastern Boulevard
Montgomery, AL 36117
Tel: (334) 215-1788
Fax: (334) 215-1198

James Eldon Wilson
Attorney at Law
4625 Lomac Street
Montgomery, AL 36106

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.