## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

TERA A. MCMILLIAN,

     Plaintiff,

v.                            CASE NO. 2:07-CV-01-WKW

ALABAMA DEPARTMENT OF YOUTH
SERVICES and
MICHAEL J. HARDY,

     Defendants.

)
)
)
)
)
)
)
)
)
)

## DEFENDANT MICHAEL J. HARDY'S PROPOSED JURY INSTRUCTIONS AND  SPECIAL INTERROGATORIES TO THE JURY

COMES NOW DEFENDANT, Michael J. Hardy, and in accordance with the

Court's Pre Trial Order, respectfully files his Proposed Jury Instructions.

The following Proposed Jury Charge is based on Pattern Civ. Jury Instruction. 11th Cir. FI 1.2.3 (2005), Westlaw's Pattern Jury Instructions: Eleventh Circuit, Civil Cases.

### Proposed Instruction (Cause of Action 1, 2, and 3)

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's sex.

More specifically, the Plaintiff claims that she was subjected to a form of sexual  discrimination by her supervisor that culminated in an adverse "tangible employment action."

The Defendant Michael Hardy denies the Plaintiff's claims and asserts that the alleged sexual conduct on his part did not occur.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That the Plaintiff was subjected by her supervisor to sexual harassment in the form of unwanted sexual advances;

1

**Second:  That an adverse "tangible employment action" was imposed upon the Plaintiff as a part of such sexual harassment because the Plaintiff rejected such unwanted sexual advances; and**

**Third:  that the Plaintiff suffered damages as a proximate or legal result of such violation.**

**When sexual harassment is carried out by a supervisor with immediate or successively higher authority over the Plaintiff culminating in an adverse tangible employment action against the Plaintiff, the Defendant employer is responsible under the law for such  behavior.  An adverse tangible employment action includes [at this point describe the adverse tangible employment action at issue in the case].**

**Unlawful sexual harassment may take the form of unwelcome sexual advances and it is unlawful for a supervisor of an employee to either demand sexual favors from the employee in exchange for favorable treatment in the workplace, or to change- or threaten to change- the terms and conditions of a person's employment as a means of forcing or coercing, or attempting to force or coerce, sexual favors from the employee.  In either case, however, the demand or the threat for sexual favors by the supervisor must be (1) such that a reasonable person would have regarded the demand or threat as a real or serious effort on the part of the supervisor to gain a sexual favor, and it must be (2) unwelcome to the employee in the sense that the employee did not solicit or invite it, expressly or implicitly, and in the sense that the employee regarded the conduct as undesirable or offensive.  The fact that an employee may have consented to engaging in sex related conduct in response to a demand or threat does not, in and of itself, establish that such conduct was invited by or welcome to the consenting employee, but is one of the factors you may consider in deciding that issue.**

**Finally, in order for the Plaintiff to recover damages for having been subjected to unlawful sexual discrimination culminating in an adverse tangible employment action, the Plaintiff must prove that such damages were proximately or legally caused by the unlawful  discrimination.  For damages to be the proximate or legal result of unlawful conduct, it must be shown that, except for such conduct, the damages would not have occurred.**

**In the event you find from a preponderance of the evidence that the Defendant Michael Hardy [or Department of Youth Services] did discriminate against the Plaintiff, you must determine the amount of damages the Plaintiff has sustained.**

**In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory**

damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

[ONLY USE IF COURT DETERMINES COMPENSATORY DAMAGES CAN BE AWARDED—On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.]

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits to the date of the trial;

(b) Mental and emotional humiliation or pain and anguish;

(c) Punitive damages, if any, (as explained in the Court's instructions).

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages- that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

[ IF THE COURT DETERMINES THAT PUNITIVE DAMAGES ARE AT ISSUE-The Plaintiff also claims that the acts of the defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights , and  (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.]

.   .   .   .

