IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERA A. McMILLIAN | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No: 2:07-cv-001-WKW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | (JURY DEMAND) |
|  YOUTH SERVICES, et al., | ) | |
|     Defendants | | |

**PLAINTIFF'S REQUEST FOR *VOIR DIRE* EXAMINATION
OF PROSPECTIVE JURORS**

Comes now the Plaintiff, Tera A. McMillian, and moves the Court to ask the following questions of all prospective jurors on *voir dire* examination:

1.  Are you or anyone in your family acquainted with the defendant Michael Hardy?

2.  Have you or any member of your immediate family (spouse, parent, child, brother or sister) ever been employed by the Alabama Department of Youth Services?  If so, please give the details.

3.  Do any of you have friends or relatives who have ever been employed by the Alabama Department of Youth Services?  If so, please give the details.

4.  Are any of you acquainted with Dudley Perry or Sancha Teele or James Wilson; or, with any of the lawyers in the State Personnel Board's Office or the Office of the Attorney General?  If so, please give the details.

–1–

5. Are any of you acquainted with any of the following persons who may be testifying as witnesses in this case?

(Please read the parties' lists of proposed witnesses)

6. Have you ever operated a business as an owner or a partner? If so, state when you operated the business and the name and type of business.

7. Have you or any member of your family had any legal training, legal education or work experience in the legal field (such as legal secretary or paralegal)? If so, please give the details.

8. Have you or any member of your family ever been employed as a medical doctor, psychiatrist, or psychologist, or worked in the office of a doctor, psychiatrist, or psychologist? If so, please give the details.

9. Have any of you ever studied psychiatry or psychology? If so, please describe the nature of your studies.

10. Have you or any member of your family ever been employed as a manager, supervisor, human resources director or in some other position in which you played a part in making employment and discharge decisions? If so, please give the details.

11. Has any one of you personally ever fired an employee or suspended or placed an employee on leave? If so, please give the details as to when, your job, the employee's job and whether you have ever made such a decision because of reports of discrimination involving the employee.

–2–

12. Have any of you ever had any training or experience in human resources or personnel matters? If so, please give the details.

13. Have you, or any member of your family or any close friend, ever held any job for either the State, the federal government, or in local government?

    (a) If so, who, when, and in what capacity?

14. [With respect to questions 13, if answered in the affirmative]: Would this relationship cause you to give greater or less credibility to, or in any manner favor or disfavor either the plaintiff or the defendant?

15. This case concerns allegations that the plaintiff, a state employee, was subjected to a hostile work environment on the basis of her sex because her immediate supervisor engaged in a course of conduct of making requests for sexual favors from her; inappropriately touching her body; making inappropriate inquiries into her personal life; asking her co-employee what it would take for him to get her; threatening to adversely affect her relationships with co-workers when she refused him requests to accompany him to a hotel; and, attempting to instigate an investigation of her after she reported his inappropriate conduct.

    (a) First, is there anything in this set of circumstances that would make it difficult for you to decide this case fairly and impartially, without bias or prejudice?

    (b) Would you have any hesitancy in reaching a verdict in favor of the plaintiff merely because this is a sexual harassment and retaliation case against an agency and an employee of the State of Alabama?

    (c) Do you have any feelings about public employees in general, and

      Alabama state employees in particular, that would make it difficult for you to decide this case fairly and impartially, without bias or prejudice?

16. Have you even felt that you were treated unfairly by a supervisor or employer? Please explain.

17. What, if anything did you do about the unfair treatment?

18. How serious a problem is sexual harassment in your opinion? Very serious,; somewhat serious, or not at all serious?

19. Do you work with any women as equals in your workplace?

20. Have you ever had a woman supervisor?

21. Do you, if you are a woman, or any of the women in your life work outside of the home?

22. Have you ever belonged to Unions or professional organizations that have women in executive and decision making positions?

23. What do you think sexual harassment is? Why do you think it happens?

24. What do you think a sexually hostile work environment is? Why do you think it happens?

25. Do you think that management in a company has a duty to keep the workplace free of sexual harassment? How can management do that?

26. Have you ever attended a training program about sex discrimination or sexual harassment?

27. Do you think that if employees work hard and do their jobs, they have a right to be treated fairly on their jobs?

28. Do you think that a company has a duty to investigate once an employee complains about sexual harassment or retaliation after they complain about discrimination?

29. Have you ever personally experienced - or even been accused of - sexual discrimination or harassment? Have any of your family members, friends, or co-workers had those kinds of experiences?

