IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Civil Action No: 2:07-cv-001-WKW |
| ) | |
| ALABAMA DEPARTMENT OF ) | (JURY DEMAND) |
|     YOUTH SERVICES, et al., ) | |
|     Defendants ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**The Statute**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

<u>Section 1983 of Title 42 of the United States Code</u> states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

Adopted from Instruction 87-65, *Modern Federal Jury Instructions*, Sand et al., Mathew Bender 1996.

1

## Purpose of the Statute

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Adopted from Instruction 87-66, *Modern Federal Jury Instructions*, Sand et al., Mathew Bender 1996.

### Section 1983 claims against Michael J. Hardy

In this case the Plaintiff claims that the Defendant Michael J. Hardy, while acting "under color" of state law, intentionally discriminated against the Plaintiff based on her sex or gender in violation of the Plaintiff's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

The Defendant denies that he violated the Plaintiff's rights in any way, and assert that [describe the Defendants' theory of defense or affirmative defenses, if any].

You are instructed that the Equal Protection Clause of the Fourteenth Amendment does prohibit discrimination against public employees on the basis of sex or gender. This includes the creation of a sexually hostile or abusive work environment which is also prohibited. And, federal law provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

The rules of law that apply to the Plaintiff's claim against the Alabama Department of Youth Services are different from the law that applies to the Plaintiff's claims against the individual Defendants, and each claim must be considered separately.

I will first explain the rules or principles of law you must apply in deciding the Plaintiff's claim against the individual Defendant.

With respect to the Plaintiff's claims against the individual Defendant Michael J. Hardy, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the individual Defendant intentionally discriminated against the Plaintiff in the terms and conditions of her employment based on the Plaintiff's sex through the creation and maintenance of a sexually hostile or abusive work environment;

Second: That the individual Defendant committed such act or acts of discrimination "under color" of state law or authority; and

3

Third: That the individual Defendant's act or acts were the proximate or legal cause of damages sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

A sexually hostile or abusive work environment means (1) an environment in which an employee is continuously and repeatedly subjected to sexually offensive acts or statements, or to different treatment based on sex; (2) such treatment or such acts or statements are unwelcome and have not been invited or solicited by the employee's own acts or statements; (3) such treatment or such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially altered the conditions of the Plaintiff's employment; (4) that a reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to be hostile or abusive; and (5) that the Plaintiff personally believed the workplace environment to be hostile or abusive.

Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the employee's work performance. The effect on the employee's psychological well being is also relevant to determining whether the Plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language,

4

gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of the official's lawful authority, but also when the official acts outside or beyond the official's lawful authority. In order for unlawful or unconstitutional acts of an official to be done "under color" of state law, however, the acts must be done while the official was purporting or pretending to act in the performance of official duty; that is, the unlawful act must be an abuse or misuse of power which is possessed by the official only because he is an official. In this case, therefore, you must determine whether the individual Defendant had supervisory authority over the Plaintiff in the terms and conditions of the Plaintiff's employment, and whether such Defendant abused or misused that authority by intentionally discriminating against the Plaintiff because of the Plaintiff's sex. The parties have stipulated that Defendant Hardy had supervisory responsibility over the plaintiff McMillian in this case.

You will note that proof of intentional discrimination on the part of the individual Defendant is required; any evidence of mere negligence or the failure to exercise reasonable care in supervising other employees is insufficient. The Plaintiff must prove that the individual Defendant committed intentionally discriminatory acts, either personally or through the direction of others, or that the Defendant knowingly and deliberately acquiesced in discriminatory acts being committed by the Defendant's subordinates without intervening to stop such discrimination.

For damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

5

If you find in favor of the Plaintiff and against the Defendant, you will then consider the issue of the Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (a)    Net lost wages and benefits to the date of trial;

    (b)    Emotional pain and mental anguish.

    (c)    Punitive damages, if any

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice, or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to award punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be awarded against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases);* No. 1.1.3

### Title VII Claim Against Alabama Department of Youth Services

In this case the Plaintiff also makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against their employees in the terms and conditions of their employment because of the employee's sex or gender.

More specifically, the Plaintiff claims that she was subjected to a hostile or abusive work environment because of sexual harassment which is a form of prohibited employment discrimination.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff was subjected to a hostile or abusive work environment, as hereafter defined, because of her sex or gender;

Second: That such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over the Plaintiff; and

Third: That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment.

A work environment is hostile or abusive because of sexual harassment only if (1) the Plaintiff was subjected to sexually offensive acts or statements; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the Plaintiff's own acts or statements; (3) such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially altered the conditions of the Plaintiff's employment; (4) a reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to be hostile or abusive; and (5) the Plaintiff personally believed the workplace environment to be hostile or abusive.

Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the employee's work performance. The effect on the employee's mental and emotional well being is also relevant to determining whether the Plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the Plaintiff, the Defendant employer is responsible under the law for such behavior and the resulting work environment.

