IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERA A. McMILLIAN**<br>    **Plaintiff** | )<br>)<br>) |
| v. | )  Civil Action No: 2:07-cv-001-WKW |
| **ALABAMA DEPARTMENT OF**<br> **YOUTH SERVICES, et al.,**<br>    **Defendants** | )<br>)  (JURY DEMAND)<br>)<br>) |

**OBJECTIONS TO TRIAL EXHIBITS PROPOSED
BY DEFENDANT MICHAEL HARDY**

The plaintiff hereby notices objections to Exhibits 7, 8, 9, 10, 11, and 12 proposed by the Defendant Michael Hardy for introduction into evidence in the trial of this matter. The plaintiff sets forth below her objection and grounds therefore for each exhibit:

Exhibit No. 6:  This exhibit is a chart which portrays the work schedules of the plaintiff and one of her co-workers for the time period of December 28 through January 2 of 2004/5.  The plaintiff objects to the chart only to the extent that the accompanying supporting documents do not include the work schedule of the plaintiff for those days and do not include the work schedule of the co-worker for December 31, 2004 or January 1 and 2, 2005.

Exhibit No. 7:  This exhibit is a copy of a memorandum, dated October 19, 2004, from several Department of Youth Services (DYS) Specialists to Mr. Eugene Smith informing him that he is transferred from Paige Hall to "D & E 'A' Dorm" at the Mt. Meigs campus.  The plaintiff objects to this exhibit pursuant to Rule 402 of the Federal Rules of Evidence (FRE) in that the transfer of, or any other personnel action related to, Mr. Smith is not relevant to any issue, claim or defense in this action.

1

Exhibit No. 8: This exhibit is a letter, dated December 7, 2004, from DYS Executive Director to a Ms. Mary Moten stating that DYS considers her to have abandoned her job at the Department of Youth Services. The plaintiff objects to this exhibit pursuant to Rule 402, F.R.E. in that the matter of the abandonment of her job by Ms. Moten is not relevant to any issue, claim or defense in this action.

Exhibit No. 9: This exhibit appears to be one page from an eight-page Alltel telephone bill, dated January 27, 2005, which lists approximately 123 telephone calls. The plaintiff objects to the proposed exhibit pursuant to Rule 402, F.R.E. in that it is not relevant to any issue, claim or defense in this action. The plaintiff further objects to the proposed exhibit on the grounds that it lacks any probative value on any issue in this action and is more likely than not to confuse the trier-of-fact since it is vague and does identify the account holder or the identity of any individual or entity who made or received any of the calls purported to be represented there. The proposed exhibit is also hearsay and is due to be stricken under Rule 801, FRE.

Exhibit No. 10: This exhibit appears to be a funeral program, dated February 1, 2003, for an individual named Mary Julia Taylor. The plaintiff objects to this exhibit pursuant to Rule 402 of the F.R.E. in that it is not relevant to any issue, claim or defense in this action.

Exhibit No. 11: This exhibit is a copy of the decision of the Personnel Board of the State of Alabama in the Appeal of Michael Hardy, dated October 17, 2007. The plaintiff objects to the introduction of this exhibit with the inclusion of the last sentence of the first paragraph on the second page of the document which states that the plaintiff's testimony "…is not credible and her complaints of sexual harassment are unfounded;…".

2

The plaintiff objects to the introduction of this statement pursuant to Rule 403, FRE in that it is unduly prejudicial and is not based upon any credible evidence. The Board did not hear any testimony by the plaintiff and therefore had no occasion to hear or observe the testimony which it states here not to be found credible. Additionally, the plaintiff's testimony in the administrative hearing, as well as all of the evidence in that hearing supporting her claims of sexual harassment by the defendant, was elicited by the attorney for Mr. Hardy's co-defendant, the Alabama Department of Youth Services, and she had no opportunity during the hearing to examine or cross-examine any witness in either support or opposition to the claims before the jury in this action. The plaintiff states further grounds for her objection to this proposed exhibit in her *Motion In Limine To Exclude Hearsay And Other Evidence Related To Credibility Of The Plaintiff Or To The Ultimate Issues In This Action* filed on this date.

Exhibit No. 12: This exhibit is a copy of the Final Order of the Montgomery County Circuit Court, dated March 12, 2008, which reverses the decision of the State Personnel Board referenced in the plaintiff's objection to Mr. Hardy's exhibit 11 above. Beginning on page two of the Order, the Court makes a number of credibility and evidentiary assessments relating to the ultimate issues in this Section 1983 and Title VII federal action without the plaintiff having the benefit of presenting her evidence in the review proceeding heard by the Circuit Court. The plaintiff objects to this exhibit under FRE 403 to the extent that the contents are likely to be more prejudicial than probative on the issues before this Court, and will tend to confuse the issues before the jury in this matter. The plaintiff states further grounds for her objection to this proposed exhibit in

her *Motion In Limine To Exclude Hearsay And Other Evidence Related To Credibility Of The Plaintiff Or To The Ultimate Issues In This Action* filed on this date.

Respectfully submitted this 14th day of July 2008.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 14th of July, 2008.

/s/**Jimmy Jacobs**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorneys General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

4