IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Civil Action No: 2:07-cv-001-WKW |
| ) | |
| ALABAMA DEPARTMENT OF ) | (JURY DEMAND) |
|   YOUTH SERVICES, et al., ) | |
|     Defendants ) | |

**OBJECTIONS TO TRIAL EXHIBITS PROPOSED BY
DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES**

The plaintiff hereby notices objection to all of the Exhibits proposed by the Defendant Alabama Department of Youth Services for introduction into evidence in the trial of this matter on the ground that the Defendant has not provided her with either copies of the named exhibits or with sufficient identification of the proposed exhibits so that she can be certain as to the content of each exhibit[1]. To the extent that the plaintiff can identify, or speculate on the contents of, the listed exhibits she sets forth below her objection and grounds therefore for each listed exhibit:

Exhibits 1 and 2:    These exhibits are the "personnel file" of plaintiff Tera McMillian and defendant Michael Hardy, respectively. The plaintiff objects to the introduction of these exhibits pursuant to Rule 402, Federal Rules of Evidence (FRE) on

---

[1] The defendant's counsel has promised on at least two occasions, most recently on July 3, 2006, to provide plaintiff's counsel with the Bates numbers corresponding to its proposed exhibits in order that the plaintiff could ascertain whether she had any objections to their introduction at trial. Defendant's counsel went out-of-state last week without providing this information. Plaintiff's counsel contacted associate counsel on July 10 regarding this information, but was unable to obtain adequate identification. Plaintiff has had to prepare this statement of objections, as is, in order to comply with the Court's deadline for filing objections. Plaintiff's counsel would ask the Court's indulgence for further objections in the event that such become necessary to protect the interests of his client.

the grounds that the contents of the entire personnel file is not relevant to the issues, claims and/or defenses in this case. If there are documents within the files which do meet the requirements of materiality and relevance, the defendant should list those documents as exhibits so that the plaintiff can have a fair chance to assess their suitability as well as to avoid the prospect of "trial by ambush" which is disfavored in this Court.

Exhibit 3: This exhibit is listed as "Tera McMillian's Deposition". The plaintiff objects to the introduction of her deposition, in its entirety, on two grounds. First, the identification of the exhibit is not sufficiently specific to place the plaintiff on notice of the content that defendant proposes to introduce as evidence. Additionally, the plaintiff has sat for three depositions related to the issues in the case, and does not know which the defendant intends to offer here. Second, the defendant did not comply with § 10 of the Court's Scheduling Order which directed that any party should designate portions of a deposition that it intended to offer at trial so that the opposing party could then designate opposing testimony, if any, from the deposition. Plaintiff concedes that testimony from a prior deposition may be used for impeachment purposes by the Defendant, but objects to introduction of any deposition in its entirety.

Exhibit 4: This exhibit is listed as DYS "policy number 4.2". Plaintiff does not have a specific objection to this exhibit at this time.

Exhibit 5: This exhibit is listed as "T. Dudley Perry, Jr's, August 11, 2006 Employee's Brief of Evidence to Administrative Law Judge Julia Weller". The plaintiff believes that she knows the content of this proposed exhibit and does not have a specific objection at this time.

2

Exhibit 6: This exhibit is the August 1, 2007 Recommended Order to the State Personnel Board of Administrative Law Judge Julia Weller on the Michael Hardy state personnel appeal. The plaintiff objects to this exhibit pursuant to FRE 403, 704, and 801 on the grounds that the exhibit contains hearsay; improperly contains extrinsic opinion evidence which is inadmissible; will more likely confuse the jury and prolong the trial unnecessarily; and will be more prejudicial than probative on the issues before this Court. As the Court is aware, the recommended order makes credibility assessments that are properly to be made by the jury in this action; and contains contradictory and unsupported conclusions on the ultimate issues in this case. For example, the recommended order states that the plaintiff's testimony is not credible on the issue of her claim of sexual harassment by Defendant Hardy, but finds that Hardy is guilty of violating the DYS sexual harassment policy when the only evidence presented by co-defendant DYS on the issue is that of his sexual harassment of the plaintiff. The Recommended Order is further objectionable because it is based upon a proceeding in which the plaintiff's testimony was prepared and presented by counsel for the defendant in this matter. The plaintiff states further grounds for her objection to this proposed exhibit in her *Motion In Limine To Exclude Hearsay And Other Evidence Related To Credibility Of The Plaintiff Or To The Ultimate Issues In This Action* filed on this date.

Exhibit 7: This exhibit is identified as the October 17, 2008 Order of the State Personnel Board on the matter of the termination of defendant Michael Hardy, and is based upon the findings in recommended order contained in Exhibit 6 above. The plaintiff objects to the introduction of this proposed exhibit on the same grounds and basis as stated for Exhibit 6 above.

