IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERA A. McMILLIAN | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No: 2:07-cv-001-WKW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | (JURY DEMAND) |
| YOUTH SERVICES, et al., | ) | |
|     Defendants | ) | |

**MOTION *IN LIMINE* TO EXCLUDE HEARSAY AND OTHER EVIDENCE RELATED TO CREDIBILITY OF THE PLAINTIFF OR TO THE ULTIMATE ISSUES IN THIS ACTION**

**NOW COMES** the Plaintiff, by and through undersigned counsel, and submits her Motion *in Limine* to Exclude Hearsay Testimony and/or Other Evidence of the Administrative Law Judge or the Circuit Court Judge related to Issues of Plaintiff's Veracity or Believability; or to the ultimate issue of the claims of sexual harassment and retaliation before this Court. In support of her Motion the plaintiff states as follows:

A.  Background.

1) An administrative law judge (ALJ) employed by the Alabama State Personnel Board held an hearing on May 8 and July 10, 2006 for the purpose of reviewing the termination of defendant Michael Hardy (Hardy) by defendant Alabama Department of Youth Services (DYS). Although the plaintiff was called to testify against Hardy by defendant DYS, she was not a party to issues before the ALJ and was not represented by counsel. As a matter of fact, her testimony was prepared and proffered by counsel for DYS, Hardy's co-defendant in this case.

2) The ALJ issued a Recommended Order to the Personnel Board on or about August 1, 2007, which recommended that the dismissal of Hardy by DYS should be upheld, and which included a number of conclusory statements on matters related to the perceived credibility of the plaintiff and the ultimate issues before this Court on her

1

sexual harassment by Hardy and his retaliation against her after she reported him. (*DYS Proposed Exhibit 6*)

3) The Alabama State Personnel Board entered an Order on or about October 17, 2007, in which it adopted the findings of fact and conclusions of law reported by the ALJ; and which, further, made a specific finding that the testimony that the testimony of the plaintiff in this case was "…not credible and her complaints of sexual harassment are unfounded;…"(*Hardy Proposed Exhibit 11*: Personnel Board Order p. 2, ¶ 1).

4) Defendant Hardy appealed this action by the State Personnel Board to the Montgomery County Circuit Court where, on or about March 12, 2008, the Order dismissing Hardy was reversed and he was ordered to be reinstated to his job at DYS. The Circuit Court first cited due process grounds for its reversal, but went further to express at length its opinion that there was no substantial evidence to support the allegations against Hardy and specifically adopted the State Personnel Board's finding that the plaintiff was not "credible" and her sexual harassment claims were "unfounded". (*Hardy Proposed Exhibit 12*: Opinion at p. 2, ¶ 2) The Court then concludes, based upon the ALJ's contradictory and conclusory findings, that there was no "retaliation" involved in Hardy's conduct following the plaintiff's complaint of sexual harassment. (*Hardy Proposed Exhibit 12*: Opinion at pp. 2, ¶ 3 – 3, ¶ 2)

5) This Court held in its June 16, 2008, ruling on the cross-motions of Hardy and the plaintiff for summary judgment on the grounds of *res judicata* and collateral *estoppel*, respectively, that (1) the plaintiff was not a party to Hardy's termination hearing; (2) the Section 1983 and Title VII sex harassment and retaliation claims of this action were not involved or decided in Hardy's termination hearing. (Doc. 90: p. 26 ¶ 2; p. 27 ¶ 2)

6) Any hearsay evidence or other testimony regarding the plaintiff's credibility and/or conclusion and opinions based upon proceedings in which she was not a party; she did not have an opportunity to present evidence on her claims or cross-examine others on matters related to her claims in this action; and, which were not a competent forum to decide her Section 1983 and Title VII claims, which Defendants intend to proffer during the trial of this cause should be excluded as a matter of law because the introduction of the evidence is contrary to the rules and its prejudicial nature.

B. <u>Argument and Authority</u>.

7) Testimony or evidence of the opinions or conclusions drawn by the administrative law judge, and/or of opinions and conclusions of others that are based upon those conclusions is due to be barred as evidence in this matter as hearsay under Rule 801, FRE. The written statements and opinions of the Alabama Personnel Board and the Montgomery Circuit Court regarding the credibility of the plaintiff are not based upon any personal knowledge, but are based entirely upon the (suspect) opinions expressed by the ALJ and are double-hearsay, or hearsay within hearsay. Hearsay is any evidence of "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *Tucker v. Housing Authority of Birmingham Dist.*, 507 F.Supp.2d 1240, 1269 (N.D. Ala. 2006) The admission of these out-of-court statements which are clearly hearsay, and which do not fall under any of the exceptions to the hearsay rule which might render them admissible at the trial of this matter, is barred by Rule 801.

8) Since the opinions and conclusions addressed in this motion are not otherwise admissible, they are also due to be barred from introduction or discussion at

3

trial under Rule 704 which prohibits inadmissible opinions on matters which are embraced by the ultimate issues to be decided by the jury in this case. This is especially applicable in this instance where the opinions and conclusions are not based upon examination of the underlying legal criteria and are simply stated in conclusory terms that would tend to have the effect of telling the jury what result to reach. *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993); *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992); *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992).

9) Finally, the plaintiff avers that the introduction of this evidence and/or any testimony related to it would unduly prejudice the jury in its role as the finder-of-fact in weighing the relevant and admissible evidence before it. Evidence of this nature would tend to be misleading as to the apparent "official" character attached to these opinions even though they are not competent evidence on credibility assessments and the ultimate issues in this case. *Fed. R. Evid. 403*; *Faigin v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999); *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997). The testimony is also due to be excluded under Rule 403, FRE because its introduction has no probative value, and would create undue delays and waste of the jury's time because it would require the plaintiff to have to conduct "mini-trials" of each of these proceedings to demonstrate to the court that her interests were not represented in the prior actions; that the testimony offered was not competent; and that the conclusions stated are clearly erroneous. *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1509 (5th Cir. 1995); *Stathos v. Bowden*, 728 F.2d 15, 19 (1st Cir. 1984).

10) Plaintiff will be severely prejudiced unless this Court enters an Order barring or limiting this evidence.

4

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter an Order:

A. Barring Defendants from introducing extrinsic opinion evidence related to the credibility of the plaintiff in prior proceedings to which she was not a party, and which were not competent forums to decide the legal issues before the Court during the course of this trial;

B. Barring Defendants from introducing evidence of opinions concerning, or conclusions on, the ultimate issues in the trial of the plaintiff's legal claims in this action;

C. Ruling that this evidence is presumptively inadmissible;

D. Ordering any and all other relief this Court deems fair and just.

Respectfully submitted this 14th day of July 2008.

/S/ JIMMY JACOBS
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 14th of July, 2008.

                                                    /s/**Jimmy Jacobs**
                                                    JIMMY JACOBS (JAC051)
                                                    Attorney for Plaintiff

**COUNSEL OF RECORD:**

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorneys General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106