IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No: 2:07-cv-001-WKW |
| ) | |
| ALABAMA DEPARTMENT OF ) | (JURY DEMAND) |
| YOUTH SERVICES, et al., ) | |
| **Defendants** ) | |

### MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO PRIOR SEXUAL ACTS OR PREDISPOSITION OF THE PLAINTIFF

**NOW COMES** the Plaintiff, by and through undersigned counsel, and submits her Motion *in Limine* to Exclude Testimony and/or Other Evidence of Prior Sexual Acts. In support of her Motion the plaintiff states as follows:

A.  Background.

1)  Defendant Alabama Department of Youth Services has proffered the transcript of the proceedings of Defendant Hardy's administrative discharge review hearing conducted on May 8 and July 10, 2006, as a potential exhibit in the trial of this case.

2)  Both Defendants have listed Eugene Smith and Rogers Dortch as "will call" witnesses in the trial of this matter.

3)  Mr. Eugene Smith was permitted to offer testimony regarding allegations of prior sexual activity by the plaintiff on May 8, 2006 during the review proceedings on Mr. Hardy's dismissal. (*DYS Proposed Exhibit 14*: pp. 348:13 – 361:20)  In addition, During the July 10, 2006 hearing session, Mr. Rogers Dortch was permitted to offer testimony alleging that the plaintiff had engaged in activity of a sexual nature with him, and that she was predisposed to be "sexually aggressive". (*Id*. Pp. 526:08 – 527:16) The plaintiff was unaware of this testimony, which was given weight by the administrative law judge in her findings, until she obtained a transcript of the hearing during discovery in this action[1].

---

[1] Plaintiff vehemently denies the truthfulness of this reported testimony.

1

4) Any evidence and testimony of prior sexual activities or predisposition of the plaintiff which Defendants intend to proffer during the trial of this cause should be excluded as a matter of law because the introduction of the evidence is contrary to the rules and its prejudicial nature is not substantially outweighed by any probative value.

B. <u>Argument and Authorities</u>.

5) This evidence, or any other evidence related to allegations of McMillian's past sexual behavior or allegations of her sexual predisposition should be excluded by the Court pursuant to Federal Rule of Evidence 412. Rule 412 has both substantive and procedural provisions designed to protect victims "against unwarranted intrusion into the victim's private life" (*United States v. One Feather*, 702 F.2d 736, 739 (8th Cir. 1983), by sparing them potential embarrassment and to encourage other victims to report and press their claims as well. Any references to allegation of such behavior or predisposition in this case should be excluded on both prongs of the rule.

Rule 412(a) prohibits the use of any evidence offered to prove that an alleged victim engaged in other sexual behavior, whether offered as substantive evidence or for impeachment purposes. *United States v. Azure*, 845 F.2d 1503, 1506 (8th Cir. 1988). Rule 412(a)(1) bars the use of evidence that a victim engaged in other sexual behavior including (a) actual physical contact; (b) activities that imply sexual intercourse or contact; (c) fantasies or dreams that imply sexual activity; and, (d) reputation or opinion evidence about the alleged victim's sexual behavior. See: *Cronin v. United Serv. Stations, Inc.*, 809 F. Supp. 922, 932 (M.D. Ala. 1992); *United States v. Duran*, 886 F.2d 167 (8th Cir. 1989); *Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316 (8th Cir. 1994); *Advisory Committee's Note to Rule 412*. Rule 412(a)(2) prohibits the introduction of any evidence of an alleged victim's sexual predisposition.

6) Mr. Smith's testimony, Mr. Dortch's testimony, or any other similar evidence, does not fall under any of the exceptions set forth in Rule 412(b): It does not

involve the alleged harasser; it involves conduct outside the workplace; and it involves allegations of the plaintiff's personal sexual history. Admission of testimony or evidence of this kind and type would unduly prejudice the plaintiff, and has no probative value on the issues before the jury in this matter.

7) Any evidence of prior sexual activity by the plaintiff should be excluded from the trial of this matter because the defendants did not file an appropriate motion in accord with Federal Rule of Evidence 412 of their intent to introduce such testimony.

8) Alternatively, this Court should exclude this evidence in accordance with Federal Rule of Evidence 403 since its probative value is substantially outweighed by unfair prejudice to the plaintiff; will lead to confusion of the issues, and/or create undue delay in this trial since it is not probative on the issue of the welcomeness of the defendant's harassing conduct toward the plaintiff.

9) Plaintiff will be severely prejudiced unless this Court enters an Order barring or limiting this evidence.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court enter an Order:

A. Barring Defendant from introducing evidence alleging prior sexual activity or sexual predisposition of the plaintiff during the course of this trial;

B. Ruling that this evidence is presumptively inadmissible;

C. Ordering any and all other relief this Court deems fair and just.

Respectfully submitted this 14th day of July 2008.

/S/ JIMMY JACOBS
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd. Ste 100
Montgomery, Alabama 36106
(334) 215-1788

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 14th of July, 2008.

/s/Jimmy Jacobs
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorneys General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

4