IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN<br>    **Plaintiff** | )<br>)<br>) |
| v. | ) Civil Action No: 2:07-cv-001-WKW<br>) |
| ALABAMA DEPARTMENT OF<br>    YOUTH SERVICES, et al.,<br>    **Defendants** | ) (JURY DEMAND)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' MOTION *IN LIMINE***

COMES NOW the Plaintiff, by and through undersigned counsel, and submits her Response to the Motion *in Limine* filed by defendant Alabama Department of Youth Services. The motion is due to be denied in part and granted in part. The plaintiff will address each item of the defendant's motion below:

1.   **Evidence that DYS believed Hardy sexually harassed the plaintiff and retaliated against her in November 2005 and thereafter.**

Evidence or testimony indicating that DYS took a different or inconsistent position with regard to the claims in this case in the administrative proceeding regarding Michael Hardy's termination is admissible under Rules 101 and 403 as both relevant and probative and is due to be denied. The clear evidence in this case is that DYS found in November 2005 that defendant Hardy was guilty of sexually harassing the plaintiff, and of retaliating against her for her complaint against him, and prosecuted that finding throughout his appeal of his termination. DYS has argued in its summary judgment brief that Hardy's actions did not subject the plaintiff to a sexually hostile environment and that she could not establish a prima facie case of discrimination or retaliation.[1] (Doc. 29:

---

[1] Proof of prima facie case under Title VII has no bearing on the issue of liability at the trial stage.

1

pp. 9-15) It appears that DYS intends to maintain these contentions in this trial. (Doc. 107: p. 8) DYS is free to argue those contentions if it believes that is in its best interest, but the plaintiff is equally free to point out the inconsistency in its prior position on the issues with its current position. (See FRE 801(d)(2)) This is evidence that the jury will more likely than not find to be probative on the issues of sexual harassment/hostile environment, retaliation, the reasonableness of the plaintiff's delay in reporting Hardy's harassment, and the effectiveness of DYS's policies and procedures in implementing Title VII protections in the workplace. The defendant's motion to exclude its prior inconsistent statements is due to be denied.

  2. and 3.  <u>Evidence or Testimony that other allegations of sexual harassment at DYS were not investigated or were otherwise unaddressed</u>; and <u>that DYS had knowledge of pervasive sexual conduct at Mount Meigs.</u>

  The defendant argues that testimony by the plaintiff of other allegations of sexual harassment at DYS and their consequences is due to be barred because the plaintiff does not have personal knowledge of the allegations or consequences (FRE 602); and because the testimony would be hearsay (FRE 802). In fact, the plaintiff does have personal knowledge of the allegations that she has testified to in deposition and her declaration, and some have been verified by DYS through production of complaints in discovery in this case. Rule 602 plainly permits a witness to prove personal knowledge by their own testimony.

  Additionally, the testimony or evidence is not hearsay. Rule 801 defines "hearsay" as statements made out of court which are offered to prove the truth of the matter asserted in the statement. The plaintiff offered this testimony in her declaration and deposition to demonstrate her state of mind regarding the effectiveness of the

2

defendant's policies and procedures regarding sexual activity and harassment on its campuses. The Eleventh Circuit has long recognized that a statement is not hearsay if it offered to show the effect of the statement on a declarant's state of mind:

> [a]n "out-of-court utterance must have two characteristics before it is rendered inadmissible as hearsay: It must be a `statement' - that is a verbal assertion or conduct intended as an assertion, Fed. R.Evid. 801(a)-and it must be offered to prove the truth of the matter it asserts. ... Thus, excluded from the hearsay rule is verbal or nonverbal `conduct when it is offered as a basis for inferring something other than the matter asserted.' Consequently, an utterance may be admitted to show the effect it has on a hearer, 4 Weinstein & Berger, *Weinstein's Evidence* ¶ 801(c)[01], at 801-77 (1979). Such verbal acts are not in the first instance assertive statements and not offered to prove the truth of the matter asserted." *United States v. Cruz*, 805 F.2d 1464, 1477-78 (11th Cir.1986) (quoting *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250 (5th Cir.1980) (other citations omitted)) (*cited in Tucker v. Housing Authority of Birmingham District;* 507 F.Supp.2d 1240, 1269 (N.D. Ala. 2006).

