IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERA A. MCMILLIAN,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:07-CV-01-WKW |
| | ) |
| **ALABAMA DEPARTMENT OF YOUTH** | ) |
| **SERVICES and** | ) |
| **MICHAEL J. HARDY,** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MICHAEL J. HARDY'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE HEARSAY AND OTHER EVIDENCE RELATED TO CREDIBILITY OF THE PLAINTIFF OR TO THE ULTIMATE ISSUES IN THIS ACTION (DOC. 117)**

COMES NOW DEFENDANT, Michael J. Hardy, and in accordance with the Court's Order of July 15, 2008, files his Response to Plaintiff's Motion In Limine (Doc. 117), to wit:

Contrary to Plaintiff's assertions, the opinions expressed by the ALJ, who actually heard the evidence in the Administrative Hearing, the Alabama State Personnel Board in Hardy Exhibit 11 and Circuit Judge Gene Reese in Hardy Exhibit 12 are all based upon presumed review of the record of the Administrative Trial Hearing. Plaintiff appeared and testified under oath as the chief accuser and witness. At the time of the Administrative Hearing, Plaintiff had retained her own counsel, although that counsel did not appear at the Hearing. Thus, she was "represented."

The wording of the respective opinions of which Plaintiff now complains, is not hearsay- as defined by FRE 801. The opinions are admissible under FRE 803

1

(8) as a hearsay exception of a Public Record and Report which includes "Records, reports, statements, or data compilations, in any form, of public offices or agencies. . . . (c) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." The Advisory Committee note for FRE 803(8) explains that, "Justification for the exception is the assumption that a public official will perform his duty properly and the likelihood that he will remember details independently of the record."

Plaintiff also argues that findings by the ALJ, who personally heard the evidence at the Administrative Hearing, the Alabama State personnel Board and the Circuit Judge are due to be barred from introduction or discussion at the trial under FRE 704 as the findings "are embraced by the ultimate issues to be decided by the jury in this case." However, FRE 704 now states "(a) Except as provided in subdivision (b) [which deals with the mental status of criminal defendants], testimony in the form of an opinion or inferences otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." As explained in the Note to FRE 704, "The basic approach to opinions, lay and expert, in these rules is to admit them when helpful to the trier of fact. . . . [T]he so-called 'ultimate issue' rule is specifically abolished by the instant rule."

Finally, Plaintiff's argument that introduction of this evidence would be "misleading" under FRE 403, ignores the fact that the Court can give an appropriate limiting instruction.

**Defendant Hardy also adopts by reference, as if fully set out herein, the arguments on this matter which will be submitted by Defendant DYS in its Response to Plaintiff's Motion In Limine.**

**In conclusion, Defendant Hardy submits that the ALJ's Findings, the Order of the State Personnel Board, and the Order of Circuit Judge Gene Reese are admissible and should be admitted.**

**Respectfully filed, this the 21st day of July, 2008.**


                                    **s/  JAMES ELDON WILSON**
                                    **James Eldon Wilson (WIL079)**
                                    **Deputy Attorney General**
                                    **Attorney For Michael Hardy**

**OF COUNSEL:**
**James Eldon Wilson, Esquire**
**4265 Lomac Street**
**Montgomery, AL 36106**
**(334) 409-2003; FAX (334) 409-2009**
**email:jameseldonwilson@mindspring.com**


**CERTIFICATE OF SERVICE**

**I hereby certify that on July 21, 2008, I electronically filed the foregoing Defendant Michael Hardy's Response to Plaintiff's Motion In Limine To Exclude Hearsay And Other Evidence Related To Credibility Of The Plaintiff Or To The Ultimate Issues In This Action  (DOC. 117) with the  Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:**

**Jimmy Jacobs, Esq.**
**Attorney  for the Plaintiff**
**4137 Carmichael Rd, Ste 100**
**Montgomery, AL 36106**

3

**T. Dudley Perry, Jr.**
**Deputy Attorney General**
**Attorney for the Defendants**
**Alabama Department of Youth Services**
**P.O. Box 66**
**Mt. Meigs, AL 36057**

                                                **s/JAMES ELDON WILSON**
                                                **Of Counsel**