IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERA A. MCMILLIAN, | | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:07-CV-01-WKW |
| | ) | |
| ALABAMA DEPARTMENT OF YOUTH | ) | |
| SERVICES and | ) | |
| MICHAEL J. HARDY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MICHAEL J.  HARDY'S RESPONSE TO PLAINTIFF'S MOTION
IN LIMINE TO EXCLUDE EVIDENCE RELATED TO PRIOR SEXUAL ACTS
OR PREDISPOSITION OF THE PLAINTIFF (DOC. 118)**

COMES NOW DEFENDANT, Michael J. Hardy, and in accordance with the

Court's  Order of July 15, 2008 , files his Response to Plaintiff's Motion In Limine

(Doc. 118), to wit:

Eugene Smith and Rogers Dortch, co-workers of the Plaintiff, did testify at

both the original DYS Administrative Investigative hearing on November 15, 2005

before DYS Investigator Marcia Calender and before the ALJ who conducted the

Hearing for the State Personnel Department on May 8 and June 8, 2006.  Each

testified about a number of different things regarding Plaintiff.  Apropos to the

Plaintiff's Motion in Limine is testimony that each man, Mr. Smith and Mr. Dortch,

independently gave describing events surrounding having given the Plaintiff a ride

which began at their workplace at DYS and ended at the Plaintiff's home.

Eugene Smith testified that he gave Plaintiff a ride home, during which she

directed him to stop at an "adult novelty shop" near the Troy Highway, where

Plaintiff purchased a device called a "dildo."  See DYS Proposed Exhibit 14, p 349, lines 6-23.  Smith and Plaintiff drove to Plaintiff's home, and while parked in the driveway there, they participated in a conversation about the dildo.  When Smith said,"Hell, I'm bigger than that," Plaintiff reached over [uninvited] and felt between Mr. Smith's legs, and then said, "You sure are."  See DYS Proposed Exhibit 14, p. 358, lines 1-12.

Mr. Dortch, another co-worker of Plaintiff's, testified about an incident, which, like the previous episode, began at the workplace at DYS, and ended with Dortch giving Plaintiff a ride in his vehicle to her home.  He stated that as he was taking her home, "she was rubbing me on my leg talking about, I sure would like to get some of that retirement check of yours."  See DYS Proposed Exhibit 14, p. 526, lines 15-23.

This testimony deals with conduct which is not sex, per se., but shows the Plaintiff to have participated in conduct which would indicate she is not offended by the type of conduct of which she has accused Plaintiff.  Defendant Hardy denies that the alleged events occurred, but submits that he has the right to defend the allegations, by showing that if they had, Plaintiff would not have been offended, as she has previously claimed.

Plaintiff's sexually suggestive conduct about which Smith and Dortch would testify, is not "other sexual behavior" and it is not offered to prove Plaintiff's "sexual predisposition." See FRE 412.   It is sexually suggestive or provocative conduct  offered to prove that Plaintiff would not have been offended by Hardy's

alleged behavior. As such, it is not covered by Rule 412 and Hardy was not required to file a motion, therefore, under FRE 412 (c).

If the Court disagrees, then Defendant Hardy points out that today is 14 days before this trial will actually begin, and respectfully asks the Court to construe this Response to Plaintiff's Motion In Limine as a Motion Pursuant To FRE 412 (c). Surely Plaintiff cannot claim surprise as her counsel has known about this possible testimony for months.

The Court's attention is called to <u>Fedio v. Circuit City</u>, Not Reported in F. Supp.2d, 1998 WL 966000, E.D.Pa., November 4, 1998 (NO.CIV.A. 97-5851), where the Court discussed the exception to Rule 412, and stated, the "rule also contains an exception, applicable to civil cases only, which states that evidence offered to prove the sexual behavior or sexual disposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." FRE 412 (b)(2). The Court went on to say: "It is relevant and admissible under Rule 401 because the fact that she offered these accounts of her sexual behavior makes it less probable that she would be offended by Lancer's alleged sexual remarks. The evidence therefore becomes relevant under the Rule. Moreover, the evidence is admissible under Rule 403 for the reasons previously discussed in the analysis of Rule 412(b)(2)'s balancing test. Citing Footnote 7.

At Footnote 7 the Court stated: According to Plaintiff, case law indicates that a plaintiff's sexual conduct occurring outside of the workplace should be excluded while similar conduct occurring inside the workplace is generally admissible. However, according to the Supreme Court in <u>Meritor Savings Bank v. Vinson</u>, 477 U.S. 57, 69, 106 S.Ct. 2399, 2406 (1968), evidence of a complainant's sexually provocative speech "is obviously relevant . . . in determining whether he or she

found particular sexual advances unwelcome." Hence, although some of the incidents Plaintiff boasted about occurred outside the workplace, the fact that she volunteered them and discussed them inside the workplace makes them relevant to these proceedings.

