IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:07:cv-001-WKW |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| YOUTH SERVICES, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**DYS RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* (DOC. 117) TO EXCLUDE HEARSAY AND OTHER EVIDENCE RELATED TO CREDIBILITY ON THE PLAINTIFF OR TO THE ULTIMATE ISSUE IN THIS ACTION**

Comes now the Defendant Department of Youth Services and responds to the Plaintiff's Motion in Limine to Exclude Hearsay and Other Evidence related to Credibility of the Plaintiff or the Ultimate Issues in this Action. In opposition to the motion the Department submits the following:

Technically speaking, a prior judgment is hearsay. However, the question here is whether an exception exists for a prior judgment to be admissible as evidence. *See,* Hiroshi Motomura, *JUDGMENTS AS EVIDENCE*, 70 Minn. L. Rev. 979. The Department submits that the use of the judgment in this case as evidence is a favorable alternative to the use of the judgement as a basis for res judicata or collateral estoppel and that the administrative rulings are admissible under Fed. R. Evid. 803(8).

Rule 803(8) provides a hearsay exception for:

>Records, reports, statements, or data compilations, in any form, of
>public offices or agencies, setting forth . . . ( C ) in civil actions and
>proceedings and against the Government in criminal cases, factual

> findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

FED. R. EVID. 803(8). The rule is premised on "the assumption that a public official will perform his duty properly and the likelihood that he will remember details independently of the record." FED. R. EVID. 803(8) ( C ) advisory committee note.

The Plaintiff has offered no information or circumstances to show that the Hearing Officer's findings and the Board's Order lacks credibility. Accordingly, it is admissible pursuant to Fed. R. Evid. 803(8).

Counsel for Plaintiff in this case filed a motion for partial summary judgment (Doc. 25) based *res judicata* and collateral estoppel. The motion was based on the evidence she now seeks to exclude. The Plaintiff's technical argument was that the administrative proceeding established that Tera McMillian was a victim of sexual harassment in violation of Title VII. DYS argued, and this Court agreed, that DYS did not take a position in the administrative case different from the position DYS takes in this case.

Plaintiff correctly argues that she was not a party to the administrative proceeding. However the Plaintiff also argues that she was not represented by counsel. Attached hereto as exhibit 1 is an excerpt from Ms. McMillian's deposition in the administrative matter wherein her attorney was present and wherein it was clearly established that Ms. McMillian had her own attorney. Ms. McMillian had an interest in that administrative proceeding and her interest was substantially identical to her interest in this matter. Specifically, she contended that Michael Hardy had sexually harassed her, in violation of Title VII even though DYS took a different position, and she had the assistance of her attorney. That he did not to appear at the final administrative hearing to cross examine the witnesses does not change the fact that she was

represented in that matter and had the opportunity.

Nevertheless, DYS does not submit that the findings and orders collaterally estop the Plaintiff. DYS submits that they are proper evidence to be given substantial weight. The closest analogy regarding the proper use of such administrative findings and orders appears to be the text of 42 USC § 2000e-5(b). The EEOC is required to give "substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local [employment discrimination] law." 42 U.S.C. § 2000e-5(b). The Sixth Circuit has adopted this standard with regard to the answer to the question of the proper weight given to an administrative ruling in an employment discrimination case–the issue that is the subject of this motion. *See Cooper v Philip Morris, Inc.* 464 F2d 9 (6th Cir. 1972) (Sixth Circuit vacated the judgment of the District Court and remanded for an evidentiary hearing during which the District Judge shall "accord substantial weight to final findings and orders" previously entered in the premises by the Kentucky Human Rights Commission), mentioned in *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220 (1986).

The State of Alabama Personnel Board exists, in part, for the purpose of adjudicating claims of discrimination:

> Any applicant or employee who has reason to believe that he has been discriminated against because of religious or political opinions or affiliations or race, sex, national origin, age or handicap in any personnel action may appeal to the State Personnel Board. . . If the Board finds after hearing that there was discrimination on any of the above non-merit factors, it shall order appropriate corrective action and its decision shall be final.

See, Rules of the State Personnel Board, Ala. Admin. Code 670-X-4.03.

The Board's rulings in claims under 42 USC 1983 are preclusive. However the Plaintiff's claim against DYS is a Title VII claim. In *University of Tennessee v. Elliott*, 478 U.S.

788, 106 S.Ct. 3220 (1986), the Supreme Court considered whether unreviewed administrative rulings are preclusive in Title VII cases. The Court held not.

However the question here is the evidentiary weight such administrative orders should receive. Generally speaking, an agency fact finding can collaterally estop the court as to factual issues. *Pantex Towing Corp. v. Glidewell*, 763 F.2d 1241, 1245 (11th Cir.1985).[1] Collateral estoppel will apply to preclude relitigation of fact issues if:

> (1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.

