IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERA A. McMILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:07:cv-001-WKW |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| YOUTH SERVICES, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**ALABAMA DEPARTMENT OF YOUTH SERVICES' OBJECTION TO PLAINTIFF'S TRIAL EXHIBITS AND WITNESSES PROPOSED BY PLAINTIFF**

COMES NOW the Alabama Department of Youth Services and requests leave to object to certain of the Plaintiff's exhibits and witnesses. With regard to exhibits, the Scheduling Order (Doc. 15), paragraph 11 requires objection to exhibits at least 14 days before trial. DYS General Counsel considered August 4 the date of trial for purposes of filing objections. To the extent that the attached objections are out of time, DYS requests permission to file the following objections out of time:

**1. Testimony of Rose Harris, Erika Judge, Jemecia Calvin, Rakeya Givens, Wendy King, Kawanna Jones, Julia Jackson, Ebonie McCall, Alison Billups, Lennie Hartzog, Falandria Brundage and Sherry Richards** - DYS objects to the testimony of witnesses Rose Harris, Erika Judge, Jemecia Calvin, Rakeya Givens, Wendy King, Kawanna Jones, Julia Jackson, Ebonie McCall, Alison Billups, Lennie Hartzog, Falandria Brundage and Sherry Richards pursuant to FRE 402; FRE 403; and FRE 602. Under FRE 402 the testimony of these witnesses is not relevant because these witnesses have all filed unrelated sexual harassment

complaints at DYS from 2003 through 2007. They involve different parties and all but Falandria Brundage involve different campuses–not Mt. Meigs. In addition, under FRE 403, the probative value of testimony of twelve witnesses concerning unrelated sexual harassment claims over a four year period at DYS is substantially outweighed by the danger of unfair prejudice to DYS and would constitute a waste of time at trial. Moreover, DYS objects to the above mentioned witnesses because they have no personal knowledge of the sexual harassment allegations in the instant case.

    2. **Plaintiff's Trial Exhibit 1** - This exhibit is identified as "Hardy Retaliation Document 6/21/05." DYS objects to this exhibit because this exhibit refers to a memo of which Plaintiff has no personnel knowledge and it is hearsay. Plaintiff apparently intends to offer the 6/21/05 memo as evidence of retaliation, however it is clear that the Plaintiff had no knowledge that the memo existed until after Michael Hardy had been discharged by DYS. Accordingly, the memo could not possibly have discouraged her from complaining about discrimination. See Fed. R. Evid. 602; Fed. R. Evid. 802.

    3. **Plaintiff's Trial Exhibit 5** - This exhibit is listed as "Internal Memos/Reports at ITU re: McMillian." DYS objects to this exhibit because Plaintiff had no personal knowledge of these memos at the initiation of her cause of action against DYS. (McMillian Deposition, January 22, 2008 P.79 line 17- P.82 line 4). They could not possibly have discouraged her from complaining about discrimination. Plaintiff's retaliation claim against DYS should be limited to the claims Plaintiff submitted in her complaint and amended complaint. Plaintiff complained of being "subjected to isolation and ostracization by her supervisors and co-workers who have accused her of lying about Hardy and of sexual misconduct." Plaintiff also complained that she "been

subjected to unfair application of work rules; received unwarranted reprimands; and, denied pay increases." (McMillian Complaint P.3). Under Fed. R. Evid. 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Therefore, the Plaintiff should not testify that she was subject to retaliatory acts based on information Plaintiff learned during the discovery process in the instant case. Specifically, the Plaintiff should not be allowed to offer hearsay testimony of the memos her co-workers wrote.

    4**.** **Plaintiff's Trial Exhibit 6** - This exhibit is listed as "Transcription of Sylvesta Lee's tape recordings." DYS submits that the audio recording of Sylvesta Lee and Plaintiff should be admitted into evidence in lieu of the Transcription of Sylvesta Lee's tape.

    5. **Plaintiff's Trial Exhibit 7** - This exhibit is listed as "Table of ITU Employee Sign In/Out Times March - April 2006 with supporting Time & Attendance Reports." DYS objects to this exhibit under Fed. R. Evid. 402. Evidence which is not relevant is not admissible at trial.

    6. **Plaintiff's Trial Exhibit 8** - This exhibit is listed as "Security Gate Log of Employees Entering and Leaving." DYS objects to this exhibit under Fed. R. Evid. 402. Evidence which is not relevant is not admissible at trial. DYS also objects on the basis of hearsay.

    7. **Plaintiff's Trial Exhibit 11** - This exhibit is listed as "Hardy Memo re: Sex Discrimination 1/18/00." Apparently this memo reflects a claim by Michael Hardy that he had been discriminated against on the basis of sex. DYS objects to this memo which concerns an unrelated sexual harassment claim which occurred over two years before the Plaintiff was employed at DYS. This exhibit is not relevant under Fed. R. Evid. 402.

    8. **Plaintiff's Trial Exhibit 12** - This exhibit is listed as "DYS Discrimination

Complaints 2004-2007." DYS submits that the exhibits should be excluded at trial pursuant to Fed. R. Evid. 402 and 403. This exhibit contains unrelated sexual harassment incidents that have occurred at DYS from 2004 through 2007. Furthermore, these incidents of sexual harassment are not relevant in the instant case and testimony from the twelve witnesses who filed these unrelated sexual harassment claims will constitute a waste of time and substantially prejudice DYS.

Respectfully submitted this 21st day of July, 2008.

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2008, I electronically filed the foregoing, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs
E-mail:jacobslawoffice@charter.net
Attorney At Law
143 Eastern Boulevard
Montgomery, AL 36117
Tel: (334) 215-1788
Fax: (334) 215-1198

James Eldon Wilson
Attorney at Law
4625 Lomac Street
Montgomery, AL 36106

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.