**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION**

**TERA A. MCMILLIAN,**

**Plaintiff,**

**v.** **CASE NO. 2:07-CV-01-WKW**

**ALABAMA DEPARTMENT OF YOUTH SERVICES and MICHAEL J. HARDY,**

**Defendants.**

**DEFENDANT MICHAEL J. HARDY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO HARDY's EXHIBITS (DOC. 115)**

**COMES NOW DEFENDANT, Michael J. Hardy, and in accordance with the Court's Order of July 15, 2008 , files his Response to Plaintiff's Objections To Hardy's Exhibits (Doc. 115), to wit:**

**1. As to Hardy Exhibit No. 6: Hardy Exhibit No. 6 has been modified to include the supporting Daily Time and Attendance Reports for 12/28/04 through 01/02/05 for Paige Hall showing the presence or absence of Plaintiff. Attempts to obtain the three missing Daily Time and Attendance Reports pertaining to the coworker for 12/31/04 though 01/02/05 were unsuccessful, therefore the Summary associated with Exhibit 6 has been modified to delete entries for the co-worker on those dates. These changes satisfy Plaintiff's objections.**

**2. As to Hardy Exhibit No. 7: Plaintiff has previously testified under oath about Mr. Smith's alleged presence at the dorm where Plaintiff worked and about alleged inappropriate acts by Defendant Hardy which she claims to have reported to Smith.**

**Hardy Exhibit 7 is a document which is a business record of the DYS maintained in its records and establishes the exact date of November 15, 2004 when Mr. Smith was transferred to another dorm. The document was provided to Defendant Michael Hardy as the Manager at Paige Hall to establish the transfer date. He is entitled to produce it and testify about his knowledge of it. Further, it has become relevant because Plaintiff's previous testimony about Mr. Smith has made the date of the transfer relevant. Therefore, the document is both relevant and admissible under FRE 402.**

**3. As to Hardy Exhibit No. 8: Plaintiff has previously testified under oath about Ms. Moton's presence at the dorm where Plaintiff was working and specifically related Ms. Moton's departure from work there in relation to alleged inappropriate acts of which Plaintiff has accused Defendant Hardy. This document, which is a business record maintained by the DYS in its records, establishes the date of departure by Ms. Moton from her job as November 21, 2004. This document was provided to Defendant Michael Hardy as the Manager of Paige Hall to establish the departure date relative to Ms. Moton. He is entitled to produce and testify about his knowledge of it. Further, it has become relevant because Plaintiff's previous testimony about Ms. Moton has made it relevant under FRE 402 and, therefore, admissible.**

**4. As to Hardy Exhibit No. 9: Hardy Exhibit No. 9 is a page of the Alltell Cell Phone Bill received by Defendant Hardy covering the period 12/28/04 and 01/02/05. This is a relevant period of time due to testimony given by Plaintiff previously under oath alleging inappropriate acts by Defendant Hardy that also involved telephone**

**calls between Hardy and Plaintiff. This business record of Mr. Hardy is produced from his records and he can give direct testimony about the calls which are documented therein. Plaintiff's previous testimony and accusations about these calls make this document relevant and admissible under FRE 402. The proposition that a business record furnished to a customer is a hearsay document, when the customer (Defendant Hardy) is present and can testify about his own calls, is without merit.**

**5. As to Hardy Exhibit No. 10: Hardy Exhibit 10 is the program from Defendant Hardy's Grandmother's funeral which establishes the precise date of that event. The date of that event is relevant because of testimony by the Plaintiff previously under oath where in she recalls the dates of that event, yet in contrast, cannot recall the dates of any of the alleged inappropriate events for which she has accused Defendant Hardy. Based on Plaintiff's previous testimony under oath, this document is admissible and relevant under FRE 402.**

**6. As to Hardy Exhibit No. 11. This document is a copy of the Alabama State Personnel Board Decision regarding the administrative dismissal of Michael Hardy as a State Employee after an administrative trial where Plaintiff testified against Mr. Hardy. The Board, as it is entitled to, adopted "by reference the findings of fact and conclusions of law" of its Administrative Law Judge and the Board "found that the testimony of the alleged victim [the same person who is The Plaintiff in this case] is not credible and her complaints of sexual harassment are unfounded" . . . The Board is presumed to have studied the record before adopting it. There is no evidence to indicate to the contrary. These findings are relevant and should be**

**considered by the Trier of Fact (the Jury) in this case. They are not so prejudicial as to warrant exclusion. If the decision had gone the other way, and Defendant Hardy had been found "guilty" of "sexual harassment," you can bet Plaintiff would be arguing that the comments should be admitted. The Court is also referred to Defendant Hardy's Response to Plaintiff's Motion In Limine regarding Hardy Exhibit 11.**

**7. As to Hardy Exhibit No. 12: This document is the opinion of the State Circuit Judge to whom the Administrative decision was appealed. Circuit Judge Gene Reese (Montgomery, Alabama, Circuit Court), who ultimately REVERSED the decision of the State Personnel Board, considered the entire record which included the trial transcript and other filings. He stated in the second sentence of his Opinion that he had "reviewed the record" submitted to the Court plus the briefs. In his review he is presumed to have read and considered the entire record and can draw credibility and evidentiary assessments from the record. This considered opinion of the Circuit Judge is not so prejudicial as to overrule its probative value. This assessment of Plaintiff's credibility is "a factor" which the Trier Of Fact (The Jury) in this case should be able to consider.**

**Plaintiff's credibility is at issue in this case. Defendant Hardy, as well as Defendant DYS, should be able to test that credibility and to show The Jury that another trier of fact hearing essentially the same evidence found Plaintiff to be less than credible. The Court is also referred to Defendant Hardy's Response to Plaintiff's Motion In Limine regarding Hardy Exhibit 12.**

**Respectfully filed, this the 21st day of July, 2008.**

**s/ JAMES ELDON WILSON**
**James Eldon Wilson (WIL079)**
**Deputy Attorney General**
**Attorney For Michael Hardy**

**OF COUNSEL:**
**James Eldon Wilson, Esquire**
**4265 Lomac Street**
**Montgomery, AL 36106**
**(334) 409-2003; FAX (334) 409-2009**
**email:jameseldonwilson@mindspring.com**

