IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERA A. McMILLIAN,          )
                                 )
          Plaintiff,        )
                                 )
      v.                    )     CASE NO.: 2:07:cv-001-WKW
                                 )
ALABAMA DEPARTMENT OF     )
YOUTH SERVICES, *et. al.*,     )
                                 )
         Defendants.     )

### ALABAMA DEPARTMENT OF YOUTH SERVICES' RESPONSE TO PLAINTIFF'S OBJECTIONS TO TRIAL EXHIBITS PROPOSED BY DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES

COMES NOW, Defendant, Alabama Department of Youth Services ("DYS"), by and through the undersigned counsel and submits the following response to Plaintiff's Objections to Trial Exhibits Proposed by Defendant Alabama Department of Youth Services.

<u>Exhibits 1 and 2:</u>    Exhibit 1 is the "personnel file" of plaintiff Tera McMillian and Exhibit 2 is the "personnel file" defendant Michael Hardy.  The plaintiff objects to the introductions of these exhibits pursuant to Rule 402, Federal Rules of Evidence (FRE) on the grounds that the contents of the entire personnel file is not relevant to the issues, claims and/or defenses in this case. The Plaintiff argued that if there are documents within the files which do meet the requirements of materiality and relevance, the defendant should list those documents as exhibits so that the plaintiff can have a fair chance to assess their suitability as well as to avoid the prospect of "trial by ambush" which is disfavored in this Court.

**DYS' Response to Exhibit 1 and 2:**

**_____DYS will not introduce Plaintiff's personnel file nor Defendant Michael Hardy's personnel file into evidence in its case in chief.  However, DYS reserves the right to use portions of both personnel files for impeachment purposes.**

Exhibit 3:        Exhibit 3 is "Tera McMillian's Deposition". The plaintiff objects to the introduction of her deposition, in its entirety, on two grounds. First, the identification of the exhibit is not sufficiently specific to place the plaintiff on notice of the content that defendant proposes to introduce as evidence. Additionally, the plaintiff has sat for three depositions related to the issues in the case, and does not know which the defendant intends to offer here. Second, the defendant did not comply with § 10 of the Court's Scheduling Order which directed that any party should designate portions of a deposition that it intended to offer at trial so that the opposing party could then designate opposing testimony, if any from the deposition. Plaintiff concedes that testimony from a prior deposition may be used for impeachment purposes by the Defendant, but objects to introduction of any deposition in its entirety.

**DYS' Response to Exhibit 3:**

**DYS will not introduce into evidence in its case in chief any of Plaintiff's prior depositions. DYS reserves the right to use any of Plaintiff's prior depositions for impeachment.**

Exhibit 4:        Exhibit 4 is DYS policy number 4.2. Plaintiff does not have a specific objection to this exhibit.

**DYS' Response to Exhibit 4:**

**Plaintiff has no objection to this exhibit and DYS intends to introduce this exhibit as evidence at trial.**

Exhibit 5:    This exhibit is listed as "T. Dudley Perry, Jr's, August 11, 2006 Employee's Brief of Evidence to Administrative Law Judge Julia Weller." The plaintiff believes that she knows the content of this proposed exhibit and does not have a specific objection at this time.

**DYS' Response to Exhibit 5:**

**Plaintiff has no objection to this exhibit, however DYS does not intend to introduce this exhibit as evidence at trial.**

Exhibit 6 and Exhibit 7:    Exhibit 6 is the August 1, 2007 Recommended Order to the State Personnel Board of Administrative Law Judge Julia Weller on the Michael Hardy state personnel appeal.  Exhibit 7 is the October 17, 2008 Order of the State Personnel Board on the matter of the termination of defendant Michael Hardy, and is based upon the findings in recommended order contained in Exhibit 6. The plaintiff objects to these exhibits pursuant to FRE 403, 704, and 801 on the grounds that the exhibits contains hearsay, extrinsic opinion evidence which is inadmissible, will more likely confuse the jury and prolong the trial unnecessarily, and will be more prejudicial than probative on the issues before this Court. The

Plaintiff argues the exhibits make credibility assessments that are properly to be made by the jury in this action, and contains contradictory and unsupported conclusions on the ultimate issues in this case. The Plaintiff argues the exhibits state that the plaintiff's testimony is not credible on the issue of her claim of sexual harassment by Defendant Hardy, but finds that Hardy is guilty of violating DYS sexual harassment policy when the only evidence presented by co-defendant DYS on the issue is that of his sexual harassment of the plaintiff. The Plaintiff argues the exhibits are further objectionable because they are based upon a proceeding in which the plaintiff's testimony was prepared and presented by counsel for the defendant in this matter. The plaintiff states further grounds for her objection to these proposed exhibits in her *Motion in Limine To Exclude Hearsay And Other Evidence Related To Credibility Of The Plaintiff Or To The Ultimate Issues In This Action*.

_____

**DYS' Response to Exhibits 6 and 7:**

**DYS submits that the recommendation of the Hearing Officer and the Personnel Board's Order in this case are admissible under Fed. R. Evid. 803(8).**

**Rule 803(8) provides a hearsay exception for:**

> **Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . ( C ) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.**

**The Plaintiff has submitted no sources of information or circumstances, and DYS**

submits none exist, to show that the factual findings in Exhibits 6 and 7 are not trustworthy.  Accordingly, they are hearsay subject to the exception under Fed. R. Evid. 803(8).