Cases cited in the footnotes include:  <u>Frederick v. Sprint/United Management Co.</u> , 246 F. 3d 1305, 13ll (11th Cir.2001); <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed. 2d 662 (1998) and <u>Burlington Industries Inc. v. Ellerth</u>, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

### SPECIAL INTERROGATORIES TO THE JURY  (Verdict Form)

Do you find from a preponderance of the evidence:

1.  That the Plaintiff was subjected by her supervisor to  sexual harassment by unwelcome sexual advances as those terms are explained in the Court's instructions?

Answer  Yes or No  _____

NOTE: If you answered "No" to Question No. 1 you need not answer the remaining questions.

2. That an adverse tangible employment action was imposed upon the Plaintiff as a part of such sexual harassment [because the Plaintiff rejected such unwelcome sexual advances]?

Answer  Yes or No  _____

NOTE: If you answered "No" to Question No. 2 you need not answer the remaining questions.

3. That the Plaintiff suffered damages as a proximate or legal result of such sexual demand or threat?

Answer Yes or No _____

**If your answer is "Yes," in what amount (s) for:**

[ **(a) Net lost wages and benefits to the date of  trial _____**

**(b) Mental  and emotional humiliation or                _____
pain and anguish**

**(c) Punitive damages, if any                    _____]
(as explained in the Court's instructions)**

**4(a) That a higher management official of the defendant [DYS] acted with malice or reckless indifference to the Plaintiff's federally protected rights?**

**Answer Yes or No  _____**

**(b) If your answer is "Yes," that the Defendant [DYS] itself had not acted  in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?**

**Answer Yes or No  _____**

**(c) If your answer is "Yes,: what amount of punitive damages, if any, should be assessed against the defendant  [DYS]?  _____**

**SO SAY WE ALL.**

**_____**
**Foreperson**

**DATED: _____**

_____

**Proposed Instructions as to the Fourth Cause of Action (Invasion of Privacy)**

**Plaintiff's fourth cause of action alleging a state violation of  "Invasion of**

**Privacy"  should be covered by Alabama Pattern Jury Instruction No. 35.01, 35.02 ,**

**and 35.03 (Violation of the Right  of Privacy- Intrusion Upon Solitude Or Seclusion**

**[New]).   However, from the allegations in the Amended Complaint I cannot**

determine which sections will actually apply until I see Plaintiff's Requested Instructions.  Therefore, I  respectfully request permission to respond to Plaintiffs Requested Instructions  as to Cause of Action 4 within  five days.


   **Proposed Instructions as to the Fifth Cause of Action (Assault and Battery)**

   Plaintiff's fifth cause of action appears to be covered by Alabama Pattern Jury instructions, Chaper 5, Instructions No. 5.00 through 5.05 [New].  As in the case of  Cause of Action No. 4, above, and specifically because of the nebulous wording of the allegation, I can't  tell which sections will be appropriate until I see Plaintiff's Requested instruction for No. 5.  Therefore, I respectfully request permission to respond to Plaintiff's Requested instructions as to Cause of Action No. 5 within five days.



   Respectfully submitted, this the 14th day of July, 2008.



                              s/  JAMES ELDON WILSON
                              James Eldon Wilson (WIL079)
                              Deputy Attorney General
                              Attorney For Michael Hardy

OF COUNSEL:
James Eldon Wilson, Esquire
4265 Lomac Street
Montgomery, AL 36106
(334) 409-2003; FAX (334) 409-2009
email:jameseldonwilson@mindspring.com

**<u>CERTIFICATE OF SERVICE</u>**

**I hereby certify that on July 14, 2008, I electronically filed the foregoing Defendant Michael J. Hardy's Proposed Jury Instructions And Special Interrogatories To The Jurywith the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:**

**Jimmy Jacobs, Esq.**
**Attorney  for the Plaintiff**
**4137 Carmichael Rd, Ste 100**
**Montgomery, AL 36106**

**T. Dudley Perry, Jr.**
**Deputy Attorney General**
**Attorney for the Defendants**
**Alabama Department of Youth Services**
**P.O. Box 66**
**Mt. Meigs, AL 36057**

**<u>s/JAMES ELDON WILSON</u>**
**Of Counsel**