30. Do you think there are certain expectations in this society about what women can and cannot do, and about what women should and should not do? Do you have such expectations? What are they?

31. Do you think that there is a proper role for mothers working outside the home?

32. Do you think that a woman can make it in a "man's" world?

33. Do you think that stereotypes and prejudice affect a woman's ability to make it professionally, particularly if she is doing a job that is traditionally done by a man?

34. Have you, or has anyone close to you, been the victim of sexual harassment? Was there a lawsuit? What was the outcome? Has this experience in any way altered your opinion of the judicial process?

35. If, after hearing the evidence and the instructions of the judge, you found that the defendant violated plaintiff's rights, would anything cause you to hesitate to make them pay money damages to the person suing them? If so, what?

36. Do you feel that a person should be compensated for pain or emotional and mental distress that another person wrongfully causes him? Even though the harm was not tangible or easily manifested? If the judge were to instruct you that such compensation was

proper under the law, would you have any hesitation about making such an award if the evidence you had heard justified it?

37.     In these types of cases, there are many different kinds of damages. If you were to find for the plaintiff, you will be asked to compensate her for some tangible losses, such as lost past and future income. However, usually the larger damages are intangible, meaning the plaintiff's pain, suffering and humiliation. Do you agree that these types of intangible damages also deserve to be compensated?

38.     Do you understand that usually the only form of compensation that the plaintiff here could ask for is money and that if you are selected as a juror, it will be up to you to decide how much to award the plaintiff to remedy the wrong that was done to her.? Do you understand these damages? How do you feel about accepting this kind of responsibility?

39.     Some people think there should be a limit on how much money a jury should award in a lawsuit. Do you agree with that? Do you believe that $300,000.00 is too much to award in damages for sexual harassment? For retaliation?

40.     If you are selected as a juror in this case, will you promise that you will listen to all the testimony carefully and apply the law as instructed by the judge?

41.     Have you or any member of your family ever been treated for anxiety or depression? (If so, further questions as to who, when, etc. should be asked outside the presence of the other jurors. Each juror responding should also be asked individually if they worked, or attempted to work, during that time.)

42. Has any business for which you worked ever been sued for something you were accused of doing or not doing? (If so, further questions as to when, who, etc., should be asked outside the presence of the other jurors.)

43. Do you feel that the federal courts should not be involved in efforts to ensure that discrimination in employment, whether based on disability, race, sex, or age, does not occur?

44. In this case Tera McMillian alleges that she was subjected to sexual harassment by her supervisor, Michael Hardy, and that he tried to retaliate against her after she reported him. She also claims that, even though the Alabama Department of Youth Services had a policy about sex harassment, that it was so prevalent and accepted at her workplace that she was not effectively protected by that policy. In addition, she claims that she was subjected to retaliation in her new job assignment and that the department failed to conduct a thorough and effective investigation of her complaints and the retaliation against her continued. Is there any reason why you cannot be an absolutely fair juror in this case? Is there any reason to cause you to lean either the Plaintiff's way or the Defendant's way without regard to the evidence in the case? Is there any reason you cannot be a fair and impartial juror and decide the case solely based upon the evidence and the law as given to you by the Court?

45. Is there anything in your background or beliefs or morality that makes it impossible for you to award monetary damages to a person bringing a lawsuit?

46. If after hearing all the evidence and instructions on the law you find Tera McMillian has proven her case against the defendants, would any of you have any trouble returning a verdict for her?

47. Would any of you have any trouble returning a substantial verdict against the Department of Youth Services and in favor of Tera McMillian if such a verdict is justified by the facts and the law in this case?

48. Would any of you have any trouble returning a substantial verdict against Michael Hardy and in favor of Tera McMillian if such a verdict is justified by the facts and the law in this case?

49. Do you have any feelings toward these parties, or the attorneys, or this kind of an employment discrimination case that would affect your ability to be fair and impartial?

50. Is there anything about the nature of this case or about the people involved in it that makes you hesitate to be a juror here?

51. In a civil action such as this you will be instructed to find that a party has succeeded in carrying the burden of proof on an issue if, after consideration of all the evidence in the case, you believe that what is sought to be proved on the issue is more likely true than not true. Can you follow the law on this as instructed by the Court at the conclusion of the trial even if you personally believe that a higher degree of proof should be required?

Respectfully submitted this 14th day of July 2008.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 14th of July, 2008.

/s/**Jimmy Jacobs**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorneys General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

–9–