Finally, in order for the Plaintiff to recover damages for having been exposed to a discriminatorily hostile or abusive work environment because of sex, the Plaintiff must prove that such damages were proximately or legally caused by the unlawful discrimination. For damages to be the proximate or legal result of unlawful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find that the Plaintiff has proved each of the things she must prove in support of her claim, you will then consider the Defendant's affirmative defense to that claim.

In order to prevail on the affirmative defense, the Defendant must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That the Defendant exercised reasonable care to prevent and correct promptly, any sexually harassing behavior in the workplace; and

<u>Second</u>: That the Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant to avoid or correct the harm.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

If you find that the Plaintiff has proved her claim and that the Defendant has not proved its affirmative defense, you must then determine the amount of damages the Plaintiff has suffered.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to punish the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those

10

claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    [(a)    Net lost wages and benefits to the date of trial;

    (b)    Emotional pain and mental anguish.


Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*: 1.2.2

**Retaliation Claims Against Michael J. Hardy and Against Alabama Department of Youth Services**

The Plaintiff alleges that the Defendants retaliated, that is, took adverse actions against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under Title VII of the Civil Rights Act and Section 1983.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First: That she engaged in statutorily protected activity, that is, that she in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by federal law;

Second: That an adverse employment action then occurred;

Third: That the adverse action was causally related to the Plaintiff's statutorily protected activities; and

Fourth: That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

For an adverse action to be "causally related" to statutorily protected activities it must be shown that the adverse employment action would not have occurred but for the Plaintiff's complaints of discrimination. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's complaint was the sole or exclusive reason for the Defendant's adverse action. It is sufficient if the Plaintiff proves that her complaint(s) was a determinative consideration that made a difference in the Defendant's adverse actions.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may take legitimate actions related to a Plaintiff's employment as long as those actions are not motivated by the Plaintiff's protected activities, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

In the verdict form that you will be provided, you will be asked to answer a series of questions on the Plaintiff's claims of unlawful retaliation by the individual defendant Michael J. Hardy and by the Alabama Department of Youth Services.

Adapted from the *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*: 1.9.3

## STATE LAW CLAIMS

In addition to the discrimination and retaliation claims that I have already discussed, the Plaintiff has charged Michael J. Hardy with violations of Alabama state law for Assault and Battery and for Unwelcome Intrusion into her Right to Privacy. I will now instruct on those claims. Remember that these claims under state law are against Michael Hardy only.

### Assault and Battery

An Assault and Battery is defined as any touching by one person of the person or clothes of another in rudeness, or in anger, or in a hostile manner, is an assault and battery. An intent to cause physical injury is not an essential element of this claim.

The plaintiff has the burden of reasonably satisfying you by the evidence that the defendant committed an assault and battery upon her.

*Alabama Pattern Jury Instructions:* 5 - 01

If you find that the defendant has committed an assault and battery upon her then you must decide the damages that are to be awarded. Under Alabama law, you will be asked to consider two types of damages: compensatory and punitive.

### COMPENSATORY DAMAGES

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate him for his injury and other damages which have been inflicted upon him as a proximate result of the wrong complained of.

*Alabama Pattern Jury Instructions:* 11-01

PUNITIVE DAMAGES

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

    A. With an intent to injure the person or property of another person or entity, or

    B. Under such circumstances that the law will imply an evil intent.

*Alabama Pattern Jury Instructions*: 11-03

### Invasion of Privacy

The Plaintiff claims damages of the defendant for the violation of her right of privacy. The right of privacy is a legal right protected by the law, the violation of which right gives rise to an action for damages. The right of privacy is defined as follows: It is the right of a person to be free from

    (1)    unwarranted publicity;

    (2)    the unwarranted appropriation, exploitation, or use of one's personality;

    (3)    the publicizing of one's private affairs with which the public has no legitimate concern; or

    (4)    the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

The burden is upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of her claim of the violation of her privacy by the defendant.

The plaintiff would be entitled to a verdict if you are reasonably satisfied from the evidence that defendant has violated plaintiff's right of privacy by using his position as her supervisor to intrude into her private life and business and if you are further reasonably

satisfied from the evidence that the plaintiff suffered the injuries and damages claimed by her as a proximate result of such wrongful conduct on the part of the defendant.

*Alabama Pattern Jury Instructions:* 35-01.

### VIOLATION OF PRIVACY--MEASURE OF DAMAGES

If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover, you may assess damages for:

1. wrongful intrusion into plaintiff's private activities

2. outrage

3. mental suffering

4. shame or humiliation

5. other damages.

*Alabama Pattern Jury Instructions:* 35-01.

If you are reasonably satisfied from the evidence that the plaintiff's right to be free from intrusion into her privacy was violated and that such violation was accompanied by insult or malice, you may, in your discretion, assess punitive damages by way of punishment although the actual injury is purely nominal.

*Alabama Pattern Jury Instructions:* 35-02

Respectfully submitted this 14th day of July 2008.

/S/ JIMMY JACOBS
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

<u>CERTIFICATE</u> <u>OF SERVICE</u>

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 14th of July, 2008.

                                                    /s/**Jimmy Jacobs**
                                               JIMMY JACOBS (JAC051)
                                               Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorneys General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106