3

<u>Exhibit 8</u>: This exhibit is listed as "Plaintiff's EEOC Charges of Discrimination". The plaintiff does not have a specific objection to this proposed exhibit, assuming that these are her charges dated July 15, 2005 and December 11, 2005,

<u>Exhibit 9</u>: This exhibit is listed as "Special Investigator Alan Staton's investigation of Plaintiff's allegations of alleged discrimination based on sex and retaliation (EEOC 130-2006-01336). Enclosed in the investigation besides Ms. McMillian's Personnel Documentation are statements by Hammond; Hood; Webster; Harris; Rankins; and Lee. Also in closed are copies of work schedules, leave request relating to Ms. McMillian". The plaintiff objects to the introduction of her "personnel documentation" and "copies of work schedules, leave request relating to Ms. McMillian" on the grounds that these documents have not been sufficiently identified or disclosed to the plaintiff. The plaintiff further objects to the introduction of the "statements by Hammond; Hood; Webster; Harris; Rankins; and Lee" as hearsay pursuant to Rule 801, FRE, and which are unsworn transcripts of purported audio recordings which were not produced to the plaintiff during discovery and are not admissible because they do not substantially comply with the requirements of *28 U.S.C. § 1746*. *See Horne v. Russell County Com'n*, 379 F. Supp.2d 1305, 1321 (M.D. Ala. 2005). The plaintiff further objects to the introduction of these "statements" pursuant to Rule 901 and 902, FRE, in that the best evidence of any "statements" by these individuals is live testimony before the Court with a full opportunity by the plaintiff to cross-examine the witnesses.

<u>Exhibit 10</u>: This exhibit is described as "January 6, 2006 letter from J. Walter Wood, Jr. To Michael Hardy indicating that based on the evidenced from the November 10, 2005 fact finding hearing that he was dismissed from the Department effective at the

4

close of business January 6, 2006". The plaintiff believes that this proposed exhibit is sufficiently well-described that she does not have any specific objection to it.

Exhibit 11: This exhibit is described as "Quality Assurance Mandatory Training/Sign-in list". The plaintiff objects to this exhibit pursuant to Rule 401, FRE, because she has not had any opportunity to determine what it is, or if it has any relevance to the issues, claims or defenses in this action.

Exhibit 12: This exhibit is identified as "Affidavits given by Plaintiff McMillian in this matter". The plaintiff objects to this proposed exhibit because she has not given any affidavits in this matter.

Exhibit 13: This exhibit is identified as "Statements made by Plaintiff McMillian in this matter". The plaintiff is not certain what document(s) this proposed exhibit may refer to, but objects, pursuant to Rule 901 and 902 FRE, to the introduction of any unsworn statements taken by the defendants or their agents regarding the issues, claims or defenses in this action.

Exhibit 14: This exhibit is identified as "Transcripts of Hardy's administrative procedure discharge hearings". The plaintiff assumes this refers to the November 2005 administrative fact-finding hearing conducted by DYS, as well as the administrative review hearing held before Administrative Law Judge Julia Weller in 2006. The plaintiff does not object to this exhibit with the exception of the testimony of Eugene Smith on May 8, 2006[2], and the testimony of Rogers Dortch on July 10, 2006, both of which are due to be stricken pursuant to Rule 712, FRE. The plaintiff also object to the introduction of statements made by the Administrative Law Judge during the hearing that

---

[2] There appears to be an error in the transcript regarding the date of Mr. Smith's testimony. The reporter states that the proceedings commenced on July 10, 2006 (p. 4) and reconvened on July 10, 2006 (p. 382). The introduction to the transcript indicates there were two separate days of testimony taken.

5

reflect her opinion of the credibility of any witness, or her opinion on the ultimate issues in this action.[3]

Exhibit 15: This exhibit is described as "Exhibits introduced at Hardy's administrative procedure discharge hearings". The plaintiff objects to this exhibit as described because it does not place her on specific notice of the actual documents which the defendant intends to utilize at trial. The plaintiff further objects because the defendants stated in response to her discovery requests that they were unable to locate certain of these exhibits and plaintiff does not know, from this description, if any of those are included in this exhibit.

Respectfully submitted this 14th day of July 2008.

/S/ JIMMY JACOBS
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

---

[3] Please see the plaintiff's *Motion In Limine To Exclude Hearsay And Other Evidence Related To Credibility Of The Plaintiff Or To The Ultimate Issues In This Action* and the plaintiff's *Motion In Limine To Exclude Evidence Related To Prior Sexual Acts Or Predisposition Of The Plaintiff*, both submitted on this date for further objection to this proposed exhibit.

6

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 14th of July, 2008.

/s/Jimmy Jacobs
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorneys General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106