Testimony or other evidence of rumors of reported and unreported sex harassment and consequences thereof are both relevant and probative on the reasonableness of the plaintiff's fear of reporting Hardy's harassment and of the effectiveness of DYS's policies and procedures. The part of the Motion is due to be denied.

4.      <u>Evidence or testimony that Alan Staton told Plaintiff that Staton wanted Plaintiff to transfer to the Autauga Campus because Staton was afraid for Plaintiff's mental health and physical well being</u>.

The defendant seeks to bar this testimony on the grounds that it is hearsay and that the plaintiff "…has identified no individuals in initial disclosures or through the discovery process with firsthand knowledge of such information." The plaintiff has first hand knowledge of the statement by Mr. Staton. It is not hearsay under the definition of FRE 801(d) because it is an admission by DYS made by its representative, Mr. Slaton, and it is not offered for the "truth" of the assertion, but for the effect it had on the plaintiff. *(Id.)* Even if it were hearsay within the definition of 801, it is admissible, regardless of the declarant's availability at trial, under the exceptions set forth in FRE

3

803(1) as a contemporaneous present sense description of an event as it was taking place; and FRE 803(3) as a statement of the declarant's then existing state of mind. This part of the Motion is due to be denied.

  5. <u>Evidence or testimony that DYS failed to adequately investigate any actions Plaintiff complained were taken against her and DYS has deliberately tried to undermine Plaintiffs ability to seek justice.</u>

  The defendant admits that this evidence is relevant but cites FRE 403 as grounds to exclude it "because the probative value of this information to Plaintiff is substantially outweighed by the unfair prejudice to DYS and such information may mislead the jury, since DYS did investigate Plaintiffs claims and there is no evidence to the contrary." The plaintiff certainly agrees that this information is highly probative on her claim of retaliation and on the issue of the effectiveness of DYS's policies and procedures, and that it is prejudicial to DYS's defenses. On the other hand, refusing to allow the plaintiff to introduce evidence on this issue would fatally prejudice her ability to offer relevant and probative evidence on vital elements of her claim and DYS's defense. The Motion is due to be denied as to this evidence and testimony.

  6. <u>Evidence that Plaintiff continues to suffer emotionally from actions at work and Plaintiff remains in therapy and on medication… And evidence of Plaintiff's medical diagnosis of major depression</u>.

  The defendant claims this evidence should be excluded as hearsay and that no exception to the hearsay rule applies. The defendant is mistaken; it is not hearsay. The plaintiff is competent to testify to her damages; to her emotional condition; to the medications that she is taking and has taken; the treatment she has endured and her continued treatment; and to the diagnoses of her condition(s) that necessitated the treatment she has undergone. Even if any of this evidence were hearsay, it would be

admissible under FRE 803(1) Present Sense Impression; FRE 803(3) Then Existing Mental, Emotional, or Physical Condition; and/or FRE 803(4) Statement for the Purpose of Medical Diagnosis or Treatment. The plaintiff notes also that this evidence is highly relevant to the issue of plaintiff's damages (FRE 101) and probative on the subjective and objective offensiveness of Hardy and DYS's conduct toward her (FRE 403). The motion to exclude this or similar statements is due to be denied.

       7.    <u>Evidence or testimony that counsel for DYS, Dudley Perry, told Plaintiff that he was Plaintiff's friend.</u>

The testimony and evidence that DYS asks the Court to exclude here is not hearsay as DYS asserts. Hearsay is a statement made out-of-court that is offered in court for the truth of the matter asserted in the statement. (FRE 801(c)) The plaintiff was present when the statement was made and can testify to it from personal knowledge. The plaintiff does not contend in this proceeding that Mr. Perry is acting as her friend, or that he was doing so at the time of the utterance. Even if the statement were hearsay, it is admissible under FRE 803(3) for the purpose of demonstrating the plaintiff's state of mind regarding DYS's response to her complaints of discrimination and retaliation at the time it was uttered. It is also admissible pursuant to FRE 801(d)(2) as a statement offered against a party opponent which was made by its authorized representative in the course of his duties on behalf of the party. (*Statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney. Tucker v. Housing Authority of Birmingham District;* 507 F.Supp.2d 1240, 1269 (N.D. Ala. 2006); *see also*: *Lawrence v. Gayle*, 294 Ala. 91, 312 So.2d 385, 387 (1975); *Blackwell v. Adams*, 467 So.2d 680, 683-84 (Ala.1985); *King v. Travelers Ins. Co.*, 513 So.2d 1023, (Ala.1987). The defendant's motion is due to be denied as to this evidence.