While Plaintiff might argue that the events "happened outside the workplace," the expected testimony by both Smith and Dortch clearly show the events started at the workplace and then continued elsewhere. The evidnce is relevant because it demonstrates that Plaintiff participated in the same type of sexual advances of which she pretends to be offended.

In the __Fedio__ case, the Court opined that "Plaintiff volunteered to her co-workers information regarding her sexual proclivities. To allow an alleged victim to publicly flaunt her sexual behaviors and yet remain protected by Rule 412 would be tantamount to a complete disregards of the rule's purpose." The Court in Fedio handled a situation similar to the one in this case ,where Plaintiff argued that Defendant's evidence should be barred because Defendant failed to comply with FRE 412(c)(1)(A), which states that the party intending to introduce such evidence must file a written motion at least 14 days before trial. The Court noted that this section of the rule also states that the court may, for good cause, require a different time for filing or even permit the moving party to file the motion during the trial. There, Circuit City did file its motion during the trial. The Court pointed out the purpose of the section is to prevent unfair surprise and resulting prejudice. There, Plaintiff was deemed as having been "well aware of Defendant's intentions regarding this evidence because Plaintiff filed a motion in limine prior to trial to preclude such evidence." Therefore the court held the admission as proper. This is

precisely the same situation as we have in this case, as Plaintiff has been well aware of the evidence and, like in <u>Fedio</u>, sought to preclude the use of the evidence via a Motion In Limine.  There is no surprise to Plaintiff.

While the Advisory Note to FRE 412 states : "In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition <u>in the workplace</u> may perhaps be relevant, non-workplace conduct will usually be irrelevant . . .  Confidentiality orders should be presumptively granted as well,"  the Court is reminded that the conduct by Plaintiff with her co-workers, Smith and Dortch, both <u>began at the</u> workplace and continued away from the workplace.  In this case, Plaintiff McMillian's conduct with her co-workers is relevant to the issues before the Triers of Fact. For the Plaintiff to be able to engage in sexually aggressive conduct with her co-workers, then to hide behind FRE 412,  would violate the Rule's purpose.

Plaintiff has cited several cases in her argument.  In <u>US v. Azure</u>, 845 F.2d 1503 (8th Cir. 1988), the facts are not analogous to our case.  There, the defendant was convicted of carnal knowledge of a 10 year old and attempted to prove that the child had been sexually abused since she was 8 years old. The Court excluded the evidence under FRE 412 (b).  In <u>Cronin v. United Service Stations, Inc</u>., 809 F.Supp. 922 (M.D. Ala. 1992), the defendant attempted to prove that the plaintiff would not have been offended by sexual abuse in the workplace by introducing evidence that plaintiff had also been sexually abused at home. That type of testimony seems to fit within the purpose of Rule 412, whereas the testimony in our case does not, where Plaintiff participated in similar conduct with her co-workers beginning at the

workplace and then continuing outside. <u>Stacks v. Southwestern Bell Yellow Pages,</u>
27 F. 3d 1316 (8th Cir. 1994), does not appear to shed light on the issues of this case
and it is unclear why Defendant cited it.

For the foregoing reasons, Defendant Hardy respectfully requests that the
Court deny Plaintiff's Motion In Limine.

Respectfully filed, this the 21st day of July, 2008.


<u>s/ JAMES ELDON WILSON</u>
James Eldon Wilson (WIL079)
Deputy Attorney General
Attorney For Michael Hardy

OF COUNSEL:
James Eldon Wilson, Esquire
4265 Lomac Street
Montgomery, AL 36106
(334) 409-2003; FAX (334) 409-2009
email:jameseldonwilson@mindspring.com


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2008, I electronically filed the foregoing Defendant
Michael Hardy's Response to Plaintiff's Motion In Limine To Exclude Evidence
Related To Prior Sexual Acts Or Predisposition Of The Plaintiff (DOC. 118) with
the Clerk of the Court using the CM/ECF system which will send notification of
such filing to the following:


Jimmy Jacobs, Esq.
Attorney for the Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, AL 361o6

**T. Dudley Perry, Jr.**
**Deputy Attorney General**
**Attorney for the Defendants**
**Alabama Department of Youth Services**
**P.O. Box 66**
**Mt. Meigs, AL 36057**

                                            **s/JAMES ELDON WILSON**
                                            **Of Counsel**