*Id.,* 763 F.2d 1241, 1378-1380. Tera McMillian was represented by an attorney in the Michael Hardy personnel proceeding and the issues in which she was interested were substantially identical. Specifically, whether she was involved in a relationship with Michael Hardy and whether she had credibility. DYS thus submits that because the administrative findings and orders are not preclusive, in lieu of res judicata or collateral estoppel the documents should be admitted under Fed. R. Evid. 803(8).

WHEREFORE, DYS submits that the administrative hearing officer's findings, the order of the State Personnel Board, and the order of the Circuit Court in connection with the Michael Hardy administrative proceeding are admissible evidence under Fed. R. Evid. 803( c ).

Respectfully submitted,

---

[1] Again, in light of *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220 (1986), DYS does not argue *res judicata* or collateral estoppel, but argues that the proper alternative is admission into evidence of the findings and orders which were the basis of Plaintiff's partial motion for summary judgment (Doc. 25).

        **s/ T. Dudley Perry Jr.**
        T. Dudley Perry, Jr.
        Bar Number: 3985-R67T
        General Counsel
        Attorney for the Defendant
        Alabama Department of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: dudley.perry@dys.alabama.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 21st day of July, 2008, I electronically filed the foregoing, RESPONSE TO PLAINTIFF'S MOTION IN LIMINE (DOC. 117) TO EXCLUDE HEARSAY AND OTHER EVIDENCE RELATED TO CREDIBILITY ON THE PLAINTIFF OR TO THE ULTIMATE ISSUE IN THIS ACTION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to
the following:

| | |
|---|---|
| Jimmy Jacobs | James Eldon Wilson |
| E-mail:jacobslawoffice@charter.net | Attorney at Law |
| Attorney At Law | 4625 Lomac Street |
| 143 Eastern Boulevard | Montgomery, AL 36106 |
| Montgomery, AL 36117 | |
| Tel: (334) 215-1788 | |
| Fax: (334) 215-1198 | |

        **s/ T. Dudley Perry Jr.**
        T. Dudley Perry, Jr.

# Exhibit 1

Excerpt of Deposition of Tera McMillian
in the Michael Hardy Administrative Proceeding

Michael Hardy
Tera McMillian                           v.                          DYS, et al.
                                                                    March 23, 2006

Page 1

1              BEFORE THE PERSONNEL BOARD OF THE
2                      STATE OF ALABAMA
3
4       IN RE:  THE MATTER OF
5
6                      MICHAEL HARDY
7
8
9              * * * * * * * * * * * * * *
10
11
12          THE DEPOSITION OF TERA MCMILLIAN was taken
13     pursuant to stipulation and agreement before
14     Shannon P. Yost, Certified Shorthand Reporter and
15     Commissioner for the State of Alabama at Large,
16     at the Alabama Education Association, 422 Dexter
17     Avenue, Montgomery, Alabama, on the 23rd day of
18     March, 2006, commencing at 9:15 a.m.
19
20
21              * * * * * * * * * * * * * *
22
23

Michael Hardy                                    v.                                    DYS, et al.
Tera McMillian                                                                         March 23, 2006

Page 6

1    (At which time, the
2    referred-to document was
3    marked as Employee's Exhibit
4    No. 1 by the Reporter.)
5  Q  Let me show you what I've marked as
6    Plaintiff's Exhibit No. 1 and ask you if you
7    have seen a copy of that document?
8  A  I have.
9  Q  Okay. When did you see it?
10 A  Day before yesterday.
11 Q  And how did you receive it?
12 A  Through the mail.
13 Q  Through the mail. Okay. When you received
14   that document, were you aware that that gave
15   you a notice of a deposition scheduled for
16   today?
17 A  Yes, sir.
18 Q  Did you share — at the present time, are
19   you represented by an attorney?
20 A  Yes, I am.
21 Q  And who is that attorney?
22 A  Roderick Cooks.
23 Q  Roderick Cooks. And where is he located?

Page 7

1  A  Birmingham, Alabama.
2  Q  Do you know what law firm he's with?
3  A  At this point, no, sir.
4  Q  You don't? Okay. After you got that
5    notice, did you inform Mr. Cooks that you
6    had received that notice?
7  A  I did.
8  Q  And when did you inform Mr. Cooks?
9  A  Yesterday.
10 Q  Yesterday? And what, if anything, did
11   Mr. Cooks say regarding that deposition
12   notice?
13 A  Make sure that I be here on time.
14 Q  Okay. Did he say whether or not he wanted
15   to be present?
16 A  Well, he wanted to be present, but I think
17   Mr. Perry — he said that Mr. Perry would be
18   here. So that would be okay.
19 Q  Do you know whether or not he talked to
20   Mr. Perry about it?
21 A  I'm not sure, but I would assume.
22      MR. PERRY: No, I have not
23   spoken with him, and I do not

Page 8

1    represent Ms. McMillian.
2  Q  And that's my understanding, that Mr. Perry
3    represents the Department of Youth Services,
4    and Mr. Cooks would be the one to represent
5    you.
6  A  Yes.
7  Q  Okay. But he did not object to you coming
8    to this deposition?
9  A  No, he did not.
10 Q  He did not. Okay.
11      MR. PERRY: Hold on a minute,
12   Theron. Let me think about it a
13   minute. It's not my deposition,
14   and I don't have any authority to
15   control the deposition. However,
16   I don't want to be perceived as
17   having communicated with
18   Mr. Cooks' client without his
19   consent. And if this creates a
20   tricky situation, if Mr. Cooks is
21   opposed to the deposition without
22   his presence, then I want him here
23   because I do not want any