**CERTIFICATE OF SERVICE**

**I hereby certify that on July 21, 2008, I electronically filed the foregoing Defendant Michael Hardy's Response to Plaintiff's Objections To Hardy's Exhibits (Doc. 115) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:**

**Jimmy Jacobs, Esq.**
**Attorney for the Plaintiff**
**4137 Carmichael Rd, Ste 100**
**Montgomery, AL 36106**

**T. Dudley Perry, Jr.**
**Deputy Attorney General**
**Attorney for the Defendants**
**Alabama Department of Youth Services**
**P.O. Box 66**
**Mt. Meigs, AL 36057**

**s/JAMES ELDON WILSON**
**Of Counsel**

DEFENDANT'S
EXHIBIT
HARDY 6

| NAME: | No. | SAT | SUN | MON | TUE 12/28 | WED 12/29 | THU 12/30 | FRI 12/31 | SAT 1/1/05 | SUN 1/2 | MON | TUE | WED | THU | FRI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tera McMillian | | | | | 8-8 | 8-4 | OFF | OFF | 8-4 | 8-4 | | | | | |
| Veronica Harris | | | | | OFF | 8-4 | 8-8 | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

# DAILY TIME AND ATTENDANCE REPORT

## PAIGE HALL

Sat. Sun. Mon. (Tue.) Wed. Thur. Fri. Date: 12/28/04

| NAME | IN | OUT | OFF | LEAVE TAKEN | HOURS WORKED | SIGNATURE |
|---|---|---|---|---|---|---|
| Dortch, Rogers | 8:00 | 4:00 | | | 8 | Rogers Dortch |
| Ellis, Jonathan | | | | | off | |
| Farley, Rashin | | | | | off | |
| Harvest, Arthur | 12:00 | 8:00 | | | 8 | Arthur Harvest |
| Howard, Bernice | 12:00 | 8:00 | | | 8 | B. Howard |
| McCollum, Mike | 4:00 | 12:00 | | | 8 | M. McCollum |
| McMillian, Tera | 8 | 8 | | | 12 | T. McMillian |
| Miles, Brian | 8[10] | 4[05] | | | 8 | B. Miles |
| Williams, Ingria | | | | | off | |
| Wilson, Shadrick | 4 | 12 | | | 8 | S. Wilson |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with the sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign- in sheet.

| Leave Codes: | A- Annual | S- Sick | C- Comp | H- Holiday |
|---|---|---|---|---|
| | J- Jury | M- Military | P- Personal | B- Blood |

# DAILY TIME AND ATTENDANCE REPORT

## PAIGE HALL

Sat. Sun. Mon. Tue. (Wed.) Thur. Fri. Date: 12/29/04

| NAME | IN | OUT | OFF | LEAVE TAKEN | HOURS WORKED | SIGNATURE |
|---|---|---|---|---|---|---|
| Dortch, Rogers | 4:00 | 8:00 | | ~~4 C~~ | 4 | [signature] |
| Ellis, Jonathan | | | | [illegible] | off | |
| Farley, Rashin | 8 | 4 | | | 8 | [signature] |
| Harvest, Arthur | 12:00 | 8:00 | | | 8 | [signature] |
| Howard, Bernice | 12:00 | 8:00 | | | 8 | [signature] |
| McCollum, Mike | | | | | off | |
| McMillian, Tera | 8 | 4 | | | 8 | [signature] |
| Miles, Brian | 4 | 12 | | | 8 | [signature] |
| Williams, Ingria | 8 | 4 | | | 8 | [signature] |
| Wilson, Shadrick | 4 | 12 | | | 8 | [signature] |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with the sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign- in sheet.

| Leave Codes: | A- Annual | S- Sick | C- Comp | H- Holiday |
|---|---|---|---|---|
| | J- Jury | M- Military | P- Personal | B- Blood |

# DAILY TIME AND ATTENDANCE REPORT

PAIGE HALL

Sat. Sun. Mon. Tue. Wed. Thur Fri. Date: 12/30/04

| NAME | IN | OUT | OFF | LEAVE TAKEN | HOURS WORKED | SIGNATURE |
|---|---|---|---|---|---|---|
| Dortch, Rogers | 4:00 | 12:00 | | | 8 | Roger Dortch |
| Ellis, Jonathan | | | H | H | off | |
| Farley, Rashin | 8 | 4 | | | 8 | Rashin Farley |
| Harvest, Arthur | 12:00 | 8:00 | | | 8 | [signature] |
| Howard, Bernice | 12:00 | 8 | | | 8 | B. Howard |
| McCollum, Mike | | | | | off | |
| McMillian, Tera | | | | | off | |
| Miles, Brian | 8:10 | 8:10 | | | 12 | [signature] |
| Williams, Ingria | 8 | 4 | | | 8 | [signature] |
| Wilson, Shadrick | 4 | 12 | | | 8 | S. Wilson |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with the sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign- in sheet.

Leave Codes: A- Annual S- Sick C- Comp H- Holiday J- Jury M- Military P- Personal B- Blood

# DAILY TIME AND ATTENDANCE REPORT

**PAIGE HALL**

*Sat. Sun. Mon. Tue. Wed. Thur. Fri.* (Fri. circled)

*Date:* 12/31/04

| NAME | IN | OUT | OFF | LEAVE TAKEN | HOURS WORKED | SIGNATURE |
|---|---|---|---|---|---|---|
| Dortch, Rogers | 4:00 | 12:00 | | | 8 | R. Dortch |
| Ellis, Jonathan | 1200 | 800 | | | 8 | Jonathan Ellis |
| Farley, Rashin | 8 | 4 | | | 8 | Rashin Farley |
| Harvest, Arthur | 1200 | 800 | | | 8 | Arthur Harvest |
| Howard, Bernice | | | | | off | |
| McCollum, Mike | 8:00 | 8:00 | | | 12 | M. McColl |
| McMillian, Tera | | | | | off | |
| Miles, Brian | 4 | 12 | | | 8 | |
| Williams, Ingria | 8:00 | 4 | | | 8 | I Williams |
| Wilson, Shadrick | | | | | Off | |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with the sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign- in sheet.