Moreover, without the benefit of the findings and orders in the administrative proceeding the jury will likely be confused.  It is a fact that Michael Hardy was discharged as a result of the testimony in that administrative proceeding and the jury will certainly know that fact.  The Plaintiff consistently contended, contends in this motion, and is expected to contend at trial, that Hardy was discharged based on evidence that he "sexually harassed" the Plaintiff.  DYS has consistently disagreed.  DYS submits that the findings and orders are necessary to make the evidence that Michael Hardy was discharged not misleading to the jury, and it is their exclusion that will mislead the jury.  Exhibit 6 and Exhibit 7 make clear that Michael Hardy was discharged for inappropriate conduct with the Plaintiff in violation of DYS Policy and for attempting, unsuccessfully, to retaliate against her for complaining–not for violating Title VII or for retaliating.

Plaintiff used a portion of Exhibit 6 to support a motion for summary judgment against DYS.  She now argues Exhibit 6 is contradictory, unsupported, too prejudicial to her case, is likely to confuse the jury, and goes to the ultimate issue–specifically the Plaintiff's credibility.  DYS submits that the Plaintiff's argument is logically flawed.  The Plaintiff argues that DYS contended before the Personnel Board that Michael Hardy "sexually harassed" her, yet argues that the hearing officer's finding that she was not a victim of sexual harassment was contradictory.  Moreover, this Court has already found

that DYS did not take an inconsistent position in the administrative proceeding and denied the Plaintiff's motion for summary judgment, yet the Plaintiff persists in arguing that the evidence showed that the Plaintiff was a victim of sexual harassment. The jury must see the findings and orders of the Personnel Board to understand that the Personnel Board's termination of Michael Hardy did not support the Plaintiff's version of the facts.

At the time of the administrative proceeding Ms. McMillian had already filed her EEOC Charge of Discrimination. Ms. McMillian was represented by counsel, was present at the hearing, testified live, yet her counsel chose not to appear. She contended in her EEOC Charge, insists that the evidence proved, and she contends in this case, that she was sexually harassed by Michael Hardy. The jury is entitled to know that the Plaintiff presented her case to the Hearing Officer at the State Personnel Board and is entitled to know that the Hearing Officer and the Board did not support her claims in <u>this</u> case.

<u>Exhibit 8:</u>    Exhibit 8 is "Plaintiff's EEOC Charges of Discrimination".

The plaintiff does not have a specific objection to this proposed exhibit, assuming that these are her charges dated July 15, 2005 and December 11, 2005.

**<u>DYS' Response to Exhibit 8:</u>**

Plaintiff DYS does not intend to introduce this exhibit as evidence at trial in it's case in chief. DYS may use Exhibit 8 for impeachment.

Exhibit 9:    Exhibit 9 is "Special Investigator Alan Staton's investigation of Plaintiff's allegations of alleged discrimination based on sex and retaliation (EEOC130-2006-01336). Enclosed in the investigation besides Ms. McMillian's Personnel Documentation are statements by Hammond; Hood; Webster; Harris; Rankins; and Lee. Also in closed are copies of work schedules, leave request relating to Ms. McMillian". The plaintiff objects to the introduction of her "personnel documentation" and "copies of work schedules, leave request relating to Ms. McMillian" on the grounds that these documents have not been sufficiently identified or disclosed to plaintiff. The plaintiff further objects to the introduction of the "statements by Hammond; Hood; Webster; Harris; Rankins; and Lee" as hearsay pursuant to Rule 801 FRE, and which are unsworn transcripts of purported audio recordings which were not produced to the plaintiff during discovery and are not admissible because they do not substantially comply with the requirements of *28 U.S.C. § 1746. See Horne v. Russell County Com'n*, 379 F. Supp.2d 1305, 1321 (M.D. Ala. 2005). The plaintiff further objects to the introduction of these "statements" pursuant to Rule 901 and 902, FRE in that the best evidence of any "statements" by these individuals is live testimony before the Court with a full opportunity by the plaintiff to cross-examine the witnesses.

**DYS Response to Exhibit 9:**

**The investigation file is admissible under Fed. R. Evid. 803(8).  DYS intends to use only DYS Policy 4.4 and McMillian's statements.  (Bates Numbers 4334--DYS Policy 4.4, Bates Numbers 528-635– McMillian February 16, 2006 Statement to Alan Staton, and Bates Stamp Numbers 187-220– McMillian December 1, 2006 Statement to Alan Staton).**

**DYS does not intend to introduce the statements from other witnesses as evidence in its**

**case in chief but reserves the right to use them for impeachment purposes.**

Respectfully submitted,

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

**s/Sancha E. Teele**
Sancha E. Teele
Deputy General Counsel
Bar Number: 0103-H71T
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: 334-215-3803
Fax: (334) 215-3872
E-Mail: sancha.teele@dys.alabama.gov

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2008, I electronically filed the foregoing, RESPONSE TO PLAINTIFF'S OBJECTIONS TO TRIAL EXHIBITS PROPOSED BY DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs                           James Eldon Wilson
E-mail:jacobslawoffice@charter.net     Attorney at Law
Attorney At Law                        4625 Lomac Street
143 Eastern Boulevard                  Montgomery, AL 36106
Montgomery, AL 36117
Tel: (334) 215-1788

Fax: (334) 215-1198

**s/ T. Dudley Perry Jr.**
T. Dudley Perry, Jr.