5

8. – 14. The defendant provides the same discussion of its grounds for its motion to bar testimony or information that the plaintiff relies upon for her belief that she was being subjected to retaliation because of her complaint against defendant Hardy and her EEOC complaints of sex discrimination and retaliation. The plaintiff will group items numbered 8 through 11, and 13 and 14 together for discussion that the proposed testimony and evidence is admissible and probative on her claims of discrimination and retaliation at the trial of this case. The defendant has moved the Court to exclude any evidence or testimony:

  8. that Vanessa Hall refused to help plaintiff and or told Plaintiff that Hall did not know how to fill out paperwork that Plaintiff needed to complete.
  9. that Mr. Webster told Plaintiff that Ms. Whitted told Mr. Webster that Whitted was upset with Plaintiff.
  10. that Mr. Hood told Plaintiff that Ms. Griner and Ms. Whitted opened Plaintiff's paycheck
  11. that Mr. Hood told Plaintiff that Mr. Dortch was communicating with other co-workers at DYS that Plaintiff was a whore, freak, Plaintiff wore tight clothing and Plaintiff had sex with boys on campus.
  13. that Carl Gadston told Plaintiff that Percy Jones told other co-workers to stay away from Plaintiff because Plaintiff would get the other co-workers in trouble.
  14. that Ms. Spann told Plaintiff that Mr. Bolling told Spann that Bolling did not want Plaintiff in Bolling's dorm.

Although generally a statement, other than the one made by the declarant while testifying at the trial or hearing, is hearsay if offered in evidence to prove the truth of the matter asserted, such a statement is not hearsay if offered merely to show the effect on the listener. (FRE. 801(c )) As noted above, the Eleventh Circuit has recognized that "verbal or nonverbal `conduct when it is offered as a basis for inferring something other than the matter asserted.' is not hearsay. Consequently, an utterance may be admitted to show the effect it has on a hearer, 4 Weinstein & Berger, *Weinstein's Evidence* ¶ 801(c)[01], at 801-77 (1979). Such verbal acts are not in the first instance assertive

6

statements and not offered to prove the truth of the matter asserted." *United States v. Cruz*, 805 F.2d 1464, 1477-78 (11th Cir.1986) (quoting *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250 (5th Cir.1980) (*other citations omitted*)). Each of the statements that the defendant asks the Court to exclude relate directly to the basis for the plaintiff's belief that she continued to be subjected to discrimination and retaliation after she filed her initial EEOC charge in July of 2005.

In addition, these statements are admissible under FRE 101 and 401 as they are relevant and highly probative on the issue of her Title VII claims against DYS in this trial, and not to allow her to testify to them would be extremely prejudicial and confusing. Each of these statements is repeated and discussed in DYS investigator Slaton's March 31, 2006 report on the plaintiff's December 2005 EEOC charge which all of the parties have stipulated to as a joint exhibit. (See: Joint Exhibit No. 15) The defendant intends to offer this exhibit (which was on its June 19th exhibit list; Doc. 70: Exhibit j.), at trial, presumably for the purpose of demonstrating that it investigated the complaint. The defendant's motion to exclude the evidence and/or testimony set forth in paragraphs 8 through 11; and, 13 and 14 is due to be denied.

12      Evidence or testimony that Mr. Smith told co-workers that he had sex with Plaintiff.

The plaintiff agrees that this potential testimony, along with any other evidence or testimony related to sexual activity or disposition of the plaintiff, is due to be barred from introduction by any party or witness for the reasons set forth in her *Motion in Limine to Exclude Evidence Related to Plaintiff's Prior Sexual Activity or Predisposition* filed on July 14, 2008. (Doc. 117)

15. <u>Evidence or testimony that Plaintiff asked DYS for records of sexual discrimination complaints or instances involving Mr. Hardy and DYS has not provided Plaintiff with such records.</u>

The defendant cites FRE 602 and 403 as grounds for excluding any testimony by the plaintiff that she has sought records of complaints or other evidence of instances of sexual harassment by defendant Hardy, and that none have been produced. The defendant's rationale for objecting under Rule 602 is that the plaintiff does not have personal knowledge of the matter. The plaintiff does, in fact, have personal knowledge that she has not received any records of such in discovery in this case, and she does have personal knowledge that Hardy informed her that he has successfully handled previous complaints of sex harassment made that were made about him.