Page 9

1    perception that either he or his
2    client is relying on me or my
3    presence for Ms. McMillian because
4    I do not represent Ms. McMillian.
5    I cannot represent Ms. McMillian.
6      MR. STOKES: Yeah. I
7    understand your position, but I
8    think she said Mr. Cooks didn't
9    oppose her coming to a deposition.
10   Let's go off the Record for a
11   minute.
12     (Off the Record.)
13     MR. STOKES: We're going to
14   take a recess and call Mr. Cooks
15   and see can we get in touch with
16   him and get his position regarding
17   going forward with this
18   deposition.
19     (At which time, a break was
20   held.)
21     MR. STOKES: Mr. Cooks, for
22   the Court Reporter, why don't you
23   give her your name, your address,

3 (Pages 6 to 9)

Michael Hardy  
Tera McMillian                                   v.                                      March 23, 2006

**Page 10**

```
 1        and what firm you're with.
 2        Mr. Cooks?
 3           MR. COOKS: Yes, sir.
 4           MR. STOKES: Would you give
 5        the Court Reporter your name and
 6        address and the firm you're with?
 7           MR. COOKS: Roderick T.
 8        Cooks, and I'm with the firm of
 9        Winston, Cooks, LLC.
10   Q   Ms. McMillian, Mr. Cooks represents you; is
11        that correct?
12   A   Yes, sir.
13   Q   And Mr. Cooks is presently here via
14        telephone and participating in this
15        deposition. So if I ask you any questions
16        that you --
17           MR. COOKS: Ms. McMillian?
18           THE WITNESS: I'm here.
19           MR. COOKS: Okay. Great.
20   Q   If I ask any question that you feel
21        uncomfortable or you'd like to stop, pause
22        and refer to your counsel before answering,
23        please stop me at any time and ask me to do
```

**Page 11**

```
 1        so. Okay?
 2   A   Yes.
 3   Q   Hopefully, I'm going to ask you some
 4        questions that pertain to this lawsuit. If
 5        I ask you a question and you don't
 6        understand or would like for me to rephrase,
 7        please stop me at any time and ask me to do
 8        so. Okay? If I ask you a question and you
 9        don't understand the words, group of words
10        in the question, please stop me at any time
11        and ask me to explain, clarify, or define
12        that which you do not understand. Okay?
13   A   Okay.
14   Q   Last but not least, if I ask you a question
15        and you answer it --
16           MR. COOKS: Theron, could you
17        speak up?
18           MR. STOKES: Okay.
19   Q   If I ask you a question and you answer it,
20        I'm going to assume that you understood the
21        question.
22   A   Okay.
23   Q   We're going back over again -- give me your
```

**Page 12**

```
 1        name and address.
 2   A   Tera McMillian, 312 Adler Drive, A-D-L-E-R,
 3        Montgomery, Alabama 36116.
 4   Q   And how long have you lived at that address?
 5   A   For about three years.
 6   Q   Prior to living at that address, where did
 7        you live?
 8   A   4110 Fitzpatrick Boulevard, Montgomery
 9        36116.
10   Q   And how long did you live there?
11   A   For about three years, three or four years.
12   Q   Three or four years. Again, you received
13        what I have marked as Plaintiff's Exhibit
14        No. 1 -- Defendant's Exhibit No. 1. Have
15        you seen that document before?
16   A   Yes, sir.
17   Q   And is that a notice of deposition?
18   A   Yes, sir.
19   Q   And when did you receive it?
20   A   Day before yesterday.
21   Q   Okay. After receiving that, what, if
22        anything, did you do with it?
23   A   What did I do with it?
```

**Page 13**

```
 1   Q   Did you notify or discuss it with your
 2        attorney?
 3   A   Yes. I called him to let him know that I
 4        had received it.
 5   Q   Okay. And that's Mr. Cooks who's on the
 6        phone now?
 7   A   Yes, sir.
 8   Q   And he had no objection to you attending
 9        this deposition?
10   A   No, sir.
11   Q   Okay. Could you give me your educational
12        background starting with your high school
13        diploma?
14   A   Yes. I have an advanced diploma.
15   Q   Where did you finish high school?
16   A   Wilcox Central High, Camden, Alabama.
17   Q   And what year did you finish school?
18   A   1991.
19   Q   After Wilcox, where did you go to school?
20   A   Alabama State University.
21   Q   What year did you start Alabama State?
22   A   1991.
23   Q   1991? Did you graduate?
```

Boggs Reporting & Video  
334-264-6227/www.boggsreporters.com

Case 2:07-cv-00001-WKW-WC   Document 125-2   Filed 07/21/2008   Page 5 of 5