Leave Codes: A- Annual, S- Sick, C- Comp, H- Holiday, J- Jury, M- Military, P- Personal, B- Blood

# DAILY TIME AND ATTENDANCE REPORT

## PAIGE HALL

(Sat.) Sun. Mon. Tue. Wed. Thur. Fri. Date: 1/01/2005

| NAME | IN | OUT | OFF | LEAVE TAKEN | HOURS WORKED | SIGNATURE |
|---|---|---|---|---|---|---|
| Dortch, Rogers | 4:15 | 12:10 | | | 8 | Roger Dortch |
| Ellis, Jonathan | 1200 | 810 | | (8) | 8:10 | Jonathan Ellis |
| Farley, Rashin | 8 | 4 | | | 8 | Rashin Farley |
| Harvest, Arthur | 12[00] | 8:00 | | | 8 | Arthur Harvest |
| Howard, Bernice | | | / | | | |
| McCollum, Mike | 4:00 | 12:00 | | | 8 | M. McCollum |
| McMillian, Tera | 8 | 4 | | | 8 | Tera McMillian |
| Miles, Brian | | | | att | | |
| Williams, Ingria | 8 | 4 | | | 8 | [illegible] |
| Wilson, Shadrick | 4 | 8 | | | 4 | S. Wilson |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with the sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign- in sheet.

Leave Codes: A- Annual, S- Sick, C- Comp, H- Holiday, J- Jury, M- Military, P- Personal, B- Blood

# DAILY TIME AND ATTENDANCE REPORT

## PAIGE HALL

Sat. (Sun.) Mon. Tue. Wed. Thur. Fri. Date: 1/02/05

| NAME | IN | OUT | OFF | LEAVE TAKEN | HOURS WORKED | SIGNATURE |
|---|---|---|---|---|---|---|
| Dortch, Rogers | | | | | off | |
| Ellis, Jonathan | 1205 | 805 | | | 8 | Jonathan Ellis |
| Farley, Rashin | 8 | 8 | | | 12 | Rashin Farley |
| Harvest, Arthur | | | | | off | |
| Howard, Bernice | 12 | 8 | | | 8 | Bernice Howard |
| McCollum, Mike | 4:00 | 12:00 | | | 8 | M. McCollum |
| McMillian, Tera | 8 | 4 | | | 8 | Tera McMillian |
| Miles, Brian | | | | att | off | |
| Williams, Ingria | 8 | 4 | | | 8 | I. Williams |
| Wilson, Shadrick | 4 | 12 | | | 8 | S. Wilson |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with the sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign- in sheet.

| Leave Codes: | A- Annual | S- Sick | C- Comp | H- Holiday |
|---|---|---|---|---|
| | J- Jury | M- Military | P- Personal | B- Blood |

Daily Time & Attendance Report
HARRIS HALL

Sat. Sun. Mon. (Tue.) Wed. Thur. Fri. Date: 28 Dec 04

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|---|---|---|---|---|---|---|
| Barnette, Taylor | 12 | 8 | | | 8 | Barnett |
| Boyd, James | 4:00 pm | 12:00 am | — | — | 8 | J Boyd |
| Burns, Bejamin | 8 | 8 | | | 12 | Burns |
| Chriske, Donald | 7:30 | 4:00 | | | 8 | [illegible] |
| Green, Walter | off | | | | | |
| Harris, Veronica | off | | | | | |
| Hawkins, Clyde | off | | | | | |
| Haynes, Delonn | 8:00 A | 4:00 P | | | 8 | D. Haynes |
| Jackson,Calvin | 4:00 pm | 12:43 am | | | 8 | C Jackson |
| Scott, Ronald | 12 | 8 | | | 8 | R. Scott |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes: A - Annual, J - Jury, S - Sick, M - Military, C - Comp, P - Personal, H - Holiday, B - Blood

Daily Time & Attendance Report
HARRIS HALL

Sat. Sun. Mon. Tue. (Wed.) Thur. Fri. Date: 29 Dec 04

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|---|---|---|---|---|---|---|
| Barnette, Taylor | 12:00 | 8:00 | | | 8 | Barnette |
| Boyd, James | Off | | | | off | |
| Burns, Bejamin | Off | | | | | |
| Chriske, Donald | 7:35 | 1:00 | 3 | S | 8 | [illegible] |
| Green, Walter | 8:00 am | 4:00 pm | | | 8 | W Green |
| Harris, Veronica | 8 | 4 | | | 8 | V. Harris |
| Hawkins, Clyde | 4 | 12 | | | 8 | C Hawkins |
| Haynes, Delonn | 1:00 p | 9:00 p | | | 8 | D. Haynes |
| Jackson,Calvin | 4:00 pm | 12:00 am | | | 8 | C Jackson |
| Scott, Ronald | 12 | 8 | | | 8 | Scott |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

| Leave Codes: | A - Annual | S - Sick | C - Comp | H - Holiday |
|---|---|---|---|---|
| | J - Jury | M - Military | P - Personal | B - Blood |

Daily Time & Attendance Report
HARRIS HALL

Sat. Sun. Mon. Tue. Wed. (Thur.) Fri. Date: 30 Dec 04

| Name | In | Out | Leave Hrs. Taken | Leave Code | Total Hr. Wrk. | Signature |
|---|---|---|---|---|---|---|
| Barnette, Taylor | 12:00 | 8:00 | | | 8 | |
| Boyd, James | off | | | | off | |
| Burns, Bejamin | off | | | | | |
| Chriske, Donald | 8:00 | 4:00 | | | 8 | [signature] |
| Green, Walter | 8:00/am | 4:00/pm | | | 8 | [signature] |
| Harris, Veronica | 8 | 8 | | | 12 | [signature] |
| Hawkins, Clyde | 4 | 12 | | | 8 | [signature] |
| Haynes, Delonn | 4:00 p | 12:00 a | | | 8 | [signature] |
| Jackson,Calvin | off | | | | | |
| Scott, Ronald | 12 | 8 | | | 8 | [signature] |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1. Place in the business office box daily.
2. Please submit appropriate leave slip with this sign-in sheet.
3. It is the responsibility of the Unit Manager to make sure that the leave slip and authorization to work overtime form accompanies this sign-in sheet.