The defendant's rationale for exclusion under Rule 403 is that the probative value of this evidence is outweighed by unfair prejudice to DYS. The defendant can easily counter any potential prejudice by offering its own testimony that it has searched its records and found no reports of sexual harassment or discrimination by defendant Hardy. The defendant's motion to exclude this potential testimony or evidence is due to be denied.

16. <u>Evidence or testimony that Plaintiff and Defendants conducted settlement negotiations and/or offers to compromise existed between Plaintiff and Defendants.</u>

The plaintiff has not given the defendant any cause for asserting that she intends to offer any such testimony, which is clearly barred under FRE 408, and does not understand the basis for its inclusion in the motion.

17. <u>Evidence or testimony of alleged retaliatory acts of which Plaintiff had no personal knowledge at the initiation of her cause of action against DYS.</u>

The defendant asks the Court to prevent the plaintiff from offering evidence or testimony related to matters that she did not learn about until after filing her complaint in this action and cites FRE 602, lack of personal knowledge, as the basis for its motion to exclude plainly relevant and probative evidence on the issue of retaliatory conduct. The defendant does not advise us of any portion of the rule, or any other authority, that would justify limiting a party from using evidence that she learned about during discovery conducted pursuant to Fed. R. Civ. P. 26, 33, 34 or 36. The Court should reject this attempt to subvert the rules and deny this part of the instant motion.

18. <u>Evidence or testimony that Plaintiff has suffered a tangible employment action by: (1) Hardy's refusal to transfer Plaintiff to another dorm; (2) being required to work a double shift on the day that she reported the alleged sexual harassment; (3) not receiving her regular off days once Plaintiff was transferred to another dorm; (4) being required to work eight consecutive days when DYS transferred Plaintiff to another dorm; (5) being subject to isolation and ostracized by co-workers; (6) being subject to unwarranted surveillance by her supervisor; (7) having disciplinary actions placed in her personnel and on her evaluation; and (8) being accused of failing to attend mandatory training.</u>

The defendant cites the Court's Memorandum Opinion and Order (Doc. 90) at pp. 15 and 16 as the basis for its motion that she has not suffered a tangible employment action. The Court found, for summary judgment purposes, that the plaintiff had not demonstrated that she suffered an economic harm or significant change in employment status due to Hardy's refusal to permit her to transfer (p. 16, ¶ 1); or, by having to work eight consecutive days and being subjected to ostracization by her co-workers[2] (p. 16, ¶ 2). The defendant does not offer any authority that the Court's finding that the plaintiff did not offer sufficient evidence on this issue at summary judgment precludes her from the opportunity to do a better job of presenting evidence at trial to demonstrate that she

---

[2] The plaintiff notes that the Court addressed only three of the eight matters that the defendant moves the Court to limit at trial here.

did, in fact, suffer economic harm and a significant change in her employment status. All of the actions that the defendant seeks to limit here are evidence of retaliation, and are relevant and probative on her claims in this trial. The defendant's motion for this limitation is due to be denied.

WHEREFORE, for the reasons stated and for other such good and just cause as the Court my in its discretion find, the defendant Alabama Department of Youth Services' Motion in Limine is due to be granted as to request number 12, and denied as to all other parts.

Respectfully submitted this 21st day of July 2008.

            /S/ **JIMMY JACOBS**
            JIMMY JACOBS (JAC051)
            Attorney for Plaintiff
            4137 Carmichael Rd, Ste 100
            Montgomery, Alabama 36106
            (334) 215-1788

<u>CERTIFICATE</u> <u>OF SERVICE</u>

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 21st of July, 2008.

                 /s/**Jimmy Jacobs**
                 JIMMY JACOBS (JAC051)
                 Attorney for Plaintiff

COUNSEL OF RECORD:

T. Dudley Perry, Jr.
Sancha E. Teele
Deputy Attorneys General
Post Office Box 66
Mt. Meigs, AL 36057

James Eldon Wilson, Esquire
Deputy Attorney General
4265 Lomac Street
Montgomery, AL 36106

11