Leave Codes: A - Annual, J - Jury, S - Sick, M - Military, C - Comp, P - Personal, H - Holiday, B - Blood

DEFENDANT'S EXHIBIT
HARDY 7

State of Alabama
Department of Youth Services
Mt. Meigs Complex
Post Office Box 66
Mt. Meigs, Alabama 36057
Telephone: (334) 215-6006
Fax: (334) 215-6106

JANICE COLES
(334) 215-6000
Senior Superintendant

NANCY MOODY
(334) 215-6008

JOE N. PINKARD
(334) 215-6010
Superintendants

J. WALTER WOOD, JR
EXECUTIVE DIRECTOR

**MEMORANDUM**

**TO:** Eugene Smith, Shift Supervisor
Current Unit: Paige Hall

**FROM:** Youth Services Specialists:
Phyllis Rankins
James Tyler
Marvin Hardley

**DATE:** October 19, 2004

**RE:** Transfers / Placement of New Staff

Please be advised that effective November 15, 2004, you will assume duties in your present classification at D & E 'A' Dorm. Your new immediate supervisor will be Mr. Darrell Goshay, unit manager.

This transfer does not in anyway indicate non-compliance or unsatisfactory job performance. It is a result of our attempt to strengthen and give more balance to the units' current staffing pattern. Please contact the new unit manager to set up a conference regarding your work schedule.

Your usual cooperation is expected and would be greatly appreciated.

PR/JT/MH:ec

cc: Janice Coles
Joe Pinkard



DEFENDANT'S EXHIBIT
HARDY 8

BOB RILEY
GOVERNOR

State of Alabama
Department of Youth Services
Post Office Box 66
Mt. Meigs, Alabama 36057

J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

December 7, 2004

Ms. Mary Moten
331 Dallas Road 226
Selma, AL 36701

Dear Ms. Moten:

Your supervisors have advised me you have not reported to work, have not contacted them concerning your return nor have you been on authorized leave since November 21, 2004. Based on this information, I am considering you have abandoned your job at the Department of Youth Services. If you have extenuating circumstances you would like me to consider, please notify my office on or before the close of business on December 17, 2004.

The State Personnel Department will be notified accordingly.

Sincerely,

J. Walter Wood, Jr.

J. Walter Wood, Jr.
Executive Director

JWW/dls

c: Ms. Coles
Mr. Glenn
Mr. Booker
Mr. Davis



DEFENDANT'S
EXHIBIT
HARDY 9

ALLTEL

BILL DATE January 27, 2005

ACCOUNT NUMBER 8390613399-850

| | Date | Time | City,State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|---|
| 10 | 12/28 | 4:55P | MOBILE | 334-312-3811 | 1.0 | P MM | 0.00 | 0.00 |
| 11 | 12/28 | 5:02P | MONTGOMERY, AL | 334-285-6845 | 1.0 | P | 0.00 | 0.00 |
| 12 | 12/28 | 5:06P | MONTGOMERY, AL | 334-546-6845 | 2.0 | P | 0.00 | 0.00 |
| 13 | 12/28 | 5:08P | MONTGOMERY, AL | 334-546-7588 | 1.0 | P | 0.00 | 0.00 |
| 14 | 12/28 | 5:10P | MONTGOMERY, AL | 334-277-7795 | 3.0 | P | 0.00 | 0.00 |
| 15 | 12/28 | 5:13P | MOBILE | 334-300-0628 | 4.0 | P MM | 0.00 | 0.00 |
| 16 | 12/28 | 5:27P | MOBILE | 334-313-2411 | 1.0 | P MM | 0.00 | 0.00 |
| 17 | 12/28 | 5:29P | MOBILE | 334-313-2411 | 4.0 | P MM | 0.00 | 0.00 |
| 18 | 12/28 | 5:52P | SANFORD, FL | 407-323-7641 | 1.0 | P | 0.00 | 0.00 |
| 19 | 12/28 | 5:52P | MOBILE | 334-312-2561 | 1.0 | P MM | 0.00 | 0.00 |
| 20 | 12/28 | 5:53P | SANFORD, FL | 407-323-7641 | 1.0 | P | 0.00 | 0.00 |
| 21 | 12/28 | 5:54P | MOBILE | 334-315-2561 | 2.0 | P MM | 0.00 | 0.00 |
| 22 | 12/28 | 6:17P | MOBILE | 334-312-3810 | 1.0 | P MM | 0.00 | 0.00 |
| 23 | 12/28 | 6:17P | MOBILE | 334-315-2561 | 1.0 | P MM | 0.00 | 0.00 |
| 24 | 12/28 | 6:39P | MONTGOMERY, AL | 334-215-6090 | 4.0 | P | 0.00 | 0.00 |
| 25 | 12/28 | 6:47P | MONTGOMERY, AL | 334-201-7617 | 11.0 | P | 0.00 | 0.00 |
| 26 | 12/28 | 7:14P | MOBILE | 334-312-3810 | 1.0 | P MM | 0.00 | 0.00 |
| 27 | 12/28 | 7:14P | TUSCALOOSA, AL | 205-686-2235 | 5.0 | P | 0.00 | 0.00 |
| 28 | 12/28 | 7:37P | MONTGOMERY, AL | 334-286-9750 | 1.0 | P | 0.00 | 0.00 |
| 29 | 12/28 | 7:38P | MONTGOMERY, AL | 334-220-7213 | 1.0 | P | 0.00 | 0.00 |
| 30 | 12/28 | 9:07P | MONTGOMERY, AL | 334-281-4816 | 21.0 | OP | 0.00 | 0.00 |
| 31 | 12/28 | 9:28P | MONTGOMERY, AL | 334-286-3650 | 1.0 | OP MM | 0.00 | 0.00 |
| 32 | 12/29 | 2:12P | MOBILE | 334-312-3810 | 2.0 | P MM | 0.00 | 0.00 |
| 33 | 12/29 | 2:54P | MONTGOMERY, AL | 334-215-6022 | 1.0 | P | 0.00 | 0.00 |
| 34 | 12/29 | 3:06P | MONTGOMERY, AL | 334-215-6022 | 6.0 | P | 0.00 | 0.00 |
| 35 | 12/29 | 5:37P | MOBILE | 334-312-3810 | 1.0 | P MM | 0.00 | 0.00 |
| 36 | 12/29 | 5:44P | TUSCALOOSA, AL | 205-686-2235 | 2.0 | P | 0.00 | 0.00 |
| 37 | 12/29 | 5:56P | MONTGOMERY, AL | 334-201-7617 | 3.0 | P | 0.00 | 0.00 |
| 38 | 12/29 | 7:31P | MONTGOMERY, AL | 334-286-9750 | 2.0 | P | 0.00 | 0.00 |
| 39 | 12/29 | 7:33P | MONTGOMERY, AL | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 40 | 12/29 | 8:19P | MONTGOMERY, AL | 334-286-3650 | 3.0 | P MM | 0.00 | 0.00 |
| 41 | 12/30 | 12:28P | INCOMING | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 42 | 12/30 | 12:36P | INCOMING | NO CALL ID | 2.0 | P | 0.00 | 0.00 |
| 43 | 12/30 | 1:08P | MOBILE | 334-312-3811 | 7.0 | P MM | 0.00 | 0.00 |
| 44 | 12/30 | 1:59P | MOBILE | 334-312-3811 | 1.0 | P MM | 0.00 | 0.00 |
| 45 | 12/30 | 2:13P | MONTGOMERY, AL | 334-286-9750 | 2.0 | P | 0.00 | 0.00 |
| 46 | 12/30 | 5:02P | MONTGOMERY, AL | 334-590-5353 | 1.0 | P | 0.00 | 0.00 |
| 47 | 12/30 | 9:50P | MONTGOMERY, AL | 334-356-0501 | 1.0 | OP | 0.00 | 0.00 |
| 48 | 12/30 | 9:53P | MONTGOMERY, AL | 334-590-5353 | 2.0 | OP | 0.00 | 0.00 |
| 49 | 12/30 | 9:54P | MONTGOMERY, AL | 334-286-9750 | 3.0 | OP | 0.00 | 0.00 |
| 50 | 12/30 | 10:13P | MONTGOMERY, AL | 334-281-3386 | 1.0 | OP | 0.00 | 0.00 |
| 51 | 12/30 | 10:15P | MONTGOMERY, AL | 334-215-6090 | 3.0 | OP | 0.00 | 0.00 |
| 52 | 12/30 | 10:17P | MONTGOMERY, AL | 334-252-6950 | 1.0 | OP | 0.00 | 0.00 |
| 53 | 12/30 | 10:19P | TUSCALOOSA, AL | 205-391-0700 | 1.0 | OP | 0.00 | 0.00 |
| 54 | 12/30 | 10:29P | MONTGOMERY, AL | 334-286-9750 | 1.0 | OP | 0.00 | 0.00 |
| 55 | 12/31 | 10:37A | TUSCALOOSA, AL | 205-391-0700 | 1.0 | P | 0.00 | 0.00 |
| 56 | 12/31 | 10:46A | TUSCALOOSA, AL | 205-686-2235 | 1.0 | P | 0.00 | 0.00 |
| 57 | 12/31 | 11:05A | INCOMING | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 58 | 12/31 | 11:06A | MOBILE | 334-312-3810 | 1.0 | P MM | 0.00 | 0.00 |
| 59 | 12/31 | 11:07A | TUSCALOOSA, AL | 205-686-2235 | 9.0 | P | 0.00 | 0.00 |
| 60 | 12/31 | 11:16A | TUSCALOOSA, AL | 205-686-2235 | 1.0 | P | 0.00 | 0.00 |
| 61 | 12/31 | 12:08P | MONTGOMERY, AL | 334-252-6950 | 13.0 | P | 0.00 | 0.00 |
| 62 | 12/31 | 12:31P | TUSCALOOSA, AL | 205-686-2235 | 2.0 | P | 0.00 | 0.00 |
| 63 | 12/31 | 1:14P | INCOMING | 205-686-2235 | 1.0 | P | 0.00 | 0.00 |
| 64 | 12/31 | 1:17P | TUSCALOOSA, AL | 205-686-2235 | 1.0 | P | 0.00 | 0.00 |
| 65 | 12/31 | 1:18P | MONTGOMERY, AL | 334-286-9750 | 1.0 | P | 0.00 | 0.00 |
| 66 | 12/31 | 1:19P | MONTGOMERY, AL | 334-220-7213 | 1.0 | P | 0.00 | 0.00 |
| 67 | 12/31 | 1:20P | INCOMING | 334-286-9750 | 3.0 | P | 0.00 | 0.00 |
| 68 | 12/31 | 1:49P | INCOMING | 334-286-3650 | 2.0 | P MM | 0.00 | 0.00 |
| 69 | 12/31 | 1:51P | TUSCALOOSA, AL | 205-686-2235 | 1.0 | P | 0.00 | 0.00 |
| 70 | 12/31 | 2:28P | INCOMING | 205-686-2235 | 1.0 | P | 0.00 | 0.00 |
| 71 | 12/31 | 3:05P | INCOMING | 205-686-2235 | 2.0 | P D | 0.00 | 0.00 |
| 72 | 12/31 | 3:07P | INCOMING | 334-313-2411 | 4.0 | P D | 0.00 | 0.00 |
| 73 | 12/31 | 3:16P | TUSCALOOSA, AL | 205-686-2235 | 1.0 | P | 0.00 | 0.00 |
| 74 | 12/31 | 3:19P | TUSCALOOSA, AL | 205-686-2235 | 3.0 | P | 0.00 | 0.00 |
| 75 | 12/31 | 4:10P | MONTGOMERY, AL | 334-467-0422 | 4.0 | P | 0.00 | 0.00 |
| 76 | 12/31 | 4:16P | MOBILE | 334-312-3810 | 1.0 | P MM | 0.00 | 0.00 |
| 77 | 12/31 | 4:16P | MONTGOMERY, AL | 334-215-6090 | 4.0 | P | 0.00 | 0.00 |
| 78 | 12/31 | 4:21P | MOBILE | 334-312-3812 | 4.0 | P MM | 0.00 | 0.00 |
| 79 | 12/31 | 4:33P | MONTGOMERY, AL | 334-590-7197 | 2.0 | P | 0.00 | 0.00 |
| 80 | 12/31 | 4:52P | MONTGOMERY, AL | 334-286-9750 | 3.0 | P | 0.00 | 0.00 |
| 81 | 12/31 | 5:10P | MONTGOMERY, AL | 334-286-3650 | 2.0 | P MM | 0.00 | 0.00 |
| 82 | 12/31 | 5:12P | MONTGOMERY, AL | 334-286-9750 | 9.0 | P | 0.00 | 0.00 |
| 83 | 12/31 | 6:06P | INCOMING | 234-869-1848 | 2.0 | P | 0.00 | 0.00 |
| 84 | 12/31 | 7:09P | MONTGOMERY, AL | 334-220-7213 | 1.0 | P | 0.00 | 0.00 |
| 85 | 12/31 | 7:10P | MONTGOMERY, AL | 334-286-9750 | 1.0 | P | 0.00 | 0.00 |
| 86 | 12/31 | 7:10P | MONTGOMERY, AL | 334-286-9750 | 1.0 | P | 0.00 | 0.00 |
| 87 | 12/31 | 8:07P | INCOMING | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 88 | 12/31 | 8:10P | MONTGOMERY, AL | 334-280-3440 | 1.0 | P | 0.00 | 0.00 |
| 89 | 01/01 | 11:13A | MONTGOMERY, AL | 334-286-9750 | 1.0 | OP | 0.00 | 0.00 |
| 90 | 01/01 | 5:36P | VOICE MAIL | 334-312-3810 | 1.0 | OP MM | 0.00 | 0.00 |
| 91 | 01/01 | 5:38P | VOICE MAIL | 334-312-3810 | 2.0 | OP MM | 0.00 | 0.00 |
| 92 | 01/01 | 5:40P | MOUNDVILLE, AL | 205-371-4137 | 4.0 | OP | 0.00 | 0.00 |
| 93 | 01/02 | 9:52P | MONTGOMERY, AL | 334-280-3440 | 27.0 | OP | 0.00 | 0.00 |
| 94 | 01/02 | 11:53P | MONTGOMERY, AL | 334-280-3440 | 1.0 | OP | 0.00 | 0.00 |
| 95 | 01/03 | 2:57P | INCOMING | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 96 | 01/03 | 3:05P | MONTGOMERY, AL | 334-286-3650 | 3.0 | P MM | 0.00 | 0.00 |
| 97 | 01/03 | 4:15P | INCOMING | 334-313-2411 | 2.0 | P MM | 0.00 | 0.00 |
| 98 | 01/03 | 4:38P | INCOMING | 334-262-3110 | 3.0 | P | 0.00 | 0.00 |
| 99 | 01/03 | 5:08P | MONTGOMERY, AL | 334-280-3440 | 17.0 | P | 0.00 | 0.00 |
| 100 | 01/03 | 5:26P | INCOMING | 334-285-6160 | 2.0 | P | 0.00 | 0.00 |
| 101 | 01/03 | 5:38P | INCOMING | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 102 | 01/03 | 5:52P | MONTGOMERY, AL | 334-221-7337 | 1.0 | P | 0.00 | 0.00 |
| 103 | 01/03 | 5:52P | MONTGOMERY, AL | 334-221-8337 | 6.0 | P | 0.00 | 0.00 |
| 104 | 01/03 | 6:08P | MONTGOMERY, AL | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 105 | 01/03 | 6:09P | MONTGOMERY, AL | 334-286-3650 | 2.0 | P MM | 0.00 | 0.00 |
| 106 | 01/03 | 6:12P | MONTGOMERY, AL | 334-221-5337 | 4.0 | P | 0.00 | 0.00 |
| 107 | 01/03 | 6:17P | MONTGOMERY, AL | 334-286-9750 | 1.0 | P | 0.00 | 0.00 |
| 108 | 01/03 | 6:31P | MONTGOMERY, AL | 334-215-6090 | 2.0 | P | 0.00 | 0.00 |
| 109 | 01/04 | 9:33A | MONTGOMERY, AL | 334-215-6022 | 1.0 | P | 0.00 | 0.00 |
| 110 | 01/04 | 9:34A | MONTGOMERY, AL | 334-215-6022 | 17.0 | P | 0.00 | 0.00 |
| 111 | 01/04 | 9:35A | INCOMING | 334-262-3110 | 2.0 | P W | 0.00 | 0.00 |
| 112 | 01/04 | 10:51A | MOBILE | 334-312-3810 | 2.0 | P MM | 0.00 | 0.00 |
| 113 | 01/04 | 12:28P | INCOMING | 334-215-6162 | 1.0 | P | 0.00 | 0.00 |
| 114 | 01/04 | 2:35P | MONTGOMERY, AL | 334-215-6022 | 1.0 | P | 0.00 | 0.00 |
| 115 | 01/04 | 2:37P | MONTGOMERY, AL | 334-215-6022 | 3.0 | P | 0.00 | 0.00 |
| 116 | 01/04 | 2:41P | INCOMING | 334-799-6364 | 3.0 | P | 0.00 | 0.00 |
| 117 | 01/04 | 3:54P | MONTGOMERY, AL | 334-799-6364 | 2.0 | P | 0.00 | 0.00 |
| 118 | 01/04 | 3:56P | MONTGOMERY, AL | 334-799-6364 | 1.0 | P | 0.00 | 0.00 |
| 119 | 01/04 | 3:58P | INCOMING | 334-263-6658 | 9.0 | P | 0.00 | 0.00 |
| 120 | 01/04 | 4:32P | MOBILE | 334-312-3810 | 1.0 | P MM | 0.00 | 0.00 |
| 121 | 01/04 | 4:40P | MOBILE | 334-313-2411 | 1.0 | P MM | 0.00 | 0.00 |
| 122 | 01/04 | 5:08P | MOBILE | 334-313-2411 | 2.0 | P MM | 0.00 | 0.00 |
| 123 | 01/04 | 5:10P | INCOMING | 334-549-4873 | 21.0 | P | 0.00 | 0.00 |
| 124 | 01/04 | 5:31P | INCOMING | 334-313-2411 | 22.0 | P MM | 0.00 | 0.00 |
| 125 | 01/04 | 5:53P | MONTGOMERY, AL | 334-396-5074 | 1.0 | P | 0.00 | 0.00 |
| 126 | 01/04 | 5:56P | MONTGOMERY, AL | 334-396-3827 | 1.0 | P | 0.00 | 0.00 |
| 127 | 01/04 | 5:56P | MONTGOMERY, AL | 334-281-4816 | 13.0 | P | 0.00 | 0.00 |
| 128 | 01/04 | 6:08P | MONTGOMERY, AL | 334-286-3650 | 2.0 | P MM | 0.00 | 0.00 |
| 129 | 01/04 | 6:10P | MONTGOMERY, AL | 334-286-3650 | 1.0 | P MM | 0.00 | 0.00 |
| 130 | 01/04 | 6:13P | MONTGOMERY, AL | 334-281-4816 | 22.0 | P | 0.00 | 0.00 |
| 131 | 01/04 | 6:47P | MONTGOMERY, AL | 334-281-4816 | 15.0 | P | 0.00 | 0.00 |
| 132 | 01/04 | 7:32P | MONTGOMERY, AL | 334-286-9750 | 1.0 | P | 0.00 | 0.00 |
| 133 | 01/04 | 9:12P | MOBILE | 334-312-3810 | 1.0 | OP MM | 0.00 | 0.00 |

*Please see last page of bill for explanation of call codes.*

DEFENDANT'S EXHIBIT
HARDY 10

*Introduction*

*Obituary*

*Program*

*Miss Me, But Let Me Go*

*Thank You*

*Home Going Services*

*for*

*Sister Mary Julia Taylor*

*Saturday, the first of February*
*Two Thousand Three*
*at one o'clock in the afternoon*

*Mt. Zion Baptist Church*
*Mt. Hebron, Alabama*

*Rev. R. Miller, Officiating*

*"Born Again"*

*Therefore, if any man is in Christ, he is a new creature: the old things pass away: behold, new things have come. 2 Corinthians 5:17*

*Introduction*

# *Obituary*

*On July 25,1912, a beautiful life came into being. Sister Mary Julia Taylor was born to the late Bob and Bessie Barnes. In 1933, she married the late Willie Taylor. To this union three children were born: Willie Mae, Carrie L. and Rosie Nell who preceded her in death.*

*During their early years of marriage she moved to Greene County and united with the [illegible] Baptist Church. From the very beginning, she carved out her niche with her church by being a missionary for Christ and actively working with all auxiliaries to include President of the Missionary Department for some twenty-seven (27) years.*

*She moved on to a prepared place on Thursday, January [illegible], 2008. The world was unable to hold the wealth that filled her heart. Her life reflected her greatest love: her [illegible], her husband, her family and her neighbors.*

*[illegible] preceded [illegible] Rogers, Elijah [illegible] [illegible] Thompson and [illegible] Elizabeth [illegible].*

*She leaves to cherish her memory: two daughters, Willie Mae Hardy of Tuscaloosa and Carrie L. (John) [illegible] of Chicago, IL; one brother, Bishop [illegible] (Henrietta) Baxter of Gary, IN; and one sister, Mollie Swafford of Detroit, MI; five grandchildren, thirteen great-grandchildren, six great-great grands and a host of other relatives and friends.*

*Obituary*

# *Order of Service*

Rev. R. Miller, Officiating

Processional

Selection....................................................Mt. Zion Baptist Choir

Prayer....................................................Pulpit

Solo.................................................... Bro. Michael C. Hardy

Scripture:

Old Testament....................................................Pulpit

New Testament....................................................Pulpit

Selection....................................................Mt. Zion Baptist Choir

Expressions (2 minutes)....................................................Family & Friends

Acknowledgements

Resolutions.................................................... Sister Carolyn Young

Reading of Obituary

(Read Silently)

Solo....................................................Sister Willie Cheatum

Eulogy....................................................Rev. R. Miller

Recessional

*Interment*
*St. John Baptist Church Cemetery - Gainesville*
*Repast*
*Mt. Zion Mt. Hebron Baptist Church-Immediately after Interment*

## *Program*

# *Miss Me, But Let Me Go...*

*When I come to the end of the road,*
*And the sun has set for me,*
*I want no rites in a gloom-filled room.*
*Why cry for a soul set free?*

*Miss me a little, but not too long.*
*And not with your head bowed low.*
*Remember the love we once shared.*
*Miss me, but let me go.*

*For this is a journey we all must take,*
*And each must go alone.*
*It's all a part of the Master's plan,*
*A step on the road to home.*

*When you are lonely and sick at heart,*
*Go to the friend we know,*
*And bury your sorrows in doing good deeds.*
*Miss me, but let me go.*

*Miss Me, But Let Me Go*

*Pallbearers*

Deacons & Trustees
Grandsons

*Flower Attendants*

Deacon's & Trustee's Wives

*Acknowledgements*

*Thank You...*

Words cannot express our feelings knowing that you were here when we needed comforting in our loss. Your cards, flowers, visits, thoughts, and most of all, your prayers will always be remembered and cherished.

*May God bless each of you!*

*The Family*

*Thank You*

**BEFORE THE PERSONNEL BOARD OF THE STATE OF ALABAMA**

**IN THE APPEAL OF**

**MICHAEL HARDY**

**OCTOBER 17, 2007**

OCT 19 2007

This matter came before the Board upon the dismissal of the Employee from his employment with the Department of Youth Services. The Employee was dismissed effective January 6, 2006 based upon charges contained in a letter to the Employee dated the same. This matter was assigned to Administrative Law Judge Julia J. Weller, as Hearing Officer for the State Personnel Board and a hearing was held on this matter on May 8, 2006 and June 10, 2006. The Administrative Law Judge's Report is now before the Board for consideration. The Board has also had the benefit of oral argument.

Essentially the charges against Hardy are a result of a harassment complaint which was filed by one of his subordinate employees. Hardy allegedly made sexual advances and created a hostile working environment for a subordinate employee. The subordinate employee filed a harassment complaint against Hardy. In response, Hardy attempted to cause an investigation against the complaining employee for having filed a complaint against him. The Department alleges that Hardy violated State Personnel Board Rules 670-X-19-.01 (1a)(7)—Disruptive Conduct; (1b)(5)—Use of Abusive or Threatening Language; (1b)(10)—Serious Violation of any Other Department Rule and DYS Policy 3.13.2—Prohibition of Sexual Harassment.

The Administrative Law Judge found that the totality of the evidence warrants dismissal in this cause and recommended that the Employee's dismissal be sustained. The Board hereby adopts by reference the

DEFENDANT'S
EXHIBIT
HARDY 11

findings of fact and conclusions of law as found by the Administrative Law Judge as a part of this Order as if fully set forth herein. The Board finds that the testimony of the alleged victim is not credible and her complaints of sexual harassment are unfounded; however, the Employee's response to these allegations as a supervisor were inappropriate.

The Board has carefully considered the Administrative Law Judge's Report in this case and is of the opinion that the decision of the appointing authority to dismiss the Employee is supported by the evidence and that the termination is warranted.

It is therefore the Order of this Board that the decision of the appointing authority to dismiss the Employee is hereby affirmed.

JACKIE GRAHAM
SECRETARY

JOE N.DICKSON
CHAIRMAN

JOHN MCMILLAN
MEMBER

JOYCE P. O'NEAL
MEMBER

ELLEN G. MCNAIR
MEMBER

JAMES H. ANDERSON
MEMBER

DEFENDANT'S EXHIBIT
HARDY 12

**IN THE CIRCUIT COURT**
**OF MONTGOMERY COUNTY, ALABAMA**

MICHAEL HARDY,

Plaintiff/Petitioner *
*
vs. * Civil Action No. 03-CV-07-1817-EWR
*
ALABAMA STATE PERSONNEL *
BOARD *

Defendant/Respondent

**FINAL ORDER**

This matter is submitted upon Petitioner's Petition for Judicial Review of the Alabama State Personnel Board's October 17, 2007 Order upholding his termination from employment with the Alabama Department of Youth Services. Having reviewed the record submitted to the Court, and the briefs and oral arguments of the parties, the Court is of the opinion that the said Order is due to be Reversed.

The Court finds that the delay of almost 14 months from the close of the evidentiary hearing before a Hearing Officer employed by the State Personnel Board ("the Board"), along with other procedural problems that attended the Board's review, amounted to an unlawful procedure violative of constitutional and statutory due process and contrary to the purpose and intent of the Alabama Administrative Procedures Act, Ala. Code Sec. 41-22-1 et seq. The Court further finds not only that the protracted delay was unreasonable under the facts, but also that there was no rational excuse or explanation for the delay and that it resulted in prejudice to substantial rights of the Petitioner. The Court also finds as a practical matter that the remedy in

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2008 MAR 12 PM 3 04

Ala.Code, Sec. 41-22-20(f) provided a clearly inadequate remedy for Petitioner under the facts of this case.

Based on the foregoing, the Order of the Board is due to be reversed. The Board's Order, however, is also due to be reversed for another reason, i.e., there is no substantial evidence in the record to support it, and it is, therefore, clearly erroneous.

The Board found in its final Order that the employee who made sexual harassment complaints involving Petitioner lacked credibility, and that the sexual harassment charges were "unfounded". Moreover, the charge of the use of abusive and threatening language was no more than a subset of the sexual harassment claim, and that allegation was also, therefore, unfounded.

The basis upon which the Board upheld the termination of Petitioner's employment was the disruption that allegedly arose from his filing a grievance asserting that the claim of sexual harassment was untrue. The record, however, is devoid of evidence of any actual disruption arising from that "grievance". There is no evidence, for example, that anything was done with the grievance, that it interfered in any way with DYS's investigation of the sexual harassment complaint, or even that the employee who made the sexual harassment claim became aware that the grievance had been filed.

Moreover, the substance of the grievance was no more than what Hardy clearly could have raised in his response to the grievance. But for the word "grievance" having been placed on the submission, DYS would not have objected to it. Although the Hearing Officer found that the grievance could be "perceived" as "retaliatory", she made no finding of retaliation, and this court finds from the record that the grievance was not retaliatory, but rather was an effort by Petitioner to assert that the charge made against him was, in essence, a fraudulent one. That is, the

"grievance" was no more than a declaration by Petitioner of his innocence and a relevant response by him to what the Board found to be false allegations.

The Court further finds that the designation by Petitioner of his response to the sexual harassment claim as a "grievance" did not violate DYS's grievance procedure. The Director of DYS acknowledged in his testimony that DYS had no procedure that addressed the submission made by Petitioner, and the Personnel Manager of DYS testified that she knew of no rule violated by the submission.

Finally, the Court finds from the record that any involvement of DYS employees in the sexual harassment investigation and review process did not arise from the submission made by Petitioner. Rather, the involvement of such employees would have occurred had the "grievance" made by Petitioner been entitled an answer, or had he simply enlisted the testimony of those employees in response to the charges made against him. In any event, there is no evidence either that Petitioner sought the involvement of other employees or that their involvement was related to his submission of a "grievance".

In summary, the Court finds that there is no substantial evidence in the record to support the Board's Order and that the Board's decision is, therefore, clearly erroneous. For that reason, and, independently, because of the prejudicial violation of Petitioner's substantial rights resulting from the procedures used by the Board, the Order of the Board must be reversed.

ACCORDINGLY, it is ORDERED, that the October 17, 2007 Board Order upholding Petitioner's termination from employment with the Alabama Department of Youth Services be, and the same hereby is, REVERSED.

It is further ORDERED that Petitioner be forthwith reinstated to his position of Counselor I at the Alabama Department of Youth Services with full back pay, including cost of living raises, sick leave and other benefits that would have accrued him had his employment not been improperly terminated.

It is further ORDERED that the costs of this action are hereby taxed against the Respondent for which execution may issue.

Done, this the 12 day of March, 2008.

Circuit Judge

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2008 MAR 12 PM